**UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION**

**In Re:** Highland Capital Management, L.P

§
§ Case No. 19-34054-sgj11

**The Dugaboy Investment Trust - Appellant**

§
vs. § **3:25-CV-01876-K**

**Highland Capital Management, L.P; et al** - Appellee

§
§

[4297] Order approving settlement between the Highland Entities and the HMIT Entities and authorizing actions consistent therewith (related document # 4216) Entered on 6/30/2025

## Volume 16

## APPELLANT RECORD

Geoffrey S. Harper
Texas Bar No. 00795408
gharper@winston.com
John Michael Gaddis
Texas Bar No. 24069747
mgaddis@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500
(214) 453-6400 (fax)

Michael J. Lang
Texas State Bar No. 24036944
mlang@cwl.law
Alexandra Ohlinger
Texas State Bar No. 24091423
aohlinger@cwl.law
CRAWFORD, WISHNEW & LANG PLLC
1700 Pacific Ave, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500

*Counsel for Appellant The Dugaboy Investment Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Case No. 19-34054-sgj |
| | § | |
| Reorganized Debtor. | § | |
| | § | *INDEX* |

## APPELLANT THE DUGABOY INVESTMENT TRUST'S AMENDED STATEMENT OF ISSUES TO BE PRESENTED AND DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

1

Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Appellant The Dugaboy Investment Trust ("Appellant"), having filed a Notice of Appeal [Docket No. 4311] on July 14, 2025; and having filed *Appellant The Dugaboy Investment Trust's Statement of Issues to be Presented and Designation of Items to be Included in the Record on Appeal* [Docket No. 4365] on August 11, 2025 in the above-captioned case; and having received correspondence from the Bankruptcy Clerk's Office [Docket No. 4367] asking Dugaboy to correct certain errors in its August 11, 2025 submission [Docket No. 4365]; hereby submits this *Amended Statement of Issues to be Presented and Designation of Items to be Included in the Record on Appeal*, and respectfully requests that the Clerk prepare and forward the items listed herein to the District Court for inclusion in the record in connection with this appeal.[1]

## STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

1. **Did the Bankruptcy Court err in approving the settlement agreement and release entered into between the Highland Entities and the HMIT Entities pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure as being fair, equitable, and in the best interest of the estate?**

2. **Did the Bankruptcy Court err by approving a settlement agreement utilizing an improper valuation methodology and without sufficient supporting evidence?**

3. **Did the Bankruptcy Court err in approving the overly broad and vague release provisions contained within the settlement agreement?**

4. **Did the Bankruptcy Court err in approving the settlement agreement without allowing adequate time for the Cayman Islands Joint Official Liquidators to complete their investigation?**

5. **Did the Bankruptcy Court err in concluding Mark Patrick had the requisite corporate authority to enter into and bind the HMIT entities to the settlement agreement?**

## DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

---

[1] Because of its voluminous nature, Docket #4255 will be delivered to the Clerk on a flash drive which will arrive tomorrow, August 13, 2025.

*Vol. 1*
*000001*

1. Notice of Appeal for Bankruptcy Case No. 19-34054-sgj11 [Docket No. 4311] filed by Appellant;

*000010*

2. *Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement Between the Highland Entities and the HMIT Entities and Authorizing Actions Consistent Therewith* [Docket No. 4297];

*000014*

3. Docket entries kept by the bankruptcy clerk in case no. 19-34054-sg11;

4. Any opinion, findings of fact and conclusions of law of the bankruptcy court relating to the issues on appeal, including transcripts of all oral rulings: Transcript of hearing held June 25, 2025 before Judge Stacey C.G. Jernigan [Docket No. 4296] re: Motion for Entry of an Order Approving Settlement with HMIT Entities (4216) [Docket No. 4297]; and

5. Each of the additional documents and items designated below:

*Vol. 2*

| Date Filed | Docket No. | Description/Docket Text |
|---|---|---|
| 2/22/2021 | 1943 | Order confirming the fifth amended chapter 11 plan, as modified and granting related relief (RE: related document(s)1472 Chapter 11 plan filed by Debtor Highland Capital Management, L.P., 1808 Chapter 11 plan filed by Debtor Highland Capital Management, L.P.). Entered on 2/22/2021 (Okafor, M.) |
| 5/19/2025 | 4216 | Motion to compromise controversy with the HMIT Entities. (Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith) Filed by Debtor Highland Capital Management, L.P., Other Professional Highland Claimant Trust, Interested Party Highland Litigation Sub-Trust (Attachments: #1 Exhibit A--Proposed Order (Annable, Zachery) |
| 5/19/2025 | 4217 | Declaration re: (Declaration of Gregory V. Demo in Support of Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith) filed by Debtor Highland Capital Management, L.P., Other Professional Highland Claimant Trust, Interested Party Highland Litigation Sub-Trust (RE: related document(s)4216 Motion to compromise controversy with the HMIT Entities. (Motion for Entry of an |

*000625*

*000786*

*000809*

3

*vol. 2*

*000807*

*000832*

*000838*

| | | | |
|---|---|---|---|
| | | | Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith)). (Attachments: #1 Exhibit 1 (Annable, Zachery) |
| 5/19/2025 | 4217-1 | | Proposed Settlement Agreement |
| 5/20/2025 | 4218 | | Notice of hearing filed by Debtor Highland Capital Management, L.P., Other Professional Highland Claimant Trust (RE: related document(s)4213 Motion to extend time to (Motion for an Order Further Extending Duration of Trusts) (RE: related document(s)4144 Order on motion to extend/shorten time) Filed by Interested Party Highland Litigation Sub-Trust, Other Professional Highland Claimant Trust(Attachments: # 1 Exhibit A # 2 Exhibit B), 4216 Motion to compromise controversy with the HMIT Entities. (Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith) Filed by Debtor Highland Capital Management, L.P., Other Professional Highland Claimant Trust, Interested Party Highland Litigation Sub-Trust(Attachments: # 1 Exhibit A-- Proposed Order)). Hearing to be held on 6/25/2025 at 09:30 AM at https://us-courts.webex.com/meet/jerniga for 4213 and for 4216, (Annable, Zachery) |
| 5/22/2025 | 4221 | | Amended Notice of hearing filed by Debtor Highland Capital Management, L.P., Other Professional Highland Claimant Trust (RE: related document(s)4213 Motion to extend time to (Motion for an Order Further Extending Duration of Trusts) (RE: related document(s)4144 Order on motion to extend/shorten time) Filed by Interested Party Highland Litigation Sub-Trust, Other Professional Highland Claimant Trust(Attachments: # 1 Exhibit A # 2 Exhibit B), 4216 Motion to compromise controversy with the HMIT Entities. (Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith) Filed by Debtor Highland Capital Management, L.P., Other Professional Highland Claimant Trust, Interested Party Highland Litigation Sub-Trust(Attachments: # 1 Exhibit A-- Proposed Order)). Hearing to be held on 6/25/2025 at 09:30 AM at https://us-courts.webex.com/meet/jerniga for 4213 and for 4216, (Annable, Zachery |

| | | | |
|---|---|---|---|
| *Vol. 2*<br><br>*0008414* | 6/9/2025 | 4228 | Motion for expedited hearing on Emergency Motion for an Order Extending Duration of Time to Respond to Trusts' Motion Filed by Partner Dugaboy Investment Trust (related document #4227 (Attachments: #1 Proposed Order Granting Motion for Expedited Hearing (Hesse, Gregory) Modified linkage on 6/10/2025 (mdo). |
| *0008419* | 6/9/2025 | 4230 | Objection to (related document(s): 4216 Motion to compromise controversy with the HMIT Entities. (Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith) filed by Debtor Highland Capital Management, L.P., Other Professional Highland Claimant Trust, Interested Party Highland Litigation Sub-Trust) filed by Partner Dugaboy Investment Trust. (Hesse, Gregory) |
| *0008457* | 6/10/2025 | 4232 | Response opposed to (related document(s): 4227 Motion to extend time to Time to Respond to Trusts' Motion filed by Partner Dugaboy Investment Trust, 4228 Motion for expedited hearing (related documents 4216 Motion to compromise controversy) on Emergency Motion for an Order Extending Duration of Time to Respond To Trusts' Motion filed by Partner Dugaboy Investment Trust) filed by Debtor Highland Capital Management, L.P., Other Professional Highland Claimant Trust, Interested Party Highland Litigation Sub-Trust. (Annable, Zachery) |
| *0008463* | 6/10/2025 | 4234 | Reply to (related document(s): 4232 Response filed by Debtor Highland Capital Management, L.P., Other Professional Highland Claimant Trust, Interested Party Highland Litigation Sub-Trust) to (I) Emergency Motion for an Order Extending Duration of Time to Respond to Trusts' Motion and (II) Motion for Expedited Hearing on Emergency Motion for an Order Extending Duration of Time to Respond to Trusts' Motion filed by Partner Dugaboy Investment Trust. (Hesse, Gregory) |
| *0008467* | 6/20/2025 | 4251 | Exhibit List for the June 25, 2025 Hearing filed by Partner Dugaboy Investment Trust (RE: related document(s)4230 Objection). (Lang, Michael) |
| *0008469* | 6/20/2025 | 4252 | Witness List for the June 25, 2025 Hearing filed by Partner Dugaboy Investment Trust (RE: related document(s)4230 Objection). (Lang, Michael) |
| *Vol. 3*<br><br>*0008771*<br>*Thru   Vol. 13* | 6/20/2025 | 4255<br><br>*(to be submitted to* | Witness and Exhibit List filed by Debtor Highland Capital Management, L.P., Other Professional Highland Claimant Trust, Interested Party Highland Litigation Sub-Trust (RE: related document(s) 4216 Motion to compromise controversy with the HMIT Entities. (Motion for Entry of an Order Pursuant to |

| | | | |
|---|---|---|---|
| *Vol. 3*<br>*Starts w.th*<br>*000871 —*<br>*Thru Vol End*<br>*of*<br>*Vol 1.3* | *Clerk on flash drive)* | | Bankruptcy Rule 9019 and 11 U.S.C. 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith)). (Attachments: #1 Exhibit 1 , #2 Exhibit 2 , #3 Exhibit 3 , #4 Exhibit 4 , #5 Exhibit 5 , #6 Exhibit 6 , #7 Exhibit 7 , #8 Exhibit 8 , #9 Exhibit 9 , #10 Exhibit 10 , #11 Exhibit 11 , #12 Exhibit 12 , #13 Exhibit 13 , #14 Exhibit 14 , #15 Exhibit 15 , #16 Exhibit 16 , #17 Exhibit 17 , #18 Exhibit 18 , #19 Exhibit 19 , #20 Exhibit 20 , #21 Exhibit 21 , #22 Exhibit 22 , #23 Exhibit 23 , #24 Exhibit 24 , #25 Exhibit 25 , #26 Exhibit 26 , #27 Exhibit 27 , #28 Exhibit 28 , #29 Exhibit 29 , #30 Exhibit 30 , #31 Exhibit 31 , #32 Exhibit 32 , #33 Exhibit 33 , #34 Exhibit 34 , #35 Exhibit 35 , #36 Exhibit 36 , #37 Exhibit 37 , #38 Exhibit 38 , #39 Exhibit 39 , #40 Exhibit 40 , #41 Exhibit 41 , #42 Exhibit 42 , #43 Exhibit 43 , #44 Exhibit 44 , #45 Exhibit 45 , #46 Exhibit 46 , #47 Exhibit 47 , #48 Exhibit 48 , #49 Exhibit 49 , #50 Exhibit 50 , #51 Exhibit 51 , #52 Exhibit 52 , #53 Exhibit 53 , #54 Exhibit 54 , #55 Exhibit 55 , #56 Exhibit 56 , #57 Exhibit 57 , #58 Exhibit 58 , #59 Exhibit 59 , #60 Exhibit 60 , #61 Exhibit 61 , #62 Exhibit 62 , #63 Exhibit 63 , #64 Exhibit 64 , #65 Exhibit 65 , #66 Exhibit 66 , #67 Exhibit 67 , #68 Exhibit 68 , #69 Exhibit 69 , #70 Exhibit 70 , #71 Exhibit 71 , #72 Exhibit 72 , #73 Exhibit 73 , #74 Exhibit 74 , #75 Exhibit 75 , #76 Exhibit 76 , #77 Exhibit 77 , #78 Exhibit 78 , #79 Exhibit 79 , #80 Exhibit 80 , #81 Exhibit 81 , #82 Exhibit 82 , #83 Exhibit 83 , #84 Exhibit 84 , #85 Exhibit 85 , #86 Exhibit 86 , #87 Exhibit 87 , #88 Exhibit 88 , #89 Exhibit 89 , #90 Exhibit 90 , #91 Exhibit 91 , #92 Exhibit 92 , #93 Exhibit 93 , #94 Exhibit 94 , #95 Exhibit 95 , #96 Exhibit 96 , #97 Exhibit 97 , #98 Exhibit 98 , #99 Exhibit 99 , #100 Exhibit 100 , #101 Exhibit 101 , #102 Exhibit 102 , #103 Exhibit 103 , #104 Exhibit 104 , #105 Exhibit 105 , #106 Exhibit 106 , #107 Exhibit 107 , #108 Exhibit 108 , #109 Exhibit 109 , #110 Exhibit 110 , #111 Exhibit 111 , #112 Exhibit 112 , #113 Exhibit 113 , #114 Exhibit 114 , #115 Exhibit 115 , #116 Exhibit 116 , #117 Exhibit 117 , #118 Exhibit 118 , #119 Exhibit 119 , #120 Exhibit 120 , #121 Exhibit 121 , #122 Exhibit 122 , #123 Exhibit 123 (Annable, Zachery) |
| *Vol. 14*<br>*003528* | 6/20/2025 | 4256 | Witness and Exhibit List filed by Creditor Hunter Mountain Investment Trust (RE: related document(s)4216 Motion to compromise controversy with the HMIT Entities. (Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith)). (Phillips, Louis |

| | | | |
|---|---|---|---|
| *Vol 14*<br><br>*003531* | 6/20/2025 | 4257 | Witness and Exhibit List filed by Interested Parties Crown Global Life Insurance, Ltd, The Dallas Foundation (RE: related document(s)4216 Motion to compromise controversy with the HMIT Entities. (Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith)). (Attachments: #1 Exhibit 1 - Charitable DAF/CLO HoldCo Organization Chart, #2 Exhibit 2 - Rand Structure Chart,#3 Exhibit 3 - July 9, 2021 Memo on DAFs and Sponsoring Orgs, #4 Exhibit 4 - Charitable Respondents Response and Disclosures (Okin, Matthew) |
| *Vol. 15*<br><br>*003851* | 6/23/2025 | 4271 | Amended Witness and Exhibit List filed by Debtor Highland Capital Management, L.P., Other Professional Highland Claimant Trust, Interested Party Highland Litigation Sub-Trust (RE: related document(s)4253 List (witness/exhibit/generic)). (Attachments: #1 Exhibit 66, #2 Exhibit 67 (Annable, Zachery) |
| *003875* | 6/23/2025 | 4272 | Amended Witness and Exhibit List filed by Interested Parties Crown Global Life Insurance, Ltd, The Dallas Foundation (RE: related document(s)4257 List (witness/exhibit/generic)). (Attachments: #1 Exhibit 5, #2 Exhibit 66, #3 Exhibit 7 7,4 Exhibit 8 ,8, Exhibit 9 (Curry, David) |
| *004002* | 6/23/2025 | 4273 | Objection to (related document(s)): 4255 List (witness/exhibit/generic) filed by Debtor Highland Capital Management, L.P., Other Professional Highland Claimant Trust, Interested Party Highland Litigation Sub-Trust) filed by Partner Dugaboy Investment Trust. (Ohlinger, Ali) |
| *004017* | 6/23/2025 | 4276 | Reply to (related document(s)): 4223 Objection filed by Creditor The Dugaboy Investment Trust) filed by Other Professional Highland Claimant Trust, Interested Party Highland Litigation Sub-Trust. (Annable, Zachery) |
| *004019* | 6/24/2025 | 4277 | Amended Witness and Exhibit List filed by Debtor Highland Capital Management, L.P., Other Professional Highland Claimant Trust, Interested Party Highland Litigation Sub-Trust (RE: related document(s)4255 List (witness/exhibit/generic)). (Attachments: #1 Exhibit 124 , #2 Exhibit 125 (Annable, Zachery) |
| *Vol. 16*<br><br>*004236* | 6/24/2025 | 4279 | Witness and Exhibit List with Respect to Hearing to be Held on June 25, 2025 filed by Partner Dugaboy Investment Trust (RE: related document(s)4213 Motion to extend time to (Motion for an Order Further Extending Duration of Trusts) (RE: related document(s)4144 Order on motion to extend/shorten time)). (Attachments: #1 Exhibit 1 (Deitsch-Perez, Deborah) |

| | | | |
|---|---|---|---|
| *Vol. 16*<br><br>*0042 47* | 6/24/2025 | 4280 | Amended Witness and Exhibit List (Highland Capital Management, L.P., Highland Claimant Trust, and Litigation Sub-Trust Second Amended Witness and Exhibit List with Respect to Hearing to Be Held on June 25, 2025) filed by Debtor Highland Capital Management, L.P., Other Professional Highland Claimant Trust, Interested Party Highland Litigation Sub-Trust (RE: related document(s) 4255 List (witness/exhibit/generic), 4277 List (witness/exhibit/generic)). (Attachments: #1 Exhibit 126 (Annable, Zachery) |
| *0042 87* | 6/25/2025 | 4293 | Court admitted exhibits date of hearing June 25, 2025 (RE: related document(s) 4216 Motion to compromise controversy with the HMIT Entities. (Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith) Filed by Debtor Highland Capital Management, L.P., Other Professional Highland Claimant Trust, Interested Party Highland Litigation Sub-Trust (Court Admitted Debtors Exhibits #1 through #9; #11 through #56 & #58 through #123 & #126 offered by attorney John Morris; Court Also Admitted Patrick Daugherty Exhibits #1 through #42 offered by attorney Drew K. York; Court also admitted Dugaboy Investment Trust Exhibit #3, which was a letter offered by attorney Michael J. Lang.) (Edmond, Michael) Modified on 6/30/2025 (emi).Modified on 6/30/2025 (emi). (Entered: 06/27/2025) |
| *0042 72* | 6/27/2025 | 4290 | Stipulation by Highland Claimant Trust, Highland Litigation Sub-Trust and The Dugaboy Investment Trust. filed by Other Professional Highland Claimant Trust, Interested Party Highland Litigation Sub-Trust (RE: related document(s)4223 Objection). (Annable, Zachery) |
| *0042 76* | 6/27/2025 | 4291 | Stipulation withdrawing objection of The Dallas Foundation and Crown Global Life Insurance, LTD to Motion for Entry of an order pursuant to Bankruptcy Rule 9019 and 11 U.S.C. Section 363 approving settlement with the HMIT Entities and authorizing actions consistent therewith (RE: related document(s) 4232 Response filed by Debtor Highland Capital Management, L.P., Other Professional Highland Claimant Trust, Interested Party Highland Litigation Sub-Trust, 4282 Stipulation filed by Creditor Hunter Mountain Investment Trust). Entered on 6/27/2025 (Okafor, M.) |
| *0042 88* | 7/1/2025 | 4299 | Motion to withdraw document Consent Motion to Dismiss HMIT Remand Proceedings with Prejudice (related document(s) 3699 |

*Vol.16*

*0004295*

*0004302*

*0004304*

*0004313*

*0004315*

*0004411*

| | | | |
|---|---|---|---|
| | | | Motion for leave) Filed by Creditor Hunter Mountain Investment Trust, Interested Party Hunter Mountain Trust (Attachments: #1 Proposed Order (Salzer, Ian) |
| | 7/1/2025 | 4300 | Motion to withdraw document Consent Motion to Dismiss Delaware Action Proceedings with Prejudice (related document(s) 4000 Motion for leave) Filed by Creditor Hunter Mountain Investment Trust, Interested Party Hunter Mountain Trust (Attachments: #1 Proposed Order (Salzer, Ian) |
| | 7/7/2025 | 4304 | Order withdrawing Emergency Motion for Leave to File Adversary Proceeding [Dkt. 3699] with prejudice (RE: related document(s)4299 Motion to withdraw document filed by Interested Party Hunter Mountain Trust, Creditor Hunter Mountain Investment Trust). IT IS THEREFORE ORDERED that the proceedings defined in the Dismissal Motion as: Hunter Mountain Investment Trust v. Highland Cap. Mgmt., L.P., Case No. 3:23-cv-02071-E (N.D. Tex.), on remand to the Bankruptcy Court (including Hunter Mountain Investment Trusts Emergency Motion for Leave to File Adversary Proceeding filed at Bankruptcy Court Docket No. 3699 and all proceedings, decisions, and orders relating thereto), are dismissed with prejudice. Entered on 7/7/2025 (Okafor, M.) |
| | 7/14/2025 | 4311 | Notice of appeal of Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C § 363 Approving Settlement Between the Highland Entities and the HMIT Entities and Authorizing Actions Consistent Therewith. Fee Amount $298 filed by Creditor The Dugaboy Investment Trust (RE: related document(s)4297 Order on motion to compromise controversy). Appellant Designation due by 07/28/2025. (Lang, Michael) |
| | 7/16/2025 | 4323 | Notice regarding the record for a bankruptcy appeal to the U.S. District Court. (RE: related document(s)4311 Notice of appeal of Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C § 363 Approving Settlement Between the Highland Entities and the HMIT Entities and Authorizing Actions Consistent Therewith. filed by Creditor The Dugaboy Investment Trust (RE: related document(s)4297 Order on motion to compromise controversy). Appellant Designation due by 07/28/2025.) (Whitaker, Sheniqua) |
| | 7/17/2025 | 4326 | Motion to Stay 9019 Order filed by Creditor The Dugaboy Investment Trust. Objections due by 8/7/2025. (Lang, Michael) Modified text on 7/21/2025 (mdo). |
| | 7/17/2025 | 4329 | Notice of docketing notice of appeal. Civil Action Number: 3:25-cv-01876-K. (RE: related document(s)4311 Notice of appeal of |

| | | | |
|---|---|---|---|
| Vol. 16 | | | Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C § 363 Approving Settlement Between the Highland Entities and the HMIT Entities and Authorizing Actions Consistent Therewith. filed by Creditor The Dugaboy Investment Trust (RE: related document(s)4297 Order on motion to compromise controversy). Appellant Designation due by 07/28/2025.) (Whitaker, Sheniqua) |
| Vol. 17<br><br>004684 | 7/21/2025 | 4333 | Memorandum of opinion (RE: related document(s)4308 Notice (generic) filed by Interested Party State of Texas, 4326 The Dugaboy Investment Trust's Motion to Stay 9019 Order filed by Creditor The Dugaboy Investment Trust). Entered on 7/21/2025 (Okafor, M.) |
| 004700 | 7/21/2025 | 4334 | Order denying stay requests (related document 4326 The Dugaboy Investment Trust's Motion to Stay 9019 Order and 4308 Notice). Entered on 7/21/2025. (Okafor, M.) Additional attachment(s) added on 7/21/2025 (Okafor, M. |
| 004812 | 8/4/2025 | 4353 | Notice of appeal . Fee Amount $298 filed by Partner Dugaboy Investment Trust (RE: related document(s) 4333 Memorandum of opinion). Appellant Designation due by 08/18/2025. (Attachments: #1 Exhibit A (Harper, Geoffrey) |
| 004834 | 8/5/2025 | 4359 | Notice of docketing notice of appeal. Civil Action Number: 3:25-cv-02072-S. (RE: related document(s)4353 Notice of appeal filed by Partner Dugaboy Investment Trust (RE: related document(s) 4333 Memorandum of opinion). (Almaraz, Jeanette) |
| | | | |

Dated: August 12, 2025                Respectfully submitted,

                                      WINSTON & STRAWN LLP

                                      By: /s/ Geoffrey S. Harper

                                      Geoffrey S. Harper
                                      Texas Bar No. 00795408
                                      gharper@winston.com
                                      John Michael Gaddis
                                      Texas Bar No. 24069747
                                      mgaddis@winston.com
                                      2121 N. Pearl Street, Suite 900
                                      Dallas, TX 75201
                                      (214) 453-6500

(214) 453-6400 (fax)

Michael J. Lang
Texas State Bar No. 24036944
mlang@cwl.law
Alexandra Ohlinger
Texas State Bar No. 24091423
aohlinger@cwl.law
**CRAWFORD, WISHNEW & LANG PLLC**
1700 Pacific Ave, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500

*Counsel for Appellant The Dugaboy Investment Trust*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 12, 2025, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.

*/s/ Geoffrey S. Harper*_____
Geoffrey S. Harper

11

**STINSON LLP**
Deborah Deitsch-Perez
Michael P. Aigen
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Counsel for The Dugaboy Investment Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| | § | |
| *In re* | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |
| | § | |

## THE DUGABOY INVESTMENT TRUST'S WITNESS AND EXHIBIT LIST
## FOR THE JUNE 25, 2025 HEARING

COMES NOW, The Dugaboy Investment Trust ("Dugaboy") and files this Witness and

Exhibit List with respect to the *Motion for an Order Further Extending Duration of Trust*s [Docket

No. 4213], which the Court has set for hearing at 9:30 a.m. (Central Time) on June 25, 2025 (the

"Hearing") in the Bankruptcy Case.

## WITNESSES

Dugaboy designate the following individual who may be called as witness(es) at the June

25, 2025 Hearing. Dugaboy reserves the right to call or cross-examine any witness called by any

other party, to supplement and/or amend this Witness List, and to call additional witnesses as necessary to rebut testimony or evidence introduced at the hearing.

|   | **Witness** |
|---|---|
| 1 | James P. Seery, Jr.<br>c/o John A. Morris<br>Pachulski Stang Ziehl & Jones LLP<br>1700 Broadway, 36th Floor<br>New York, NY 10019<br>jmorris@pszjlaw.com<br>(212) 561-7760 |

## **EXHIBITS**

Dugaboy designates the following exhibit that may be used at the June 25, 2025 Hearing. Dugaboy reserves the right to introduce any exhibit designated by any other party, to supplement and/or amend its Exhibit List, to introduce any rebuttal exhibits, and to not use any such exhibits during the evidentiary hearing in response to the circumstances of the hearing.

| Dugaboy Exhibit No. | Description | Bates or Dkt. No. |
|---|---|---|
| 1 | 2025.04.08 Email from John Morris to Louis Phillips | HCMLPHMIT00000656 – HCMLPHMIT00000661 |

Date:  June 24, 2025

Respectfully submitted,

**STINSON LLP**

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
Texas Bar No. 24036072
Michael P. Aigen
Texas Bar No. 24012196
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
Email:  deborah.deitschperez@stinson.com
Email:  michael.aigen@stinson.com
*Counsel for The Dugaboy Investment Trust*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 24, 2025, a true and correct copy of the above and foregoing document was served on all parties and counsel set to receive notice by the Court's ECF system.

*/s/Deborah Deitsch-Perez*
Deborah Deitsch-Perez

004238

# EXHIBIT 1

004239

**EXHIBIT 45**

S. Davis
JAMES SEERY
6/23/2025
**1**

**From:** "John A. Morris" <jmorris@pszjlaw.com>
**To:** "Louis Phillips" <Louis.Phillips@kellyhart.com>
**Cc:** "Jeff Pomerantz" <jpomerantz@pszjlaw.com>, "amelia.hurt@kellyhart.com" <Amelia.Hurt@kellyhart.com>
**Subject:** Highland: Privileged and confidential settlement communication and materials
**Date:** Tue, 8 Apr 2025 20:22:22 +0000
**Importance:** Normal
**Attachments:** Privileged_and_confidential_-_DRAFT_4.8.25_discussion_materials.pdf; PRIVILEGED_AND_CONFIDENTIAL_DRAFT_SETTLEMENT_STRUCTURE_4.8.25.pdf; HFP_-_Entity_Chart_-_2011.pdf
**Inline-Images:** image001.jpg

---

E-MAIL AND ATTACHMENTS DELIVERED PURSUANT TO FED. R. EVID. 408
AND APPLICABLE CONFIDENTIALITY AGREEMENT

Louis,

Thank you and your team for your time today.

As a follow up, attached are the following:

1. Discussion materials from today (draft numbers)
2. Discussion materials from today (draft structure)
3. HFP entity chart from 2011

On your end, please send us the following at your earliest convenience:

1. Copy of settlement agreement circa 2022 between HMIT and Dugaboy/Okada entities
2. Copy of operative document relating to the [redemption] of the Dolomiti/Hakusan entities limited partnership interest in Rand PE Fund I
3. Copy of operative document providing for the [extinguishment] of participating shares of the supporting organizations of Charitable DAF Holdco, Ltd.

Let's confer as soon as you've had a chance to consider these matters with your team.

Please let us know if you have any questions in the interim.

Regards,

John

**John A. Morris**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 212.561.7760
Tel: 212.561.7700 | Fax: 212.561.7777
jmorris@pszjlaw.com
vCard | Bio | LinkedIn

**004241**

HCMLPHMIT00000656



Los Angeles | New York | Wilmington, DE | Houston | San Francisco

004242
HCMLPHMIT00000657

Case 19-34054-sgj11    Doc 4279-1    Filed 06/24/25    Entered 06/24/25 15:38:17    Desc
Exhibit Exhibit 1    Page 5 of 8

Case 19-34054-sgj11    Doc 4255-45    Filed 06/20/25    Entered 06/20/25 21:39:29    Desc
Exhibit 45    Page 4 of 7

Privileged and confidential - provided pursuant to Rule 408 and the binding Confidentiality Agreement executed amongst the Parties

**Current Snapshot - remaining assets [1]**
*in USD millions, except percentages*

| Asset description | Ref | Claimant Trust [2] | Indemnity Trust [3] | Combined |
|---|---|---|---|---|
| Cash/treasuries | [4] | $ 20.3 | $ 67.9 | $ 88.1 |
| Disputed Claims Reserve | [5] | 2.7 | - | 2.7 |
| Dugaboy Note receivable | [6] | - | 17.6 | 17.6 |
| HCM Korea (note and equity) | [7] | 3.0 | - | 3.0 |
| HCLOF shares | [8] | 2.5 | - | 2.5 |
| HCRE bad faith sanction | [9] | 0.9 | - | 0.9 |
| Kirschner Litigation (main adversary) | [10] | *See footnote* | - | - |
| HMIT note | [11] | *See footnote* | - | - |
| **Total assets** | | **$ 29.4** | **$ 85.5** | **$ 114.8** |

[1] As of April 3, 2025. This disclosure is NOT a balance sheet prepared in accordance with US GAAP. In some instances, values are estimated and actual values retained may ultimately differ materially. No liabilities are included herein, including contingent liabilities, indemnification obligations, or considerations for future expenses, including costs of liquidation that have not yet been, but will be incurred.

[2] Claimant Trust, including consolidation of the various "Plan" entities other than the Indemnity Trust (HCMLP GP, LLC, Highland Capital Management, LP, Litigation Sub-Trust), each on a standalone basis, with intercompany balances eliminated.

[3] Stand-alone assets retained by the Indemnity Trust. Other than less than <$1M retained in cash, remainder of cash is invested in US treasuries with maturities less than 1 year. Excludes <$1M of cash/treasuries on account of the Okada settlement. Pursuant to the Okada settlement, these funds are segregated and are to be repaid to Okada as first-out funds to the extent that any excess exists in the Indemnity Trust. Accordingly, in a settlement scenario, these funds would not be available to Class 10 interest holders.

[4] Cash and treasuries includes full face amount of treasuries maturing within 6 months and has also been adjusted up to assume the near-term receipt of approximately $5 million from Highland CLO Funding, Ltd.

[5] Segregated funds invested in US treasuries with near-term maturities. Funds are reserved for the Daugherty tax proof of claim, which remains pending. If Highland successfully objects to the proof of claim, funds would be released from the Disputed Claims Reserve. If the claim is ultimately allowed in full or in part, funds would be paid to Daugherty on account of the allowed claim and any excess remainder would be released from the Disputed Claims Reserve.

[6] Note receivable from The Dugaboy Investment Trust ("Dugaboy"). ~$17.4M principal and ~$0.2M interest currently outstanding, accruing at approximately $1,553/day. Fair value is less than face value as the note is long-dated, accruing interest at 3.26% and makes annual principal and interest payments through 2046, with the last of such payments due December 31, 2046. Dugaboy is current on its payments, including with the most recent payment completed for year-end 2024. Principal payments due are $790,215 yearly, plus accrued interest, which declines each year as principal declines. The next interest payment due December 31, 2025 is $566,677. No assurance that Dugaboy will continue making the annual principal and interest payments when due, although the holder of the note could accelerate and pursue collection in that event.

[7] 100% equity interest in Highland Capital Management Korea Limited ("HCM Korea"), plus $2.5 million note from HCM Korea. Ultimate value dependent on the monetization of the Caris Life Sciences investment through an expected 2025 IPO, which is expected to be in the range of $2 million to $5 million, but could also exceed or fall short of this range.

[8] Shares of Highland CLO Funding, Ltd. ("HCLOF"), a Guernsey company. Value has been adjusted down to assume a near-term cash dividend of approximately $5 million. Remaining value is primarily tied up in the "Acis 6" asset, for which a NexPoint entity has recently initiated an appeal in the 2nd Circuit Court of Appeals. Ultimate value dependent on the Acis 6 litigation and costs of winding down HCLOF and expected to be in the range of $2 million to $4 million, but could also exceed or fall short of this range.

[9] Bad faith sanction against HCRE of $825,940.55, currently on appeal in the District Court. Fully briefed since November 2024. Award was posted in the court registry and is accruing post-judgment interest at a rate of $118.80/day. Approximately $870k is outstanding, including post-judgment interest currently. No assurance that the appeal will resolve favorably and as a result, there is no assurance that any amounts will ultimately be collected.

[10] Litigation brought by Marc Kirschner as Litigation Trustee to the Litigation Sub-Trust. Adversary proceeding is currently stayed. The value of the claims, their collectibility, and the costs of their continued pursuit is ultimately unknown. For purposes of aggregating the current value of assets for this illustrative presentation, no value has been ascribed.

[11] Within the litigation brought by Marc Kirschner as Litigation Trustee to the Litigation Sub-Trust were claims against HMIT relating to the "HMIT note" receivable, which had originally been a portion of the consideration HMIT paid for acquiring limited partnership interests in Highland in 2015. These claims are also stayed as part of the overall stay in the case. The value of the note, its collectibility, and the costs of their continued pursuit is ultimately unknown. For purposes of aggregating the current value of assets for this illustrative presentation, no value has been ascribed.

1

HCMLPHMIT00000658

004243

Case 19-34054-sgj11    Doc 4279-1    Filed 06/24/25    Entered 06/24/25 15:38:17    Desc
Exhibit Exhibit 1    Page 6 of 8

Case 19-34054-sgj11    Doc 4255-45    Filed 06/20/25    Entered 06/20/25 21:39:29    Desc
Exhibit 45    Page 5 of 7

Privileged and confidential - provided pursuant to Rule 408 and the binding Confidentiality Agreement executed amongst the Parties

**Uses: how much could be left after satisfying Class 9 claims?**
*in USD millions*

| | | | |
|---|---|---|---|
| **Total combined assets** | $ | **114.8** | *see "current snapshot"* |
| Less: | | | |
| Outstanding Class 9, including interest | | (21.0) | |
| Existing Incentive Compensation triggered through full payment of Class 9 | | (2.5) | |
| Long-dated assets - Dugaboy Note receivable | | (17.6) | [1] |
| Wind down expenses and accrued liabilities | | (20.0) | [2] |
| Pending Class 8 claims (Daugherty tax) | | *See footnote* | [3] |
| Indemnification obligations | | *See footnote* | [4] |
| **Net expected cash prior to any indemnification considerations and necessary reserves** | $ | **53.7** | [5] |
| **Plus: Non-cash assets - Dugaboy Note receivable** | $ | **17.6** | |

[1] Note receivable from The Dugaboy Investment Trust ("Dugaboy"). ~$17.4M principal and ~$0.2M interest currently outstanding, accruing at approximately $1,553/day. Fair value is less than face value as the note is long-dated, accruing interest at 3.26% and makes annual principal and interest payments through 2046, with the last of such payments due December 31, 2046. Dugaboy is current on its payments, including with the most recent payment completed for year-end 2024. Principal payments due are $790,215 yearly, plus accrued interest, which declines each year as principal declines. The next interest payment due December 31, 2025 is $566,677. No assurance that Dugaboy will continue making the annual principal and interest payments when due, although the holder of the note could accelerate and pursue collection in that event.

[2] Amount is ultimately TBD and will ultimately depend on litigation, timing of monetization of remaining assets, and operational needs. For example, if additional litigation is brought forth, outside counsel will incur additional time and expense and certain employees may need to be retained for a longer period of time. If actual expenses exceed $20 million, less cash would be potentially available after Class 9; if actual expenses fall short of $20 million, more cash would be potentially available after Class 9.

[3] For illustrative purposes of this presentation, $0 is assumed. However, if the claim is ultimately allowed in full or in part, funds would be paid to Daugherty on account of the allowed claim, which would reduce cash potentially available after Class 9. No assurances can be provided that the claim will be completely disallowed.

[4] For illustrative purposes of this presentation, $0 is assumed. Thus, all funds utilized for purposes of satisfying indemnification obligations are reduced dollar for dollar. Under current conditions, it is believed that at least $100 million may be needed for indemnification obligations and as a result, there is not sufficient liquidity at this time to even make any further payments to Class 9 interest holders. Assuming a final/non-appealable order, providing for among other things, a complete cessation of litigation and comprehensive releases from the HMIT/DAF parties, the need for indemnification reserves could be greatly reduced.

[5] Assumes HCM Korea, HCLOF, and HCRE bad faith sanctions are monetized for the amounts described for the "current snapshot" ($6.4 million in aggregate). Monetization in excess of these amounts would result in more cash remaining; monetization below those amounts would result in less cash remaining.

DRAFT - SUBJECT TO CONFIDENTIAL TREATMENT

2

HCMLPHMIT00000659

004244

Case 19-34054-sgj11    Doc 4279-1    Filed 06/24/25    Entered 06/24/25 15:38:17    Desc
Exhibit Exhibit 1    Page 7 of 8

Case 19-34054-sgj11    Doc 4255-45    Filed 06/20/25    Entered 06/20/25 21:39:29    Desc
Exhibit 45    Page 6 of 7

*Privileged and confidential - provided pursuant to Rule 408 and the binding Confidentiality Agreement executed amongst the Parties*
**Information request made April 7, 2025**

**(i) Accrued liabilities**

| | Entity | | Amount | |
|---|---|---|---|---|
| End of case/severance bonuses - remaining employees | HCMLP | $ | 1,230,000 | |
| Accounts payable book balance (as of March 31, 2025) | HCMLP | | 576,207 | |
| Estimate of other incurred, but not invoiced for work performed | HCMLP | | 500,000 | *general estimate* |
| | | | | |
| **Other liabilities not included in section totals above** | **Entity** | | **Amount** | |
| Distribution payable | HCT | $ | 2,656,732 | *previously authorized distributions related to pending Dougherty claim (has offsetting cash reserve; see current snapshot); to be released following resolution of the pending claim* |
| Okada settlement payable | Indemnity Trust | $ | 870,000 | *first-out dollars in treasuries (amount is face of such treasuries) - for purposes of settlement discussions, the cash reserved related to the Okada settlement and the potential first-out dollars are excluded as irrelevant* |
| **Sub-total (i)** | | **$** | **2,306,207** | A |

**(ii) Anticipated success or severance (or completion) payments or bonuses**

| | Entity | | Amount | |
|---|---|---|---|---|
| Incentive Compensation Plan | HCMLP/HCT | $ | 2,480,088 | *assuming full payment of the Class 9's; calc'd as 14.71516% on remaining distributions to Class 9 with a time discount applied to the gross dollars distributed* |
| Retention Date payments - employees | HCMLP | | 925,000 | *Retention Date is 9/30/2025* |
| Nate Burns (employee) incentive comp | HCMLP | | - | *Nate receives a portion of the performance fees earned related to HCM Korea; assuming zero for presentation purposes as amounts would be a percentage of incremental value received from HCM Korea* |
| **Sub-total (ii)** | | **$** | **3,405,088** | B |

**(iii) Continuing admin budget for the Claimant Trust, Indemnification sub trust and/or litigation sub trust**

| | | | |
|---|---|---|---|
| See subsequent page; Sub-total (iii) | $ | 16,768,874 | C - *additional detail contained on separate page* |
| | | | |
| **Sum of A, B, and C** | **$** | **22,480,169** | |

**(iv) Identity and amount and basis for any holdback(s)**

| Identity: | | Amount | Basis for amount |
|---|---|---|---|
| Sum of A, B, and C from above | $ | 22,480,169 | *from above; See notes and assumptions related to items A, B, and C* |
| Incremental operational reserve | | 5,000,000 | *Excess cash to retain to cover potential cost overages - largest risk is incremental litigation and resulting time and expense of PSZJ plus longer retention of employees/CEO to assist with litigation, if applicable* |
| Indemnification reserves | | 35,000,000 | *Assumes comprehensive releases and settlement amongst the HMIT/DAF Parties; at least $100 million if no settlement* |
| Sum of items above | $ | 62,480,169 | *to below* |
| | | | |
| Calc of estimated cash available for a prelim distribution to Class 10, assuming settlement | $ millions | |
| Current cash/treasuries (see previous page) | $ | 88.1 | *Cash and treasuries (including all Plan entities)* |
| Assets expected to monetize in next 12 months | | 6.4 | *HCM Korea, remainder of HCLOF, bad faith sanction (but excluding near-term Dugaboy Note P&I amortization due December 2025)* |
| Sub-total | $ | 94.5 | |
| | | | |
| less: outstanding Class 9, including interest | | (21.0) | *current outstanding Class 9 with interest* |
| less: holdbacks (from above) | | (62.5) | *from above* |
| | | | |
| Remaining cash available for initial distribution to Class 10 | $ | 11.1 | *[1]* |
| **Round to nearest million** | **$** | **11.0** | |

*[1] Possibility of incremental amount of up to $2.7 million in the event of a successful opposition to the pending Dougherty tax POC, along with incremental interim cash received from Dugaboy Note P&I amortization. Amount also does not include non-cash assets (litigation, outstanding Dugaboy Note, etc).*

3

HCMLPHMIT00000660

004245

Case 19-34054-sgj11    Doc 4279-1    Filed 06/24/25    Entered 06/24/25 15:38:17    Desc
Exhibit Exhibit 1    Page 8 of 8

Case 19-34054-sgj11    Doc 4255-45    Filed 06/20/25    Entered 06/20/25 21:39:29    Desc
Exhibit 45    Page 7 of 7

*Privileged and confidential - provided pursuant to Rule 408 and the binding Confidentiality Agreement executed amongst the Parties*
**Projected Budget Build-Up**

Remaining expected budget assuming a comprehensive settlement with HMIT/DAF Parties (excluding accrued liabilities and contingencies separately discussed)

| Description | Total for budget | Notes and assumptions |
|---|---|---|
| Pachulski Stang and other litigation or BK-related | $    5,000,000 | Primary issues: expected new litigation to defend (actual causes of action unknown) from Dondero parties, incorporation of HMIT/DAF settlement and approval/appeals of same, appeals of "valuation complaint" and "HCRE bad faith", extension of the Trust for 1 yr. and dissolution issues. Ultimate amount required could vary materially higher or lower. |
| HCMLP employees salary and benefits (other than CEO) | 4,084,354 | Assumes declining headcount from 6 to 3, ending August 2026 (monthly trending from approx. $300k/month currently to approx. $200k/month at end) |
| Claimant Trustee/CEO salary | 2,700,000 | Assumes 18 months at $150k/month |
| Litigation Trustee | 360,000 | Assumes 18 months at $20k/month |
| Independent Member | 225,000 | Assumes 18 months at $12.5k/month |
| Litigation trust (other than Trustee) | 250,000 | Assuming minimal time and expense other than in conjunction with transfer of main case |
| Incentive Compensation on distributions to Cl. 10 | TBD | Provide for alignment in regards to quantum and timing of distributions and management of costs |
| **Overhead related** | | |
| Facilities/offsite storage and related | 1,079,121 | Office space through end of 2026 and offsite document retention through 2028 |
| External tax | 1,000,000 | Declining each year with final year for tax year 2027 |
| IT costs | 701,760 | Cloud storage, network infrastructure through 2027, email storage through 2030 |
| Accounting systems and information | 331,045 | General retention and maintenance through 2028 (primarily Oracle maintenance) |
| Other professionals | 200,000 | Misc reserve for other professionals |
| Other misc overhead | 200,000 | Misc reserve for other overhead, T&E, entity wind-up costs, etc |
| Indemnification expenses | 200,000 | Assuming misc. expenses from misc. matters |
| US Trustee | 437,594 | Assuming 0.8% of budget + accruals + distributions (assuming $30M total) |
| **Grand total** | $    16,768,874 | to previous page |

DRAFT - SUBJECT TO CONFIDENTIALITY AGREEMENT

4

HCMLPHMIT00000661

004246

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Jordan A. Kroop (admitted *pro hac vice*)
Hayley R. Winograd (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910

QUINN EMANUEL URQUHART &
SULLIVAN LLP
Deborah J. Newman (admitted *pro hac vice*)
Robert S. Loigman (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100

SIDLEY AUSTIN LLP
Paige Holden Montgomery
2021 McKinney Avenue
Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300

*Counsel for Highland Capital Management,
L.P. and the Highland Claimant Trust*

*Co-Counsel for Marc S. Kirschner, as
Litigation Trustee of The Highland
Litigation Sub-Trust*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |

## HIGHLAND CAPITAL MANAGEMENT, L.P., HIGHLAND CLAIMANT TRUST, AND LITIGATION SUB-TRUST SECOND AMENDED WITNESS AND EXHIBIT LIST WITH RESPECT TO HEARING TO BE HELD ON JUNE 25, 2025

Highland Capital Management, L.P., the reorganized debtor (the "Debtor" or "Highland,"

as applicable) in the above-captioned chapter 11 case (the "Bankruptcy Case"), the Highland

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

**AMENDED WITNESS AND EXHIBIT LIST FOR HEARING ON JUNE 25, 2025**
SF 4930-7823-1120.1 36027.002 DOCS_NY:42648.1 36027/002

**PAGE 1 OF 15**

004247

Claimant Trust (the "Claimant Trust"), and the Highland Litigation Sub-Trust (the "Litigation

Sub-Trust," and together with Highland and the Claimant Trust, the "Movants"), by and through

their undersigned counsel, submit the following second amended witness and exhibit list with

respect to the *Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. §*

*363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith*

[Docket No. 4216], which the Court has set for hearing at 9:30 a.m. (Central Time) on June 25,

2025 (the "Hearing") in the Bankruptcy Case.

A.   **Witnesses:**

1.   James P. Seery, Jr.;

2.   James Dondero;

3.   Deborah Deitsch-Perez, Esq;

4.   Julie Diaz (by deposition transcript);

5.   Any witness identified by or called by any other party; and

6.   Any witness necessary for rebuttal.

B.   **Amended Exhibits:**[2]

| Number | Exhibit | Offered | Admitted |
|---|---|---|---|
| **A.** | **Settlement Agreement** | | |
| 1. | *Declaration of Gregory V. Demo in Support of Motion for Entry of an Order Pursuant to a Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement Agreement with the HMIT Entities and Authorizing Actions Consistent Therewith* [Docket No. 4217] [HCMLPHMIT00002688-HCMLPHMIT00002715] | | |
| **B.** | **Negotiation Documents** | | |

---

[2] The amendments to the original exhibit list, filed at Docket Nos. 4255 & 4277, include the addition of one exhibit: Exhibit No. 126 in bold font below.

AMENDED WITNESS AND EXHIBIT LIST FOR HEARING ON JUNE 25, 2025                PAGE 2 OF 15
SF 4930-7823-1120.1 36027.002 DOCS_NY:42648.1 36027/002

004248

| Number | Exhibit | Offered | Admitted |
|--------|---------|---------|----------|
| 2. | Email from L. Phillips to J. Morris dated March 5, 2025 [HCMLPHMIT00000015-HCMLPHMIT00000017] | | |
| 3. | Email from L. Phillips to J. Morris dated March 13, 2025 [HCMLPHMIT00000022-00000026] | | |
| 4. | Email from L. Phillips to J. Morris dated March 18, 2025 [HCMLPHMIT00000028-HCMLPHMIT00000029] | | |
| 5. | Email from L. Phillips to J. Morris dated March 19, 2025 [HCMLPHMIT00000030-HCMLPHMIT00000031] | | |
| 6. | Confidentiality Agreement-M Patrick and Related Entities [HCMLPHMIT00000032-HCMLPHMIT00000045] | | |
| 7. | Email from L. Phillips to J. Morris and A. Hurt dated March 22, 2025 [HCMLPHMIT00000046-HCMLPHMIT00000048] | | |
| 8. | Email from L. Phillips to J. Morris dated March 24, 2025 [HCMLPHMIT00000052-HCMLPHMIT00000054] | | |
| 9. | Email from L. Phillips to J. Morris dated March 24, 2025 [HCMLPHMIT00000055-HCMLPHMIT00000056] | | |
| 10. | Email from L. Phillips to J. Morris dated March 28, 2025 [HCMLPHMIT00000057] | | |
| 11. | Email from L. Phillips to J. Morris dated March 30, 2025 [HCMLPHMIT00000058] | | |
| 12. | Email from L. Phillips to J. Morris dated March 31, 2025 [HCMLPHMIT00000059] | | |
| 13. | HCLOM Intercreditor and Participation Agreement [HCMLPHMIT00000060-HCMLPHMIT00000063] | | |
| 14. | Email from L. Phillips to J. Morris dated April 2, 2025 [HCMLPHMIT00000075-HCMLPHMIT00000078] | | |
| 15. | Email from L. Phillips to J. Morris dated April 2, 2025 [HCMLPHMIT00000079-HCMLPHMIT00000080] | | |
| 16. | Email from L. Phillips to J. Morris dated April 3, 2025 with attachment - Paul Murphy Joinder to Confidentiality Agreement [HCMLPHMIT00000081-HCMLPHMIT00000083] | | |

AMENDED WITNESS AND EXHIBIT LIST FOR HEARING ON JUNE 25, 2025                    PAGE 3 OF 15
SF 4930-7823-1120.1 36027.002 DOCS_NY:42648.1 36027/002

004249

| Number | Exhibit | Offered | Admitted |
|--------|---------|---------|----------|
| 17. | Email from L. Phillips to J. Morris dated April 4, 2025 [HCMLPHMIT00000089] | | |
| 18. | Email from L. Phillips to J. Morris dated April 7, 2025 [HCMLPHMIT00000090-HCMLPHMIT00000092] | | |
| 19. | Email from L. Phillips to J. Morris dated April 7, 2025 with attachment – Shawn Raver Joinder to Confidentiality Agreement [HCMLPHMIT00000093-HCMLPHMIT00000096] | | |
| 20. | Email from L. Phillips to J. Morris dated April 7, 2025 [HCMLPHMIT00000099-HCMLPHMIT00000102] | | |
| 21. | Email from L. Phillips to J. Morris dated April 7, 2025 with attachments- Phillips Joinder to Confidentiality Agreement (signed by Phillips) and A. Hurt Joinder to Confidentiality Agreement (signed by Hurt) [HCMLPHMIT00000103-HCMLPHMIT00000107] | | |
| 22. | Email from L. Phillips to J. Morris dated April 8, 2025 with fully executed HCLOM Remittance Agreement [HCMLPHMIT00000108-HCMLPHMIT00000112] | | |
| 23. | Email from L. Phillips to J. Morris dated April 10, 2025 with HMIT 2022 Settlement Agreement [HCMLPHMIT00000118-HCMLPHMIT00000130] | | |
| 24. | Email from L. Phillips to J. Morris dated April 17, 2025 with attachment James Shields Joinder to Confidentiality Agreement [HCMLPHMIT00000135-HCMLPHMIT00000150] | | |
| 25. | Email from L. Phillips to J. Morris dated May 9, 2025 [HCMLPHMIT00000157-HCMLPHMIT00000158] | | |
| 26. | Email from L. Phillips to J. Morris dated May 9, 2025 [HCMLPHMIT00000159-HCMLPHMIT00000161] | | |
| 27. | Email from L. Phillips to J. Morris dated May 13, 2025 [HCMLPHMIT00000162-HCMLPHMIT00000163] | | |
| 28. | Email from L. Phillips to J. Morris dated May 14, 2025 [HCMLPHMIT00000164-HCMLPHMIT00000166] | | |
| 29. | Email from L. Phillips to J. Morris dated May 14, 2025 with Redlines of Settlement Agreement [HCMLPHMIT00000167-HCMLPHMIT00000218] | | |

AMENDED WITNESS AND EXHIBIT LIST FOR HEARING ON JUNE 25, 2025    PAGE 4 OF 15
SF 4930-7823-1120.1 36027.002 DOCS_NY:42648.1 36027/002

004250

| Number | Exhibit | Offered | Admitted |
|--------|---------|---------|----------|
| 30. | Email from L. Phillips to J. Morris dated May 15, 2025 [HCMLPHMIT00000226-HCMLPHMIT00000234] | | |
| 31. | Email from L. Phillips to J. Morris dated May 16, 2025 with Clean and Redline of Rand Settlement Agreement [HCMLPHMIT00000235-HCMLPHMIT00000283] | | |
| 32. | Email from L. Phillips to T. Cournoyer dated May 16, 2025 [HCMLPHMIT00000287-HCMLPHMIT00000289] | | |
| 33. | Email from L. Phillips to J. Seery, M. Patrick, S. Raver, J. Shields, A. Hurt dated May 17, 2025 [HCMLPHMIT00000290] | | |
| 34. | Email from L. Phillips to J. Morris dated May 17, 2025 [HCMLPHMIT00000291-HCMLPHMIT00000292] | | |
| 35. | Email from L. Phillips to J. Morris, J. Pomerantz dated May 19, 2025 with attachment HMIT Redlined Pages only to Settlement Agreement [HCMLPHMIT00000295-HCMLPHMIT00000297] | | |
| 36. | Email from L. Phillips to G. Demo, A. Hurt, J. Shields dated May 19, 2025 [HCMLPHMIT00000342-HCMLPHMIT00000344] | | |
| 37. | Email from L. Phillips to G. Demo, J. Morris, J. Pomerantz dated May 19, 2025 with attachment - M. Patrick signature of HMIT Rand Settlement Agreement [HCMLPHMIT00000345; HCMLPHMIT00000347-HCHMLPHMIT00000370] | | |
| 38. | Email from L. Phillips to G. Demo, J. Morris, J. Pomerantz date May 19, 2025 [HCMLPHMIT00000371-HCMLPHMIT00000372] | | |
| 39. | Email from L. Phillips to G. Demo, J. Morris, J. Pomerantz dated May 19, 2025 [HCMLPHMIT00000373-HCMLPHMIT00000374] | | |
| 40. | Email from L. Phillips to G. Demo, J. Morris, J. Pomerantz dated May 19, 2025 [HCMLPHMIT00000423-HCMLPHMIT00000428] | | |
| 41. | Email from J. Morris to L. Phillips dated March 22, 2025 [HCMLPHMIT00000562-HCMLPHMIT00000563] | | |

**AMENDED WITNESS AND EXHIBIT LIST FOR HEARING ON JUNE 25, 2025**
SF 4930-7823-1120.1 36027.002 DOCS_NY:42648.1 36027/002

**PAGE 5 OF 15**

004251

| Number | Exhibit | Offered | Admitted |
|--------|---------|---------|----------|
| 42. | Email from J. Morris to L. Phillips, A. Hurt dated March 22, 2025 with attachment – fully executed Confidentiality Agreement<br>[HCMLPHMIT00000564-HCMLPHMIT00000580] | | |
| 43. | Email from J. Morris to L. Phillips dated April 4, 2025 with attachment Litigation Protections M. Patrick<br>[HCMLPHMIT00000621-HCMLPHMIT00000631] | | |
| 44. | Email from J. Morris to L. Phillips dated April 7, 2025<br>[HCMLPHMIT00000642-HCMLPHMIT00000644] | | |
| 45. | Email from J. Morris to L. Phillips dated April 8, 2025 with attachment – current snapshot of remaining assets<br>[HCMLPHMIT00000656--HCMLPHMIT00000661] | | |
| 46. | Email from J. Morris to L. Phillips dated April 16, 2025 with attachment – Second Amended and Restated Indemnity Trust Agreement<br>[HCMLPHMIT00000672-HCMLPHMIT00000727] | | |
| 47. | April 15, 2025 Draft Illustrative Highland Indemnity Trust Payout Schedule<br>[HCMLPHMIT00000724-HCMLPHMIT00000727] | | |
| 48. | Email from J. Morris to L. Phillips dated May 15, 2025 with attachment – Draft Rand Settlement Agreement and Redline<br>[HCMLPHMIT00000766-HCMLPHMIT00000820] | | |
| 49. | Email from J. Morris to L. Phillips dated May 15, 2025 with Clean and Redline Settlement Agreement<br>[HCMLPHMIT00000829-HCMLPHMIT00000877] | | |
| 50. | Email from L. Phillips to D. Klos dated April 17, 2025<br>[HCMLPHMIT00000947] | | |
| 51. | Email re: Microsoft Teams call from D. Klos to J. Seery, T. Cournoyer, K. Hendrix, J. Morris, G. Demo, M. Patrick, S. Raver, Paul, L. Phillips, A. Hurt dated April 7, 2025<br>[HCMLPHMIT00000949] | | |
| 52. | Microsoft Teams Appointment for J. Seery, T. Cournoyer, K. Hendrix, J. Morris, G. Demo, M. Patrick, S. Raver, Paul, L. Phillips, A. Hurt scheduled for April 8, 2025<br>[HCMLPHMIT00000950] | | |

**AMENDED WITNESS AND EXHIBIT LIST FOR HEARING ON JUNE 25, 2025**
SF 4930-7823-1120.1 36027.002 DOCS_NY:42648.1 36027/002

**PAGE 6 OF 15**

004252

| Number | Exhibit | Offered | Admitted |
|--------|---------|---------|----------|
| 53. | Email from D. Klos to J. Shields dated April 22, 2025 with attachment – Potential Settlement Structure with DAF and HMIT<br>[HCMLPHMIT00000987-HCMLPHMIT00001000] | | |
| 54. | Email from J. Seery to M. Patrick, S. Raver, L. Phillips, A. Hurt, J. Shields dated April 28, 2025 with attachment – Draft Rand Settlement Agreement<br>[HCMLPHMIT00001001-HCMLPHMIT00001025] | | |
| 55. | Email Microsoft Teams appointment from D. Klos to J. Seery, K. Hendrix, M. Patrick, S. Raver, Paul dated April 3, 2025<br>[HCMLPHMIT00001037] | | |
| 56. | Email from D. Klos to M. Patrick dated April 2, 2025<br>[HCMLPHMIT00001042] | | |
| 57. | Email from J. Seery to J. Morris, T. Cournoyer, D. Klos, M. Gray dated June 11, 2025 with attachment – Class 9 Consent to Rand Settlement and Release<br>[HCMLPHMIT00001220-HCMLPHMIT00001245] | | |
| **C.** | **Class 9 Documents** | | |
| 58. | Letter to P. Daugherty from J. Seery re: Eighth Distribution re: Highland Claimant Trust dated May 20, 2025<br>[HCMLPHMIT00002329] | | |
| 59. | Written Consent of Holders of Class 9 Subordinated Claim Trust Interests in the Highland Claimant Trust dated May 16, 2025<br>[HCMLPHMIT00002677-HCMLPHMIT00002682] | | |
| 60. | Tolling Agreement Extending Claim Objection Deadline dated July 27, 2022 | | |
| 61. | Amendment No. 1 to Tolling Agreement Extending the Claim Objection Deadline dated December 21, 2022 | | |
| 62. | Amendment No. 2 to Tolling Agreement Extending Claim Objection Deadline dated November 6, 2023 | | |
| 63. | Amendment No. 3 to Tolling Agreement Extending Claim Objection Deadline dated November 20, 2024 | | |
| **D.** | **HCLOM/HMIT** | | |

**AMENDED WITNESS AND EXHIBIT LIST FOR HEARING ON JUNE 25, 2025**
SF 4930-7823-1120.1 36027.002 DOCS_NY:42648.1 36027/002

**PAGE 7 OF 15**

004253

| Number | Exhibit | Offered | Admitted |
|---|---|---|---|
| 64. | Email from L. Phillips to J. Morris dated January 6, 2025 [HCMLPHMIT00000008-HCMLPHMIT00000009] | | |
| 65. | Email from L. Phillips to J. Morris, A. Hurt dated January 11, 2025 [HCMLPHMIT00000010-HCMLPHMIT00000012] | | |
| 66. | *Highland Capital Management, L.P.'s Motion for (A) a Bad Faith Finding and (B) and Award of Attorney's Fees Against Highland CLO Management, Ltd. and James Dondero in Connection with HCLOM Claims 3.65 and 3.66* [Docket No. 4176] [HCMLPHMIT00000441-HCMLPHMIT00000500] | | |
| 67. | Hearing Transcript dated December 18, 2024 [Docket No. 4197] [HCMLPHMIT00003829-HCMLPHMIT00003859] | | |
| 68. | *Stipulated and Agreed Order Resolving (A) HCLOM, Ltd.'s Scheduled Claims 3.65 and 3.66; and (B) Highland Capital Management, L.P.'s (1) Objection and (2) Motion for a Bad Faith Finding and an Award for Attorney's Fees Against HCLOM, Ltd. and James Dondero in Connection Therewith [Docket Nos. 3657, 4716]* [Docket No. 4199] [HCMLPHMIT00003860-HCMLPHMIT00003866] | | |
| 69. | Intercreditor and Participation Agreement with HCLOM dated January 10, 2025 [HCMLPHMIT00003868-HCMLPHMIT00003871] | | |
| **E.** | **Patrick Authority** | | |
| 70. | Trust Agreement of Hunter Mountain dated December 17, 2015 [HCMLPHMIT00004103-HCMLPHMIT00004114] | | |
| 71. | Show Cause Hearing Transcript June 8, 2021 [HCMLPHMIT00002716-HCMLPHMIT00003013] | | |
| 72. | HMIT Hearing Transcript June 8, 2023 [HCMLPHMIT00003014-HCMLPHMIT00003402] | | |
| 73. | Limited Liability Company Agreement of Atlas IDF GP, LLC dated October 29, 2015 [HCMLPHMIT00003511-HCMLPHMIT00003517] | | |

**AMENDED WITNESS AND EXHIBIT LIST FOR HEARING ON JUNE 25, 2025**
SF 4930-7823-1120.1 36027.002 DOCS_NY:42648.1 36027/002
**PAGE 8 OF 15**

004254

| Number | Exhibit | Offered | Admitted |
|--------|---------|---------|----------|
| 74. | HOLDCO Responses and Disclosures Related to the Court's Order Requiring Disclosures [Docket No. 2547]<br>HCMLPHMIT00003523-HCMLPHMIT00003828] | | |
| 75. | HMIT Appointment of Successor Administrator dated 8/12/2022<br>[HCMLPHMIT00003872] | | |
| 76. | Limited Liability Company Agreement of Rand PE Fund Management, LLC dated October 29, 2015<br>[HCMLPHMIT00003873-HCMLPHMIT00003879] | | |
| 77. | Limited Liability Company Agreement of Rand Advisors, LLC dated August 28, 2013<br>[HCMLPHMIT00003880-HCMLPHMIT00003886] | | |
| 78. | Agreement of Limited Partnership of Rand PE Fund I, L.P. dated October 29, 2015<br>[HCMLPHMIT00003887-HCMLPHMIT00003893] | | |
| 79. | Amended and Restated Limited Partnership Agreement of Atlas IDF, LP dated November 30, 2015<br>[HCMLPHMIT00003894-HCMLPHMIT00003928] | | |
| 80. | Atlas IDF, LP Offering of Series 1 Limited Partnership Interests dated November 30, 2015<br>[HCMLPHMIT00003929-HCMLPHMIT00004023] | | |
| 81. | Rand PE Fund I, LP Offering Series 1 Limited Partnership Interests dated November 30, 2015<br>[HCMLPHMIT00004024-HCMLPHMIT00004095] | | |
| 82. | Member and Manager Consent of Atlas IDF GP, LLC dated October 13, 2022<br>[HCMLPHMIT00004124-HCMLPHMIT00004126] | | |
| 83. | Amended and Restated Company Agreement of Atlas IDF GP, LLC dated August 8, 2022<br>[HCMLPHMIT00004127-HCMLPHMIT00004151] | | |
| 84. | Amended and Restated Company Agreement of Rand Advisors, LLC dated August 1, 2022<br>[HCMLPHMIT00004152-HCMLPHMIT00004176] | | |
| 85. | Amended and Restated Company Agreement of Rand PE Fund Management, LLC dated August 1, 2022<br>[HCMLPHMIT00004177-HCMLPHMIT00004201] | | |

AMENDED WITNESS AND EXHIBIT LIST FOR HEARING ON JUNE 25, 2025                PAGE 9 OF 15
SF 4930-7823-1120.1 36027.002 DOCS_NY:42648.1 36027/002

004255

| Number | Exhibit | Offered | Admitted |
|---|---|---|---|
| 86. | Membership Interest Purchase Agreement Rand Advisors dated August 1, 2022 [HCMLPHMIT00004202-HCMLPHMIT00004215] | | |
| 87. | Member and Manager Consent of Rand Advisors, LLC dated October 13, 2022 [HCMLPHMIT00004216-HCMLPHMIT00004218] | | |
| 88. | Member and Manager Consent of Rand PE Fund Management, LLC dated October 13, 2022 [HCMLPHMIT00004219-HCMLPHMIT00004221] | | |
| 89. | 3/17/2025 Rand Advisors Form ADV [HCMLPHMIT00003465-HCMLPHMIT00003493] | | |
| 90. | Atlas IDF, LP Subscription 12/21/2015 (signature pages only) | | |
| 91. | Atlas IDF, LP Subscription 12/23/2015 (signature page only) | | |
| 92. | Atlas IDF LP SEC Form D dated February 24, 2025 [HCMLPHMIT00003518-HCMLPHMIT00003522] | | |
| 93. | Rand PE Fund I, L.P. SEC Form D dated February 24, 2025 [HCMLPHMIT00004096-HCMLPHMIT00004100] | | |
| 94. | Amended and Restated Limited Liability Company Agreement of Beacon Mountain LLC dated September 24, 2015 [HCMLPHMIT00004115-HCMLPHMIT00004123] | | |
| 95. | Second Amended and Restated Limited Liability Company Agreement of Beacon Mountain LLC dated February 12, 2025 | | |
| 96. | Bylaws of The Okada Family Foundation, Inc. (final version) | | |
| 97. | Bylaws of Empower Dallas Foundation, Inc. | | |
| 98. | Crown Global DVA Policy 30218 (signed) | | |
| 99. | Crown Global DVA Termsheet 30218 | | |
| 100. | Crown Global DVA Policy 30219 (signed) | | |

AMENDED WITNESS AND EXHIBIT LIST FOR HEARING ON JUNE 25, 2025          PAGE 10 OF 15
SF 4930-7823-1120.1 36027.002 DOCS_NY:42648.1 36027/002

004256

| Number | Exhibit | Offered | Admitted |
|--------|---------|---------|----------|
| 101. | Crown Global DVA Termsheet 30219 | | |
| 102. | Crown Global Rand Participation Agreement (Executed) | | |
| 103. | S&G HMIT Opinion Rep Letter dated January 29, 2016 | | |
| 104. | S&G HMIT Opinion dated January 29, 2016 | | |
| **F.** | **Dugaboy Note** | | |
| 105. | Promissory Note $24,268,621.69 dated May 31, 2017 [HCMLPHMIT00001327-HCMLPHMIT00001328] | | |
| 106. | The Dugaboy Investment Trust Offering of $1817M Promissory Note Owed to HCMLP February 2024 [HCMLPHMIT00002323-HCMLPHMIT00002327] | | |
| 107. | Participation Agreement for Par/Near Par Trades dated July 18, 2024 [HCMLPHMIT00002594-HCMLPHMIT00002600] | | |
| 108. | $18.5mm Dugaboy Note Attempted Sale – Process Update [HCMLPHMIT00002601] | | |
| 109. | The Dugaboy Investment Trust $18.17M Promissory Note Owed to HCMLP February 2024 [HCMLPHMIT00002602-HCMLPHMIT00002607] | | |
| 110. | The Dugaboy Investment Trust $18.17M Promissory Note Owed to HCMLP February 2024 [HCMLPHMIT00002608-HCMLPHMIT00002630] | | |
| 111. | Highland Claimant Trust Recommended Dugaboy Note Contribution dated June 7, 2024 [HCMLPHMIT00002631-HCMLPHMIT00002636] | | |
| 112. | Email from D. Klos to DC Sauter dated May 23, 2024 [HCMLPHMIT00002637-HCMLPHMIT00002639] | | |
| **G.** | **Capital Account Amounts** | | |

**AMENDED WITNESS AND EXHIBIT LIST FOR HEARING ON JUNE 25, 2025**            **PAGE 11 OF 15**
SF 4930-7823-1120.1 36027.002 DOCS_NY:42648.1 36027/002

004257

| Number | Exhibit | Offered | Admitted |
|--------|---------|---------|----------|
| 113. | Highland Capital Management, L.P. Consolidated Financial Statement and Supplemental Information dated December 31, 2018<br>[HCMLPHMIT00002548-HCMLPHMIT00002593] | | |
| 114. | Fourth Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P. dated December 24, 2015<br>[HCMLPHMIT00002641-HCMLPHMIT00002676] | | |
| 115. | 2018 Tax Return for Highland Capital Management, LP (sig page, p. 1 of return, p. 1 of each partners' Schedule K-1 (Strand, Okada, MAP 1, MAP 2, Dugaboy, HMIT)<br>[HCMLPHMIT00001332; HCMLPHMIT00001336; HCMLPHMIT00001414; HCMLPHMIT00001419; HCMLPHMIT00001424; HCMLPHMIT00001429; HCMLPHMIT00001434; HCMLPHMIT00001439] | | |
| 116. | 2019 Tax Return for Highland Capital Management, LP (sig page, p. 1 of return, p. 1 of each partners' Schedule K-1 (Strand, Okada, MAP 1, MAP 2, Dugaboy, HMIT)<br>[HCMLPHMIT00001762; HCMLPHMIT00001766; HCMLPHMIT00001865; HCMLPHMIT00001870;<br>HCMLPHMIT00001875; HCMLPHMIT00001880; HCMLPHMIT00001885; HCMLPHMIT00001890] | | |
| 117. | Monthly Operating Report – FINAL November 2019<br>[HCMLPHMIT00001329] | | |
| 118. | Hunter Mountain Note Receivable October 15, 2019<br>[HCMLPHMIT00001330] | | |
| H. | **Dallas Foundation Issues** | | |
| 119. | Affidavit of James Dondero in the Grand Court of Cayman Islands FSD2025-0099 dated April 16, 2025<br>[HCMLPHMIT00003429-HCMLPHMIT00003438] | | |
| 120. | Email from J. Pomerantz to D. Curry, M. Okin dated June 19, 2025 | | |
| I. | **Plan, CTA, and Litigation Trust Agreement** | | |

**AMENDED WITNESS AND EXHIBIT LIST FOR HEARING ON JUNE 25, 2025**
SF 4930-7823-1120.1 36027.002 DOCS_NY:42648.1 36027/002
**PAGE 12 OF 15**

004258

| Number | Exhibit | Offered | Admitted |
|--------|---------|---------|----------|
| 121. | *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)*, Pages 26-29, (entire document can be found at Docket No. 1808)<br>Excerpts:<br>Article IV. B.1-5 (pages 26-28)<br>Article IV. B.5 (pages 28-29)<br>Article IV. B.7 (page 30)<br>Article IV. B.10 (page 31)<br>Article IV. D. (pages 34-35)<br>Article VII. D.1-2 (pages 44-45)<br>Article XI (pages 53-55) | | |
| 122. | *Claimant Trust Agreement*, (entire document can be found at Docket No. 1811-2, as modified by Docket No. 1875-4)<br>Excerpts:<br>Fourth "Whereas" clause (page 1)<br>Section 2.2(a)-(b) (page 8)<br>Section 3.2(a)-(b) (pages 11-12)<br>Section 3.2(c)(iv) (page 12)<br>Section 2.3(b)(ix) (page 9) | | |
| 123. | *Litigation Sub-Trust Agreement*, (entire document can be found at Docket No. 1811-4)<br>Excerpts:<br>Fourth "Whereas" clause (page 1)<br>Section 2.2 (page 5)<br>Section 3.2(a) (page 7)<br>Section 3.2(b) (page 7)<br>Section 3.2(c)(v) (page 7)<br>Section 3.3 (b)(iii) (page 9) | | |
| **J.** | **Deposition Transcripts** | | |
| 124. | Deposition Transcript of Julie Diaz dated June 22, 2025 | | |
| 125. | Deposition Transcript of Torrey Littleton dated June 22, 2025 | | |
| **K.** | **Other Docs** | | |

**AMENDED WITNESS AND EXHIBIT LIST FOR HEARING ON JUNE 25, 2025**          **PAGE 13 OF 15**
SF 4930-7823-1120.1 36027.002 DOCS_NY:42648.1 36027/002

004259

| Number | Exhibit | Offered | Admitted |
|--------|---------|---------|----------|
| 126. | ***Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)*, Article III, (entire document can be found at Docket No. 1808)** | | |
| 127. | Any document entered or filed in the Debtor's chapter 11 bankruptcy case, including any exhibits thereto | | |
| 128. | All exhibits necessary for impeachment and/or rebuttal purposes | | |
| 129. | All exhibits identified by or offered by any other party at the Hearing | | |

**AMENDED WITNESS AND EXHIBIT LIST FOR HEARING ON JUNE 25, 2025**
SF 4930-7823-1120.1 36027.002 DOCS_NY:42648.1 36027/002

**PAGE 14 OF 15**

004260

Dated:  June 24, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Jordan A. Kroop (admitted *pro hac vice*)
Hayley R. Winograd (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760
Email: jpomerantz@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
jkroop@pszjlaw.com
hwinograd@pszjlaw.com

 - and -

**HAYWARD PLLC**

*/s/  Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.
and the Highland Claimant Trust*

**QUINN EMANUEL URQUHART &
SULLIVAN LLP**

Deborah J. Newman (admitted *pro hac vice*)
Robert S. Loigman (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

-and-

**SIDLEY AUSTIN LLP**

Paige Holden Montgomery
2021 McKinney Avenue
Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300

*Co-Counsel for Marc S. Kirschner, as
Litigation Trustee of the Highland Litigation
Sub-Trust*

**AMENDED WITNESS AND EXHIBIT LIST FOR HEARING ON JUNE 25, 2025**
SF 4930-7823-1120.1 36027.002 DOCS_NY:42648.1 36027/002

**PAGE 15 OF 15**

004261

**EXHIBIT 126**

Case 19-34054-sgj11 Doc 1808 Filed 01/22/21 Entered 01/22/21 15:30:25 Page 1 of 66
Docket #1808 Date Filed: 01/22/2021
Case 3:25-cv-01876-K Document 1-12 Filed 09/09/25 Page 40 of 320 PageID 5520

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## FIFTH AMENDED PLAN OF REORGANIZATION OF HIGHLAND
## CAPITAL MANAGEMENT, L.P. (AS MODIFIED)

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
Email: jpomerantz@pszjlaw.com
          ikharasch@pszjlaw.com
          gdemo@pszjlaw.com

**HAYWARD & ASSOCIATES PLLC**
Melissa S. Hayward (TX Bar No. 24044908)
Zachery Z. Annable (TX Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
          ZAnnable@HaywardFirm.com:

Counsel for the Debtor and Debtor-in-Possession

---

[1]  The Debtor's last four digits of its taxpayer identification number are (6725).  The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

1934054210122000000000013

Reserve shall be released to the Claimant Trust to be used for other purposes consistent with the Plan and the Claimant Trust Agreement.

**C.    Priority Tax Claims**

On or as soon as reasonably practicable after the later of (i) the Initial Distribution Date if such Priority Tax Claim is an Allowed Priority Tax Claim as of the Effective Date or (ii) the date on which such Priority Tax Claim becomes an Allowed Priority Tax Claim, each Holder of an Allowed Priority Tax Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, such Allowed Priority Tax Claim, at the election of the Debtor:  (a) Cash in an amount equal to the amount of such Allowed Priority Tax Claim, (b) payment of such Allowed Priority Tax Claim in accordance with section 1129(a)(9)(C) of the Bankruptcy Code; or (c) such other less favorable treatment as agreed to in writing by the Debtor and such Holder. Payment of statutory fees due pursuant to 28 U.S.C. § 1930(a)(6) will be made at all appropriate times until the entry of a final decree; *provided, however*, that the Debtor may prepay any or all such Claims at any time, without premium or penalty.

**ARTICLE III.**
**CLASSIFICATION AND TREATMENT OF**
**CLASSIFIED CLAIMS AND EQUITY INTERESTS**

**A.    Summary**

All Claims and Equity Interests, except Administrative Expense Claims and Priority Tax Claims, are classified in the Classes set forth below.  In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Expense Claims, and Priority Tax Claims have not been classified.

The categories of Claims and Equity Interests listed below classify Claims and Equity Interests for all purposes including, without limitation, confirmation and distribution pursuant to the Plan and pursuant to sections 1122 and 1123(a)(1) of the Bankruptcy Code.  The Plan deems a Claim or Equity Interest to be classified in a particular Class only to the extent that the Claim or Equity Interest qualifies within the description of that Class and will be deemed classified in a different Class to the extent that any remainder of such Claim or Equity Interest qualifies within the description of such different Class.  A Claim or Equity Interest is in a particular Class only to the extent that any such Claim or Equity Interest is Allowed in that Class and has not been paid, released or otherwise settled (in each case, by the Debtor or any other Entity) prior to the Effective Date.

18

004264

**B.**     **Summary of Classification and Treatment of Classified Claims and Equity Interests**

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| 1 | Jefferies Secured Claim | Unimpaired | Deemed to Accept |
| 2 | Frontier Secured Claim | Impaired | Entitled to Vote |
| 3 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 4 | Priority Non-Tax Claim | Unimpaired | Deemed to Accept |
| 5 | Retained Employee Claim | Unimpaired | Deemed to Accept |
| 6 | PTO Claims | Unimpaired | Deemed to Accept |
| 7 | Convenience Claims | Impaired | Entitled to Vote |
| 8 | General Unsecured Claims | Impaired | Entitled to Vote |
| 9 | Subordinated Claims | Impaired | Entitled to Vote |
| 10 | Class B/C Limited Partnership Interests | Impaired | Entitled to Vote |
| 11 | Class A Limited Partnership Interests | Impaired | Entitled to Vote |

**C.**     **Elimination of Vacant Classes**

Any Class that, as of the commencement of the Confirmation Hearing, does not have at least one Holder of a Claim or Equity Interest that is Allowed in an amount greater than zero for voting purposes shall be considered vacant, deemed eliminated from the Plan for purposes of voting to accept or reject the Plan, and disregarded for purposes of determining whether the Plan satisfies section 1129(a)(8) of the Bankruptcy Code with respect to such Class.

**D.**     **Impaired/Voting Classes**

Claims and Equity Interests in Class 2 and Class 7 through Class 11 are Impaired by the Plan, and only the Holders of Claims or Equity Interests in those Classes are entitled to vote to accept or reject the Plan.

**E.**     **Unimpaired/Non-Voting Classes**

Claims in Class 1 and Class 3 through Class 6 are Unimpaired by the Plan, and such Holders are deemed to have accepted the Plan and are therefore not entitled to vote on the Plan.

**F.**     **Impaired/Non-Voting Classes**

There are no Classes under the Plan that will not receive or retain any property and no Classes are deemed to reject the Plan.

**G.**     **Cramdown**

If any Class of Claims or Equity Interests is deemed to reject this Plan or does not vote to accept this Plan, the Debtor may (i) seek confirmation of this Plan under section 1129(b) of the Bankruptcy Code or (ii) amend or modify this Plan in accordance with the terms hereof and the

004265

Bankruptcy Code. If a controversy arises as to whether any Claims or Equity Interests, or any class of Claims or Equity Interests, are Impaired, the Bankruptcy Court shall, after notice and a hearing, determine such controversy on or before the Confirmation Date.

**H.**    <u>**Classification and Treatment of Claims and Equity Interests**</u>

    *1.*    <u>*Class 1 – Jefferies Secured Claim*</u>

- *Classification*: Class 1 consists of the Jefferies Secured Claim.

- *Treatment*: On or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Class 1 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, such Allowed Class 1 Claim, at the election of the Debtor: (A) Cash equal to the amount of such Allowed Class 1 Claim; (B) such other less favorable treatment as to which the Debtor and the Holder of such Allowed Class 1 Claim will have agreed upon in writing; or (C) such other treatment rendering such Claim Unimpaired. Each Holder of an Allowed Class 1 Claim will retain the Liens securing its Allowed Class 1 Claim as of the Effective Date until full and final payment of such Allowed Class 1 Claim is made as provided herein.

- *Impairment and Voting*: Class 1 is Unimpaired, and the Holders of Class 1 Claims are conclusively deemed to have accepted this Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, the Holders of Class 1 Claims are not entitled to vote to accept or reject this Plan and will not be solicited.

    *2.*    <u>*Class 2 – Frontier Secured Claim*</u>

- *Classification*: Class 2 consists of the Frontier Secured Claim.

- *Treatment*: On or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Class 2 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, such Allowed Class 2 Claim: (A) Cash in an amount equal to all accrued but unpaid interest on the Frontier Claim through and including the Effective Date and (B) the New Frontier Note. The Holder of an Allowed Class 2 Claim will retain the Liens securing its Allowed Class 2 Claim as of the Effective Date until full and final payment of such Allowed Class 2 Claim is made as provided herein.

- *Impairment and Voting*: Class 2 is Impaired, and the Holders of Class 2 Claims are entitled to vote to accept or reject this Plan.

004266

3.      *Class 3 – Other Secured Claims*

- *Classification*: Class 3 consists of the Other Secured Claims.

- *Allowance and Treatment*: On or as soon as reasonably practicable after the later of (i) the Initial Distribution Date if such Class 3 Claim is Allowed on the Effective Date or (ii) the date on which such Class 3 Claim becomes an Allowed Class 3 Claim, each Holder of an Allowed Class 3 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, its Allowed Claim 3 Claim, at the option of the Debtor, or following the Effective Date, the Reorganized Debtor or Claimant Trustee, as applicable, (i) Cash equal to such Allowed Other Secured Claim, (ii) the collateral securing its Allowed Other Secured Claim, plus postpetition interest to the extent required under Bankruptcy Code Section 506(b), or (iii) such other treatment rendering such Claim Unimpaired.

- *Impairment and Voting*: Class 3 is Unimpaired, and the Holders of Class 3 Claims are conclusively deemed to have accepted this Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, the Holders of Class 3 Claims are not entitled to vote to accept or reject this Plan and will not be solicited.

4.      *Class 4 – Priority Non-Tax Claims*

- *Classification*: Class 4 consists of the Priority Non-Tax Claims.

- *Allowance and Treatment*: On or as soon as reasonably practicable after the later of (i) the Initial Distribution Date if such Class 4 Claim is Allowed on the Effective Date or (ii) the date on which such Class 4 Claim becomes an Allowed Class 4 Claim, each Holder of an Allowed Class 4 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, its Allowed Claim 4 Claim Cash equal to the amount of such Allowed Class 4 Claim.

- *Impairment and Voting*: Class 4 is Unimpaired, and the Holders of Class 4 Claims are conclusively deemed to have accepted this Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, the Holders of Class 4 Claims are not entitled to vote to accept or reject this Plan and will not be solicited.

5.      *Class 5 – Retained Employee Claims*

- *Classification*: Class 5 consists of the Retained Employee Claims.

- *Allowance and Treatment*: On or as soon as reasonably practicable after the Effective Date, each Allowed Class 5 Claim will be Reinstated.

004267

- *Impairment and Voting*:  Class 5 is Unimpaired, and the Holders of Class 5 Claims are conclusively deemed to have accepted this Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the Holders of Class 5 Claims are not entitled to vote to accept or reject this Plan and will not be solicited.

6.    *Class 6 – PTO Claims*

- *Classification*:  Class 6 consists of the PTO Claims.

- *Allowance and Treatment*:  On or as soon as reasonably practicable after the later of (i) the Initial Distribution Date if such Class 6 Claim is Allowed on the Effective Date or (ii) the date on which such Class 6 Claim becomes an Allowed Class 6 Claim, each Holder of an Allowed Class 6 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, its Allowed Claim 6 Claim Cash equal to the amount of such Allowed Class 6 Claim.

- *Impairment and Voting*:  Class 6 is Unimpaired, and the Holders of Class 6 Claims are conclusively deemed to have accepted this Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the Holders of Class 6 Claims are not entitled to vote to accept or reject this Plan and will not be solicited.

7.    *Class 7 – Convenience Claims*

- *Classification*:  Class 7 consists of the Convenience Claims.

- *Allowance and Treatment*:  On or as soon as reasonably practicable after the later of (i) the Initial Distribution Date if such Class 7 Claim is Allowed on the Effective Date or (ii) the date on which such Class 7 Claim becomes an Allowed Class 7 Claim, each Holder of an Allowed Class 7 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, its Allowed Class 7 Claim (1) the treatment provided to Allowed Holders of Class 8 General Unsecured Claims if the Holder of such Class 7 Claim makes the GUC Election or (2) an amount in Cash equal to the lesser of (a) 85% of the Allowed amount of such Holder's Class 7 Claim or (b) such Holder's Pro Rata share of the Convenience Claims Cash Pool.

- *Impairment and Voting*:  Class 7 is Impaired, and the Holders of Class 7 Claims are entitled to vote to accept or reject this Plan.

8.    *Class 8 – General Unsecured Claims*

- *Classification*:  Class 8 consists of the General Unsecured Claims.

004268

- *Treatment*:  On or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Class 8 Claim, in full satisfaction, settlement, discharge and release of, and in exchange for, such Claim shall receive (i) its Pro Rata share of the Claimant Trust Interests, (ii) such other less favorable treatment as to which such Holder and the Claimant Trustee shall have agreed upon in writing, or (iii) the treatment provided to Allowed Holders of Class 7 Convenience Claims if the Holder of such Class 8 General Unsecured Claim is eligible and makes a valid Convenience Class Election.

  Notwithstanding anything to the contrary herein, after the Effective Date and subject to the other provisions of this Plan, the Debtor, the Reorganized Debtor, and the Claimant Trust, as applicable, will have and will retain any and all rights and defenses under bankruptcy or nonbankruptcy law that the Debtor had with respect to any General Unsecured Claim, except with respect to any General Unsecured Claim Allowed by Final Order of the Bankruptcy Court.

- *Impairment and Voting*:  Class 8 is Impaired, and the Holders of Class 8 Claims are entitled to vote to accept or reject this Plan.

9.   <u>*Class 9 – Subordinated Claims*</u>

- *Classification*:  Class 9 consists of the Subordinated Claims.

  *Treatment*:  On the Effective Date, Holders of Subordinated Claims  shall receive either (i) their Pro Rata share of the Subordinated Claimant Trust Interests or, (ii) such other less favorable treatment as to which such Holder and the Claimant Trustee may agree upon in writing.

  Notwithstanding anything to the contrary herein, after the Effective Date and subject to the other provisions of this Plan, the Debtor, the Reorganized Debtor, and the Claimant Trust, as applicable, will have and will retain any and all rights and defenses under bankruptcy or nonbankruptcy law that the Debtor had with respect to any Subordinated Claim, except with respect to any Subordinated Claim Allowed by Final Order of the Bankruptcy Court.

- *Impairment and Voting*:  Class 9 is Impaired, and the Holders of Class 9 Claims are entitled to vote to accept or reject this Plan.

10.   <u>*Class 10 – Class B/C Limited Partnership Interests*</u>

- *Classification*:  Class 10 consists of the Class B/C Limited Partnership Interests.

23

004269

- *Treatment*:  On or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Class 10 Claim, in full satisfaction, settlement, discharge and release of, and in exchange for, such Claim shall receive (i) its Pro Rata share of the Contingent Claimant Trust Interests or (ii) such other less favorable treatment as to which such Holder and the Claimant Trustee shall have agreed upon in writing.

  Notwithstanding anything to the contrary herein, after the Effective Date and subject to the other provisions of this Plan, the Debtor, the Reorganized Debtor, and the Claimant Trust, as applicable, will have and will retain any and all rights and defenses under bankruptcy or nonbankruptcy law that the Debtor had with respect to any Class B/C Limited Partnership Interest Claim, except with respect to any Class B/C Limited Partnership Interest Claim Allowed by Final Order of the Bankruptcy Court.

- *Impairment and Voting*:  Class 10 is Impaired, and the Holders of Class 10 Claims are entitled to vote to accept or reject this Plan.

11. *Class 11 – Class A Limited Partnership Interests*

- *Classification*:  Class 11 consists of the Class A Limited Partnership Interests.

- *Treatment*:  On or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Class 11 Claim, in full satisfaction, settlement, discharge and release of, and in exchange for, such Claim shall receive (i) its Pro Rata share of the Contingent Claimant Trust Interests or (ii) such other less favorable treatment as to which such Holder and the Claimant Trustee shall have agreed upon in writing.

  Notwithstanding anything to the contrary herein, after the Effective Date and subject to the other provisions of this Plan, the Debtor, the Reorganized Debtor, and the Claimant Trust, as applicable, will have and will retain any and all rights and defenses under bankruptcy or nonbankruptcy law that the Debtor had with respect to any Class A Limited Partnership Interest, except with respect to any Class A Limited Partnership Interest Allowed by Final Order of the Bankruptcy Court.

- *Impairment and Voting*:  Class 11 is Impaired, and the Holders of Class 11 Claims are entitled to vote to accept or reject this Plan.

I.   **Special Provision Governing Unimpaired Claims**

Except as otherwise provided in the Plan, nothing under the Plan will affect the Debtor's rights in respect of any Unimpaired Claims, including, without limitation, all rights in respect of legal and equitable defenses to or setoffs or recoupments against any such Unimpaired Claims.

24

004270

J.      **Subordinated Claims**

The allowance, classification, and treatment of all Claims under the Plan shall take into account and conform to the contractual, legal, and equitable subordination rights relating thereto, whether arising under general principles of equitable subordination, section 510(b) of the Bankruptcy Code, or otherwise.  Under section 510 of the Bankruptcy Code, upon written notice and hearing, the Debtor the Reorganized Debtor, and the Claimant Trustee reserve the right to seek entry of an order by the Bankruptcy Court to re-classify or to subordinate any Claim in accordance with any contractual, legal, or equitable subordination relating thereto, and the treatment afforded any Claim under the Plan that becomes a subordinated Claim at any time shall be modified to reflect such subordination.

## ARTICLE IV.
## MEANS FOR IMPLEMENTATION OF THIS PLAN

A.      **Summary**

As discussed in the Disclosure Statement, the Plan will be implemented through (i) the Claimant Trust, (ii) the Litigation Sub-Trust, and (iii) the Reorganized Debtor.

On the Effective Date, all Class A Limited Partnership Interests, including the Class A Limited Partnership Interests held by Strand, as general partner, and Class B/C Limited Partnerships in the Debtor will be cancelled, and new Class A Limited Partnership Interests in the Reorganized Debtor will be issued to the Claimant Trust and New GP LLC – a newly-chartered limited liability company wholly-owned by the Claimant Trust.  The Claimant Trust, as limited partner, will ratify New GP LLC's appointment as general partner of the Reorganized Debtor, and on and following the Effective Date, the Claimant Trust will be the Reorganized Debtor's limited partner and New GP LLC will be its general partner.  The Claimant Trust, as limited partner, and New GP LLC, as general partner, will execute the Reorganized Limited Partnership Agreement, which will amend and restate, in all respects, the Debtor's current Limited Partnership Agreement.  Following the Effective Date, the Reorganized Debtor will be managed consistent with the terms of the Reorganized Limited Partnership Agreement by New GP LLC.  The sole managing member of New GP LLC will be the Claimant Trust, and the Claimant Trustee will be the sole officer of New GP LLC on the Effective Date.

Following the Effective Date, the Claimant Trust will administer the Claimant Trust Assets pursuant to this Plan and the Claimant Trust Agreement, and the Litigation Trustee will pursue, if applicable, the Estate Claims pursuant to the terms of the Litigation Sub-Trust Agreement and the Plan.  The Reorganized Debtor will administer the Reorganized Debtor Assets and, if needed, with the utilization of a Sub-Servicer, which administration will include, among other things, managing the wind down of the Managed Funds.

Although the Reorganized Debtor will manage the wind down of the Managed Funds, it is currently anticipated that neither the Reorganized Debtor nor the Claimant Trust will assume or assume and assign the contracts between the Debtor and certain Related Entities pursuant to which the Debtor provides shared services and sub-advisory services to those Related Entities. The Debtor believes that the continued provision of the services under such contracts will not be

004271

BTXN 208 (rev. 07/09)

| IN RE: Highland Capital Management, L.P. | Motion for Approval of Settlement with the HMIT Entities Rule 9019 doc. #4216 | Case # 19−34054−sgj11 |
|---|---|---|
| DEBTOR | | |

**TYPE OF HEARING**

| Highland Capital Management, L.P. | **VS** | James Dondero/Patrick Daugherty |
|---|---|---|
| **PLAINTIFF / MOVANT** | | **DEFENDANT / RESPONDENT** |

| John Morris/Louis M. Phillips | | Michael Justin Lang/Andrew K. York |
|---|---|---|
| **ATTORNEY** | | **ATTORNEY** |

## **EXHIBITS**

SEE EXHIBIT & WITNES LIST AT DOC. #4253, #4255, & #4271

SEE EXHIBIT & WITNESS LIST AT DOC. #4266

Court Admitted Exhibits #1 through #9; #11 through #56; #58 through #123 & #126

Court Admitted All Exhibits; #1 through #42

Dugaboy Exhibit #3 Letter dated June 24 2025: Admitted by Michael Lang

| Michael Edmond | June 25, 2025 | Stacey G Jernigan |
|---|---|---|
| REPORTED BY | HEARING DATE | JUDGE PRESIDING |

004287

**STINSON LLP**
Deborah Deitsch-Perez
Michael P. Aigen
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Counsel for The Dugaboy Investment Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | Case No. 19-34054 (SGJ) |
| Reorganized Debtor. | **STIPULATION WITHDRAWING THE DUGABOY INVESTMENT TRUST'S OBJECTION TO MOTION FOR ORDER EXTENDING DURATION OF TRUSTS** |

**STIPULATION WITHDRAWING THE DUGABOY INVESTMENT TRUST'S
OBJECTION TO MOTION FOR ORDER EXTENDING DURATION OF TRUSTS**

This stipulation (the "Stipulation") is made and entered into in the above-captioned bankruptcy case by and between The Highland Claimant Trust and the Highland Litigation Sub-Trust (together, the "Trusts"), on the one hand, and The Dugaboy Investment Trust ("Dugaboy"), on the other hand, by and through their respective undersigned counsel.

## RECITALS

WHEREAS, on May 8, 2025, Trusts filed a Motion for an Order Further Extending Duration of Trusts [Dkt. No. 4213] (the "Motion"), requesting the Bankruptcy Court to enter an order further extending the duration of the Trusts through and including August 11, 2026;

WHEREAS, on May 29, 2025, Dugaboy filed its Objection of The Dugaboy Investment Trust to Motion for an Order Further Extending Duration of Trusts [Dkt. No. 4223] (the "Objection");

WHEREAS, the Trusts and Dugaboy hereby enter into this Stipulation in order to resolve the Motion and the Objection;

NOW, WHEREFORE, IT IS HEREBY JOINTLY STIPULATED AND AGREED, as follows:

1.      Dugaboy agrees to withdraw its Objection to the Motion with prejudice;

2.      The Trusts expect to dissolve by August 11, 2026 so that no further extension of the duration of the Trusts will be necessary;

3.      Dugaboy hereby preserves and does not waive its right, if any, to object to any further attempts to extend the date by which the Trusts must dissolve or to extend the duration of the Trusts;

4.      This Stipulation may be executed in counterparts. A facsimile, electronic, or photocopy of this Stipulation and the signatures hereto shall have the same effect and may be accepted with the same authority as if it were an original; and

004273

5.    The Trusts and Dugaboy agree that the Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Stipulation and any order related to same.


[*Remainder of Page Intentionally Blank*]

004274

Dated: June 26, 2025

**HAYWARD PLLC**

By: */s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

- and –

**PACHULSKI STANG ZIEHL
& JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail: jpomerantz@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com

***Counsel for The Highland Claimant Trust***

**STINSON LLP**

By: */s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
Texas Bar No. 24036072
Michael P. Aigen
Texas Bar No. 24012196
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
Email: deborah.deitschperez@stinson.com
Email:  michael.aigen@stinson.com

***Counsel for The Dugaboy Investment Trust***

**QUINN EMANUEL URQUHART &
SULLIVAN LLP**

By: */s/ Robert S. Loigman*
Deborah J. Newman (admitted *pro hac vice*)
Robert S. Loigman (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

- and –

**SIDLEY AUSTIN LLP**

Paige Holden Montgomery
Spencer M. Stephens
2021 McKinney Avenue
Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300

***Co-Counsel for Marc S. Kirschner, as
Litigation Trustee of The Highland
Litigation Sub-Trust***



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 27, 2025**

_____
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
| | ) | |
| Debtor. | ) | **Re: Docket No. 4231** |
| | ) | |

### STIPULATION WITHDRAWING OBJECTION OF THE DALLAS FOUNDATION AND CROWN GLOBAL LIFE INSURANCE, LTD TO MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 9019 AND 11 U.S.C. § 363 APPROVING SETTLEMENT WITH THE HMIT ENTITIES AND AUTHORIZING ACTIONS CONSISTENT THEREWITH

'        This stipulation (the "Stipulation") is made by and among Hunter Mountain Investment

Trust ("HMIT"), Beacon Mountain LLC ("Beacon Mountain"), Rand Advisors, LLC ("Rand

Advisors"), Rand PE Fund I, LP ("Rand PE Fund"), Rand PE Fund Management, LLC ("Rand

_____

[1]        Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

1

004276

GP"), Atlas IDF, LP ("Atlas IDF"), and Atlas IDF GP, LLC ("Atlas GP" and together with HMIT, Beacon Mountain, Rand Advisors, Rand PE Fund, Rand GP, and Atlas IDF, the "HMIT Entities"); The Dallas Foundation (the "Foundation"), Empower Dallas Foundation ("EDF"), the Okada Family Foundation ("Okada Family Foundation"), and Crown Global Life Insurance, Ltd. ("Crown," and with the Foundation, EDF, and the Okada Family Foundation, the "Foundation Parties"); Highland Capital Management, L.P., the reorganized debtor (the "Debtor" or "Highland," as applicable) in the above-captioned chapter 11 case (the "Bankruptcy Case"), the Highland Claimant Trust (the "Claimant Trust"), and the Highland Litigation Sub-Trust (the "Litigation Sub-Trust," and together with Highland and the Claimant Trust, the "Movants"), by and through their respective undersign counsel.

RECITALS

**WHEREAS**, on May 19, 2025, the Movants filed that certain *Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith* [Dkt. No. 4216] (the "9019 Motion");

**WHEREAS**, on June 9, 2025, the Foundation Parties filed that certain *Objection* [Dkt. No. 4231] to the 9019 Motion (the "Foundation Objection");

**WHEREAS**, on June 24, 2025, the Foundation Parties and the HMIT Entities entered into that certain *Settlement Term Sheet* which is annexed hereto as Attachment 1 to this Stipulation (the "Term Sheet");

**NOW, WHEREFORE, IT IS HEREBY JOINTLY STIPULATED AND AGREED** as follows:

1.  The Foundation Parties withdraw the Foundation Objection with prejudice in accordance with the terms of the Term Sheet annexed hereto as **Attachment 1**.

2

004277

2. The Foundation Parties, the HMIT Entities, and the Movants agree that the following

language shall be contained in the proposed order on the 9019 Motion:

Notwithstanding anything in the Settlement Agreement or the 9019 Order to the contrary, none of the Dallas Foundation, EDF, Okada Family, or Crown (the "Foundation Parties") are or will be included in the definitions of HMIT Releasors or Highland Releasors. For the avoidance of doubt, however, any attempt by the Foundation Parties to assert a Claim against a HMIT Released Party by, through, or under, including derivatively, a Highland Entity, or against a Highland Released Party by, through, or under, including derivatively, a HMIT Entity is barred by this Order and the Settlement Agreement.

Respectfully Submitted:

**KELLY HART PITRE**

*/s/ Louis M. Phillips*_____
Louis M. Phillips (#10505)
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com
Amelia L. Hurt (LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Facsimile: (504) 522-1813
Email: amelia.hurt@kellyhart.com
***Counsel for the HMIT Entities***

and

**OKIN ADAMS BARTLETT CURRY LLP**
*By: /s/ David L. Curry*_____
Matthew S. Okin
Texas Bar No. 00784695
David L. Curry, Jr.
Texas Bar No. 24065107
1113 Vine Street, Suite 240
Houston, Texas 77002
Telephone: (713) 28-4100
Facsimile: (346)247-7158

3

004278

Email: mokin@okinadams.com
dcurry@okinadams.com
**ATTORNEYS FOR THE DALLAS
FOUNDATION AND CROWN GLOBAL
LIFE INSURANCE, LTD.**

and

**PACHULSKI STANG ZIEHL & JONES
LLP**

*/s/John A. Morris* _____
Jeffrey N. Pomerantz (admitted pro hac vice)
John A. Morris (admitted pro hac vice)
Gregory V. Demo (admitted pro hac vice)
Jordan A. Kroop (admitted pro hac vice)
Hayley R. Winograd (admitted pro hac vice)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760
Email: jpomerantz@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
jkroop@pszjlaw.com
hwinograd@pszjlaw.com
- and -

**HAYWARD PLLC**
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110
***Counsel for Highland Capital
Management, L.P.  and the Highland
Claimant Trust***

and

4

**QUINN EMANUEL URQUHART &
SULLIVAN LLP**

*/s/ Robert S. Loigman*_____

Deborah J. Newman (admitted pro hac vice)
Robert S. Loigman (admitted pro hac vice)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
-and   SIDLEY AUSTIN LLP
Paige Holden Montgomery
2021 McKinney Avenue
Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
***Co-Counsel for Marc S. Kirschner, as
Litigation Trustee of the Highland
Litigation Sub-Trust***

### CERTIFICATE OF SERVICE

I, undersigned counsel, hereby certify that a copy of the forgoing was served on all parties receiving notice in this chapter 11 case through this Court's CM/ECF System on this June 25, 2025.

*/s/ Louis M. Phillips*_____

Louis M. Phillips (#10505)

004280

Attachment 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Chapter 11** |
| **HIGHLAND CAPITAL** | § | |
| **MANAGEMENT, L.P.,** | § | |
| | § | **Case No. 19-34054-sgj11** |
| Debtor. | § | |

## BINDING TERM SHEET

This Summary of Terms and Conditions (this "Term Sheet") outlines certain agreements by and between the HMIT Entities,[1] on the one hand, and The Dallas Foundation (the "Foundation"), Empower Dallas Foundation ("EDF"), the Okada Family Foundation ("Okada Family Foundation"), and Crown Global Life Insurance, Ltd. ("Crown," and with the Foundation, EDF, and the Okada Family Trust, the "Foundation Parties") resolving that Objection (the "Objection") of The Dallas Foundation and Crown Global Life Insurance, Ltd to Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement With the HMIT Entities and Authorizing Actions Consistent Therewith [ECF No. 4216] (the "9019 Motion").

| | |
|---|---|
| **Clarification of 9019 Settlement Releases:** | The parties have agreed to include language in any order granting the 9019 Motion clarifying the scope of releases as to the Foundation Parties. |
| **Initial Settlement Payments to HMIT:** | The HMIT Parties agree that the Cash Payment and the Initial Interim Distribution (the "Initial Settlement Payments") shall be made as provided in the Settlement Agreement and shall be held in accordance with the terms of this agreement. The HMIT Entities agree that the Initial Settlement Payments shall only be used to pay ordinary expenses of the HMIT entities in the nature of legal expenses and ordinary customary general expenses (the "Expenses"). At the Dallas Foundation Meeting (defined below), the HMIT Parties shall provide a projected quarterly expense budget to the Foundation Parties and shall continue to provide expense reporting reflecting the paid Expenses every forty-five (45) days, commencing August 5, 2025 (relating to Expenses paid June 15, 2025 to July 31, 2025). Such Expenses and the reports are "Information" within the meaning of this Agreement subject to the restrictions herein. Notwithstanding the foregoing, the HMIT Parties shall hold, in accordance with this Agreement, not less than $7,500,000.00 of the Initial Settlement |

---

[1] Capitalized terms not defined herein shall have the meanings set forth in the 9019 Motion or 9019 Order.

004281

| | |
|---|---|
| | Payments actually received for a period of not less than thirty (30) calendar days following receipt of the Initial Settlement Payments. |
| | The HMIT Parties agree that the Initial Settlement Payments (less Expenses) shall be held in an account held by HMIT or CLO HoldCo LLC to be identified by the HMIT Parties. In identifying such account, the HMIT Parties shall provide the account number, the account name, and account location (institution name and location). |
| **HMIT Meeting with The Dallas Foundation:** | Mr. Shawn Raver, as representative of HMIT, will, as soon as is practicable, but no later than July 7, 2025 meet in person at a location mutually agreed upon (the "DF Meeting") with the Dallas Foundation and will review the current "DAF" structure, with an eye to commencing negotiations with DF about the use of current support organization(s) or the creation of new support organizations to support the DF and as appropriate the other Foundations mentioned above (the "Resolution"). Mr. Mark Patrick may attend the DF Meeting either in person or virtually. As used herein, the term "DAF" shall mean the historical corporate structure of Charitable DAF Holdco, LTD, its parents and subsidiaries, in existence as of January 1, 2024, and any changes thereto, including any changes described in that matter before the Grand Court of the Cayman Island – Financial Services Division, Cause No: FSD 99 of 2025 (JAJ). |
| | At the DF Meeting, which will be a confidential settlement meeting covered by any and all state, federal, and international confidentiality statutes, laws, customs, etc., with all parties to agreeing that no information ("Information") shared at the meeting can be shared further by any person or entity outside of the group participating at the meeting, except as otherwise provided herein. Prior to the Initial Meeting, the HMIT Parties and Foundation Parties may, but shall not be required as a pre-condition of the Initial Meeting, enter into such confidentiality agreements as may be agreed upon by the parties. Nothing in this agreement shall, however, preclude a party from disclosing Information pursuant to a subpoena, or other such legal compulsion or seeking information through subpoena within a proceeding in a tribunal of competent jurisdiction. |
| | At the DF Meeting, Mr. Raver will show and present the participants with a balance sheet for the DAF as of 9/30/2024, 12/31/2024, and 3/31/2025. For the avoidance of doubt, such accounting shall include an accounting of any transfer assets from an entity within the DAF structure during the periods covered by the balance sheets to any another entity, including another entity within the DAF structure. |

004282

| | |
|---|---|
| | At any time after the DF Meeting, either the HMIT Parties or Foundation Parties may declare an impasse (an "Impasse") in negotiations in writing delivered to the parties.

Unless an Impasse is declared following the DF Meeting, Mark Patrick agrees to meet with the Dallas Foundation and the other Supporting Organizations, or the Foundations they support, with an eye to furthering negotiations on the proposed Resolution.

If an acceptable Resolution is agreed upon, Mr. Patrick, the Supporting Organization, and Dallas Foundation shall jointly request a meeting with the JOLs and the DF, with a view toward winding up the liquidation proceedings of Charitable DAF Holdco, Ltd., including not seeking any equitable wind up of Charitable DAF Fund, LP., all of which should be able to be accomplished expeditiously in the event of agreements hoped to be achieved upon the meeting described above. |
| **Resolution of the Objection:** | In return for the foregoing, TDF and Crown Global agree to withdraw their objection to the 9019 Motion, in all capacities in which their objection has been filed, and to withdraw the notice of deposition of Mark Patrick.

The parties further agree that this Term Sheet shall be included as an attachment to the 9019 Order, and the terms of this Agreement enforceable in the Bankruptcy Court and the Bankruptcy Court shall maintain concurrent jurisdiction to resolve any dispute arising therefrom. |

Dated: June 24, 2025

The Dallas Foundation

_Julie Diaz_

Julie Diaz, Chief Executive Officer

The HMIT Entities

_____

Mark Patrick

004283

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Chapter 11** |
| **HIGHLAND CAPITAL** | § | |
| **MANAGEMENT, L.P.,** | § | |
| | § | **Case No. 19-34054-sgj11** |
| Debtor. | § | |

## BINDING TERM SHEET

This Summary of Terms and Conditions (this "Term Sheet") outlines certain agreements by and between the HMIT Entities,[1] on the one hand, and The Dallas Foundation (the "Foundation"), Empower Dallas Foundation ("EDF"), the Okada Family Foundation ("Okada Family Foundation"), and Crown Global Life Insurance, Ltd. ("Crown," and with the Foundation, EDF, and the Okada Family Foundation, the "Foundation Parties") resolving that Objection (the "Objection") of The Dallas Foundation and Crown Global Life Insurance, Ltd to Motion for Enry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement With the HMIT Entities and Authorizing Actions Consistent Therewith [ECF No. 4216] (the "9019 Motion").

| | |
|---|---|
| **Clarification of 9019 Settlement Releases:** | The parties have agreed to include language in any order granting the 9019 Motion clarifying the scope of releases as to the Foundation Parties. |
| **Initial Settlement Payments to HMIT:** | The HMIT Parties agree that the Cash Payment and the Initial Interim Distribution (the "Initial Settlement Payments") shall be made as provided in the Settlement Agreement and shall be held in accordance with the terms of this agreement. The HMIT Entities agree that the Initial Settlement Payments shall only be used to pay ordinary expenses of the HMIT entities in the nature of legal expenses and ordinary customary general expenses (the "Expenses"). At the Dallas Foundation Meeting (defined below), the HMIT Parties shall provide a projected quarterly expense budget to the Foundation Parties and shall continue to provide expense reporting reflecting the paid Expenses every forty-five (45) days, commencing August 5, 2025 (relating to Expenses paid June 15, 2025 to July 31, 2025). Such Expenses and the reports are "Information" within the meaning of this Agreement subject to the restrictions herein. Notwithstanding the foregoing, the HMIT Parties shall hold, in accordance with this Agreement, not less than $7,500,000.00 of the Initial Settlement |

---

[1] Capitalized terms not defined herein shall have the meanings set forth in the 9019 Motion or 9019 Order.

004284

| | |
|---|---|
| | Payments actually received for a period of not less than thirty (30) calendar days following receipt of the Initial Settlement Payments.<br><br>The HMIT Parties agree that the Initial Settlement Payments (less Expenses) shall be held in an account held by HMIT or CLO HoldCo LLC to be identified by the HMIT Parties. In identifying such account, the HMIT Parties shall provide the account number, the account name, and account location (institution name and location). |
| **HMIT Meeting with The Dallas Foundation:** | Mr. Shawn Raver, as representative of HMIT, will, as soon as is practicable, but no later than July 7, 2025 meet in person at a location mutually agreed upon (the "DF Meeting") with the Dallas Foundation and will review the current "DAF" structure, with an eye to commencing negotiations with DF about the use of current support organization(s) or the creation of new support organizations to support the DF and as appropriate the other Foundations mentioned above (the "Resolution"). Mr. Mark Patrick may attend the DF Meeting either in person or virtually. As used herein, the term "DAF" shall mean the historical corporate structure of Charitable DAF Holdco, LTD, its parents and subsidiaries, in existence as of January 1, 2024, and any changes thereto, including any changes described in that matter before the Grand Court of the Cayman Island – Financial Services Division, Cause No: FSD 99 of 2025 (JAJ).<br><br>At the DF Meeting, which will be a confidential settlement meeting covered by any and all state, federal, and international confidentiality statutes, laws, customs, etc., with all parties to agreeing that no information ("Information") shared at the meeting can be shared further by any person or entity outside of the group participating at the meeting, except as otherwise provided herein. Prior to the Initial Meeting, the HMIT Parties and Foundation Parties may, but shall not be required as a pre-condition of the Initial Meeting, enter into such confidentiality agreements as may be agreed upon by the parties. Nothing in this agreement shall, however, preclude a party from disclosing Information pursuant to a subpoena, or other such legal compulsion or seeking information through subpoena within a proceeding in a tribunal of competent jurisdiction.<br><br>At the DF Meeting, Mr. Raver will show and present the participants with a balance sheet for the DAF as of 9/30/2024, 12/31/2024, and 3/31/2025. For the avoidance of doubt, such accounting shall include an accounting of any transfer assets from an entity within the DAF structure during the periods covered by the balance sheets to any another entity, including another entity within the DAF structure. |

004285

| | At any time after the DF Meeting, either the HMIT Parties or Foundation Parties may declare an impasse (an "Impasse") in negotiations in writing delivered to the parties. |
| | Unless an Impasse is declared following the DF Meeting, Mark Patrick agrees to meet with the Dallas Foundation and the other Supporting Organizations, or the Foundations they support, with an eye to furthering negotiations on the proposed Resolution. |
| | If an acceptable Resolution is agreed upon, Mr. Patrick, the Supporting Organization, and Dallas Foundation shall jointly request a meeting with the JOLs and the DF, with a view toward winding up the liquidation proceedings of Charitable DAF Holdco, Ltd., including not seeking any equitable wind up of Charitable DAF Fund, LP., all of which should be able to be accomplished expeditiously in the event of agreements hoped to be achieved upon the meeting described above. |
| **Resolution of the Objection:** | In return for the foregoing, TDF and Crown Global agree to withdraw their objection to the 9019 Motion, in all capacities in which their objection has been filed, and to withdraw the notice of deposition of Mark Patrick. |
| | The parties further agree that this Term Sheet shall be included as an attachment to the 9019 Order, and the terms of this Agreement enforceable in the Bankruptcy Court and the Bankruptcy Court shall maintain concurrent jurisdiction to resolve any dispute arising therefrom. |

Dated: June 24, 2025

The Dallas Foundation

_____

Julie Diaz, Chief Executive Officer

The HMIT Entities

_____

Mark Patrick

004286

PARSONS MCENTIRE MCCLEARY PLLC
Sawnie A. McEntire (SBOT: 13590100)
1700 Pacific Avenue, Suite 4400
Dallas, TX 75201
Tel: (214) 237-4300
Roger L. McCleary (SBOT: 133937)
One Riverway, Suite 1800
Houston, TX 77056
Tel: (713) 960-7315

*Counsel for Hunter Mountain Investment Trust*

## THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISON

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | |

## <u>CONSENT MOTION TO DISMISS PROCEEDING</u>

Hunter Mountain Investment Trust ("***HMIT***") files this Consent Motion to Dismiss

Proceeding ("***Consent Motion***") and would respectfully show as follows:

1.      On May 27, 2025, HMIT filed a Consent Motion for Stay [Dkt. 4222] ("***Stay

Motion***"), seeking a stay of certain matters pursuant to a proposed settlement agreement

with Highland Capital Management, L.P., the reorganized debtor ("***Debtor***" or

"***Highland***"), the Highland Claimant Trust ("***Claimant Trust***"), and the Highland

004288

Litigation Sub-Trust ("***Litigation Sub-Trust***"), that was pending this Court's approval [Dkt. 4217-1] ("***Settlement Agreement***").[1]

2.      Specifically, the Stay Motion sought a stay of the proceedings defined in the Settlement Agreement as: "***Hunter Mountain Investment Trust v. Highland Cap. Mgmt., L.P., Case No. 3:23-cv-02071-E (N.D. Tex.), on remand to the Bankruptcy Court (including*** *Hunter Mountain Investment Trust's Emergency Motion for Leave to File Adversary Proceeding* **filed at Bankruptcy Court Docket No. 3699 and all proceedings, decisions, and orders relating thereto)**" (the "***Remanded Proceedings***"). [Dkt. 4217-1, pp. 7, 9] (emphasis added).

3.      On June 9, 2025, this Court granted the Stay Motion and entered an order staying the Remanded Proceedings [Dkt. 4226].

4.      The Court conducted a hearing on the Settlement Agreement on June 25, 2025, and entered an order approving the Settlement Agreement on June 30, 2025 [Dkt. 4297].

---

[1] As outlined in the Stay Motion, on May 19, 2025, Highland, the Claimant Trust, and the Litigation Sub-Trust filed a *Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement with HMIT Entities and Authorizing Actions Consistent Therewith* [Bankr. Dkt. 4216] ("***Motion to Approve Settlement***") in Case No. 19-34054-sgj11, *In re: Highland Capital Management, L.P.* ("***Highland Bankruptcy***"), pending in the United States District Bankruptcy Court for the Northern District of Texas, Dallas Division ("***Bankruptcy Court***").

004289

5.       Upon confirmation by the Court, the Settlement Agreement requires HMIT
to move to dismiss all "Pending Litigation," as defined in the Settlement Agreement,
including the Remanded Proceedings, within five (5) business days.

6.       By this Consent Motion, HMIT now withdraws its underlying *Emergency
Motion for Leave to File Adversary Proceeding* [Dkt. 3699] ("***Motion for Leave***") and seeks
dismissal of the Remanded Proceedings.

7.       Accordingly, HMIT respectfully moves the Court for the entry of an order,
substantially in the form attached hereto as **Exhibit A** ("***Dismissal Order***"), dismissing
the Remanded Proceedings with prejudice.

8.       HMIT represents that it has provided counsel for the parties to the
Settlement Agreement and counsel for all parties involved in the Remand Proceedings
with a copy of this Consent Motion and the proposed Dismissal Order, and that such
parties consent to the relief requested by this Consent Motion.

**WHEREFORE**, HMIT respectfully requests the entry of the Dismissal Order,
substantially in the form attached hereto as **Exhibit A**, dismissing the Remand
Proceedings, in accordance with the Court's ruling approving the Settlement Agreement.

004290

Respectfully Submitted:

**PARSONS MCENTIRE MCCLEARY PLLC**

*/s/ Sawnie A. McEntire*
Sawnie A. McEntire (SBOT: 13590100)
smcentire@pmmlaw.com
Ian B. Salzer (SBOT: 24110325)
isalzer@pmmlaw.com
1700 Pacific Avenue, Suite 4400
Dallas, TX 75201
Tel: (214) 237-4300
Fax: (214) 237-4340

Roger L. McCleary (SBOT: 133937)
rmccleary@pmmlaw.com
One Riverway, Suite 1800
Houston, TX 77056
Tel: (713) 960-7315
Fax: (713) 960-7347

*Counsel for Hunter Mountain Investment Trust*

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 1, 2025, counsel for HMIT conferred with counsel for Highland, the Claimant Trust, Seery, Stonehill, Farallon, Muck, and Jessup, and all parties are unopposed to the relief sought in this Motion.

*/s/ Ian B. Salzer*
Ian B. Salzer

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2025, the foregoing document was served on all parties of record via the Court's electronic filing system.

*/s/ Ian B. Salzer*
Ian B. Salzer

4

004291

**EXHIBIT A**
**Proposed Order**

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISON

In re:

HIGHLAND CAPITAL
MANAGEMENT, L.P.,

      Reorganized Debtor.

Chapter 11

Case No. 19-34054-sgj11

<u>**ORDER DISMISSING PROCEEDING WITH PREJUDICE**</u>

The Court, having considered the *Consent Motion to Dismiss Proceeding* (the

"***Dismissal Motion***") filed by Hunter Mountain Investment Trust ("***HMIT***"), and noting

that HMIT has withdrawn its underlying *Emergency Motion for Leave to File Adversary*

*Proceeding* [Dkt. 3699] with prejudice and that the Dismissal Motion is unopposed, is of

004293

the opinion that the Dismissal Motion is well taken and should be **GRANTED** in its

entirety:

    **IT IS THEREFORE ORDERED** that the proceedings defined in the Dismissal

Motion as: "***Hunter Mountain Investment Trust v. Highland Cap. Mgmt., L.P.*, Case No.**

**3:23-cv-02071-E (N.D. Tex.), on remand to the Bankruptcy Court (including *Hunter***

***Mountain Investment Trust's Emergency Motion for Leave to File Adversary Proceeding***

**filed at Bankruptcy Court Docket No. 3699 and all proceedings, decisions, and orders**

**relating thereto)**," are dismissed with prejudice.

    **IT IS FURTHER ORDERED** that that all costs of Court are taxed against the party

incurring same, and all parties are responsible for their own attorneys' fees and expenses.

**### END OF ORDER ###**

004294

PARSONS MCENTIRE MCCLEARY PLLC
Sawnie A. McEntire (SBOT: 13590100)
1700 Pacific Avenue, Suite 4400
Dallas, TX 75201
Tel: (214) 237-4300
Roger L. McCleary (SBOT: 133937)
One Riverway, Suite 1800
Houston, TX 77056
Tel: (713) 960-7315

*Counsel for Hunter Mountain Investment Trust*

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISON

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | |

### <u>CONSENT MOTION TO DISMISS</u>

Appellant Hunter Mountain Investment Trust ("***HMIT***") files this Consent Motion

to Dismiss ("***Consent Motion***") and would respectfully show as follows:

1.      On May 27, 2025, pursuant to a proposed settlement agreement with

Highland Capital Management, L.P., the reorganized debtor ("***Debtor***" or "***Highland***"),

the Highland Claimant Trust ("***Claimant Trust***"), and the Highland Litigation Sub-Trust

("***Litigation Sub-Trust***"), that was pending this Court's approval [Dkt. 4217-1]

1

004295

("*Settlement Agreement*"),[1] HMIT filed a Consent Motion for Stay [Appeal Dkt. 37]

("*Stay Motion*") of the appeal to the District Court (Case No. 3:24-cv-01786-BW)

("*Appeal*"),[2] concerning the Court's *Order Extending Stay of Contested Matter [Docket No.*

*4000]* [Dkt. 4104] staying further proceedings with respect to HMIT's *Motion for Leave to*

*File a Delaware Complaint* [Dkt. 4000] ("***Motion for Leave***").

2.      On May 28, 2025, the District Court entered an order administratively

closing the Appeal in response to the Stay Motion [Appeal Dkt. 38].

3.      The Court conducted a hearing on the Settlement Agreement on June 25,

2025, and entered an order approving the Settlement Agreement on June 30, 2025 [Dkt.

4297].

4.      Upon confirmation by the Court, the Settlement Agreement requires HMIT

to move to dismiss all "Pending Litigation," as defined in the Settlement Agreement,

including the Delaware Action Proceedings, within five (5) business days.

---

[1] As outlined in the Stay Motion, on May 19, 2025, Highland, the Claimant Trust, and the Litigation Sub-Trust filed a *Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement with HMIT Entities and Authorizing Actions Consistent Therewith* [Dkt. 4216] ("***Motion to Approve Settlement***") in Case No. 19-34054-sgj11, *In re: Highland Capital Management, L.P.* ("***Highland Bankruptcy***"), pending in the United States District Bankruptcy Court for the Northern District of Texas, Dallas Division ("***Bankruptcy Court***").

[2] The Appeal is defined in the Settlement Agreement and the Stay Motion as: "***Hunter Mountain Investment Trust v. Highland Cap. Mgmt., L.P.*, Case No. 3:24-cv-01786-L (N.D. Tex.)**" (the "*Delaware Action Proceedings*"). [Dkt. 4217-1, pp. 7, 9] (emphasis added); [Appeal Dkt. 37].

5.      By this Consent Motion HMIT now withdraws its underlying Motion for Leave and seeks dismissal of the Delaware Action Proceedings. HMIT is contemporaneously filing a motion to dismiss in the Appeal with prejudice.

6.      Accordingly, HMIT respectfully moves this Court for the entry of an order, substantially in the form attached hereto as **Exhibit A** ("***Dismissal Order***"), dismissing HMIT's Motion for Leave with prejudice.

7.      HMIT represents that it has provided counsel for the parties to the Settlement Agreement and counsel for all parties involved in the Delaware Action Proceedings with a copy of this Consent Motion and the proposed Dismissal Order, and that such parties consent to the relief requested by this Consent Motion.

**WHEREFORE**, HMIT respectfully requests the entry of the Dismissal Order, substantially in the form attached hereto as **Exhibit A**, dismissing the Delaware Action Proceedings in accordance with the Court's ruling approving the Settlement Agreement.

004297

Respectfully Submitted:

**PARSONS MCENTIRE MCCLEARY PLLC**

*/s/ Sawnie A. McEntire*
Sawnie A. McEntire (SBOT: 13590100)
smcentire@pmmlaw.com
Ian B. Salzer (SBOT: 24110325)
isalzer@pmmlaw.com
1700 Pacific Avenue, Suite 4400
Dallas, TX 75201
Tel: (214) 237-4300
Fax: (214) 237-4340

Roger L. McCleary (SBOT: 133937)
rmccleary@pmmlaw.com
One Riverway, Suite 1800
Houston, TX 77056
Tel: (713) 960-7315
Fax: (713) 960-7347

*Counsel for Hunter Mountain Investment Trust*

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 1, 2025, counsel for HMIT conferred with counsel for Highland, the Claimant Trust, and Seery, and all parties are unopposed to the relief sought in this Motion.

*/s/ Ian B. Salzer*
Ian B. Salzer

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2025, the foregoing document was served on all parties of record via the Court's electronic filing system.

*/s/ Ian B. Salzer*
Ian B. Salzer

004298

**EXHIBIT A**
**Proposed Order**

004299

**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISON**

In re:

HIGHLAND CAPITAL
MANAGEMENT, L.P.,

      Reorganized Debtor.

Chapter 11

Case No. 19-34054-sgj11

## ORDER DISMISSING PROCEEDING WITH PREJUDICE

The Court, having considered the *Consent Motion to Dismiss* (the "***Dismissal***

***Motion***") filed by Hunter Mountain Investment Trust ("***HMIT***"), and noting that HMIT

has withdrawn its underlying *Motion for Leave to File a Delaware Complaint* [Dkt. 4000] and

1

004300

that the Dismissal Motion is unopposed, is of the opinion that the Dismissal Motion is well taken and should be **GRANTED** in its entirety:

**IT IS THEREFORE ORDERED** that the proceedings defined in the Dismissal Motion as: "*Hunter Mountain Investment Trust v. Highland Cap. Mgmt., L.P.,* **Case No. 3:24-cv-01786-L (N.D. Tex.)**" are dismissed with prejudice.

**IT IS FURTHER ORDERED** that that all costs of Court are taxed against the party incurring same, and all parties are responsible for their own attorneys' fees and expenses.

### END OF ORDER ###

004301



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 3, 2025**

_____

**United States Bankruptcy Judge**

_____

### THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISON

In re:

HIGHLAND CAPITAL
MANAGEMENT, L.P.,

     Reorganized Debtor.

Chapter 11

Case No. 19-34054-sgj11

### <u>ORDER DISMISSING PROCEEDING WITH PREJUDICE</u>

The Court, having considered the *Consent Motion to Dismiss Proceeding* (the

"***Dismissal Motion***") filed by Hunter Mountain Investment Trust ("***HMIT***"), and noting

that HMIT has withdrawn its underlying *Emergency Motion for Leave to File Adversary*

*Proceeding* [Dkt. 3699] with prejudice and that the Dismissal Motion is unopposed, is of

1

004302

the opinion that the Dismissal Motion is well taken and should be **GRANTED** in its entirety:

**IT IS THEREFORE ORDERED** that the proceedings defined in the Dismissal Motion as: "*Hunter Mountain Investment Trust v. Highland Cap. Mgmt., L.P.,* **Case No. 3:23-cv-02071-E (N.D. Tex.), on remand to the Bankruptcy Court (including** *Hunter Mountain Investment Trust's Emergency Motion for Leave to File Adversary Proceeding* **filed at Bankruptcy Court Docket No. 3699 and all proceedings, decisions, and orders relating thereto)**," are dismissed with prejudice.

**IT IS FURTHER ORDERED** that that all costs of Court are taxed against the party incurring same, and all parties are responsible for their own attorneys' fees and expenses.

### ### END OF ORDER ###

004303

Michael J. Lang
Texas State Bar No. 24036944
mlang@cwl.law
Alexandra Ohlinger
Texas State Bar No. 24091423
aohlinger@cwl.law
CRAWFORD, WISHNEW & LANG PLLC
1700 Pacific Ave, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500

*Counsel for The Dugaboy Investment Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Case No. 19-34054-sgj |
| | § | |
| Reorganized Debtor. | § | |
| | § | |

## NOTICE OF APPEAL OF ORDER PURSUANT TO BANKRUPTCY RULE 9019 AND 11 U.S.C. § 363 APPROVING SETTLEMENT BETWEEN THE HIGHLAND ENTITIES AND THE HMIT ENTITIES AND AUTHORIZING ACTIONS CONSISTENT THEREWITH

**Part 1: Identify the appellant(s)**

1. Name(s) of appellant(s):

The Dugaboy Investment Trust

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding:
□ Plaintiff
□ Defendant
□ Other (describe)

For appeals in a bankruptcy case and not in an adversary proceeding:
□ Debtor
X Creditor
□ Trustee
□ Other (describe)

1

**Part 2: Identify the subject of this appeal**

1.  Describe the judgment, order, or decree appealed from:

> **ORDER PURSUANT TO BANKRUPTCY RULE 9019 AND 11 U.S.C. §**
> **363 APPROVING SETTLEMENT BETWEEN THE HIGHLAND**
> **ENTITIES AND THE HMIT ENTITIES AND AUTHORIZING ACTIONS**
> **CONSISTENT THEREWITH**

> A true and correct copy of the Order is attached hereto as Exhibit A.

2.  State the date on which the judgment, order, or decree was entered: signed June 30, 2025 [Dkt. No. 4297]

3.  **Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys:

1. *Party/Appellee:*        Highland Capital Management, L.P.

Attorneys:

PACHULSKI STANG ZIEHL & JONES LLP
Jeffery N. Pomerantz
John A. Morris
Gregory V. Demo
Hayley R. Winograd
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
T: (310) 277-6910
F: (212) 561-7777

And

Hayward & Associates PLLC
Melissa S. Hayward
Zachery Z. Annable
10501 N. Central Expy. Ste. 106
Dallas, TX 75231
T: (972) 755-7100
F: (972) 755-7110

004305

2. *Party/Appellee:*     Highland Claimant Trust

Attorneys:

PACHULSKI STANG ZIEHL & JONES LLP
Jeffery N. Pomerantz
John A. Morris
Gregory V. Demo
Hayley R. Winograd
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
T: (310) 277-6910
F: (212) 561-7777

And

Hayward & Associates PLLC
Melissa S. Hayward
Zachery Z. Annable
10501 N. Central Expy. Ste. 106
Dallas, TX 75231
T: (972) 755-7100
F: (972) 755-7110


3. *Party/Appellee:* The Highland Litigation Sub-Trust

Attorneys:

QUINN EMANUEL URQUHART & SULLIVAN LLP
Deborah J. Newman (admitted pro hac vice)
Robert S. Loigman (admitted pro hac vice)
51 Madison Avenue, 22nd Floor New York, NY 10010
T: (212) 849-7000

And

SIDLEY AUSTIN LLP
Paige Holden Montgomery
2021 McKinney Avenue
Suite 2000
Dallas, Texas 75201
T: (214) 981-3300

4. Party/Appellee: Hunter Mountain Investment Trust

KELLY HART PITRE
Louis M. Phillips (#10505)
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
T: (225) 381-9643
F: (225) 336-9763
Email: louis.phillips@kellyhart.com

Amelia L. Hurt (LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
T: (504) 522-1812
F: (504) 522-1813
Email: amelia.hurt@kellyhart.com

Dated: July 14, 2025,                    Respectfully submitted,

                                         **CRAWFORD, WISHNEW & LANG PLLC**

                                         By: */s/ Michael J. Lang*
                                         Michael J. Lang
                                         Texas State Bar No. 24036944
                                         mlang@cwl.law
                                         Alexandra Ohlinger
                                         Texas State Bar No. 24091423
                                         aohlinger@cwl.law
                                         1700 Pacific Ave, Suite 2390
                                         Dallas, Texas 75201
                                         Telephone: (214) 817-4500

                                         *Counsel for Dugaboy Investment Trust*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 14, 2025, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.

                                         */s/ Michael J. Lang*
                                         Michael J. Lang

004307

# EXHIBIT A



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 30, 2025**

_____
**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |

### ORDER PURSUANT TO BANKRUPTCY RULE 9019 AND 11 U.S.C. § 363
### APPROVING SETTLEMENT BETWEEN THE HIGHLAND ENTITIES AND THE
### HMIT ENTITIES AND AUTHORIZING ACTIONS CONSISTENT THEREWITH

This matter having come before the Court on the *Motion for Entry of an Order Pursuant
to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement with the HMIT Entities and
Authorizing Actions Consistent Therewith* [Docket No. 4216] (the "Motion")[2] filed by Highland
Capital Management, L.P., the reorganized debtor (the "Debtor" or "Highland") in the above-
captioned chapter 11 case (the "Bankruptcy Case"), the Highland Claimant Trust (the "Claimant

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are 8357. The headquarters and
service address for the Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Motion or the
Settlement Agreement, as applicable.

Trust"), and the Highland Litigation Sub-Trust (the "Litigation Sub-Trust," and together with Highland and the Claimant Trust, the "Movants"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 as well as the retention of jurisdiction provisions of the Plan; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having considered (a) the Motion, (b) *Patrick Daugherty's Objection to Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith* [Docket No. 4229] (the "Daugherty Objection") filed by Patrick Daugherty, (c) the *Preliminary Objection of the Dugaboy Investment Trust to the Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement with the HMIT Entities* [Docket No. 4230] (the "Dugaboy Objection," and together with the Daugherty Objection, the "Objections"), filed by The Dugaboy Investment Trust, (d) the *Objection of the Dallas Foundation and Crown Global Life Insurance Ltd. to Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith* [Docket No. 4231] (the "Charitable Foundation Objection"), filed by The Dallas Foundation (the "Dallas Foundation") (on behalf of Empower Dallas Foundation ("EDF") and The Okada Family Foundation ("Okada Family")), and Crown Global Life Insurance, Ltd., not individually, but solely in respect of Segregated Accounts 30218 and 30219 ("Crown"), (e) the evidence admitted into the record during the hearing on the Motion on June 25, 2025 (the "Hearing") in support of, and in opposition to, the Motion, including the Court's assessment of the witnesses' credibility, and (f) all arguments heard at the Hearing in connection therewith; and the Court having found that the legal and factual bases set forth in the Motion establish sufficient

cause for the relief granted herein; and adequate notice of the Motion having been given; and after due deliberation and good cause appearing therefor,

**THE COURT HEREBY FINDS THAT:**

1.      The Court's findings of fact and conclusions of law set forth on the record at the conclusion of the Hearing are incorporated by reference except as supplemented in this Order, and as may be further supplemented by the Court.

2.      Entry into the Settlement Agreement is an appropriate exercise of the Movants' business judgment.

3.      The Settlement Agreement is fair, reasonable, and in the best interests of each of the Highland Entities and their creditors and constituents.

4.      The Settlement Agreement was negotiated and entered into by the Highland Entities and the HMIT Entities without collusion or fraud, in good faith, and was the product of arm's- length negotiations.

5.      The HMIT Entities are not "insiders" or "affiliates" of Highland as those terms are defined in Bankruptcy Code sections 101(31) and 101(2).

6.      The HMIT Entities entered into the Settlement Agreement, are acquiring the Transferred Claims and Dugaboy Note in good faith, and have proceeded with all aspects of the Settlement Agreement in good faith, and have received fair value in consideration of their entry into the Settlement Agreement.

7.      The Transferred Claims and Dugaboy Note are property of the estate, and the Highland Entities' sale of those assets free and clear of all liens and encumbrances but otherwise subject to the Settlement Agreement is a proper exercise of their business judgment.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

8.      The Motion is **GRANTED**.

004311

9.      As stated on the record during the Hearing, The Charitable Foundation Objection is withdrawn with prejudice.

10.      All other Objections to the Motion are overruled.

11.      The Settlement Agreement attached as **Exhibit 1** to the Demo Declaration is approved in all respects pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and section 363(b) of the Bankruptcy Code.

12.      HMIT's Class 10 Interest is Allowed in the amount of $336,940,230.58.

13.      The HMIT Entities, as good faith purchasers of Estate assets in the Settlement, are entitled to the protections contained in section 363(m) of the Bankruptcy Code.

14.      The Highland Entities and their agents are authorized to take any and all actions necessary or desirable to implement the Settlement Agreement without further notice or further Court approval.

15.      Notwithstanding anything in the Settlement Agreement to the contrary, none of the Dallas Foundation, EDF, Okada Family, or Crown (collectively, the "Foundation Parties") are or will be included in the definitions of "HMIT Releasors" or "Highland Releasors."  For the avoidance of doubt, however, any attempt by the Foundation Parties to assert a Claim against a HMIT Released Party by, through, or under, including derivatively, a Highland Entity, or against a Highland Released Party by, through, or under, including derivatively, a HMIT Entity is barred by this Order and the Settlement Agreement.

16.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

### ### END OF ORDER ###

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

In Re:                                                    §
Highland Capital Management, L.P.                        §
                                                         §       Case No.:   19−34054−sgj11
                                    Debtor(s)            §       Chapter No.:   11
                                                         §
: The Dugaboy Investment Trust                           §
                                  Appellant(s)           §
             vs.                                         §
Highland Capital Management, L.P., et al.                §
                                  Appellee(s)            §
                                                         §
                                                         §
                                                         §
                                                         §
                                                         §

# NOTICE REGARDING THE RECORD FOR A BANKRUPTCY APPEAL

Federal Rule of Bankruptcy Procedure 8009 prescribes the deadlines for filing the designations of items to be included in the record, requires copies to be submitted to the bankruptcy clerk to prepare the record, and directs all parties to "take any other action necessary to enable the clerk to assemble and transmit the record." Fed.R.Bankr.P. 8009(g). The purpose of this notice is to provide guidance on the local application of this rule.

## DESIGNATION OF THE RECORD

- If you are the appellant, when designating items for inclusion in the record,

  - ◆ list the following items first, in this order: (1) the notice of appeal, (2) the judgment, order, or decree appealed from, (3) any opinion, findings of fact, and conclusions of law of the bankruptcy court, and (4) the docket sheet;

  - ◆ then list the *other* items to be included, leaving for the end of your list any sealed documents, any exhibits, and any transcripts.

- If you are the appellee, cross−appellant, or cross−appellee and are designating additional items,

  - ◆ list the following items first, in this order: (1) any notice of cross−appeal, (2) any judgment, order, or decree appealed from that the appellant has not designated, and (3) any opinion, findings of fact, and conclusions of law of the bankruptcy court that the appellant has not designated;

  - ◆ then list the *other* items to be included, leaving for the end of your list any sealed documents , any exhibits, and any transcripts.

- All parties designating items to be included in the record on appeal must

  - ◆ for each item, specify the document number shown on the docket sheet. If an item does not have a document number, specify the date the item was filed.

004313

♦ If you have designated a transcript that has not been filed, order it immediately by contacting the presiding bankruptcy judge's courtroom deputy or following the instructions at http://www.txnb.uscourts.gov/transcript−and−tape−orders.

## ASSEMBLY OF THE RECORD

Within 14 days of filing your designation of the record, pursuant to Rule 8009, submit to the bankruptcy clerk any item that is **not available in the ECF system**, using this procedure:

- Enclose sealed items and non−documentary items (e.g., removable media) in 8.5" x 11" envelopes.

- Copy all other items in PDF files to a removable storage device (e.g., USB drives, DVDs, etc.), organized in the sequence in which they were designated. Limit files to 5.0 MB in size and do not include color.

- Save copies of court exhibits in PDF files to a removable storage device, organized in the sequence in which they are designated. Limit files to 5.0 MB in size and do not include color. (Use a separate removable storage device for each hearing.)

- Label any submission with the case caption and bankruptcy court case and/or adversary proceeding number.

## TRANSMITTAL OF THE RECORD

- The bankruptcy clerk will electronically transmit the record to the district clerk. The parties must provide a paper copy of the record, if required.

## REQUIREMENTS REGARDING PAPER RECORD

- If the district judge requires a paper copy, the district clerk will notify you that you are required to provide a copy of the items in *your* designation **to the bankruptcy clerk**, for quality review.

- If you are notified to provide a paper copy, organize the record according to the volumes maintained in the **district court's ECF system**.

- Even if a paper copy is not required when an appeal is entered on the docket, the district judge or the district clerk may later notify you that a paper copy is required for the use of the district judge or the court of appeals.

DATED:  7/16/25

FOR THE COURT:
Stephen J Manz, Clerk of Court

by: /s/Sheniqua Whitaker, Deputy Clerk

004314

Michael J. Lang
Texas State Bar No. 24036944
mlang@cwl.law
Alexandra Ohlinger
Texas State Bar No. 24091423
aohlinger@cwl.law
Crawford, Wishnew & Lang PLLC
1700 Pacific Ave, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500


Johnny Sutton
Ashcroft Sutton
919 Congress Avenue, Suite 1325
Austin, Texas 78701
(512) 370-1800 (phone)
(703) 247-5446 (fax)

jsutton@ashcroftlawfirm.com

*Counsel for The Dugaboy Investment Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| *In re* | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor.[1] | § | |
| | § | |

**THE DUGABOY INVESTMENT TRUST'S MOTION TO STAY 9019 ORDER**

The Dugaboy Investment Trust ("Dugaboy") hereby files this Motion to Stay 9019 Order and

would respectfully show the court the following:

---

[1] The *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P., (As Modified)* [Dkt. 1808] ("*Plan*"),
filed by Highland Capital Management, L.P. ("*HCMLP*") became effective on August 11, 2021 (the "*Effective Date*").

004315

## I.   SUMMARY OF MOTION

1.      On June 30, 2025, the Court signed its Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement Between the Highland Entities and the HMIT Entities and Authorizing Actions Consistent Therewith ("9019 Order") [Dkt. No. 4297]. Dugaboy files this motion seeking a 90-day stay of the 9019 Order so that it and other parties can investigate the allegations made in the recently filed request for a stay of all Highland bankruptcy proceedings made by the Texas Attorney General, and the complaint (the "JOL Petition") the Joint Official Liquidators ("JOL") of Charitable DAF HoldCo LTD ("Holdco")filed on July 15, 2025, by. That Petition, annexed hereto as Exhibit A, outlines a massive fraudulent scheme.

2.      According to the JOL Petition, Mark Patrick manipulated the ownership of the HMIT entities to convert $270 million of assets and pay himself and co-conspiring professionals millions that were supposed to be used for the benefit of the long-established charities, including assets Dugaboy and its beneficiary, James Dondero, contributed to the Charitable DAF for the benefit of the charities supported by Dugaboy. The Dallas Foundation, The Greater Kansas City Foundation, The Santa Barbara Foundation, and the Community Foundation of North Texas (the "Charities" or the "Participating Shareholders")  were left with nothing in favor of a new entity with no track record or professional staff run out of Mr. Patrick's house.[2] This Court should stay any transfers of assets to the control of Mr. Patrick, given that his express instructions to create a web of new entities that were: "*Whatever from a strategic point of view - hard to find or track, or trace. Or find owners etc. Generic name. Strong litigation protection.*" JOL Petition ¶ 82. A clearer indication of an intention to abscond with assets could hardly be found.

---

[2] The interests of the charities are affected through supporting organizations who for ease of reference are included in the definition of "Charities" and "Participating Shareholders" for the purposes of this Motion.

004316

3.      The relief sought in this Motion is necessary to provide all stakeholders with time to investigate a motion under Rule 60 to vacate the 9019 Order (and all resulting orders, such as the dismissals effected as a result of the 9019 Order) in light of evidence suggesting that the settlement approved by this Court was a key element of the alleged fraudulent scheme. Transfers of assets to companies controlled by Mr. Patrick must be halted, lest those assets are moved to companies "hard to find or track."

## II.      ARGUMENT

### A.      The Court Enters the 9019 Order Over the Objection of Dugaboy

4.      On May 19, 2025, a Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith [Docket No. 4216] (the "Motion") was filed by Highland Capital Management, L.P.'s ("Debtor" or "Highland"), the Highland Claimant Trust (the "Claimant Trust"), and the Highland Litigation Sub-Trust (the "Litigation Sub-Trust").

5.      Over the objection of several parties, including Dugaboy, on June 30, 2025, the Court signed its Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement Between the Highland Entities and the HMIT Entities and Authorizing Actions Consistent Therewith ("9019 Order") [Dkt. No. 4297].

6.      At the hearing Dugaboy presented the Court with the letter request of the JOLs to stay the proceeding for 45 days pending their investigation, but the Court entered the 9019 Order. Transcript of Hearing on June 25, 2025 on 9019 Motion ("9019 Tr.") at 189:22-191:1.

### B.      The JOL Files a Complaint Alleging Illegal Acts by Mr. Patrick

7.      The JOL Petition makes serious allegations against Mr. Patrick.

8.      Specifically, the Complaint alleges that Mr. Patrick, a director and sole Management Shareholder of HoldCo, unbeknownst to the Charities (holders of the Participating Shares of HoldCo)

004317

: (1) caused HoldCo to assign its interest in certain assets to a Delaware limited liability company formed and controlled by Mr. Patrick; (2) caused HoldCo to issue Participating Shares to a Delaware company incorporated and controlled by Mr. Patrick; (3) caused the Delaware limited liability company to redeem HoldCo's membership interest; and (4) caused HoldCo to be placed into voluntary liquidation after making a final distribution to the Participating Shareholders in HoldCo. JOL Petition at ¶¶ 6-6.4. These machinations are referred to in the JOL Petition and herein as the "restructuring."

9.      As the Complaint states, the restructuring was undertaken specifically to bring ownership of these assets, with a net value of $270 million (as of September 30, 2024), under Mr. Patrick's effective control, with the express purpose of leaving the Charities, as the original, and rightful, ultimate beneficiaries of the fund, with nothing. JOL Petition at ¶ 7. Mr. Patrick testified that the "entity in liquidation [Holdco] owns nothing," confirming the conversion at the hearing on the 9019 Motion. 9019 Tr. 185:18-24) (Dkt. No. 4296).

10.     In short, the JOL Petition details how Mr. Patrick caused HoldCo, originally the sole limited partner of Charitable DAF Fund, LP (the "Fund"), to sell off the Fund, with its $270 million in assets for $1.6 million, using manipulated and fraudulent valuations. JOL Petition ¶¶ 136-150.

11.     Showing just how difficult it was to achieve his false valuation, Mr. Patrick initially sought to have PwC, which had historically conducted valuations of the HoldCo's assets and which had as recently as late 2024 confirmed the $270 million valuation, conduct a post "restructuring" valuation that would discount the value of the assets sufficiently to justify the sale of the Fund for $1.6 million. JOL Petition ¶¶ 123-125.  PwC refused, saying it did not see a basis for the proposed discount. JOL Petition ¶125.

12.     Undeterred, Mr. Patrick and the professionals assisting him sought a valuation from FTI Consulting in London ("FTI"). Using the fact that the charities could not force distributions, FTI

004318

authored a memo presuming one could assert a very small discount on the value of the Fund if the Charities were aligned with the Fund's mission, but a 95% discount if they were not. JOL Petition ¶¶ 126-128. Thus, if Mr. Patrick could arbitrarily say that the Funds were no longer aligned with the charities' missions (notwithstanding the fact that nothing had changed in the charities' missions) he could apparently say devalue the Fund. *Id.*

13.     Indeed, the question Mr. Patrick's counsel posed to FTI was "would Mark still be able to shareholder structure to ensure the existing participating shareholders [the charities] got nothing?" JOL Petition ¶134. Ultimately, recognizing Mr. Patrick's clearly improper machinations, FTI refused to lift limits it had placed on use of its memo, cautioning Walkers, that its memo was "not a valuation" and could "not be used to support a transaction." JOL Petition ¶¶ 133, 135.

14.     Thwarted by FTI, one of Mr. Patrick's United States counsel, Shields Legal, then asked a Dallas-based firm, Valuscope, to value the Fund, using a discounted cash flow ("DCF") analysis with a 99.2% discount for lack of control and an additional 20% discount for lack of marketability, with no justification for the use of a DCF analysis or either, let alone both, discounts. JOL Petition ¶¶ 139-45. This resulted in an astonishing purported 99.29% drop in the value of the assets in just a six-month period. On its face, this manipulation is fraudulent, but this is what was used to justify selling the Fund to an entity controlled by Mr. Patrick and owned by a new charity he owned and controlled for $1.6 million. That $1.6 million was distributed to the Charities, and then Mr. Patrick attempted to cover his tracks with an expedited voluntary liquidation process, controlled by Mr. Patrick's counsel with Kroll as the proposed liquidator, to sweep all of the wrongdoing under the rug. JOL Petition ¶ 151.

15.     This effort was halted only because the Charities, not knowing of the pending liquidation effort, brought their own official liquidation proceeding in the Cayman Court. That

004319

proceeding resulted in the JOL being appointed and Kroll and Walkers resigning as proposed

liquidators and counsel. JOL Petition ¶ 152-54.

16.    The JOL's investigation revealed that Mr. Patrick:

    a.    increased the Directors' fees from $40,000 per annum in 2022 to $600,000 in 2023 and to $2.25 million for just the first half of 2024. JOL Petition ¶ 85;

    b.    added a salary for himself of $850,000 a year in September 2024; and

    c.    added a provision for a "long term incentive" ("LTI") tied to the Funds returns (when he is not a registered investment advisor, or any sort of financial advisor, for that matter, but simply a tax lawyer). JOL Petition ¶ 86. The LTI was 7.5% of the Funds returns over 10%, with a provision allowing for a greater bonus the more he spent on legal fees. JOL Petition ¶ 86.3.

What's troubling is that the LTI created an incentive to increase legal spending through the

proliferation of lawyers and lawsuits, thereby increasing legal expenses and Mr. Patrick's personal

bonuses.

17.    Less than a month later, Mr. Patrick also gave himself an LTI payment of $975,000

and an annual discretionary bonus for 2023 of 2.5 times his annual salary. JOL Petition ¶¶ 87.1-87.2.

He also gave himself a retroactive LTI payment for the period March 2023 to March 2024 of $4.8

million and authorized additional annual and discretionary bonuses at his sole and absolute discretion.

*Id.* By contrast, the prior the prior controlling shareholder and director of Holdco and the Fund, Grant

Scott, during his entire tenure was paid $60,000 a year. JOL Petition ¶ 88.

18.    As a result, the JOL Petition alleges that Mr. Patrick's acts constitute breaches of

fiduciary duty and seek to have a receiver appointed. JOL Petition ¶¶ 160-81.

**C.    The 9019 Order Should Be Reevaluated in Light of the Allegations in the JOL Complaint**

19.    These allegations are essential to evaluating or re-evaluating the 9019 Order for three

primary reasons. *First*, a change in control of HoldCo will affect not just HoldCo, but all the

004320

companies owned and controlled by HoldCo, including Hunter Mountain and the entities that entered
into the settlement agreement that is the subject of the 9019 Order.

20.      The JOL, if they are able to rescind all of the restructuring, and on these facts it
certainly appears that they will be able to do so, will be able to appoint new controlling persons in all
the former subsidiaries. Then, under honest management, seeking the best for the Charities, the
subsidiaries will determine what transactions to ratify and which to rescind or reform. This Court
should stay the effectiveness of the 9019 Order to minimize what must be reformed or rescinded.

21.      _Second_, the allegations in the JOL Petition set forth a pattern of behavior by Mr.
Patrick with respect to these entities and his self-dealing that unquestionably leads to the conclusion
that the same illegal behavior could well have taken place with respect to the 9019 Order and the
related settlement agreement. The newly discovered communications detailed throughout the JOL
Petition show the steps that Mr. Patrick engaged in to effectuate his scheme. The HMIT Settlement
occurred over the same time period, making it a part of that scheme.

22.      _Third_, showing a real danger of manufactured evidence being used to justify the ends
desired, Mr. Patrick purported to justify his actions by contending that Mr. Dondero was imperiling
the charities' 501(c)(3) status (JOL Petition ¶ 146.1), using an opinion of counsel that post-dated all
of the planning for the restructuring (JOL Petition ¶ 146.5). Creating an echo chamber of evidence,
he himself made false reports to the IRS to attempt to imperil the charities' tax-exempt status. JOL
Petition ¶¶ 113, 146.4. These acts demonstrate that Mr. Patrick's actions and testimony with respect
to the 9019 Order must be examined and evaluated.

### D.      The Highland Entities Allowed These Illegal Acts to Proceed Uninvestigated

23.      It is also important to note the Highland Entities' role in allowing their 9019 Motion
to proceed and the 9019 Order to be entered in light of the above. While the Highland Entities claim
they performed due diligence with respect to the transactions at issue in the 9019 Order, including the

authority of Mr. Patrick, to agree to the settlement agreement (9019 Tr. 97:12-17) (Dkt. No. 4296),

they did not know of the alleged improprieties raised above. Instead, they elected to look only at the

organizational documents (9019 Tr. 98:6-23) and ignored the Cayman proceeding, Mr. Seery was

"hesitant" to even say he was "generally" aware of the Cayman proceeding (9019 Tr. 98:24-99:1).

Moreover, with respect to Mr. Dondero's complaints about what Mr. Patrick was doing to the

Charities, counsel for the Highland Entities stated: "Mr. Patrick, I don't know what happened between

him and Mr. Dondero. I don't care. I have no knowledge of that." (9019 61:25-62:1) (Dkt. No. 4296).

The transcript evidences that the HCMLP entities ignored the Cayman proceeding to rush through the

9019 Settlement before evidence of the fraud could be presented to this Court.

> **E.    The Texas Attorney General Requests Additional Time to Investigate These Allegations**

24.    On July 9, 2009, the Office of the Texas Attorney General wrote a letter to the Court

asking the Court to enter a stay of this bankruptcy proceeding because it was investigating conduct

allegedly taken by persons or entities in this bankruptcy proceeding. Dkt. No. 4308. Upon information

and belief, Mr. Patrick and the entities he controls, as well as the 9019 Order, are the subject of this

investigation. This request of the Texas Attorney General is consistent with what Dugaboy seeks by

way of this motion and therefore Dugaboy urges the Court to follow this recommendation so that the

Texas Attorney General will have an adequate opportunity to address the illegal and inequitable

conduct by Mr. Patrick and his entities that are being investigated by the JOL.

25.    These allegations rise to the level of a basis for a Federal Rule of Civil Procedure 60

motion seeking reconsideration of the 9019 Order based on newly discovered evidence. *Hesling v.*

*CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) ("Rule 60(b)(2) provides that a court may relieve

a party from a final judgment based on 'newly discovered evidence which by due diligence could not

have been discovered in time to move for a new trial under Rule 59(b). Rule 60(b)(3) provides for

relief based on 'fraud . . . misrepresentation, or other misconduct of an adverse party,' and Rule

004322

60(b)(6) further provides for relief based on 'any other reason justifying relief from the operation of the judgment.' The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of the facts.”). Entering a stay will preserve the status quo so that interested parties may conduct a sufficient investigation.

### F.    The Court Has the Power to Stay the 9019 Order for 90 Days.

26.    Pursuant to Bankruptcy Code § 105(a), the Court “may issue any order . . . that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code].”  11 U.S.C. § 105(a). Moreover, the Supreme Court has held: [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

27.    This Court possesses broad discretion to grant stays, particularly where doing so is unlikely to cause harm to any other party. *See, e.g., Fishman Jackson PLLC v. Israely*, 180 F. Supp. 3d 476, 483 (N.D. Tex. 2016) (“Courts have ‘broad’ discretion to grant stay[s] . . . especially when there is not a ‘fair possibility’ that the stay ‘will work damage to someone else.’”); *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (“The stay of a pending matter is ordinarily within the trial court’s wide discretion to control the course of litigation . . . . This authority has been held to provide the court the ‘general discretionary power to stay proceedings before it in control of its docket and in the interests of justice.’” (internal citations omitted)).

28.    While stays should “not be immoderate or of an indefinite duration,” *Fishman*, 180 F. Supp. 3d at 483, courts routinely grant stays of six months where doing so promotes judicial efficiency. *See, e.g., 14th St. Props., LLC v. S. Fid. Ins. Co.*, No. CV 22-1593, 2023 WL 416317, at *1 (E.D. La. Jan. 26, 2023) (granting stay and administratively closing matter for six months due to

state insolvency proceedings); *Integrated Claims Sys., LLC v. Old Glory Ins. Co.*, No. 2:15CV-00412-JRG, 2020 WL 1027771, at *1 (E.D. Tex. Mar. 3, 2020) (granting motion to stay for six months); *Cleveland Air Serv., Inc. v. Pratt & Whitney Canada*, No. 4:13-CV-161-DMB-DAS, 2016 WL 4179987, at *2 n.3 (N.D. Miss. Aug. 5, 2016) (staying discovery for six months); *Maples v. Donzinger*, No. CIV.A. 13-223, 2014 WL 688965, at *2 (E.D. La. Feb. 21, 2014) (granting a six month stay).

29.    Courts have also granted stays which may only be lifted by the parties after a determined time. *See, e.g., Scarborough v. Integricert, LLC*, No. 6-12-CV-00396, 2014 WL 12662272, at *3 (W.D. La. Apr. 4, 2014) ("Lastly, this Court's intention is not to stay the case for an indefinite period. To the contrary, the Court will issue a stay for a period of one-hundred and twenty days, at the end of which, either party may move to lift the stay upon a showing of good cause. Thus, the stay will not last for an 'indefinite' period such as Scarborough fears.").

30.    Consistent with these authorities, the implementation of the 9019 Order should be stayed for 90 days in the interests of judicial economy and efficiency in order to allow Dugaboy and other interested parties sufficient time to investigate the allegations in the JOL Petition. A grant of the requested stay will enable the Court to fairly evaluate the putative settlement between the Highland Entities and the HMIT Entities.

31.    Additionally, a stay will benefit the Highland Entities, the HMIT Entities, and estate stakeholders, not harm them. All parties undoubtedly want certainty regarding the legitimacy and future enforceability of their actions and bargains. For example, if the Cayman Proceeding determines that Mr. Patrick may retain his control position in the DAF and its subsidiaries, then such a decision would likely remove any additional obstacles to the HMIT settlement. By contrast, if the Cayman Proceeding subsequently determines that Mr. Patrick engaged in ultra vires acts or acted without

004324

appropriate authority, that decision could throw the settlement, and all subsequent actions taken in furtherance of the settlement, into question.

32.     In sum, the Court has broad discretion to enter a stay of not more than six months (and the requested 90 days is half of what other courts have allowed) - which is neither "immoderate" nor "of an indefinite duration.." *Fishman*, 180 F. Supp. 3d at 483; *see also McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) (vacating indefinite stay that could last for seven years or longer where trial court "gave no reason for such a protracted stay"). The requested stay serves the interests of judicial economy, ensures efficient management of this bankruptcy proceeding, and is in the best interests of the parties to the putative settlement and all remaining stakeholders.

33.     Therefore, Dugaboy requests that the Court adhere to the request by the Texas Attorney General and stay the 9019 Order for 90 days so that these newly discovered allegations can be investigated by Dugaboy and other stakeholders and a determination can be made as to whether a FRCP 60 motion is necessary.

### III.     CONCLUSION

For the foregoing reasons, Dugaboy requests that the Court stay the 9019 Order for 90 days.


Respectfully submitted,

By: */s/Michael J. Lang*
Michael J. Lang
Texas State Bar No. 24036944
mlang@cwl.law
Alexandra Ohlinger
Texas State Bar No. 24091423
aohlinger@cwl.law
Crawford, Wishnew & Lang PLLC
1700 Pacific Ave, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500

004325

Johnny Sutton
Ashcroft Sutton
919 Congress Avenue, Suite 1325
Austin, Texas 78701
(512) 370-1800 (phone)
(703) 247-5446 (fax)
jsutton@ashcroftlawfirm.com

*Counsel for The Dugaboy Investment Trust*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 17, 2025, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.

*/s/Michael J. Lang*
Michael J. Lang

004326

# EXHIBIT A

004327



**IN THE GRAND COURT OF THE CAYMAN ISLANDS**

**FINANCIAL SERVICES DIVISION**

<b>CAUSE NO: FSD 201 OF 2025 (    )</b>

**BETWEEN:**

<b>CHARITABLE DAF HOLDCO, LTD (IN OFFICIAL LIQUIDATION)</b>

<u>Plaintiff</u>

**AND**

| | |
|---|---|
| **(1)** | **MARK ERIC PATRICK** |
| **(2)** | **PAUL MURPHY** |
| **(3)** | **CDMCFAD, LLC** |
| **(4)** | **DFW CHARITABLE FOUNDATION** |
| **(5)** | **CDH GP, LTD. AS GENERAL PARTNER FOR AND ON BEHALF OF CHARITABLE DAF FUND, LP, AND IN ITS CAPACITY AS GENERAL PARTNER** |
| **(6)** | **CLO HOLDCO, LTD.** |

<u>Defendants</u>

---

<b>WRIT OF SUMMONS</b>

---

TO:    (1)    **MARK ERIC PATRICK** of 6716 Glenhurst Drive, Dallas, Texas, 72554, United States of America

THIS WRIT was issued by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83527361)

(2)      **PAUL MURPHY** of Windsor Village #24, South Church Street, Grand Cayman, Cayman Islands

(3)      **CDMCFAD, LLC** of c/o The Corporation Trust Company, 1209 Orange Street, City of Wilmington, County of New Castle, Delaware, 1980, United States of America

(4)      **DFW CHARITABLE FOUNDATION** of c/o The Corporation Trust Company, 1209 Orange Street, City of Wilmington, County of New Castle, Delaware, 1980, United States of America

(5)      **CDH GP, LTD. AS GENERAL PARTNER FOR AND ON BEHALF OF CHARITABLE DAF FUND, LP, AND IN ITS CAPACITY AS GENERAL PARTNER** of c/o Campbells Corporate Services Limited, Floor 4, Willow House, Cricket Square, Grand Cayman KY1-9010, Cayman Islands

(6)      **CLO HOLDCO, LTD.** of c/o Campbells Corporate Services Limited, Floor 4, Willow House, Cricket Square, Grand Cayman KY1-9010, Cayman Islands

THIS WRIT OF SUMMONS has been issued against you by the above-named Plaintiff in respect of the claim set out on the next page.

Within 14 days after the service of this Writ on you, counting the day of service, or, if you are served out of the jurisdiction, within such other period of time as the Court may order, you must either satisfy the claim or return to the Registrar of the Financial Services Division, Court Office, PO Box 495, George Town, Grand Cayman, KY1-1106, Cayman Islands, the accompanying Acknowledgment of Service stating therein whether you intend to contest these proceedings.

If you fail to satisfy the claim or to return the Acknowledgment within the time stated, or if you return the Acknowledgment without stating therein an intention to contest the proceedings, the Plaintiff may proceed with the action and judgment may be entered against you forthwith without further notice.

Issued this 15th day of July 2025

NOTE - This Writ may not be served later than 4 calendar months (or, if leave is required to effect service out of the jurisdiction, 6 months) beginning with the date of issue unless renewed by order of the Court.

**IMPORTANT**

Directions for Acknowledgment of Service are given with the accompanying form

**IN THE GRAND COURT OF THE CAYMAN ISLANDS**

**FINANCIAL SERVICES DIVISION**

**CAUSE NO: FSD 201 OF 2025 (   )**

**BETWEEN:**

**CHARITABLE DAF HOLDCO, LTD (IN OFFICIAL LIQUIDATION)**

Plaintiff

**AND**

| | |
|---|---|
| **(1)** | **MARK ERIC PATRICK** |
| **(2)** | **PAUL MURPHY** |
| **(3)** | **CDMCFAD, LLC** |
| **(4)** | **DFW CHARITABLE FOUNDATION** |
| **(5)** | **CDH GP, LTD. AS GENERAL PARTNER FOR AND ON BEHALF OF CHARITABLE DAF FUND, LP, AND IN ITS CAPACITY AS GENERAL PARTNER** |
| **(6)** | **CLO HOLDCO, LTD.** |

Defendants

---

**STATEMENT OF CLAIM**

---

**INTRODUCTION**

1    The Plaintiff, Charitable DAF HoldCo, Ltd (in Official Liquidation) (the "**Company**"), is a Cayman Islands exempted company, incorporated on 27 October 2011, having its registered office at HSM Corporate Services Ltd, 68 Fort Street, George Town, PO Box 31726, Grand

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

Case 19-34054-sgj11    Doc 4326    Filed 07/17/25    Entered 07/17/25 10:54:33    Desc
Case 3:25-cv-01876-K    Document 3 Document Filed 09/25  Page 109 of 320    PageID 5589
Main Document    Page 109 of 98

FSD2025-0201                        **Page 5 of 83**                        2025-07-15

Cayman KY1-1207. The authorised and issued share capital of the Company is divided into Participating Shares and Management Shares.

2    The Company was placed into court supervised liquidation and Margot MacInnis and Sandipan Bhowmik of Grant Thornton Specialist Services (Cayman) Limited were appointed as joint official liquidators (the "**JOLs**") pursuant to an order of this Honourable Court dated 6 May 2025.

3    The Company was, between November 2011 and 18 December 2024, the sole limited partner of Charitable DAF Fund, LP (the "**Fund**").  At all relevant times, the net asset value of the Fund's assets was c. US$270million.

4    The Fund is a Cayman Islands exempted limited partnership formed to invest and manage assets for the benefit or ultimate benefit of certain registered charitable organisations in the U.S. namely The Dallas Foundation; the Greater Kansas City Community Foundation; the Santa Barbara Foundation and The Community Foundation of North Texas (the "**Charities**"). These charities are the owners or the ultimate beneficial owners of Participating Shares in the Company.

5    In March 2021, Mark Patrick (the "**First Defendant**") was appointed the sole director and registered as the sole Management Shareholder of the Company.  In April 2021, Paul Murphy (the "**Second Defendant**") was appointed by the First Defendant as a second director of Holdco.

6    By virtue of a series of transactions or purported transactions between March 2024 and March 2025, unbeknownst to the holders of the Participating Shares (the "**Participating Shareholders**") of the Company, Mr Patrick caused:

6.1    the Company, with the agreement and concurrence of Mr Murphy, to assign its interest in the Fund to the Third Defendant, a Delaware limited liability company, formed in

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

2

December 2024 and controlled by Mr Patrick, in exchange for a membership interest
in that entity;

6.2    the Company, with the agreement and concurrence of Mr Murphy, to issue and allot
further Participating Shares (representing a majority of the issued participating share
capital) to the Fourth Defendant, a Delaware company, incorporated in December 2024
and controlled by Mr Patrick;

6.3    the Third Defendant to redeem the Company's membership interest in the Third
Defendant for a consideration of c. US$1.6 million, representing approximately 0.59%
of the total net asset value of the assets held by the Fund; and

6.4    the Company, with the agreement and concurrence of Mr Murphy, to be placed into
voluntary liquidation after having made a final distribution to all Original Participating
Shareholders (defined below) in the Company of the proceeds of redemption,

collectively the "**Impugned Transactions**".

7    The First and Second Defendants effected the Impugned Transactions in breach of their
fiduciary and other duties to the Company in order to bring ownership of the Fund and its
assets, with a net value of c. US$270 million (as assessed at 30 September 2024), under Mr
Patrick's effective control to the exclusion of the interests of the Charities. The Charities, as the
original, and rightful, ultimate beneficiaries of the Fund, have been left with nothing.

8    Further, during the period March 2021 to June 2024, the First and Second Defendants, in
breach of fiduciary duty, caused the Company to pay excessive fees and expenses to Mr
Patrick.

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is
PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref:
CJM/JRN/TQR/858403.000001/83559387)

3

**Page 7 of 83**

## THE PARTIES

<u>The Company</u>

9     The Company is a Cayman Islands exempted company, incorporated on 27 October 2011, having its registered office at HSM Corporate Services Limited, Ltd, 68 Fort Street, George Town, PO Box 31726, Grand Cayman, KY1-1207, Cayman Islands.

10    The directors of the Company are Mr Patrick (appointed on 25 March 2021) and Mr Murphy (appointed by Mr Patrick on 22 April 2021).

11    The Company has been governed by the following memorandum and articles of association from time to time:

    11.1    The memorandum and articles of association dated 27 October 2011; and

    11.2    The amended and restated memoranda and articles of association dated 19 January 2015; 24 January 2024; and 20 February 2025 respectively.

    The Company remains governed by the memorandum and articles of association as amended and restated on 20 February 2025 (the "**Articles**") save that the Company reserves the right to challenge the validity of the Articles.

12    Save as set out above, the Company will rely on the Articles and all previous iterations for their applicable full terms and effect.

13    Pursuant to the Articles and at all relevant times, the authorised share capital of the Company was US$50,000 divided into 100 Management Shares of US$0.01 par value each and 4,999,900 Participating Shares of US$0.01 par value each.

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

4

14      The Articles (with reference to the defined term of 'Restricted Person') require that the Participating Shareholders must at all times qualify as a tax-exempt organisation pursuant to section 501(c)(3) of the United States Internal Revenue Code of 1986 ("**IRC**").

15      The Participating Shares do not have voting rights but confer the right to participate in the profits or assets of the Company including by way of the receipt of dividends (Article 12).

16      The Management Shares have voting rights but confer no other right to participate in the profits or assets of the Company (Article 11).

17      The Participating Shareholders therefore have the entirety of the economic interest in the Company, whereas the Management Shareholders have the control rights.

18      On 7 November 2011, the Company issued:

18.1    300 Participating Shares to The Highland Capital Management Partners Charitable Trust #2 ("**Trust #2**"); and

18.2    100 Management Shares to Grant Scott.

19      On 30 November 2011, Trust #2 transferred its 300 Participating Shares equally amongst:

19.1    Highland Kansas City Foundation, Inc.;

19.2    Highland Dallas Foundation, Inc.[1]; and

19.3    Highland Santa Barbara Foundation, Inc.,

collectively, the "**Supporting Organisations**".

---

[1] Since June 2024, Highland Dallas Foundation, Inc. has also done business as 'NexPoint Philanthropies Dallas, Inc.', per an Assumed Name Certificate filed with the Secretary of State of Texas.

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

5

20   On 12 August 2015, the Company issued 5 Participating Shares to the Community Foundation of North Texas, ("**CFNT**", and together with the Supporting Organisations the "**Original Participating Shareholders**") for Highland Capital Management, L.P. Charitable Fund at CFNT.

21   On 25 March 2021, the Management Shares were transferred to Mr Patrick and he continues to hold these shares.

22   The Participating Shares held by the Original Participating Shareholders represented the entire issued Participating Share capital of the Company until 7 February 2025. On that date, Mr Patrick, with the agreement and concurrence of Mr Murphy, caused the Company to issue 318 Participating Shares to the Fourth Defendant, DFW Charitable Foundation ("**DFW**"), significantly diluting the shareholdings of the Original Participating Shareholders and the indirect economic interest of the Charities.

23   Until 18 December 2024, the sole asset of the Company was its limited partnership interest in the Fund (the "**Partnership Interest**").

24   As a result of the Impugned Transactions, the Company now has no material assets.

DFW

25   DFW (the Fourth Defendant) is a non-profit non-stock corporation incorporated in Delaware on 9 December 2024, which is organised under the General Corporation Law of the State of Delaware exclusively for charitable purposes.

26   DFW is the majority Participating Shareholder of the Company by virtue of the purported share issuance on 7 February 2025, and Mr Patrick is its registered director, president and sole member.


FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

6

The Fund

27   The Fund is a Cayman Islands exempted limited partnership formed on 28 October 2011 (registration no. 53083), having its registered office at Campbells Corporate Services Ltd, Floor 4, Willow House, Cricket Square, Grand Cayman, KY1-9010, Cayman Islands.

28   The Fund is governed by the Second Amended and Restated Exempted Limited Partnership Agreement dated 11 March 2024 (the "**LPA**"). The initial exempted limited partnership agreement of the Fund was dated 25 October 2011, was amended and restated on 7 November 2011 and further amended on 26 July 2022 (with effect from 24 March 2021). The Company will rely on the LPA for its applicable full terms and effect.

29   Mr Patrick was instrumental in the establishment of the Company, the Fund and the Fund structure.

30   Until 18 December 2024, the Company was the sole limited partner of the Fund.

31   On 18 December 2024, Mr Patrick, with the agreement and concurrence of Mr Murphy, caused the Company to transfer its limited partnership interest to CDMCFAD, LLC ("**CDM**") (the Third Defendant) in exchange for a membership interest in CDM.

32   The original general partner of the Fund was Charitable DAF GP, LLC (the "**Original GP**"), a Delaware limited liability company registered as a foreign company in the Cayman Islands. The Original GP was the general partner from the Fund's formation until 7 March 2024.

33   On 7 March 2024, the Original GP was replaced by CDH GP, Ltd. (the "**New GP**") (the Fifth Defendant).

34   The sole asset of the Fund is its 100% shareholding in CLO HoldCo, Ltd. ("**CLO HoldCo**") (the Sixth Defendant), a Cayman Islands exempted company incorporated with limited liability,

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

7

having its registered office address located at Campbells Corporate Services Limited, Floor 4, Willow House, Cricket Square, Grand Cayman KY1-9010, Cayman Islands.

35    The assets of the Fund were valued at c. $270 million in September 2024.

## The New GP

36    The New GP (the Fifth Defendant) is a Cayman Islands exempted company incorporated on 27 February 2024, having its registered office located at Campbells Corporate Services Limited, Floor 4, Willow House, Cricket Square, Grand Cayman KY1-9010, Cayman Islands.

37    Mr Patrick is the New GP's sole director and sole shareholder.

38    The New GP is a defendant to these proceedings in two capacities: (i) in its capacity as General Partner; and (ii) for and on behalf of the Fund in order to join the Fund as a defendant to these proceedings.

## CDM

39    CDM (the Third Defendant) is a limited liability company incorporated in Delaware on 12 December 2024, having its registered address c/o The Corporation Trust Company, 1209 Orange Street, City of Wilmington, County of New Castle, Delaware, 19801.

40    CDM is governed by the terms of a Limited Liability Company Agreement dated 18 December 2024.

41    Since 18 December 2024, the primary asset of CDM has been the limited partnership interest in the Fund.

42    The sole manager of CDM is Mark Patrick.

43    From 18 December 2024 to 27 March 2025, the sole member of CDM was the Company.

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

8

44      On 27 March 2025, Mr Patrick caused CDM to redeem the Company and admit DFW as the
        sole participating member.

<u>CLO HoldCo</u>

45      CLO HoldCo (the Sixth Defendant) is a Cayman Islands exempted company incorporated on
        13 December 2010, having its registered office address located at Campbells Corporate
        Services Limited, Floor 4, Willow House, Cricket Square, Grand Cayman KY1-9010, Cayman
        Islands, and which is the Fund's main subsidiary.

46      The directors of CLO Holdco are Messrs Patrick and Murphy.

47      The sole shareholder of CLO Holdco is the Fund.

<u>The Directors</u>

*Mark Patrick*

48      Mr Patrick (the First Defendant) is a U.S. resident who is:

        48.1    a director, holds the offices of (i) President, (ii) General Counsel, and (iii) Chief
                Investment Officer and is the current Management Shareholder of the Company;

        48.2    the Manager of CDM (the Third Defendant);

        48.3    the sole director and the sole member of DFW (the Fourth Defendant);

        48.4    the sole director and sole shareholder of the New GP (the Fifth Defendant); and

        48.5    a director of CLO HoldCo (the Sixth Defendant).


FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is
PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref:
CJM/JRN/TQR/858403.000001/83559387)

9

49   Mr Patrick was employed as tax counsel by Highland Capital Management, L.P. ("**Highland**")
     from 2008 to 2021 and as tax counsel by Highgate Consulting Group, Inc. d/b/a Skyview Group
     from March 2021 to October 2024.

*Paul Murphy*

50   Mr Murphy (the Second Defendant) is a Cayman Islands resident who is:

     50.1   a director of the Company;

     50.2   a director of CLO HoldCo (the Fifth Defendant); and

     50.3   a director of various other entities in the Charitable DAF structure.[2]

51   Mr Patrick and Mr Murphy are referred to herein as the "**Directors**".

## THE CHARITABLE PURPOSE OF THE FUND

52   The Fund was formed on 28 October 2011 at the instigation of Mr James Dondero, a U.S.
     resident and the founder of Highland to enable certain assets, held through the shares in CLO
     Holdco, to be donated to a charitable foundation.

53   Upon the formation of the Fund, the Company was admitted as a limited partner and, by way
     of capital contribution, contributed all of the outstanding equity interests in CLO HoldCo to the
     Fund.

54   The purpose of the Fund was to make investments for the ultimate benefit of the Original
     Participating Shareholders and the Charities:

---

[2]Mr Murphy was appointed to the board of directors of the following entities on 22 April 2021; Liberty CLO Holdco, Ltd., Liberty Sub, Ltd., HCT Holdco 2, Ltd. and MGM Studios Holdco, Ltd. at the same time as Charitable DAF HoldCo, Ltd and CLO HoldCo, Ltd.

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

10

54.1    The recitals to the LPA of the Fund provide that the purpose of the Fund was to "*make certain investments directly or indirectly on behalf of certain entities exempt from taxation under section 501(c)(3) of the U.S. Internal Revenue Code … for the economic benefit of the Limited Partner and its Indirect Charitable Owners…*".

54.2    Clause 1.3 of the LPA provides that "… *the Partnership may make investments in other types of securities, investment vehicles and instruments in the sole discretion of the General Partner for the purpose of benefitting, directly or indirectly, the Indirect Charitable Owners*".

54.3    Clause 1.6(a) of the LPA provides that "*the Partnership's assets and investments shall be for the benefit of the Limited Partners and not for the economic benefit of the General Partner*".

54.4    "Indirect Charitable Owners" is defined in the LPA as "*the indirect equity owners of the Limited Partners which shall at all times be entities or organizations exempt from taxation under Section 501(c)(3) of the Code or entities or organizations whose sole beneficiaries are entities or organizations exempt from taxation under Section 501(c)(3) of the Code.*" i.e., the Company's Participating Shareholders or the Charities.

54.5    Clause 4.2(a) of the LPA provides that "*Distributions shall be made to the Limited Partner at the times, in a manner (including in kind) and in the aggregate amounts determined by the General Partner, after taking into consideration available cash and the needs of the Indirect Charitable Owners of the Limited Partner for funds to cover their administrative and operating expenses…*".

54.6    The LPA does not modify the statutory duty of the General Partner to act in good faith and in the interests of the Fund.

55      The Charities are the following four US charitable or non-profit foundations:

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

11

55.1   *The Dallas Foundation*: a charitable entity established in Texas in 1929 which has awarded over $1 billion in grants and manages over $500 million in assets.

55.2   *Greater Kansas City Community Foundation*: a charitable entity established in Missouri in 1978 which has awarded over $7 billion in grants and manages over $6 billion held in charitable funds.

55.3   *Santa Barbara Foundation*: a charity established in 1928 which is the largest community foundation on California's Central Coast and manages assets of over $800 million.

55.4   *North Texas Community Foundation*: which manages assets totalling $513 million and donated $38.9 million to local non-profits in 2023.

56   The Dallas Foundation, Greater Kansas City Community Foundation and Santa Barbara Foundation (the "**Supported Organisations**") hold their interests in the Company through their respective Supporting Organisation namely Highland Dallas Foundation, Inc. as the Supporting Organisation for The Dallas Foundation; Highland Kansas City Foundation, Inc. as the Supporting Organisation for the Greater Kansas City Community Foundation; Highland Santa Barbara Foundation, Inc as the Supporting Organisation for the Santa Barbara Foundation.

57   CFNT holds its Participating Shares in the Company directly.

**THE TAX STRUCTURE**

58   As a matter of U.S. tax law, in order for the Supported Organisations to benefit from distributions from the Fund in a tax efficient manner, it was necessary for them to hold their interests through an offshore corporate blocker entity, namely the Company:

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

12

58.1    S501(c)(3) of the IRC provides that charitable organisations which meet certain criteria are exempt from state and federal taxes except to the extent that it receives income classified as unrelated business taxable income ("**UBTI**"); and

58.2    the Supported Organisations and their Supporting Organisations meet the criteria of s501(c)(3). They are therefore generally exempt from U.S. state and federal taxes, with a few exceptions, including to the extent that they receive UBTI.

59    As a matter of U.S. tax law, at least a portion of income received directly from the Fund by the Supported Organisations would likely be considered UBTI.

60    In order to insulate the Supported Organisations from UBTI, instead of holding their interest in the Fund directly, they held through an offshore corporate blocker structure, namely the Company.

**THE SUPPORTED ORGANISATIONS CONTROL THE SUPPORTING ORGANISATIONS**

61    The Supporting Organisations were incorporated in Delaware by Mr Dondero on or about 22 November 2011 for the purpose of making charitable donations to their respective charity from the proceeds of dividends received by the Supporting Organisations from the Company.

62    Supporting organisations under the IRC are tax exempt charitable organisations that provide financial or operational support to one or more public charitable organisations (called "supported organisations"). Because of the link with the supported public charities, supporting organisations are classified as public charities themselves, as opposed to private foundations, despite the fact that a supporting organisation's sources of funding may be limited to a single individual, which would otherwise cause the entity to be classified as a private foundation.

63    Contributions to supporting organisations, as public charities, qualify for the highest tax deductibility thresholds under the IRC (up to 50% of the taxpayer's adjusted gross income, or

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

13

004343

60%, in the case of cash gifts) instead of the substantially lower threshold for contributions to private foundations (30% of adjusted gross income, regardless of the character of the contribution).

64      The Supporting Organisations are "Type I" tax exempt organisations under the IRC which means they must be organised and operated exclusively to support and benefit their relevant charity and controlled by that charity:

64.1    S509(a)(3) of the IRC contains the qualifications for a "supporting organisation". Under that section, a supporting organisation is a tax-exempt entity that must be organised and then operate exclusively for either (i) the benefit of, (ii) to perform the functions of, or (iii) to carry out the purposes of one or more supported organisations.  The supported organisations must also be s501(c)(3) entities;

64.2    There are three types of supporting organisations, known as "Type I", "Type II" and "Type III". S509(a)(3)(B)(i), (ii) and (iii) sets out the requirements for each "Type", respectively;

64.3    S509(a)(3)(B)(i) provides that a Type I supporting organisation must be operated, supervised or controlled by the supported organisation; and

64.4    S509(a)(3)(C) provides that the supporting organisation may not be controlled by a disqualified person, other than the foundation managers and the supported organisation.

65      The Supporting Organisations are so controlled by the respective Supported Organisations.

66      The Supporting Organisations are governed by the terms of their respective Certificate of Incorporation and by-laws (the "**Bylaws**").

67      The Certificates of Incorporation provide (amongst other things) that:

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

14

67.1    the Supporting Organisation:

(a)    is organised and shall be operated exclusively for charitable, educational and scientific purposes;

(b)    is organised and operated exclusively to support and benefit the particular charity that controls it; and

(c)    is a non-profit non-stock corporation and cannot issue any capital stock;

67.2    no part of the net earnings of the Supporting Organisation shall be distributable to the directors and officers of the Supporting Organisation or other private persons save that the Supporting Organisation can pay reasonable compensation for services rendered; and

67.3    net earnings can be used to make grants, loans and similar payments for charitable, educational and scientific purposes to benefit the relevant Supported Organisation.

68    The Bylaws provide that (amongst other things):

68.1    There are two classes of members of the Supporting Organisations with one member in each such class:

(a)    the institutional member (the "**Institutional Member**") which shall be the Supported Organisation; and

(b)    the individual member (the "**Individual Member**") which shall be Mr Dondero or an individual designated as the Individual Member in the Bylaws.

68.2    In terms of voting on a matter submitted to a vote of the members (except as otherwise provided in the Bylaws):

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

15

(a)     the Institutional Member is entitled to two votes; and

(b)     the Individual Member is entitled to one vote.

68.3   Institutional membership is not transferable or assignable.

68.4   Individual membership is transferable or assignable only upon approval of the Institutional Member.

68.5   Both the Institutional Member and the Individual Member must be present in person or by represented proxy to constitute a quorum at all meetings of members.

68.6   There shall be three directors of the board of the Supporting Organisation. Two directors shall be elected annually by the Institutional Member and one director shall be elected annually by the Individual Member.

69   The relationship between the Supporting Organisations and their respective Supported Organisation are governed by separate operating/legal relationship agreements (collectively "**Operating Agreements**"). These agreements provide, among other things, that:

69.1   the Supported Organisation will provide certain services to the Supporting Organisation;

69.2   the Supported Organisation will appoint two of the three directors of the Supporting Organisation as required by Bylaws; and

69.3   in consideration for the services provided by the Supported Organisation to the Supporting Organisation, the Supporting Organisation shall pay a fee to the Supported Organisation.

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

16

70    Mr Dondero sits on the board of each of the Supporting Organisations with two other directors from each of the Supported Organisations respectively.

71    The relationships, rights and obligations created by and between the Supported Organisations and the Supporting Organisations pursuant to the agreements entered into between them were at all material times in summary that:

71.1    the Supported Organisations control the Supporting Organisations through their majority voting interest and their ability to elect a majority of the directors of the Supporting Organisations;

71.2    the Supporting Organisations support the Supported Organisations by way of making grants to them from time to time from their assets, including any dividends received from the Company;

71.3    the Supporting Organisations have no ability to pay dividends to any private person or make payments to their directors (save reasonable reimbursement for reasonable out-of-pocket expenses) and can only make grants to the relevant Charity in furtherance of their charitable purposes; and

71.4    while Mr Dondero sits on the board of the Supporting Organisations, he does not control them, as a supermajority of the votes are always held by the respective Charity.

72    The Company will rely on the Certificates of Incorporation, Bylaws, Operating Agreements and terms of the IRC for their applicable full terms and effect.

**THE CONTROL POSITION OF MR PATRICK OVER THE COMPANY AND THE FUND**

73    The terms of the LPA grant sole control over the management and distribution of the Fund's assets to the General Partner. The terms of the Articles grant sole control over the management and distribution of the Company's assets to the Management Shareholder.

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

17

The LPA

73.1    Clause 1.12

(i)      The term "**General Partner**" shall refer to Charitable DAF GP, LLC, and each other person subsequently admitted as a general partner pursuant to the terms of this Agreement. The General Partner shall give each Limited Partner notice of any change in control of the General Partner. The General Partner shall give each Limited Partner notice of the admission of any additional general partner to the Partnership.

73.2    Clause 1.6

(i)      *Subject to the terms and conditions of this Agreement, the General Partner shall have full, exclusive and complete discretion in the management and control of the business and affairs of the Partnership, shall make all decisions regarding the business of the Partnership, and shall have all of the rights, powers and obligations of a general partner of a limited partnership under the laws of the Cayman Islands. Except as otherwise expressly provided in this Agreement, the General Partner is hereby granted the right, power and authority to do on behalf of the Partnership all things which, in the General Partner's sole discretion, are necessary or appropriate to manage the Partnership's affairs and fulfill the purposes of the Partnership; provided, however the Partnership's assets and investments shall be for the benefit of the Limited Partners and not for the economic benefit of the General Partner.*

(ii)     *Except as otherwise provided herein, the Limited Partners, in their capacity as Limited Partners, shall not participate in the management of or have any control over the Partnership's business nor shall the Limited Partners have the power to represent, act for, sign for or bind the General Partner or the Partnership. The Limited Partners*

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

18

*hereby consent to the exercise by the General Partner of the Powers conferred on it
by this Agreement.*

<u>The Articles</u>

73.3    Article 11

*The Management Shares shall be issued at par value and shall carry the right to receive
notice of and to attend, to speak at and to vote at any general meeting of the Company.
In the event of a winding up or dissolution of the Company, whether voluntary or
involuntary or for the purposes of a reorganization or otherwise or upon any distribution
of capital, the entitlement of the holders of Management Shares shall be determined in
accordance with these Articles. Management Shares confer no other right to participate
in the profits or assets of the Company.*

73.4    Article 12

*Participating Shares shall confer upon a Shareholder no right to receive notice of, to
attend, to speak at nor to vote at general meetings of the Company but shall confer
upon the Shareholders rights in a winding-up or repayment of capital and the right to
participate in the profits or assets of the Company in accordance with these Articles.*

73.5    Article 13

*…the rights attached to any such Class may… only be materially adversely varied or
abrogated with the consent in writing of the holders of not less than two-thirds of the
issued Participating Shares of the relevant Class or with the sanction of a resolution
passed at a separate meeting of the holders of the Participating Shares of such Class
by a majority of two-thirds of the votes case at such a meeting.*

73.6    Article 84 (d)

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is
PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref:
CJM/JRN/TQR/858403.000001/83559387)

19

*The office of Director shall be vacated if the Director…is removed from office by Ordinary Resolution.*

*The definition of Ordinary Resolution is a vote of the Management Shares.*

73.7    Article 99

*Subject to any rights and restrictions for the time being attached to any Shares, or as otherwise provided for in the Act and these Articles, the Directors may from time to time declare dividends (including interim dividends) and other distributions on Shares in issue and authorise payment of the same out of the funds of the Company lawfully available therefor.*

73.8    Article 104

*Subject to any rights and restrictions for the time being attached to any Participating Shares, all dividends shall be declared and paid in such amounts as may be declared by the Director's in their sole and absolute discretion without a requirement to pay such dividends on a pro-rata basis as to the paid-up or par value of the Shares.*

74    The Management Shares in the Company and the General Partner in the Fund have at all material times been held and/or controlled by a single individual who, as a result, has sole control of the Fund structure (the "**Control Position**"):

74.1    In or around November 2011:

(a)    Grant Scott was appointed as the sole director and allotted the 100 Management Shares of the Company; and

(b)    Grant Scott became the holder of the membership interest in the Original GP and was appointed the Manager thereof,

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

20

thereby assuming the Control Position from that date.

74.2    In or around 24 March 2021, Mr Scott:

(a)    assigned 100% of the membership interest in the Original GP to Mr Patrick pursuant to an Assignment and Assumption of Membership Interests Agreement, which membership interest gave Mr Patrick the sole right to manage the Original GP;

(b)    transferred to Mr Patrick the 100 Management Shares in the Company; and

(c)    resigned as a director of the Company and resolved to appoint Mr Patrick as the sole director in his place.

74.3    On 25 March 2021, Mr Patrick was entered into the Company's Register of Members as the holder of the Management Shares.

74.4    Mr Patrick therefore assumed the Control Position from that date.

74.5    On 22 April 2021, Mr Patrick resolved to appoint Mr Murphy as a second director of the Company.

74.6    On 7 March 2024, by way of a Deed of Assignment and Assumption, Mr Patrick, as managing member of the Original GP, caused the Original GP to transfer its general partnership interest in the Fund to the New GP.

74.7    Mr Patrick is the sole shareholder and director of the New GP.

74.8    Mr Patrick therefore remains in the Control Position and was in such position at all relevant times since 25 March 2021.


FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

21

75    Further, the sole asset of the Fund is its shares in CLO Holdco (the Sixth Defendant).  Mr Patrick and Mr Murphy are the directors of CLO Holdco and were appointed on 2 April 2021 and 22 April 2021 respectively.

76    The Control Position was not and is not a term of art but was nevertheless a legal and factual position:

76.1    where a single individual was the sole Management, and therefore voting, Shareholder of the Company;

76.2    where the same individual was a director of the Company;

76.3    where the same individual was the sole shareholder or controller of the General Partner;

76.4    where the same individual was a director of the General Partner;

76.5    where the same individual was in complete and effective control of at least the Company, of the General Partner, of the Fund and of CLO Holdco;

76.6    where the same individual was in effective sole control of all assets of the Fund;

76.7    where the same individual had no economic, residual, beneficial or winding up interest in assets of the Company;

76.8    where the same individual had no economic, residual, beneficial or winding up interest in assets of the General Partner;

76.9    where the same individual had no economic, residual, beneficial or winding up interest in assets of the Fund;


FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

22

76.10  where the same individual was, irrespective of his or her formal positions, functions or duties, including as a director, acting as a trustee, fiduciary or in a trustee-like or fiduciary-like position with respect to the assets held by the Fund;

76.11  where the same individual was at all times acting solely for the benefit or the ultimate benefit of the Original Participating Shareholders and/or through them the Supported Organisations and/or through them the Charities; and

76.12  in the alternative to the plea directly above, where the duties otherwise owed by the same individual as a matter of law, including as a director, were affected and/or altered by the existence of the structure as pleaded above, including the facts and matters relating to the Control Position and including the fact that the structure as pleaded above was designed and intended to be solely for the benefit or the ultimate benefit of the Original Participating Shareholders, and/or through them the Charities.

**EVENTS RESULTING IN THE COMPANY HAVING NO MATERIAL ASSETS AND THE DILUTION OF THE SUPPORTING ORGANISATIONS' INTERESTS**

Plan to defeat the interests of the Original Participating Shareholders

77  On 9 November 2023, Shields Legal Group ("**Shields Legal**") (the U.S. attorneys for the Company) sent to Campbells LLP ("**Campbells**") (then Cayman Islands attorneys for the Company) a work plan (the "**Work Plan**") relevant to the Company, the Fund and CLO HoldCo.

78  It can be inferred, and is averred, that the purpose of the Work Plan and the subsequent advice and steps taken as detailed below was to seek to entrench Mr Patrick's Control Position and defeat the interests of the Original Participating Shareholders.

79  The Work Plan stated that (amongst other things):

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

23

79.1    the advice required related to "…*potential disputes and corporate reviews and best practices for each, including proactive corporate actions, solidifying defenses, etc*..."; and

79.2    "…*we may need to rely on opinions and memoranda in potential future disputes*..."

80      The Work Plan set out the issues on which the Directors sought advice, including among other things the following questions:

80.1    'Can the controlling person dilute shares, e.g., the Participation Shares?'

80.2    'Can the controlling person redeem shares, e.g., the Participation Shares?'

80.3    'Is there any Cayman law requirement that the Company distribute money upwards to the next level of entities (Highland Dallas Foundation, Inc. and others)?'

80.4    'Could the Company liquidate, distribute all its assets elsewhere, or otherwise make the Participation Shares worthless?'

80.5    'What can be done at this point to make [the share transfers in the Company from Mr Scott to Mr Patrick] bullet proof?'

81      The Directors were advised that any steps taken in relation to the proposed issuance of new Participating Shares and withholding dividends must be in compliance with their fiduciary duties and taken in the best interest of the Company:

81.1    On 8 January 2024, Walkers (Cayman) LLP ("**Walkers**") (also then Cayman Islands counsel for the Company) provided advice on issues set out in the Work Plan to the effect that (amongst other things)*:*

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

24

(a)    the Directors have power under the Articles to issue new Participating Shares that dilute the current Participating Shareholders, but must consider their fiduciary duties (including the duty to act in the best interests of the Company) when issuing such shares;

(b)    the Participating Shares are non-redeemable;

(c)    while payment of a dividend or other distribution is at the discretion of the Directors, if the Company were to have distributable reserves available, there may be a question of whether the Directors would be acting in its best interests to not pay some dividend or distribution; and

(d)    the Directors have fiduciary duties to the Company which are paramount when considering (i) making a distribution and (ii) the distributable reserves available from which to make payments; they must have regard to what is in the Company's best interests, its future cash requirements, and its present and future solvency.

82    In February 2024, without telling the Supporting Organisations or the Charities, Mr Patrick sought to form a new entity to replace the Original GP. On 5 February 2024, Walkers emailed Mr Patrick to ask whether that entity should be a Cayman LLC or an exempted company, to which he responded later that day: "*Doesn't matter to me. Whatever from a strategic point of view - hard to find or track, or trace. Or find owners etc. Generic name. Strong litigation protection.*"

83    On 27 February 2024, without telling the Supporting Organisations or the Charities, the New GP (the Fifth Defendant) was incorporated in the Cayman Islands.

84    On 7 March 2024, Mr Patrick, in his capacity as Managing Member of the Original GP, and without telling the Supporting Organisations or the Charities, executed a written consent for the

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

25

transfer of the GP Interest to the New GP, thereby replacing the Fund's General Partner. The Supporting Organisations subsequently discovered this change only by chance in February 2025.

85    In or around August 2024, the Supporting Organisations were provided with a financial analysis (prepared by NexPoint Advisors LP) of the Fund's annual expenses which showed or appeared to show increases in expenditure, particularly as follows (and without prejudice to any further relevant facts and matters relating to Directors' fees or expenses):

85.1    directors' fees increased from around US$40,000 in 2022 to almost US$600,000 in 2023 – and increased further to around US$2.25 million in the first half of 2024; and

85.2    expenses overall for the first half of 2024 were around US$18.3 million – almost the same amount spent over the entire course of 2023 (i.e. US$18.6 million).

86    On 13 September 2024, without telling the Supporting Organisations or the Charities, the Directors resolved (amongst other things) with respect to Mr Patrick's compensation:

86.1    to increase Mr Patrick's salary to US$850,000 per annum;

86.2    include a long-term incentive ("**LTI**") tied to the Fund's returns, being 7.5% of annualised net fund returns in excess of 10% (capped at 25% annualised return); and

86.3    the Company should assess legal expenses attributable to investment which impacted the LTI compensation and then determine whether the LTI compensation should be increased.

87    On 1 October 2024, without telling the Supporting Organisations or the Charities:

87.1    the Directors resolved (amongst other things) that Mr Patrick would receive:

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

26

    (a)    an LTI payment of US$975,000; and

    (b)    an 'annual discretionary bonus' for 2023 at an amount of 2.5 times his base salary.

87.2    Previously, in or around October 2021, Mr Patrick had signed an 'employment agreement' for his position at the Company, for the period commencing 24 March 2021, which provides that Mr Patrick:

    (a)    shall receive a base salary of US$850,000;

    (b)    shall receive an LTI payment for the period 24 March 2021 to 24 March 2024 in the amount of US$4,759,000; and

    (c)    is eligible for both annual and discretionary bonuses as determined at the 'sole and absolute discretion of the Directors'.

88    Comparatively, Mr Scott's salary during his tenure in the Control Position was approximately US$60,000 per annum. Notwithstanding the above, the Supporting Organisations were not informed of these increases to the Directors' fees, remuneration and/or benefits.

89    In late October 2024, as a result of concerns arising from this additional expenditure, the Supporting Organisations requested that Mr Patrick provide relevant financial information for the Company and the Fund.  Mr Patrick did not do so.

90    On 11 November 2024, Holland and Knight ("**H&K**"), U.S. attorneys for the Supporting Organisations, issued a letter to Mr Murphy advising that the Supporting Organisations no longer had confidence in the governance of the Company and/or the Fund and considered that a reorganisation of the governance structures was required to protect the charitable efforts of the Supporting Organisations (the "**No Confidence Letter**").

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

27

91    On 26 November 2024, Mr Patrick sought advice from Walkers as to whether the Company could issue further Participating Shares to a new non-profit organisation to dilute the Supporting Organisations so as to weaken any winding-up petition brought by the Supporting Organisations on just and equitable grounds. Mr Murphy wrote that:

> "*Issuance of new participation shares, where the existing foundations represent a smaller % of the issued and outstanding shares, would weaken any petition based on just and equitable grounds but we must be careful they don't point to this as ground to wind up i.e. the existing foundations say we're artificially trying to weaken their position by diluting them therefore the company should be wound up or an order made for change of management /revocation of the share issuances. It's a very difficult situation to get right without gifting them a potential ground…*"

92    On 27 November 2024, Walkers responded to the Directors confirming that, if other shareholders were to oppose an equitable winding up, such opposition will be taken into consideration and would likely help.

93    On 9 December 2024, DFW was incorporated as a non-profit non-stock company in Delaware, by or with the assistance of Mr Douglas Mancino, partner of U.S. firm, Seyfarth Shaw LLP ("**Seyfarth**"), who, worked alongside Mr Patrick in the establishment of the Company and the Fund structure. The sole member of DFW was and is Mr Patrick.

94    On 7 February 2025, 318 Participating Shares were issued to DFW.

95    On 20 February 2025, Mr Patrick as the Management Shareholder of the Company resolved to adopt the Amended and Restated Memorandum and Articles of Association dated 20 February 2025 which, among other things:

95.1    Amended the Memorandum at paragraph 3 to give the Company charitable objects;

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

28

**Page 32 of 83**

95.2    Amended article 70 to introduce the concept of a Management Director (being a director holding the Management Share) and to weight the voting such that on all matters the Management Director had 10 votes and any other directors had 1 vote;

95.3    Deleted the previous articles 70 and 71 giving the right to appoint alternate directors and proxies. By email dated 27 February 2025, Walkers confirmed that the purpose of this deletion was to "*avoid the risk of 'outsiders' being brought into the fold*".

96    The Company reserves its position in respect of the validity of these amendments.

The purported restructuring: Mr Patrick causes the assignment of the Partnership Interest to CDM

97    On 12 December 2024, CDM was incorporated as a limited liability company in Delaware.

98    On 18 December 2024, without telling the Supporting Organisations or the Charities, the Directors of the Company resolved (the "**Transfer Resolutions**") to approve the transfer of the entirety of the Company's limited partnership interest in the Fund to CDM, in consideration for the contribution by the sole member of CDM of 100% of the membership interest in CDM. The Transfer Resolutions provide (amongst other things) that, based apparently on U.S. tax advice, the transfer of the limited partnership interest to CDM:

98.1    "*…would help insulate the DAF from exposure to [Dondero] and his entities who may be at risk of causing the [IRS] to revoke the tax-exempt status of one or more of the Participating Shareholders/supporting organizations which could imperil the assets of the Company*";

98.2    "*The IRS would look favorably upon any and all attempts for DAF to maintain its influence from what seems to be persistent attempts by Dondero and the entities controlled by him to use DAF for his private benefit and private inurement*";

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

29

98.3 As a Delaware limited liability company (CDM): "…*as permitted under the LLC Act, the terms of the LLC Agreement eliminate the fiduciary duties of the manager of the Transferee*".

99 On 18 December 2024, without telling the Supporting Organisations or the Charities, the Company, CDM and the New GP entered into a Deed of Assignment and Assumption (the "**Deed**") which was executed by Mr Patrick on behalf of each of (i) the Company in his capacity as Director; (ii) CDM in his capacity as Manager; and (iii) the New GP in his capacity as Director. Pursuant to the terms of the Deed:

99.1 The Company assigned its entire limited partnership interest in the Fund to CDM (the "**CDM Assignment**").

99.2 The New GP provided its written consent to the CDM Assignment and the admission of CDM as the new limited partner, in accordance with clause 1.11(a) of the LPA.

99.3 CDM agreed to exercise its reasonable best endeavours to ensure that 100% of the membership interest in CDM held by Mr Patrick would be transferred to the Company (the "**CDM Membership Interest**").

100 On 18 December 2024, the Company (as member) and Mr Patrick (as manager) entered into a Delaware law governed Limited Liability Company Agreement in respect of CDM (the "**LLC Agreement**").

101 The LLC Agreement, materially provides (amongst other things) that:

"*Fair Market Value shall have the meaning set forth in Section 6.9(b).*

…

*The initial Manager shall be Mark Patrick.*

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

30

…

*6.5 No Duties to the Company. To the fullest extent permitted by law, including Section 18-1101(c) of the Act, and notwithstanding any other provision of this Agreement or in any agreement contemplated herein or applicable provisions of law or equity or otherwise, the parties hereto hereby agree that the Manager shall owe no fiduciary duty to any Member or the Company; provided, however, that the foregoing shall not eliminate the duty to comply with the implied contractual covenant of good faith and fair dealing.*

…

*6.9 Valuation of Company Assets.*

*(a) General. The Manager shall make a good faith determination of the value of the Company's assets in connection with any distribution pursuant to Section 8.1(b), as required under Section 4.3(c), upon the dissolution of the Company, and whenever otherwise required by this Agreement or determined by the Manager.*

*(b) Binding Effect. The value of any Company asset or Interest determined pursuant to this Section 6.9 shall be binding upon the Company and the Members and shall establish the "Fair Market Value" of such asset or Interest for all purposes under this Agreement.*

…

*7.3 Redemption. The Manager, in its sole discretion, may cause any Member's Interest to be redeemed by the Company for any reason. Any Interest of a Member to be redeemed by the Company shall be redeemed for the Fair Market Value of such Interest, as determined by the Manager in its sole discretion. Such payment to the*

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

31

*Member shall either be made in cash or pursuant to a promissory note. Such promissory note shall: (i) provide for interest at the lowest rate necessary to avoid the imputation of additional interest under the Code; and (ii) have a stated principal amount of the Fair Market Value of such Member's Interest being redeemed, as determined by the Manager in its sole discretion."*

102   The Company will rely on the terms of the LLC Agreement for their applicable full terms and effect.

103   The effect of these transactions was that:

103.1   CDM was inserted into the corporate structure below and as a subsidiary of the Company and would hold the entirety of the limited partnership interest in the Fund previously held by the Company; and

103.2   The Company would hold the entire membership interest in CDM, with the result that the Company's sole asset, having previously been its limited partnership interest in the Fund, was exchanged for the CDM Membership Interest

(the "**Restructuring**")

104   The Restructuring was at an undervalue and not in the interests of the Company (in that the CDM Membership Interest was less valuable than the limited partnership interest that the Company assigned to CDM) because (amongst other things)*:*

104.1   The General Partner owed fiduciary duties to the Company in the Fund, but the Manager (Mr Patrick) did not owe any fiduciary duties to CDM; and

104.2   The CDM Membership Interests were susceptible to being redeemed by Mr Patrick (as Manager) in his sole discretion and for any reason, for "fair market value" as defined by Article 6.9, i.e. a "good faith determination of the value".

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

32

105     On 3 April 2025, the Company obtained retrospective advice from Leading Counsel on the steps taken by the Company in December 2024 to effect the Restructuring and whether the transfer is "*open to challenge by the Participating Shareholders*", which advice:

    105.1     refers to the justifications for the decisions taken as set out in the Restructuring Resolutions, and considers that, if called upon to justify the purpose of those decisions, the Directors would need to explain:

       (a)     how the penalisation or loss of tax-exempt status any of the current Participating Shareholders could have "*imperil[ed]*" the "*assets*" of the Company;

       (b)     the detrimental issues the Company was facing that the Directors believed would be mitigated by the interposition of CDM into the Fund structure; and

       (c)     how and/or why the Restructuring would (i) benefit the Company and (ii) reduce the influence of Mr Dondero; and

    105.2     considers that a shareholder reviewing the reasons listed in the Restructuring Resolutions "*might suggest that the contents of the resolution are self-serving and do not tell the full story, but rather seek to obscure the true motivations of the board*".

<u>Persistent and continual lack of information for the Supporting Organisations</u>

106     On 23 January 2025, having received no response from Mr Murphy to the No-Confidence Letter, Julie Diaz, the CEO of The Dallas Foundation, sent Mr Patrick an email advising that the Supporting Organisations needed to better understand the Company's/Fund's asset position, and requesting certain information be provided by 10 February 2025.

107     Having received no response, on 28 January 2025, Ms Diaz sent a further email to the Directors expressing serious concern (i) that the Supporting Organisations' requests for information

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

33

continued to be disregarded, and (ii) about the ongoing lack of transparency on the part of the Directors.

108   On 30 January 2025, Mr Murphy replied to Ms Diaz stating that the Directors:

108.1   had not received the 23 January email – but understood the next step was for the Directors to "*present directly*" to the Supporting Organisations to address the No-Confidence Letter; and

108.2   are cooperating with the Supporting Organisations to provide additional information – but "*have no legal obligation to do so*" and such cooperation "*should not be construed as an implicit acknowledgement of any duty to continue providing information to you*".

109   On 31 January 2025, Mr Michael Stockham of H&K responded to Mr Murphy noting that he and Mr Patrick were fiduciaries, managing US$270 million in assets for the benefit of charities that support the most vulnerable (i.e. the Charities) and: "*[w]hatever your side's obvious antagonism to Mr Dondero, the fact remains that the underlying assets are ultimately for these charitable missions.*"

110   On 4 February 2025, Mr Murphy responded that while open to resolving the concerns, they (i.e. the Directors) were struggling to understand the Supporting Organisations' change in position.

111   On 7 February 2025, H&K responded that the Directors were fiduciaries in control of US$270 million for the benefit of charities: "*these monies are for improving the quality of life of children, building pathways for everyone to have a fair opportunity to succeed and … fostering a love for education. They are not meant to pay you and Mr. Patrick millions in director fees*".

112   On 14 February 2025, H&K received a letter from Mr Mancino which rejected the accuracy of the reported increases in expenditure. On 27 February 2025, H&K responded that his clients

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

34

were frustrated by the lack of transparency and refusal to answer simple queries about the financial position. In response, Seyfarth sought available dates for Mr Murphy to make the promised presentation to the Supporting Organisations. H&K responded the next day with three potential dates/times for the proposed call between 26 March and 3 April 2025. Mr Mancino did not respond.

113    On 20 March 2025, Mr Mancino sent a letter purportedly on behalf of the Company to the IRS about alleged undue influence and control exercised over the Supporting Organisations by Mr Dondero. The letter makes serious and unsubstantiated allegations about the Supporting Organisations, absent evidential support, including that they each (i.e. all of them): "*operates for Mr Dondero's private benefit when he uses his influence or control over them to cause them to use or attempt to use their influence as Participating Shareholders of DAF Holdco to wrest control of DAF Holdco and its assets…*".

114    On 3 April 2025, Mr Mancino sent an email to H&K stating that he had just learned there was a call scheduled for the following day and seeking to reschedule. H&K responded that no such call had been arranged and queried the apparent source of confusion.

115    Mr Mancino, and Mr Patrick and Mr Murphy (each in part through Mr Mancino as an instructed attorney) acted in bad faith by maintaining a pretence of actual or potential cooperation with the Supporting Organisations when this was not the case, and by sending or causing to be sent the email of 20 March 2025 in secret:

115.1    four (4) months after the Directors and/or the Company transferred away the Company's interest in the Fund without telling the Supporting Organisations or the Charities;

115.2    two (2) months after the Directors and/or the Company diluted the existing Participating Shareholders without telling the Supporting Organisations or the Charities (see below);

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

35

115.3 one (1) week after the Directors and/or the Company redeemed the Company's interest in CDM without telling the Supporting Organisations or the Charities (see below);

115.4 one (1) day after the Directors placed the Company in voluntary liquidation, without telling the Supporting Organisations or the Charities.

Purported Share Issuance and allotment to DFW

116 In November 2024, without telling the Supporting Organisations or the Charities, the Directors began seeking advice from Walkers on whether the Company could issue new Participating Shares that would have the effect of diluting the existing Participating Shareholders - "*in light of a possible just and equitable winding up petition*" being filed by one of the Supporting Organisations.

117 On 7 February 2025, Walkers advised that, while there must be a corporate benefit to the exercise of the power, the Articles grant the Directors power to issue new shares that dilute the Participating Shareholders, and recommended the shares be issued sooner than later, and before any winding up petition was presented, since any alteration to the Company's membership made after the presentation of the petition would be void.

118 On 7 February 2025, without telling the Supporting Organisations or the Charities, the Directors resolved to issue 318 Participating Shares to DFW (the "**Share Issue Resolutions**"), resulting in DFW owning 51.04% of the Participating Shareholding and the dilution of the Supporting Organisations from an aggregate shareholding of 100% to 48.96% (the "**Share Issuance**"). The Share Issue Resolutions provided that:

118.1 Participating Shareholders had requested information and made false and misleading claims about the Company and its finances which the Directors believe were directed by Mr Dondero.

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

36

118.2   Based apparently on U.S. tax advice:

    (a)    There was a heightened risk the IRS could revoke the tax-exempt status of the Participating Shareholders which could imperil the status and assets of the Company.

    (b)    Increasing the number of Participating Shareholders would mitigate the undue influence and private inurement of Mr Dondero.

    (c)    The IRS would look favourably upon attempts by the Fund to maintain its independence from his (i.e. Mr Dondero's) attempts to use the Fund for his private benefit.

118.3   The Directors believed the Share Issuance to DFW would protect the Company and the Participating Shareholders and resolved that the Share Issuance to DFW be approved.

119   On 5 March 2025, Leading Counsel (Mr Tony Beswetherick KC) issued draft retrospective (but final) advice to the Company on the Share Issuance in which he opined (amongst other things) as follows:

119.1   where Articles confer a power on directors to issues shares, that power is a fiduciary one and must only be exercised for proper purposes; an issue of shares "…*deliberately aimed at altering the balance of power between*" is problematic; the power should not be exercised with a view to altering an existing balance of power, irrespective of whether the directors consider that doing so is in the interests of the company;

119.2   the effect of the Share Issuance was that, if there were to be a company meeting or proposal to approve a modification that affects the Participating Shareholders' rights,

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

37

the ability of the prior Participating Shareholders to vote down such a change was negatively affected (DFW now having over 50% of the total Participating Shares);

119.3  it is not immediately clear from the Share Issue Resolutions whether the justifications stated were actually relevant to the Directors' decision. If they were relevant, it is not explained why the issue of shares to DFW would prevent false claims being made by Mr Dondero; it may be that those matters are part of the context, rather than part of the reason for the decision; and

119.4  the Participating Shareholders might suggest the Share Issue Resolutions are self-serving and do not tell the full story, but rather seek to obscure the true motivations of the board.

<u>Plan to redeem the Original Participating Shareholders</u>

120    In January and February 2025, the Directors, in connection with a plan to try to redeem the Participating Shareholders and/or the CDM Membership Interest held by the Company, and without telling the Supporting Organisations or the Charities, sought to obtain an analysis of the fair market value of the Participation Shares, and the discount that should be applied to such valuation, given the limited rights conferred upon Participating Share under the Articles.

*Historic ValueScope Valuations*

121    At the request of the Company, ValueScope, Inc. ("**ValueScope**") conducted a series of valuation analyses of 100 Participation Shares on a net asset value ("**NAV**") basis between December 2020 and September 2024 to determine their fair market value ("**FMV**"). These valuations were apparently prepared for internal reporting purposes and apparently applied consistent methodologies throughout the period. The results of these valuations are summarised below:

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

38

| Valuation date | NAV | NAV Per Share | Combined Discounts | FMV Per Share | FMV (100 shares) |
|---|---|---|---|---|---|
| 31 December 2020 | $176.96M | $580,193 | 17.0% | $481,468 | $48,146,754 |
| 31 December 2021 | $243.19M | $797,343 | 11.6% | $705,210 | $70,521,019 |
| 31 December 2022 | $276.24M | $905,711 | 15.4% | $766,549 | $76,654,941 |
| 31 December 2023 | $277.57M | $910,076 | 14.0% | $782,847 | $78,284,712 |
| 30 September 2024 | $269.05M | $882,140 | 13.9% | $759,614 | $75,961,370 |

122    The final NAV-based valuation prepared by ValueScope prior to the Restructuring was dated
7 January 2025, and gave a valuation of 100 Participating Shares as at 30 September 2024
(the "**September 2024 Valuation**").

*PwC and FTI*

123    On 14 January 2025, Walkers inquired with PwC about a valuation of "*the shares of Charitable
DAF Holdco*". In that email, Walkers, presumably on instructions from the Directors, listed the
Supporting Organisations as "*potential adverse parties*".

124    On 7 February 2025, Walkers informed PwC that CDM had been inserted into the structure
and requested that a second valuation be prepared of all the CDM Membership Interest, which
valuation Walkers said was also to rely on the NAV as previously advised (rather than leaving

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is
PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref:
CJM/JRN/TQR/858403.000001/83559387)

39

PwC to determine their own valuation methodology). PwC responded that their initial view is "*there is no meaningful difference*" between the two valuations requested - "*i.e. the economic interest in the underlying NAV still fully accrues to the participating shareholders*" - but that voting power/control remains with Mr Patrick (or with entities he controls). PwC asked for further information about what Mr Patrick was trying to achieve by the Restructuring to help them understand the valuation implications.

125    On 10 February 2025, PwC suggested a call with Walkers to discuss the second valuation, which call took place on 11 February 2025, and was also attended by Mr Patrick's '*onshore and Delaware counsel*'. Following that call, PwC declined to take on the instructions:

> "*... our view is that the new Delaware entity (CDMCFAD) effectively has full economic interest and control over the Fund, so we don't really see a basis for applying any discounts to the underlying Fund NAV for that entity. As it relates to the participating shareholders' interest in Charitable DAF Holdco, Ltd., we don't think we can reliably estimate the value/discount given the current fact pattern. While we could make hypothetical assumptions about how the articles may be interpreted, and/or how future cash flows may or may not be distributed, the impact on value is so substantial that we don't think it would be a meaningful exercise (i.e. we'd end up with the discount being 100% in one scenario, but 0% in another). On that basis, I don't think there is a fee / scope that can work for us currently.*"

*The FTI Memo*

126    On 13 February 2025, without telling the Supporting Organisations or the Charities, the Company engaged FTI Consulting in London ("**FTI**") to advise on (i) the discount applicable (if any) to a valuation considering how the rights attached to Participation Shares differed from those typically associated with ordinary shares, and (ii) the impact of the existence of an additional share class (being the Management Shares held by Mr Patrick). FTI's engagement

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

40

letter also stated that "*The Memo will also include a valuation of the ordinary shares of CDMCFAD, LLC, the immediate subsidiary of Charitable DAF HoldCo*".

127    On 2 March 2025, FTI provided a draft memorandum to Walkers/the Company.

128    On 27 March 2025, FTI issued its final memorandum (the "**FTI Memo**"), which stated (amongst other things) that the rights of Participating Shares were extremely limited, and the potential distribution of cash was highly dependent on a member's alignment with the Fund's mission. The FTI Memo concluded that a "limited discount" for lack of control and marketability should be applied where a member is aligned with the Fund's mission (said to be close to the range concluded by ValueScope in its 7 January ValueScope Report, i.e. a discount of 13.9%), and a "high discount" of 95% where a member is not.

*Legal advice sought*

129    On 25 February 2025, without telling the Supporting Organisations or the Charities, the Directors sought advice from Walkers and Shields Legal on any powers under the Articles to enable the removal of the Supporting Organisations, including by (i) redemption of the Participating Shares (Art 14 and 28), (ii) a forced transfer of Participating Shares held by a Restricted Person (Art 21) (iii) or an alternative course whereby DFW repurchased the shares, which could then be cancelled, and new shares issued which are redeemable by the Company. Walkers advised that both redemption and forced transfers were not permitted but agreed with the alternative course involving DFW.

130    On 5 March 2025, as stated above, Leading Counsel provided retrospective advice to the Company regarding the Share Issuance, which also considered whether the Directors had power under the Articles to redeem the Participating Shares. Leading Counsel opined that they did not, on the basis that the Participating Shares were not issued as redeemable shares, and could not be redeemed unless there were a prior variation of the rights ascribed to them. That said, any proposal to vary the rights attached to the shares to make them redeemable would

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

support an argument "*that the [DFW Share Issue] was itself procured with a view, ultimately, to disenfranchising the pre-existing Participating Shareholders*".

131    On 17 March 2025, Mr Patrick wrote to Walkers in the following terms:

> "*Agree we need to finalise the [FTI valuation] reports …We should request any limits on use removed.*
>
> *We are seeking U.S. tax counsel to send emails to Paul and I that the non profits are Restricted Persons and/or best interests of the Company to have non dondero holders of its interests.  After that, an alternative approach is to give them what they want – liquidate Holdco Ltd after its only investment is redeemed by the US. LLC pursuant to U.S. counsel advice above, that it's in the best interests of the Company to redeem all non-profits affiliated with Dondero. US LLC has same valuation conducted on its shares as the participation shares. so we would redeem the LLC interest, then distribute the proceeds out of Holdco Ltd., and file articles of Dissolution for Charitable daf Holdco Ltd before a wind up petition is filled.  That would put us on the "high ground" to fight (rather the way this is currently heading in a defensive posture). they would have to scrap their wond up petition and fight for reinstatement, gripe about the valuations, and file fiduciary breach actions …*
>
> *We will stage this in light of the Doug letter, new advice of two separate U.S Tax counsel, and seeing how successful (or not) our outreach to the Texas attorney general office is.*
>
> *Note US LLC would make DFW its sole owner.*"

132    The email of 19 March 2025 makes plain that the Directors, or at least Mr Patrick, intended to liquidate the Company without notice to the Supporting Organisations and to otherwise obstruct

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

42

the Supporting Organisations' ability to exercise any right to petition to wind up the Company on just and equitable grounds.

133    On 20 March 2025, Walkers provided comments on the FTI draft valuation, and FTI responded. These comments include, amongst other things:

> "Walkers: *It is stated at [3.2(2)] that "there is no overriding duty of DAF's Directors to act in the shareholders' interest. The Directors will act according to the best interest of the company, that is, to achieve the charitable causes that are aligned with DAF's mission". However, as a matter of Cayman law, directors owe duties to the company, and must act in its best interests [which are] generally regarded as the interests of the members as a whole, and in certain circumstances the objects of the company may be taken into account when determining what is in its best interests.*
>
> FTI: *Can you explain how it was in the interests of the company to materially dilute the existing shareholders?*
>
> …
>
> Walkers: *It is stated at [3.10] that "the Participating Shareholders do not have any rights to cause a liquidation/winding up of the company". However, the Participating Shareholders do have the right to seek a winding up of the company, as conferred upon them by the Companies Act (rather than the Articles).*
>
> FTI: *Why won't they just do this immediately and seek distributions? Isn't the ability to trigger a liquidation contradictory with point 1 which states "Shareholders do not have any right to exert influence on whether/how the funds of DAF are used or distributed".*
>
> …

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

43

Walkers: *As per our comments, please could you delete references to our advice so as to avoid any potential arguments about waiver of privilege.*

FTI: *Your advice is important in us arriving at our conclusions. I understand from our legal team that we either (i) keep the reference to your advice or (ii) address the memo to you. Are you expecting there to be litigation in relation to the proposed transaction?*

…

Walkers: *Our client now seeks a valuation report which may, in connection with a proposed redemption of the membership interests in CDM, be disclosed to third parties and relied on to establish fair market value of both the membership interests in CDM, and in turn HoldCo.*

FTI: *This is a material change in the purpose and access rights of the report. Please provide more detail of the transaction. Is it the case that Mark will make CDM redeem the shares owned in by DAF? And who would you like to share the report with? And on what basis (e.g. non-reliance)? We also note our memo is not a valuation – it is a quantification of discounts given the rights of the participating shares. To do a valuation, we would need to do a more detailed exercise, including valuing the underlying assets."*

134     On 21 to 24 March 2025, FTI and Walkers had an exchange (amongst other things) as follows*:*

"FTI: *If the firm was wound down, would it result in distributions to the existing participating shareholders? Or would Mark still be able to shareholder structure to ensure the existing participating shareholders got nothing? Given they haven't received dividends since 2019, why haven't the participating shareholders triggered a wind down? If they can trigger a wind down and then in short order receive $300m of distributions, it does change things re discount.*

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

44

Walkers: *if HoldCo was wound up, the Participating Shareholders would receive distributions which would be made pari passu, and Mark (if he was the liquidator) would not be able to ensure the existing Participating Shareholders get nothing. Whilst the Participating Shareholders have the right to seek to wind up under the Companies Act, they need a proper basis to do so… We can only assume [they] have not commenced proceedings seeking to wind the company up because they do not have a proper basis on which to do so …*

…

FTI: *Would an absence of distributions be sufficient grounds to make an application to wind the company up? If the participating shareholders did make the application, would Mark be able to issue a vast number of shares to another party before the distributions were made thereby ensuring the existing shareholders received very little?*

Walkers: *A Participating Shareholder may consider an absence of distributions sufficient grounds for a winding up order on the just and equitable basis… But it is difficult for us to say whether that petition would be successful. If (a) a Participating Shareholder presented a petition; (b) new shares were purportedly issued; and (c) the Court then made a winding up order, the issue of the new shares would be void and not impact the amounts the Participating Shareholders would receive.*"

135    On 26 and 27 March 2025, FTI and Walkers had an exchange (amongst other things) as follows*:*

"Walkers: *We have discussed with our client and onshore counsel and set out some amendments in the attached. In addition, we note (1) we have not received any material addressing reliance on the memo by CDM; and (2) the "Limitations and restrictions" section still provides that the memo "should not be used to support a transaction". For*

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

45

*the memo to be useful in the circumstances, CDM [and HoldCo] need to be able to rely on it or a separate memo would need to be addressed to CDM on which it may rely. Further, both entities need to be able to rely on the memo(s) to support the proposed transaction.*

FTI: *What is the intention of adding that directors should act in the interests of future members? I am struggling to understand how a director could act in a manner which is beneficial for future shareholders which is not also helpful for existing shareholders.*

*The limitations in our note will remain. To do a valuation to support a transaction, we will need to do significantly more detailed work. This is an unusual/complicated situation. We are open to doing a fairness opinion on the transaction. But this will require approval from our risk committee and more information on the transaction and situation. We are happy for CDM to have our memo on a non-reliance basis. But this memo should not be used to support a transaction.*"

*March 2025 ValueScope Valuation*

136    Following the Restructuring, ValueScope was requested by Shields Legal, without telling the Supporting Organisations or the Charities, to prepare two valuation analyses:

136.1   100% Membership Interest in CDM; and

136.2   Certain Participating Shares of the Company as at 25 March 2025 (the "**March 2025 Valuation**").

137    The March 2025 Valuation had the same instructions, definition of value and scope of work as the September 2024 Valuation. Like the September 2024 Valuation, the March 2025 Valuation also referenced a 30 September 2024 balance sheet (and did not refer to any later analysis of

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

46

assets and liabilities). As shown below, the September 2024 Valuation and March 2025 Valuation produced very different results.

138    A comparative summary of the September 2024 and March 2025 Valuations is set out below:

| Valuation Date | DLOC* | DLOM** | Valuation Basis | FMV (100 Shares) |
|---|---|---|---|---|
| 30 September 2024 | 8.1% | 6.3% | NAV | $75,961,370 |
| 25 March 2025 | 99.2% | 20.00% | DCF*** | $536,784 |
| **Difference** | **+91.1%** | **+13.7%** | | **-$75,424,586** |

*DLOC – Discounted for Lack of Control

**DLOM – Discounted for Lack of Marketability

***DCF – Discounted Cash Flow

139    The March 2025 Valuation stated: "*for the valuation of non-controlling assets in holding companies such as DAF, the asset-based approach is most commonly used [as Valuescope had always done previously].  When applied to such companies, the approach consists of measuring the underlying net asset value of an entity (the fair market value of the entity's assets less the fair market value of its liabilities).  The NAV is then discounted as appropriate to determine the fair market value of the fractional interest in the entity.  However, in the case of the participation shares under consideration, the asset-based approach is not applicable. These shares do not confer control and only have a claim in respect of the underlying assets in a winding up.*"

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

47

140    ValueScope does not appear to have considered whether winding up was a possibility, and therefore, whether value could have been realised that way and by reference to NAV.

141    For reasons which are unclear to the Company, the March 2025 Valuation expressly rejected the asset-based (NAV) approach on the basis that the economic benefits of the Participating Shares in the Company were contingent on discretionary distributions by its manager. The report states.

> *'Unlike equity interests that derive value from an allocable portion of the entity's net assets, the economic benefits of these shares are contingent upon discretionary distributions by the director. As such, their value is not directly tied to the entity's NAV, and an alternative valuation approach is required to appropriately reflect their characteristics and economic reality'.*

142    Accordingly, the methodology applied in the March 2025 Valuation was markedly different from the methodology applied in the September 2024 Valuation. Instead of relying on discounted net assets, the March 2025 Valuation:

142.1    applied a discounted cash flow ("**DCF**") methodology to estimate the present value of expected future distributions, rather than an asset-based approach, as had been applied in at least the past five annual valuations by ValueScope;

142.2    determined the FMV of 100 Participating Shares to be US$536,784;

142.3    applied a discount of 99.2% for DLOC; and

142.4    applied a discount of 20.00% for DLOM.

143    The DCF model is based on the present value of future distributions to the Company. ValueScope's report shows that these were estimated based on historic distributions themselves controlled by Mr Patrick.

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

48

144    Based on the valuations above, between 30 September 2024 and 25 March 2025, the FMV of
       100 Participating Shares in the Company apparently declined from US$75,961,370 to
       US$536,784, representing a reduction in value of 99.29% in less than a six month period, in
       which the Restructuring occurred, attributable to a change in valuation basis (amongst other
       things) from NAV to DCF.

145    Furthermore, ValueScope does not appear to have sense-tested their valuation.  Although they
       identified "total equity" of c. US$270 million and concluded that all of the Participation Shares
       had a value of only c. US$1.6 million, they did not address themselves to who benefitted from
       the residual value of c. US$268 million.

<u>Admission and Redemption</u>

146    On 27 March 2025, Mr Patrick, as manager of CDM, executed a written consent (the "**Manager
       Consent**") to (a) cause CDM to admit DFW as an additional member of CDM pursuant to the
       terms of an Admission and Amendment No.1 Agreement (the "**Admission Agreement**") and
       (b) redeem the CDM Membership Interest held by the Company pursuant to the terms of a
       Redemption and Amendment No. 2 Agreement (the "**Redemption Agreement**" and together
       with the Admission Agreement, the "**Restructure Agreements**"):

146.1  The recitals to the Manager Consent stated that the redemption of the Company's
       membership interest was justified by reason of alleged attempts by the Supporting
       Organisations to exert control, and the potential loss of their (i.e. the Supporting
       Organisations') non-profit and tax-exempt status:

       *"… the Manager has formed the view that the Current Member, by virtue of
       being a member of the Company and having as Participating Shareholders the
       Highland Foundations, poses a material risk to the Company, its assets, and
       the Mission Statement of DAF due to, among other things, (i) officers and
       directors of the Highland Foundations seeking to assert dominion and control*

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is
PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref:
CJM/JRN/TQR/858403.000001/83559387)

49

*over the assets of DAF (through the Current Member), despite no legal ability to do so under the Current Member's organizational documents and despite the potential illegality (as demonstrated by tax counsel to DAF—see Exhibits C and D) of doing so, (ii) the potential loss of the non-profit status of the Highland Foundations due to their actions, among others, described in clause (i), and (iii) the potential loss of the tax-exempt status which the Highland Foundations currently enjoy and which is central to the mission of DAF, as a result of the factors including those described in clauses (i) and (ii)"*

146.2   The Manager Consent further stated:

"*WHEREAS, in connection with the Restructure Agreements and the transactions contemplated thereby, the Manager (on behalf of the Company) obtained a valuation report of the membership interests of the Company from ValueScope and FTI Consulting, copies of which are attached hereto as Exhibit E, which valuation reports have informed the Manager the fair market value of the membership interests*"

146.3   Exhibits C and D to the Manager Consent are documents purportedly containing information regarding various alleged U.S. tax issues relating to the Company.

146.4   Exhibit C is the letter from Mr Mancino to the IRS dated 20 March 2025, in which Mr Mancino (amongst other things) stated:

(a)   there has been "deterioration" of the Company's relationship with Highland Dallas Foundation, Inc. ("**HDF**") due to the undue influence and control exercised over HDF by Mr Dondero.

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

50

(b)     the information in the letter will demonstrate clearly that Mr Dondero's influence and control is an inappropriate donor relationship with representatives of the HDF who serve on the Board of Directors of and as officers of HDF.

(c)     such undue influence and control potentially jeopardises the tax-exempt status of HDF as an organisation described in s.501(c)(3) and, at a minimum, causes it to fail to remain a supporting organisation described in s. 509(a)(3).

146.5   Exhibit D is an advice produced by Carrington Coleman (U.S. law firm) dated 25 March 2025 (the "**Carrington Advice**") which amongst other things:

(a)     asserts that Mr Dondero has been attempting "*through his control of the Highland SOs, to exert dominion and control over the cash and property he previously donated to DAF and for which he claimed charitable deductions, all for his personal benefit.*"

(b)     suggests that Mr Dondero was using the Company as his personal "*piggy bank*", and that it may be perceived by the IRS that the Fund has been or is his financial alter ego.

(c)     concludes that "*the IRS will look favourably upon any and all attempts for DAF to maintain its independence from what seems to be persistent attempts by Dondero, and the entities controlled by him to use DAF for his private benefit and inurement.*"

146.6   Exhibit E contained two valuation reports:

(a)     The first was a ValueScope valuation.

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

51

(b) The second is the FTI Memo referred to above, in which FTI expressly stated that the analysis in the FTI Memo should not be used in support of a transaction, but which Mr Patrick, in any event:

(i) expressly relied upon in the Manager Consent to determine the fair market value of the CDM Membership Interest and the basis for the redemption of the Company's interests; and

(ii) permitted Carrington Coleman to refer to and rely on in the FTI Memo (indeed, having provided the 27 March 2025 copy which was a draft copy only).

146.7 On 27 March 2025, without telling the Supporting Organisations or the Charities, Mr Patrick executed the:

(a) Admission Agreement between CDM and DFW under which DFW was admitted as a member of CDM, in consideration for a capital contribution of US$1,637,192; and

(b) Redemption Agreement under which CDM redeemed the Company's membership interest in CDM for the same sum of US$1,637,192 (the "**Redemption Sum**").

147 On 27 March 2025, without telling the Supporting Organisations or the Charities, the Company entered into a letter agreement with CDM (the "**Letter Agreement**"), pursuant to which the Company assigned to CDM various contracts and agreements to which the Company was a party, listed in Schedule A to the Letter Agreement and CDM agreed to assume the liabilities and obligations in respect of those contracts.

148 On 2 April 2025, the Directors of the Company, by way of written resolution:

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

52

148.1   Noted the redemption of the Company's membership interest in CDM for the Redemption Sum (the "**Redemption**").

148.2   Resolved to pay a dividend to the Original Participating Shareholders of US$1,612,192.01 in the amount of (i) US$528,587.54 with respect to each of HDF, Highland Kansas City Foundation, Inc. and Highland Santa Barbara Foundation, Inc.; and (ii) US$26,429.39 with respect to CFNT.

149   The substantive financial effect of the Redemption, under which DFW did or was committed to make a capital contribution equivalent to the Redemption Sum to CDM, and the CDM Membership Interest held by the Company were redeemed for the Redemption Sum, was that the Company's membership interest in CDM was purchased by or otherwise transferred to DFW for the Redemption Sum.

150   The substantive effect of the overall transaction or series of transactions pleaded above, including the Impugned Transactions already pleaded, was that:

150.1   The Company realised its interest in the Fund, which had a NAV of c. US$270 million, for c. US$1.6 million.

150.2   The Company made a distribution to the Original Participating Shareholders (c. US$1.6 million).

150.3   The Supporting Organisations and the Charities were actually or effectively divested of their indirect interest in the Fund, and the assets underlying the Fund; and

150.4   The Original Participating Shareholders were diluted from 100% of the economic interests in the Company to less than 50%.

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

53

Case 19-34054-sgj11   Doc 4326   Filed 07/17/25   Entered 07/17/25 10:54:33   Desc
Case 3:25-cv-01876-K   Document 36   Main Document   Filed 08/09/25   Page 161 of 320   Page 57 of 93   PageID 5641

FSD2025-0201                    **Page 57 of 83**                    **2025-07-15**

Voluntary Liquidation and Supervision Order

151   On 2 April 2025, the Directors resolved, without telling the Supporting Organisations or the Charities, to place the Company into voluntary liquidation and appoint Mitchell Mansfield and William Clarke (the JVLs) of Kroll (Cayman) Ltd as voluntary liquidators.

152   However, unaware of the voluntary liquidation, on 10 April 2025, the Supporting Organisations presented a petition seeking the winding up of the Company on a just and equitable basis, under section 92(e) of the Companies Act (2025 Revision) (the "**J&E Petition**").

153   On 25 April 2025, Walkers and Shields Legal held a call to discuss the J&E Petition. Following that call, Mr Patrick wrote in an email that the "*message ideas*" "*for Monday*" were to "*poison the well*", by which he meant to create a negative impression of Mr Dondero in the eyes of the Court.

154   On 6 May 2025, Justice Jalil Asif KC made a supervision order, under which voluntary liquidation of the Company was to be continued under the supervision of the Court pursuant to s.131 of the Companies Act (As Revised), and the JOLs were appointed.

**OBLIGATIONS OWED BY THE DIRECTORS**

155   At all material times, the Directors, as directors, owed the following duties individually to the Company:

155.1   A fiduciary duty to act *bona fide* in what he considers to be the best interests of the Company (the "**Best Interests Duty**").

155.2   A fiduciary duty to exercise his powers for a proper purpose, and for the purposes for which they were conferred (the "**Proper Purpose Rule**").

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

54

155.3 A fiduciary duty not to place himself in a position where his personal interest actually or potentially conflicted with his duty of loyalty to the Company (the "**First No-Conflicts Duty**").

155.4 A fiduciary duty not to place himself in a position where his duty to another actually or potentially conflicted with his duty of loyalty to the Company (the "**Second No-Conflicts Duty**").

155.5 A fiduciary duty to not make an unauthorised profit from or by reason of his fiduciary position (the "**No Profit Duty**").

155.6 A fiduciary duty not to accrue or take a benefit or commercial opportunity from the Company without the full and informed consent of the Company (the "**No Self-Dealing Rule**").

155.7 A duty to exercise reasonable skill, care, and diligence in the performance of his role and function as director (the "**Reasonable Care Duty**").

156 With respect at least to Mr Patrick, his duties above and the standard to which he was obliged to comply with such duties are affected by being in the Control Position and the trustee or trustee-like position he occupied. Paragraph 76 above is also relied upon.

157 The Company reserves its position as to whether Mr Patrick, by reason of being in the Control Position and the trustee or trustee-like position he occupied, was an express or other trustee of the assets of the Fund for the Original Participating Shareholders and, through or in addition to them, the Charities.

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

55

**ATTRIBUTION OF KNOWLEDGE AND INTENTION**

158    As a matter of Cayman Islands law, Mr Patrick's intention and knowledge of facts and matters for all such purposes relevant to this claim is to be attributed to each of DFW, CDM, and the New GP on the basis of at least the following facts:

158.1    As regards DFW, Mr Patrick is listed under DFW's certificate of incorporation, dated 9 December 2024, as "the member of the corporation", and the Admission Agreement showed he served as its "President". Mr Patrick is also the registered director of DFW. Mr Patrick the agent of DFW, in which capacity Mr Patrick executed the Admission Agreement.

158.2    As regards CDM, Mr Patrick is described under the LLC Agreement as the "Manager" of CDM, in which role Mr Patrick was CDM's agent, and in which capacity he (i) executed the Deed of Assignment and Assumption on behalf of CDM, and (ii) executed a written 'Manager Consent' (the "**Manager Consent**") approving the Redemption and Admission Agreements; and executed the Redemption and Admission Agreements.

158.3    As regards the New GP, Mr Patrick was and remains its director, and therefore its agent (in which capacity, Mr Patrick executed the Deed of Assignment and Assumption on the New GP's behalf). Further, Mr Patrick is the sole shareholder of the New GP.

159    Further, if applicable, as a matter of the laws of the State of Delaware, Mr Patrick's knowledge and intention is to be attributed to DFW, CDM, and the New GP on a like basis.

**CLAIMS AGAINST THE DEFENDANTS**

<u>Breaches of fiduciary and other duty</u>

160    The First and Second Defendants, and each of them, in their capacity as a Director of the Company, acted in breach of their fiduciary and other duties to the Company as follows.

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

56

<u>Restructuring, including the CDM Assignment</u>

161   The Directors (and each of them), in procuring, directing or effecting the Restructuring as set out above, acted in breach of their duties to the Company, including the Best Interests Duty, the Proper Purpose Rule and the Reasonable Care Duty.  Additionally, Mr Patrick, in procuring, directing or effecting the Restructuring as set out above, acted in breach of his duties to the Company, including the No Self-Dealing Rule, No Profit Duty, and No-Conflicts Duty (First and Second No-Conflicts Duties).

PARTICULARS

161.1   The Plaintiff relies on paragraphs 77 to 105 above.

161.2   With the assistance of Mr Mancino, Mr Patrick took steps to form CDM and appoint himself as Manager of CDM.

161.3   Mr Patrick designed and/or negotiated and/or directed and/or effected the Restructuring in his capacity as Director of the Company, Director of the New GP, and Manager of CDM, being each of the parties to the Deed, and signed the Deed on behalf of each party.

161.4   The Directors (and each of them) approved the transfer of the Company's entire limited partnership interest in the Fund (having net assets worth c. US$270 million) to CDM, a Delaware entity whose LLC Agreement excluded any fiduciary obligations owed by its Manager (i.e. Mr Patrick) to CDM itself or to its members; in exchange for membership interest in CDM, which interest was capable of being extinguished, by redemption, and for a "fair value", determined at the discretion of the Manager (i.e. Mr Patrick).

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

57

161.5    The Restructuring was of no benefit to the Company and not in its best interests, and Mr Patrick was subject to conflicts of interest (First and Second No-Conflicts Duties) and committed acts of self-dealing.

161.6    The Directors (and each of them) acted when each of them:

(a)    knew or ought to have known that the Company was proposing to exchange the Partnership Interest for a membership interest in CDM that was subject to redemption entirely at Mr Patrick's discretion, and for a "*fair value*" determined, in good faith, in his discretion.

(b)    knew or ought to have known that the Company was therefore proposing to trade its Partnership Interest, which was not in practical terms defeasible, for an interest that could be extinguished: (i) at a time over which it had no control, (ii) for a price over which it had very limited control and (iii) for a potential valuation basis which excluded a net asset valuation of the assets held in the Fund.

(c)    knew or ought to have known that the CDM Membership Interest was to be in a Delaware-incorporated company whose LLC Agreement excluded any fiduciary obligations owed by its Manager either to CDM itself or to its members and was therefore less valuable than the Partnership Interest.

(d)    knew or ought to have known that the CDM Assignment was therefore a transaction at an undervalue.

161.7    It can be inferred, and is averred, that Mr Patrick was drawing fees or remuneration or emoluments or benefits from CDM without the full authorisation or full and informed consent of the Company.

161.8    Further, and in any event, the Directors (and each of them) acted when each of them:

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

58

(a)     knew or ought to have known that the CDM Assignment was the first step in a
        series of connected future transactions, including those pursuant to the CDM
        Assignment, the Share Issuance, the Admission Agreement, the Redemption
        Agreement and the Redemption, under which the Directors were able to and
        ultimately did procure the redemption of the Company's CDM Membership
        Interest, thus extinguishing the Company's interest in the Fund, for an
        undervalue.

(b)     knew or ought to have known that:

        (i)     the full terms and effect of the CDM Assignment was not a proper or
                proportionate response to any genuinely perceived risk about U.S. tax
                concerns.

        (ii)    the full terms and effect the CDM Assignment was not a proper or
                proportionate response to any genuinely perceived risk to the Company,
                which was not itself a Donor Advised Fund and/or did not enjoy or
                require tax-exempt status under s.501(c)(3) of the U.S. Internal
                Revenue Code.

        (iii)   other approaches to address concerns with respect to the tax-exempt
                status of the HDF short of undertaking the Restructuring (and entering
                into the CDM Assignment) included notifying the HDF of the conflict
                and/or concerns and requesting it to remedy it or them.

        (iv)    even if the facts and matters alleged in relation to the HDF were correct,
                there was more than a possibility, after an extended passage of time
                and at least two levels of appeal, that a U.S. tax audit would result in an
                adverse determination with respect to the tax-exempt status of the HDF.

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is
PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref:
CJM/JRN/TQR/858403.000001/83559387)

59

(v)   the tax-exempt status of the HDF was of no concern or no reasonable concern to the Company.

(c)   knew or ought to have known that they were keeping the Restructuring, the CDM Assignment, CDM itself and all the surrounding circumstances secret from the Participating Shareholders.

162   By reason of the foregoing breaches of duty or any of them:

162.1   The CDM Assignment is void, alternatively voidable and hereby avoided.

162.2   CDM holds the Partnership Interest on trust or constructive trust for the Company.

162.3   CDM is required to re-transfer the Partnership Interest to the Company and account for any profits on the basis of such trust or constructive trust and/or on a restitutionary and/or on a proprietary basis.

<u>Share Issuance</u>

163   The Directors (and each of them), in procuring, directing or effecting the Share Issuance as set out above, acted in breach of their duties to the Company, including the Best Interests Duty, the Proper Purpose Rule and the Reasonable Care Duty.  Additionally, Mr Patrick, in procuring, directing or effecting the Share Issuance as set out above, acted in breach of his duties to the Company, including the No Self-Dealing Rule, No Profit Duty, and No-Conflicts Duty (First and Second No-Conflicts Duties).

PARTICULARS

163.1   The Plaintiff relies on paragraphs 77 to 84, 91 to 96 and 106 to 119 above.

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

60

163.2 The Directors (and each of them) designed and/or engineered the Share Issuance, having sought legal advice in relation to the powers conferred on them as Directors of the Company, for the improper purpose of:

(a) diluting without any proper reason or corporate purpose the existing Participating Shareholders and/or depriving the ability of the Supporting Organisations to continue to comprise a majority of the Participating Shareholders.

(b) inserting DFW as a new Participating Shareholder, an entity under the sole control of Mr Patrick, to obstruct and/or prejudice and/or adversely affect the exercise of a Participating Shareholders' right to petition for the just and equitable winding-up of the Company.

163.3 The Directors (and each of them) acted when each of them:

(a) knew or ought to have known the issue and allotment of shares at par to DFW was of no benefit to the Company.

(b) knew or ought to have known that the exercise of the power to issue shares and allot them to DFW was for the improper purpose of diluting the interest of the Original Participating Shareholders.

(c) knew or ought to have known that the Share Issue Resolution and/or the Share Issuance or otherwise the issue and/or allotment of shares to DFW was a response to the prospect that the Supporting Organisations might present a petition for the winding-up of the Company on a just and equitable basis, as indeed they did on 10 April 2025 in ignorance of the Share Issue Resolution and/or the Share Issuance or otherwise the issue and/or allotment of shares to DFW.

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

61

(d)    knew or ought to have known that the sole or primary purpose of the Share Issue Resolution and/or the Share Issuance or otherwise the issue and/or allotment of shares to DFW was to insert a new majority Participating Shareholder (under their or at least Mr Patrick's control) into the Company's share capital structure to (if they or at least Mr Patrick deemed fit) to oppose the actions of the Supporting Organisations and/or the Original Participating Shareholders, both in relation to any potential contributories' winding-up petition and otherwise, and/or to obstruct and/or prejudice and/or adversely affect the exercise at any time of any rights of the Supporting Organisations as Participating Shareholders.

163.4    Mr Patrick designed and/or directed and/or effected the Share Issuance in his capacity as Director of the Company, even though he was 'President' of DFW and the sole member and the sole director of DFW.

163.5    It can be inferred, and is averred, that Mr Patrick was drawing fees or remuneration or emoluments or benefits from DFW (if not also from CDM) without the full authorisation or full and informed consent of the Company.

164    By reason of the foregoing breaches of duty or any of them:

164.1    the Share Issue Resolution and/or the Share Issuance or otherwise the issue and/or allotment of shares to DFW is void, alternatively voidable and hereby avoided.

164.2    DFW holds its shares on trust or constructive trust for the Company.

164.3    DFW is required to concur in the rescission of the allotment and to re-transfer its shares to the Company on the basis of such trust or constructive trust and/or on a restitutionary and/or on a proprietary basis.

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

62

164.4   The Company's register of shareholders shall be rectified accordingly.

<u>Admission and Redemption</u>

165     The Directors (and each of them), in procuring or entering into the Admission Agreement and
        the Redemption Agreement, and/or in procuring, directing or effecting the Redemption acted
        in breach of their duties to the Company, including the Best Interests Duty, the Proper Purpose
        Rule and the Reasonable Care Duty.  Additionally, Mr Patrick, in procuring or entering into the
        Admission Agreement and the Redemption Agreement, or in procuring, directing or effecting
        the Redemption as set out above, acted in breach of his duties to the Company, including the
        No Self-Dealing Rule, No Profit Duty, and No-Conflicts Duty (First and Second No-Conflicts
        Duties).

                                          PARTICULARS

165.1   The Plaintiff relies on paragraphs 120 to 150 above.

165.2   The Directors (and each of them) acted when each of them:

        (a)     knew or ought to have known that:

                (i)     proceeding on the basis of the Seyfarth/Mancino letter to the IRS dated
                        20 March 2025 was flawed or unreasonable.

                (ii)    proceeding was not a proper or proportionate response to any genuinely
                        perceived risk about U.S. tax concerns.

                (iii)   the tax-exempt status of the HDF was of no concern or no reasonable
                        concern to the Company.

                (iv)    proceeding on the basis of the March 2025 Valuation and the FTI Report
                        was flawed in that: (i) the 99.2% discount in value proposed by the

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is
PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref:
CJM/JRN/TQR/858403.000001/83559387)

                                                                                                63

Case 19-34054-sgj11   Doc 4326   Filed 07/17/25   Entered 07/17/25 10:54:33   Desc
Case 3:25-cv-01876-K   Document 30   Main Document   Filed 07/09/25   Page 171 of 320   PageID 5651   Page 171 of 320   PageID 5651

FSD2025-0201                    **Page 67 of 83**                    2025-07-15

ValueScope Report was a manifestly excessive discount, and resulted in the Company parting with its indirect ownership of 99% of the economic interest in the Fund (which had net assets worth c. US$270 million) for a mere US$1,637,192; and (ii) as pleaded above, the FTI Report expressly stated that *"this memo should not be used to support a transaction."*

(v)   the Admission Agreement and the Redemption Agreement were steps in a series of connected transactions, including those pursuant to the CDM Assignment, the Share Issuance, under which the Directors were able to and ultimately did procure the extinguishment of the Company's interest in the Fund, through the redemption of the Company's membership interest in CDM, for an undervalue.

(b)   knew or ought to have known that the sole or primary purpose of the Admission Agreement, the Redemption Agreement and the Redemption was to ensure that the Company was fully and finally deprived of an asset (its interest in the Fund) at an undervalue; and to enable a third party, DFW, controlled by Mr Patrick, to procure ownership of an interest in the Fund in complete replacement of the Company.

165.3   Mr Patrick designed and/or negotiated and/or directed and/or effected the Admission Agreement, the Redemption Agreement and the Redemption as Director of the Company, even though he was Manager of CDM and 'President' of DFW, sole member of CDM and sole member and sole director of DFW.

166   By reason of the foregoing breaches of duty or any of them:

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

64

166.1   DFW holds the CDM Membership Interest on trust or constructive trust for the Company.

166.2   DFW is required to concur in the transfer of the CDM Membership Interest to the Company or as the Company directs on the basis of such trust or constructive trust and/or on a restitutionary and/or on a proprietary basis.

<u>Further claims against Mr Murphy</u>

167   In respect of any breach of duty as set out above for which Mr Patrick alone is liable:

167.1   At all material times, Mr Murphy worked in close concert with Mr Patrick, including at his direction.

167.2   Mr Murphy knew or ought to have known all the facts and matters pleaded above as known or ought to have been known by Mr Patrick.

167.3   Mr Murphy knew or ought to have known of all the facts and matters pertaining to such breach or breaches by Mr Patrick.

167.4   Mr Murphy took no steps to stop Mr Patrick or to prevent or report the breach or breaches of duty by Mr Patrick.

167.5   Mr Murphy accepted and acquiesced in all steps and actions suggested, promoted or effected by Mr Patrick.

167.6   Mr Murphy accepted and acquiesced in the breach or breaches of duty by Mr Patrick.

167.7   As a consequence, Mr Murphy has acted in breach of his duties to the Company, including the Best Interests Duty and the Reasonable Care Duty.


FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

65

Directors' Fees, Remuneration and Expenses

168    The Company is still unclear as to what precise fees or remuneration or emoluments or benefits
       were afforded to the Directors and from what source, and as to the proper expenses of the
       Company, in the period after March 2021 and thus reserves its position.

169    As is pleaded above in paragraphs 85 to 89, the Directors approved large increases for Mr
       Patrick's remuneration, benefits or emoluments: by around 1 October 2024, Mr Patrick's
       remuneration comprised a base salary of US$850,000, a bonus of 2.5 times that base salary,
       an LTI incentive payment of US$975,000; for the period March 2021 to March 2024, Mr Patrick
       was entitled to an aggregate LTI payment of US$4,759,000; and eligibility for discretionary and
       annual bonuses in addition, to be determined at the sole and absolute discretion of the
       Directors. By contrast, Mr Scott's annual salary and entire benefits during his tenure in the
       Control Position was US$60,000.

170    Insofar as the Directors (or each of them) approved of or procured any payment or benefit to
       or for Mr Patrick or Mr Murphy more than the sum of US$60,000 per annum each in respect of
       fees or remuneration or emoluments or benefits, such sum was excessive and conferred in
       breach of duty to the Company, including the Best Interests Duty, the Proper Purpose Rule,
       the first No-Conflicts Duty, the No Self-Dealing Rule and the Reasonable Care Duty.

171    Further, as is pleaded above, the Directors (or each of them) approved or caused the payment
       of considerable sums by way of expenses, amounting for example to US$18.3 million for the
       first half of 2024, and US$18.6 million spent over 2023.  Such expenses may include the
       expenses incurred in effecting the transactions which are the subject matter of these
       proceedings.  The reasonableness or *bona fides* of these expenses is not accepted by the
       Company.

172    The Company claims:

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is
PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref:
CJM/JRN/TQR/858403.000001/83559387)

66

172.1 Full information, documents and discovery as to the fees or remuneration or emoluments or benefits or expenses paid or claimed by Mr Patrick and Mr Murphy and each of them since March 2021.

172.2 Full information, documents and discovery as to expenses incurred by the Company or the Fund or any of the Fund's subsidiaries or investments since March 2021.

172.3 Repayment to the Company of all fees or remuneration or emoluments or benefits paid or claimed by Mr Patrick or Mr Murphy and each of them in excess of US$60,000 per annum; together with all improperly paid expenses caused or procured by Mr Patrick or Mr Murphy (or damages or equitable compensation in relation thereto).

<u>Unlawful Means Conspiracy</u>

173 The facts and matters pleaded above amount to an unlawful means conspiracy as follows:

173.1 It is unclear when the conspiracy began but it appears to have started by around the start of 2024.

173.2 The original conspirators were Mr Patrick and Mr Murphy. The Company is unaware of the circumstances in which Mr Patrick and Mr Murphy agreed or combined and is unable to plead further pending further information or discovery.

173.3 As they were incorporated and participated in the facts and matters pleaded above, the New GP, CDM and DFW joined the conspiracy but remain liable in damages for all losses, including prior to joining the conspiracy.

173.4 The conspiracy was a conspiracy to injure the Company.

173.5 The overt acts of the conspiracy were all the facts and matters pleaded above, including as breaches by Mr Patrick or Mr Murphy.

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

67

173.6   The unlawful means of the conspiracy were all the facts and matters pleaded above as breaches of duty by Mr Patrick or Mr Murphy.

173.7   Each of the conspirators intended to injure the Company. This averment is an inference from all the facts and matters pleaded above.

173.8   As a consequence, the Company has suffered loss and damage, as a result of the Restructuring, the CDM Assignment, and the Admission and Redemption, and the combined effect thereof, as set out above.

<u>Proprietary claim and/or unconscionable receipt</u>

174   The facts and matters pleaded above give rise to claims by the Company for unconscionable receipt as follows:

174.1   CDM received the Company's Partnership Interest in the Fund under the CDM Assignment.

174.2   The knowledge of CDM was and is that of Mr Patrick.

174.3   The breaches of duty in relation to the CDM Assignment above are relied upon.

174.4   CDM knew that the CDM Assignment was at an undervalue and that causing or procuring the Company to enter into the CDM Assignment was a breach of fiduciary duty by Mr Patrick and/or Mr Murphy.

174.5   By reason of the foregoing, it is unconscionable for CDM to retain the Partnership Interest in the Fund and CDM is liable to account to the Company in equity, by restoring Partnership Interest in the Fund to the Company and/or accounting for any profits or otherwise accounting to the Company in equity.

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

68

Unjust Enrichment

175     In receiving the Company's Partnership Interest in the Fund, CDM was unjustly enriched at the
        Company's expense and is liable to the Company in restitution:

        175.1   The Partnership Interest was transferred on the basis that there was a valid assignment
                agreement effecting that transfer.

        175.2   That basis has totally failed, the CDM Assignment being either void, or avoided hereby.

Alter Ego and Lifting the Corporate Veil

176     In order to obtain the return to it of the Partnership Interest in the Fund, together with an
        Account of Profits, the Company does not need as a matter of law to make any allegation of
        "alter ego" or to lift the corporate veil in relation to CDM or DFW.

177     If, contrary to the paragraph above, the Company does so need, it makes the following
        allegations for the purposes of all relevant claims or causes of action set out above.

        177.1   CDM is the "alter ego" of Mr Patrick.

        177.2   DFW is the "alter ego" of Mr Patrick.

        177.3   In relation to the receipt of any property by CDM directly or indirectly from the Company
                or the accrual of any profits or benefits by reason of such receipt, the corporate veil
                should be lifted, with the consequence that such receipt and such profits or benefits
                should be treated as those of Mr Patrick personally.

        177.4   In relation to the receipt of any property by DFW directly or indirectly from the Company
                or the accrual of any profits or benefits by reason of such receipt, the corporate veil
                should be lifted, with the consequence that such receipt and such profits or benefits
                should be treated as those of Mr Patrick personally.

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is
PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref:
CJM/JRN/TQR/858403.000001/83559387)

69

PARTICULARS

(a)    In relation to CDM:

   (i)    Mr Patrick was and is the Manager. There are no other officers or managers.

   (ii)    Mr Patrick was and is the managing member.

   (iii)    CDM was incorporated at Mr Patrick's instigation in order to enter into the CDM Assignment or a transaction of like nature.

   (iv)    CDM's sole or primary purpose was to play a part in a scheme whereby Mr Patrick would obtain control of the Company's Partnership Interest in the Fund free of the Company, the Company's obligations towards the Supporting Organisations and (if the scheme succeeded) free of Mr Patrick's duties to the Company.

   (v)    CDM exists and operates in order to conceal the identity of the true or real actor, namely Mr Patrick.

(b)    In relation to DFW:

   (i)    Mr Patrick was and is the 'President'. There are no other officers or managers.

   (ii)    Mr Patrick was and is the sole member.

   (iii)    Mr Patrick was and is the sole registered director.


FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

70

(iv)    DFW was incorporated at Mr Patrick's instigation in order to enter into a transaction whereby it would in effect take over the Company's interest in CDM pursuant to the CDM Assignment.

(v)     DFW's sole or primary purpose was (i) to play a part in a scheme whereby Mr Patrick would obtain control of the Company's Partnership Interest in the Fund free of the Company, the Company's obligations towards the Supporting Organisations and (if the scheme succeeded) free of Mr Patrick's duties to the Company, (ii) to be the ultimate vehicle by which Mr Patrick would so control of the Company's Partnership Interest in the Fund and (iii) to be a newly-inserted majority Participating Shareholder (under at least Mr Patrick's control) in the Company's share capital structure to oppose the actions of the Supporting Organisations, both in relation to any potential contributories' winding-up petition and otherwise, and/or to obstruct and/or prejudice and/or adversely affect the exercise at any time of any rights of the Supporting Organisations as Participating Shareholders.

(vi)    DFW exists and operates in order to conceal the identity of the true or real actor, namely Mr Patrick.

<u>Loss and Damage</u>

178    As a consequence of the above, the Company has suffered loss and damage, including but not limited to:

178.1  Its Partnership Interest in the Fund.

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

71

178.2   The costs and expenses incurred in relation to the CDM Assignment, the Share Issuance, the Letter Agreement and the Redemption (including all legal or other advice taken in relation thereto).

178.3   Excessive Directors' fees or remuneration or emoluments or benefits.

178.4   Improper expenses (if any).

178.5   The lost opportunity cost of the Fund and its subsidiaries deploying such funds (as set out in (1), (2) and (3) above) elsewhere, and the consequent fall in value of the Company's interest in the Fund.

178.6   The legal and liquidation costs of investigating the conspiracy, and the costs of these proceedings.

**RESERVATION OF POSITION**

179   The Company and the JOLs (who direct the Company in bringing these proceedings) fully reserve their position to apply to amend this claim in any way or to bring fresh or further proceedings against any of the Defendants (whether in the Cayman Islands or elsewhere) in the name of the Company or in the name of the JOLs.

**OTHER**

180   CLO Holdco is joined as a party to these proceedings in order that, as the main subsidiary of the Fund, it may abide by any Order that the Court may make.

**INTEREST**

181   The Company claims interest pursuant to section 34 of the *Judicature Act (2021 Revision)* and the *Judgment Debts (Rates of Interest) Rules (2021 Revision)*, alternatively pursuant to the

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

72

Court's equitable jurisdiction, compounded in equity at quarterly rests, alternately at common law, for such period and at such rate as the Court thinks just.

**PRAYER FOR RELIEF**

In the premises, the Company claims:

(1)     Damages or equitable compensation.

(2)     Orders for restitution or disgorgement.

(3)     Orders for the restoration of property to the Company.

(4)     Interlocutory or final injunctions as may be necessary or appropriate.

(5)     Orders for the appointment of a Receiver or Receivers, as may be necessary or appropriate.

(6)     Orders for the provision of documents or information at an early interlocutory stage.

(7)     Orders for the cancellation of the Share Issuance, as appropriate.

(8)     Rectification of the register of the Company, as appropriate.

(9)     Orders pursuant to s.99 of the Companies Act (as revised), as appropriate.

(10)    An Account of the fees or remuneration or emoluments or benefits or expenses paid or claimed by Mr Patrick and Mr Murphy and each of them since March 2021.

(11)    An Account of all expenses incurred by the Company or the Fund or any of the Fund's subsidiaries or investments since March 2021.

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

73

(12)   All other Accounts, including an Account of Profits, or Inquiries as may be necessary or appropriate; and further Orders to give effect to the outcome of such Accounts or Inquiries, including Orders for payment of sums to the Company.

(13)   All such declarations as may be necessary or appropriate, including to give effect to the continuing interest of the Company in the Fund on the basis of a proprietary interest, trust, constructive trust or otherwise.

(14)   All such other relief relating to the Impugned Transactions as may be necessary or appropriate.

(15)   Interest as above.

(16)   Further or other relief.

(17)   Costs.

DATED  this 15th day of July 2025

_____

**Maples and Calder (Cayman) LLP**

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

74

**DIRECTIONS FOR ACKNOWLEDGMENT OF SERVICE**

**OF WRIT OF SUMMONS**

182    The accompanying form of Acknowledgment of Service should be completed by an Attorney acting on behalf of the Defendant or by the Defendant if acting in person.

After completion it must be delivered or sent by post to the Law Courts, PO Box 495G, George Town, Grand Cayman, KY1-1106, Cayman Islands.

183    A Defendant who states in the Defendant's Acknowledgment of Service that the Defendant intends to contest the proceedings must also serve a Defence on the Attorney for the Plaintiff (or on the Plaintiff if acting in person).

If a Statement of Claim is indorsed on the Writ (i.e. the words "Statement of Claim" appear on the top of page 2), the Defence must be served within 14 days after the time for acknowledging service of the Writ, unless in the meantime a summons for judgment is served on the Defendant.

If the Statement of Claim is not indorsed on the Writ, the Defence need not be served until 14 days after a Statement of Claim has been served on the Defendant.

If the Defendant fails to serve his Defence within the appropriate time, the Plaintiffs may enter judgment against the Defendant without further notice.

184    A Stay of Execution against the Defendant's goods may be applied for where the Defendant is unable to pay the money for which any judgment is entered.  If a Defendant to an action for a debt or liquidated demand (i.e. a fixed sum) who does not intend to contest the proceedings

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiffs, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

states, in answer to Question 3 in the Acknowledgment of Service, that the Defendant intends to apply for a stay, execution will be stayed for 14 days after that Defendant's Acknowledgment, but the Defendant must, within that time, issue a Summons for a stay of execution, supported by an affidavit of the Defendant's means.  The affidavit should state any offer which the Defendant desires to make for payment of the money by instalments or otherwise.


**See overleaf for Notes for Guidance**


FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

2

**Notes for Guidance**

1      Each Defendant (if there are more than one) is required to complete an Acknowledgment of Service and return it to the Courts Office.

2      For the purpose of calculating the period of 14 days for acknowledging service, a writ served on the Defendant personally is treated as having been served on the day it was delivered to the Defendant.

3      Where the Defendant is sued in a name different from the Defendant's own, the form must be completed by the Defendant with the addition in paragraph 1 of the words "sued as (the name stated on the Writ of Summons)".

4      Where the Defendant is a FIRM and an attorney is not instructed, the form must be completed by a PARTNER by name, with the addition in paragraph 1 of the description "Partner in the firm of (.......................................)" after that Partner's name.

5      Where the Defendant is sued as an individual TRADING IN A NAME OTHER THAN THAT PERSON'S OWN, the form must be completed by the Defendant with the addition in paragraph 1 of the description "trading as (...........................)" after that Defendant's name.

6      Where the Defendant is a LIMITED COMPANY the form must be completed by an Attorney or by someone authorised to act on behalf of the Company, but the Company can take no further step in the proceedings without an Attorney acting on its behalf.

7      Where the Defendant is a MINOR or a MENTAL PATIENT, the form must be completed by an Attorney acting for a guardian *ad litem*.

8      A Defendant acting in person may obtain help in completing the form at the Courts Office.

FILED by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/JRN/TQR/858403.000001/83559387)

3

**IN THE GRAND COURT OF THE CAYMAN ISLANDS**

**FINANCIAL SERVICES DIVISION**

CAUSE NO: FSD        OF 2025 (      )

**BETWEEN:**

**CHARITABLE DAF HOLDCO, LTD (IN OFFICIAL LIQUIDATION)**

<u>Plaintiff</u>

**AND**

| | |
|---|---|
| **(1)** | **MARK ERIC PATRICK** |
| **(2)** | **PAUL MURPHY** |
| **(3)** | **CDMCFAD, LLC** |
| **(4)** | **DFW CHARITABLE FOUNDATION** |
| **(5)** | **CDH GP, LTD. AS GENERAL PARTNER FOR AND ON BEHALF OF CHARITABLE DAF FUND, LP, AND IN ITS CAPACITY AS GENERAL PARTNER** |
| **(6)** | **CLO HOLDCO, LTD.** |

<u>Defendants</u>

**ACKNOWLEDGMENT OF SERVICE**

**OF WRIT OF SUMMONS**

If you intend to instruct an Attorney to act for you, give that Attorney this form IMMEDIATELY.

Important.  Read the accompanying directions and notes for guidance carefully before completing this form.  If any information required is omitted or given wrongly, THIS FORM MAY HAVE TO BE RETURNED.

Delay may result in judgment being entered against a Defendant whereby he may have to pay the costs of applying to set it aside.

---

1.     State the full name of the Defendant by whom or on whose behalf the service of the Writ is being acknowledged.

---

2.     State whether the Defendant intends to contest the proceedings (tick appropriate box)

|  | yes |  | no |  |
|---|---|---|---|---|

3. If the claim against the Defendant is for a debt or liquidated demand, AND the Defendant does not intend to contest the proceedings, state if the Defendant intends to apply for a stay of execution against any judgment entered by the Plaintiff (tick box)

|  | yes |  | no |  |
|---|---|---|---|---|

Service of the Writ is acknowledged accordingly

(Signed).....................................................

Attorney for

2

**Notes on address for service**

Attorney: where the Defendant is represented by an attorney, state the attorney's place of business in the Cayman Islands.  A Defendant may not act by a foreign attorney.

Defendant in person: where the Defendant is acting in person, the Defendant must give the Defendant's post office box number and the physical address of the Defendant's residence or, if the Defendant does not reside in the Cayman Islands, the Defendant must give an address in Grand Cayman where communications for the Defendant should be sent.  In the case of a limited company, "residence" means its registered or principal office.

Indorsement by plaintiff's Attorney (or by plaintiff if suing in person) of that Plaintiff's name, address and reference, if any, in the box below.

Maples and Calder (Cayman) LLP
PO Box 309 Ugland House
Grand Cayman KY1-1104

Cayman Islands: CJM/JRN/LRA/TQR/858403-01

Indorsement by defendant's Attorney (or by defendant if suing in person) of that defendant's name, address and reference, if any, in the box below.

3

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

In Re:                                          §
Highland Capital Management, L.P.               §
                                                §    Case No.:  19−34054−sgj11
                          Debtor(s)             §    Chapter No.:  11
                                                §
The Dugaboy Investment Trust                    §
                          Appellant(s)          §
        vs.                                     §
Highland Capital Management, L.P. , et al.      §
                          Appellee(s)           §
                                                §
                                                §
                                                §
                                                §
                                                §
                                                §

# NOTICE OF TRANSMITTAL

I am transmitting:

- ☐  The Motion for leave to Appeal 28 U.S.C. § (USDC Civil Action No. DNC Case).

- ☐  The Motion for Stay Pending Appeal (USDC Action No. − DNC Case).

- ☐  The Proposed Findings of Fact and Conclusions of Law.

- ☐  The Motion to Extend Time To File Designation (USDC Civil Action No DNC Case).

- ☐  On , the Record on Appeal was transmitted. The designation of record or item(s) designated by were not filed when the record was transmitted. The item(s) were filed on awaiting instructions from the assigned district judge.

- ☐  Other

- ☑  Copies of: Notice of appeal, appealed order [4297] and supporting documents

**TO ALL ATTORNEYS**: File all subsequent papers captioned and numbered with the appropriate division of the United States District Clerk's Office. Any questions concerning this proceeding should be directed to the U.S. District Clerk's Office at (214) 753−2200.

DATED:  7/16/25                      FOR THE COURT:
                                     Stephen J Manz, Clerk of Court

                                     by: /s/Sheniqua Whitaker, Deputy Clerk

004411

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# WITHDRAWAL OF REFERENCE SERVICE LIST

## Transmission of the Record

BK Case No.: __19−34054−sgj11__

Received in District Court by: _____

Date: _____

Volume Number(s): _____

cc: Stacey G Jernigan
    Courtney Lauer
    Emily Chang
    Attorney(s) for Appellant
    US Trustee

**Appellant**  The Dugaboy Investment Trust

Michael J. Lang
Alexandra Ohlinger
CRAWFORD, WISHNEW & LANG PLLC
1700 Pacific Ave, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817−4500

**Appellee**  Highland Capital Management, L.P. and Highland Claimant Trust

PACHULSKI STANG ZIEHL & JONES LLP
Jeffery N. Pomerantz
John A. Morris
Gregory V. Demo
Hayley R. Winograd
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
T: (310) 277−6910

Hayward & Associates PLLC
Melissa S. Hayward
Zachery Z. Annable
10501 N. Central Expy. Ste. 106
Dallas, TX 75231
T: (972) 755−7100

**Appellee**  The Highland Litigation Sub−Trust

QUINN EMANUEL URQUHART & SULLIVAN LLP
Deborah J. Newman (admitted pro hac vice)
Robert S. Loigman (admitted pro hac vice)

004412

51 Madison Avenue, 22nd Floor New York, NY 10010
T: (212) 849−7000

SIDLEY AUSTIN LLP
Paige Holden Montgomery
2021 McKinney Avenue
Suite 2000
Dallas, Texas 75201
T: (214) 981−3300

**Appellee**   Hunter Mountain Investment Trust

KELLY HART PITRE
Louis M. Phillips
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801−1916
T: (225) 381−9643

Amelia L. Hurt
400 Poydras Street, Suite 1812
New Orleans, LA 70130
T: (504) 522−1812

004414

BTXN 150 (rev. 11/10)

| | |
|---|---|
| In Re:<br>Highland Capital Management, L.P.<br><br>Debtor(s) | §<br>§<br>§<br>§ | Case No.: 19–34054–sgj11<br>Chapter No.: 11 |

## CIVIL CASE COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I. (a) APPELLANT**
The Dugaboy Investment Trust

**APPELLEE**
Highland Capital Management, L.P., Highland Claimant Trust,
The Highland Litigation Sub–Trust and Hunter Mountain
Investment Trust

**(b)** County of Residence of First Listed Party:
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Party:
(IN U.S. PLAINTIFF CASES ONLY)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael J. Lang
Alexandra Ohlinger
CRAWFORD, WISHNEW & LANG PLLC
1700 Pacific Ave, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817–4500

Attorney's (If Known)
Highland Capital Management, L.P. and Highland Claimant Trust:
PACHULSKI STANG ZIEHL & JONES LLP
Jeffery N. Pomerantz
John A. Morris
Gregory V. Demo
Hayley R. Winograd
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
T: (310) 277–6910

Hayward & Associates PLLC
Melissa S. Hayward
Zachery Z. Annable
10501 N. Central Expy. Ste. 106
Dallas, TX 75231
T: (972) 755–7100

The Highland Litigation Sub–Trust:
QUINN EMANUEL URQUHART & SULLIVAN LLP
Deborah J. Newman (admitted pro hac vice)
Robert S. Loigman (admitted pro hac vice)
51 Madison Avenue, 22nd Floor New York, NY 10010
T: (212) 849–7000

SIDLEY AUSTIN LLP
Paige Holden Montgomery
2021 McKinney Avenue
Suite 2000
Dallas, Texas 75201
T: (214) 981–3300

: Hunter Mountain Investment Trust:
KELLY HART PITRE
Louis M. Phillips
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801–1916
T: (225) 381–9643

---

**II. BASIS OF JURISDICTION**

○ 1  U.S. Government
     Plaintiff

○ 2  U.S. Government
     Defendant

◉ 3  Federal Question
     (U.S. Government
     Not a Party)

○ 4  Diversity
     (Indicate Citizenship
     of Parties in Item III)

---

**III. CITIZENSHIP OF PRINCIPAL PARTIES**

| | | | | | |
|---|---|---|---|---|---|
| Citizen of This State | ○ 1 | ○ 1 | Incorporated or Principal Place<br>of Business In This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place<br>of Business In Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a<br>Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

**IV. NATURE OF SUIT**

◉ 422 Appeal 28 USC 158    ○ 423 Withdrawal 28 USC 157    ○ 890 Other Statutory Actions

---

**V. ORIGIN**

◉ 1  Original Proceeding    ○ 2    ○ 3  Remanded from Appellate Court    ○ 4

004415

| | 5 | Transferred from another district | | 6 | Removed from State Court<br>Multidistrict Litigation | | 7 | Appeal to District Judge from Magistrate Judgment | | Reinstated or Reopened |

---

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
422 Appeal 28 USC 158

Brief description of cause:
Noticfe of appeal of a bankruptcy court order

---

**VII. REQUESTED IN COMPLAINT:**

☐   CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23     DEMAND $     CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

---

**VIII. RELATED CASE(S) IF ANY**
Judge:                                      Docket Number:   21-0538, 21-0539, 21-0546, 21-0550, 21-1585, 22-0573, 23-2071, 24-1479

---

DATED:  7/16/25                   FOR THE COURT:
                                  Stephen J Manz, Clerk of Court
                                  by: /s/Sheniqua Whitaker, Deputy Clerk

004416

SEALEDEXH, 5thCircuitAppeal, APPEAL, SealedDocument, FUNDS, TRANSIN, REFORM,
ClaimsAgent, EXHIBITS, COMPLEX, ADVAPL

# U.S. Bankruptcy Court
## Northern District of Texas (Dallas)
## Bankruptcy Petition #: 19-34054-sgj11

|  |  |
|---|---|
| Date filed: | 10/16/2019 |
| Date Plan Confirmed: | 02/22/2021 |
| Date transferred: | 12/04/2019 |
| Plan confirmed: | 02/22/2021 |
| 341 meeting: | 01/09/2020 |
| Deadline for filing claims: | 04/08/2020 |
| Deadline for filing claims (govt.): | 04/13/2020 |

*Assigned to:* Chief Bankruptcy Jud Stacey G Jernigan
Chapter 11
Voluntary
Asset

**Debtor**
**Highland Capital Management, L.P.**
100 Crescent Court
Suite 1850
Dallas, TX 75201
DALLAS-TX

represented by **Omar Jesus Alaniz**
Reed Smith
2850 N. Harwood St.
Suite 1500
Dallas, TX 75201
469-680-4292
Fax : 469-680-4299
Email: oalaniz@reedsmith.com

**Zachery Z. Annable**
Hayward PLLC
10501 N. Central Expressway
Suite 106
Dallas, TX 75231
(972) 755-7108
Fax : (972) 755-7108
Email: zannable@haywardfirm.com

**Kenneth H. Brown**
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
415-263-7000
Fax : 415-263-7010
Email: sdhibbard@JonesDay.com

**David Grant Crooks**
Fox Rothschild LLP
Saint Ann Court
2501 N. Harwood Street
Ste 1800
Dallas, TX 75201
972-991-0889
Fax : 972-404-0516
Email: dcrooks@foxrothschild.com

**Gregory V. Demo**
Pachulski Stang Ziehl & Jones LLP

004417

1700 Broadway
Ste 36th Floor
New York, NY 10019
212-561-7700
Fax : 212-561-7777
Email: gdemo@pszjlaw.com

**Jeffrey M. Dine**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
34th Floor
New York, NY 10017
212-561-7735
Fax : 212-561-7777

**Robert Joel Feinstein**
Pachulski Stang Ziehl & Jones LLP
1700 Broadway
36th Floor
New York, NY 10019
212-561-7700
Fax : 212-561-7777
Email: rfeinstein@pszjlaw.com

**Eric Thomas Haitz**
Gibson, Dunn & Crutcher LLP
811 Main Street, Suite 3000
Houston, TX 77002
346-718-6648
Email: eric.haitz@bondsellis.com
*TERMINATED: 12/09/2019*

**Melissa S. Hayward**
Hayward PLLC
10501 N. Central Expry, Ste. 106
Dallas, TX 75231
972-755-7104
Fax : 972-755-7104
Email: MHayward@HaywardFirm.com

**Hayward & Associates PLLC**
10501 N. Central Expwy., Ste 106
Dallas, TX 75231

**Juliana Hoffman**
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
(214) 969-3581
Fax : (214) 981-3400
Email: jhoffman@sidley.com

**Ira D Kharasch**
10100 Santa Monica Boulevard

004418

15th Floor
Los Angeles, CA 90067
310-227-6910
Fax : 310-201-0760
Email: ikharasch@pszjlaw.com

**Alan J. Kornfeld**
Pachulski Stang Ziehl & Jones LLPL
10100 Santa Monica Blvd., 13 Fl
Los Angeles, CA 90067
310-277-6910
Fax : 301-201-0760

**Jordan A. Kroop**
PACHULSKI STANG ZIEHL & JONES
LLP
780 Third Avenue
34th Floor
New York, NY 10017-2024
212-561-7700
Fax : 212-561-7777
Email: jkroop@pszjlaw.com

**Maxim B Litvak**
Pachulski Stang Ziehl & Jones LLP
150 California Street
15th Floor
San Francisco, CA 94111
415-263-7000
Email: mlitvak@pszjlaw.com

**Brent Ryan McIlwain**
Holland & Knight LLP
1722 Routh Street
Ste 1500
Dallas, TX 75201
214-964-9481
Email: brent.mcilwain@hklaw.com

**John A Morris**
Pachulski Stang Ziehl & Jones LLP
1700 Broadway
Ste 36th Floor
New York, NY 10019
212-561-7760
Fax : 212-561-7777
Email: jmorris@pszjlaw.com

**James E. O'Neill**
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Fl.
Wilmington, DE 19801
302-652-4100
Fax : 302-652-4400

004419

Email: jonein@pszjlaw.com

**Jeffrey N. Pomerantz**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
310-277-6910
Fax : 310-201-0760
Email: jpomerantz@pszjlaw.com

**Jeffrey Nathan Pomerantz**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, CA 90067
(310) 277-6910
Fax : (310) 201-0760
Email: jpomerantz@pszjlaw.com

**Lindsey Lee Robin**
Reed Smith
2850 N. Harwood St.
Suite 1500
Dallas, TX 75201
469-680-4222
Fax : 469-680-4299
Email: lrobin@reedsmith.com

**Mark Stancil**
Willkie Farr & Gallagher LLP
1875 K Street, NW
Washington, DC 20006
202-303-1133
Fax : 202-303-2133
Email: mstancil@willkie.com

**Elissa A. Wagner**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
310-277-6910
Fax : 310-201-0760

**Hayley R Winograd**
Pachulski Stang Ziehl & Jones LLP
1700 Broadway
Ste 36th Floor
New York, NY 10019
212-561-7732
Email: hayleywinograd@gmail.com

*U.S. Trustee*
**United States Trustee**
1100 Commerce Street
Room 976

represented by **Lisa L. Lambert**
Office of the United States Trustee
1100 Commerce St., Rm. 976
Dallas, TX 75242

004420

Dallas, TX 75202
214-767-8967

(214) 767-8967 ext 1080
Fax : (214) 767-8971
Email: lisa.l.lambert@usdoj.gov

**Erin Marie Schmidt**
United States Trustee
1100 Commerce St., Room 976
Dallas, TX 75242-1496
(214) 767-1075
Fax : (214) 767-8971
Email: ustpregion06.da.ecf@usdoj.gov

***Creditor Committee***
**Official Committee of Unsecured Creditors**          represented by  **Sean M. Beach**
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
302-571-6600
Email: bankfilings@ycst.com

**Jessica Boelter**
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
212-839-5300
Fax : 212-839-5599
Email: jboelter@sidley.com

**Matthew A. Clemente**
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7539
Email: mclemente@sidley.com

**David Grant Crooks**
(See above for address)

**Gregory V. Demo**
(See above for address)

**Bojan Guzina**
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
312-853-7323
Fax : 312-853-7036
Email: bguzina@sidley.com

**Bojan Guzina**
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603

3128537323
Email: bguzina@sidley.com

**Juliana Hoffman**
(See above for address)

**Paige Holden Montgomery**
Sidley Austin LLP
2021 McKinney Avenue
Suite 2000
Dallas, TX 75201
214-969-3500
Fax : 214-981-3400
Email: pmontgomery@sidley.com

**Edmon L. Morton**
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
1000 North King Street
Wilmington, DE 19801
302-571-6637
Fax : 302-571-1253
Email: emorton@ycst.com

**Michael R. Nestor**
YOUNG CONAWAY STARGATT &
TAYLOR, LL
Rodney Square
1000 North King Street
Wilmington, DE 19801
302-571-6600
Email: mnestor@ycst.com

**Charles Martin Persons, Jr.**
Paul Hastings LLP
2001 Ross Avenue
Suite 2700
Dallas, TX 75201
972-936-7500
Fax : 972-936-7501
Email: charlespersons@paulhastings.com

**Jeffrey N. Pomerantz**
(See above for address)

**Penny Packard Reid**
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
(214) 981-3413
Fax : (214) 981-3400
Email: preid@sidley.com

**Alyssa Russell**

004422

Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7422
Fax : (312) 853-7036
Email: alyssa.russell@sidley.com

**Dennis M. Twomey**
Sidley Austin, LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7438
Fax : (312) 853-7036
Email: dtwomey@sidley.com

**Jaclyn C. Weissgerber**
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
302-571-6600
Email: bankfilings@ycst.com

**Sean M. Young Conway Stargatt &
Taylor, LLP**
Young Conway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
302-571-6600
Email: sbeach@ycst.com

| Filing Date | Docket Text |
|---|---|
| 12/04/2019 | 🔍 1  (2 pgs) Order transferring case number 19-12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P. (Okafor, M.) |
| 12/04/2019 | 🔍 2  (15 pgs) DOCKET SHEET filed in 19-12239 in the U.S. Bankruptcy Court for Delaware . (Okafor, M.) |
| 12/04/2019 | 🔍 3  (106 pgs; 2 docs) Chapter 11 Voluntary Petition . Fee Amount $1717. Filed by Highland Capital Management, L.P.. (Attachments: # 1 Creditor Matrix) [ORIGINALLY FILED AS DOCUMENT #1 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔍 4  (31 pgs; 2 docs) Motion to Pay Employee Wages /Motion of the Debtors for Entry of Order (I) Authorizing the Debtor to (A) Pay and Honor Prepetition Compensation, Reimbursable Business Expenses, and Employee Benefit Obligations, and (B) Maintain and Continue Certain Compensation and Benefit Programs Postpetition; and (II) Granting Related Relief Filed Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A - Proposed Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #2 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |

004423

| | |
|---|---|
| 12/04/2019 | 🌐 5  (23 pgs; 2 docs) Motion to Pay Critical Trade Vendor Claims /Motion of the Debtor for Entry of Interim and Final Orders (A) Authorizing Debtor to Pay Prepetition Claims of Critical Vendors and (B) Granting Related Relief Filed By Highland Capital Management, L.P. (Attachments: # 1 Exhibit A - Proposed Order)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #3 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] |
| 12/04/2019 | 🌐 6  (9 pgs; 2 docs) Motion to Extend Deadline to File Schedules or Provide Required Information Filed by Highland Capital Management, L.P.(Attachments: # 1 Exhibit A - Proposed Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #4 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) |
| 12/04/2019 | 🌐 7  (24 pgs; 2 docs) Motion to Maintain Bank Accounts /Motion of the Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System and Brokerage Relationships, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P. (Attachments: # 1 Exhibit A - Interim Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #5 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 8  (32 pgs; 2 docs) **WITHDRAWN** - 10/29/2019. SEE DOCKET # 72. Motion to Approve Use of Cash Collateral /Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Authorizing the Liquidation of Securities, (D) Modifying the Automatic Stay, and (E) Scheduling a Final Hearing Filed By Highland Capital Management, L.P. (Attachments: # 1 Exhibit A - Order)(O'Neill, James) Modified on 10/30/2019 (DMC) [ORIGINALLY FILED AS DOCUMENT #6 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] |
| 12/04/2019 | 🌐 9  (36 pgs; 4 docs) Application to Appoint Claims/Noticing Agent KURTZMAN CARSON CONSULTANTS, LLC Filed By Highland Capital Management, L.P. (Attachments: # 1 Exhibit A - Engagement Agreement # 2 Exhibit B - Gershbein Declaration # 3 Exhibit C - Proposed Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #7 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 10  (10 pgs; 2 docs) Motion to File Under Seal/Motion of the Debtor for Entry of Interim and Final Orders Authorizing the Debtor to File Under Seal Portions of Its Creditor Matrix Containing Employee Address Information Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A - Proposed Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #8 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 11  (44 pgs) Affidavit/Declaration in Support of First Day Motion /Declaration of Frank Waterhouse in Support of First Day Motions Filed By Highland Capital Management, L.P. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #9 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) |
| 12/04/2019 | 🌐 12  (3 pgs) Notice of Hearing on First Day Motions (related document(s)2, 3, 5, 6, 7, 8, 9 [ON DELAWARE DOCKET]) Filed by Highland Capital Management, L.P.. Hearing scheduled for 10/18/2019 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #11 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 13  (15 pgs; 2 docs) Notice of Hearing // Notice of Interim Hearing on Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Authorizing the Liquidation of Securities, (D) Modifying the Automatic Stay, and (E) Scheduling a Final Hearing (related document(s)6) Filed by Highland Capital Management, L.P.. Hearing scheduled for 10/18/2019 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, |

| | Delaware. (Attachments: # 1 Exhibit A) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #12 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
|---|---|
| 12/04/2019 | 14 (3 pgs) Notice of Agenda of Matters Scheduled for Hearing Filed by Highland Capital Management, L.P.. Hearing scheduled for 10/18/2019 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #13 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 15 (3 pgs) Notice of appearance Filed by Alvarez & Marsal CRF Management, LLC, as Investment Manager of the Highland Crusader Funds (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #14 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 16 (1 pg) Motion to Appear pro hac vice of Marshall R. King of Gibson, Dunn & Crutcher LLP. Receipt Number 2757354, Filed by Alvarez & Marsal CRF Management, LLC, as Investment Manager of the Highland Crusader Funds. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #15 ON 10/1/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 17 (1 pg) Motion to Appear pro hac vice of Michael A. Rosenthal of Gibson, Dunn & Crutcher LLP. Receipt Number 2624495, Filed by Alvarez & Marsal CRF Management, LLC, as Investment Manager of the Highland Crusader Funds. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #16 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 18 (1 pg) Motion to Appear pro hac vice of Alan Moskowitz of Gibson, Dunn & Crutcher LLP. Receipt Number 2624495, Filed by Alvarez & Marsal CRF Management, LLC, as Investment Manager of the Highland Crusader Funds. (Beach, Sean) ) [ORIGINALLY FILED AS DOCUMENT #17 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 19 (1 pg) Motion to Appear pro hac vice of Matthew G. Bouslog of Gibson, Dunn & Crutcher LLP. Receipt Number 2581894, Filed by Alvarez & Marsal CRF Management, LLC, as Investment Manager of the Highland Crusader Funds. (Beach, Sean)) [ORIGINALLY FILED AS DOCUMENT #18 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 20 (3 pgs) Notice of Appearance and Request for Notice by Louis J. Cisz filed by Interested Party California Public Employees Retirement System (CalPERS) . (Okafor, M.) [ORIGINALLY FILED AS DOCUMENT #19 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] |
| 12/04/2019 | 21 (1 pg) Motion to Appear pro hac vice (Jeffrey N. Pomerantz). Receipt Number 2564620, Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #20 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 22 (1 pg) Motion to Appear pro hac vice (Maxim B. Litvak). Receipt Number 2564620, Filed by Highland Capital Management, L.P. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #21 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 23 (1 pg) Motion to Appear pro hac vice (Ira D. Kharasch). Receipt Number DEX032537, Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #22 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 24 (1 pg) Motion to Appear pro hac vice (Gregory V. Demo). Receipt Number DEX032536, Filed by Highland Capital Management, L.P. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #23 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |

004425

| 12/04/2019 | 📄 25  (1 pg) Motion to Appear pro hac vice of Marc B. Hankin. Receipt Number 2757358, Filed by Redeemer Committee of the Highland Crusader Fund. (Miller, Curtis) [ORIGINALLY FILED AS DOCUMENT #24 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) |
|---|---|
| 12/04/2019 | 📄 26  (1 pg) Order Approving Motion for Admission pro hac vice Marshall R. King of Gibson(Related Doc # 15) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #25 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 📄 27  (1 pg) Order Approving Motion for Admission pro hac vice Michael A. Rosenthal (Related Doc # 16) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #26 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 📄 28  (1 pg) Order Approving Motion for Admission pro hac vice Alan Moskowitz (Related Doc # 17) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #27 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 📄 29  (1 pg) Order Approving Motion for Admission pro hac vice Matthew G. Bouslog(Related Doc # 18) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #28 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 📄 30  (1 pg) Order Approving Motion for Admission pro hac vice Jeffrey N. Pomerantz (Related Doc # 20) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #29 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 📄 31  (1 pg) Order Approving Motion for Admission pro hac vice Maxim B. Litvak (Related Doc # 21) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #30 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 📄 32  (1 pg) Order Approving Motion for Admission pro hac vice Ira D. Kharasch (Related Doc # 22) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #31 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 📄 33  (1 pg) Order Approving Motion for Admission pro hac vice Gregory V. Demo(Related Doc # 23) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #32 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 📄 34  (1 pg) Order Approving Motion for Admission pro hac vice Marc B. Hankin(Related Doc # 24) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #33 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 📄 35  (7 pgs) Certificate of Service of: 1) Notice of Hearing on First Day Motions; 2) Notice of Interim Hearing on Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Authorizing the Liquidation of Securities, (D) Modifying the Automatic Stay, and (E) Scheduling a Final Hearing; and 3) Notice of Agenda for Hearing of First Day Motions Scheduled for October 18, 2019 at 10:00 a.m. (related document(s)11, 12, 13) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #34 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 📄 36  (1 pg) Motion to Appear pro hac vice (John A. Morris). Receipt Number 2635868, Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #35 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) |

004426

| | |
|---|---|
| 12/04/2019 | 🔦 37  (3 pgs) Notice of Appearance and Request for Notice by Richard B. Levin , Marc B. Hankin , Kevin M. Coen , Curtis S. Miller filed by Interested Party Redeemer Committee of the Highland Crusader Fund . (Miller, Curtis) [ORIGINALLY FILED AS DOCUMENT #36 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) |
| 12/04/2019 | 🔦 38  (1 pg) Order Approving Motion for Admission pro hac vice John A. Morris(Related Doc # 35) Order Signed on 10/18/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #38 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔦 39  (5 pgs) Order (I) Authorizing the Debtor to (A) Pay and Honor Prepetition Compensation, Reimbursable Business Expenses, and Employee Benefit Obligations, and (B) Maintain and Continue Certain Compensation and Benefit Programs Postpetition; and (II) Granting Related Relief. (related document(s)2) Order Signed on 10/18/2019. (NAB) [ORIGINALLY FILED AS DOCUMENT #39 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔦 40  (9 pgs; 2 docs) Interim Order (A) Authorizing the Debtor to Pay Certain Prepetition Claims of Critical Vendors and (B) Granting Related Relief (Related Doc 3) Order Signed on 10/18/2019 (Attachments: # 1 Agreement)) (NAB) Modified Text on 10/21/2019 (LB) [ORIGINALLY FILED AS DOCUMENT #40 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔦 41  (3 pgs) Notice of Appearance and Request for Notice by Eric Thomas Haitz filed by Debtor Highland Capital Management, L.P.. (Haitz, Eric) |
| 12/04/2019 | 🔦 42  (7 pgs) Interim Order Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief. (Related Doc 5) Order Signed on 10/18/2019. (JS) Modified Text on 10/21/2019 (LB). [ORIGINALLY FILED AS DOCUMENT #42 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔦 43  (6 pgs) Order Appointing Kurtzman Carson Consultants, LLC as Claims and Noticing Agent for the Debtors Pursuant to 28 U.S.C. §156(C), 11 U.S.C. §105(A), and Local Rule 2002-1(F) (Related Doc # 7) Order Signed on 10/18/2019. (JS) [ORIGINALLY FILED AS DOCUMENT #43 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔦 44  (3 pgs) Interim Order Authorizing the Debtor to File Under Seal Portions of Its Creditor Matrix Containing Employee Address Information. (Related Doc # 8) Order Signed on 10/18/2019. (JS) [ORIGINALLY FILED AS DOCUMENT #44 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔦 45  (1 pg) Notice of Appearance and Request for Notice by Elizabeth Weller filed by Irving ISD , Grayson County , Upshur County , Dallas County , Tarrant County , Kaufman County , Rockwall CAD , Allen ISD , Fannin CAD , Coleman County TAD . (Okafor, M.) |
| 12/04/2019 | 🔦 46  (4 pgs) Notice of hearing/scheduling conference filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1 Order transferring case number 19-12239 from U.S. Bankruptcy Court for the District of Delaware filed by Highland Capital Management, L.P. (Okafor, M.)). Status Conference to be held on 12/6/2019 at 09:30 AM at Dallas Judge Jernigan Ctrm. (Haitz, Eric) |
| 12/04/2019 | 🔦 47  (40 pgs; 3 docs) Notice of Service // Notice of Entry of Order on Motion of Debtor for Entry of Order (I) Authorizing the Debtor to (A) Pay and Honor Prepetition Compensation, Reimbursable Business Expenses, and Employee Benefit Obligations, and (B) Maintain and Continue Certain Compensation and Benefit Programs Postpetition; and (II) Granting Related Relief (related document(s)2, 39) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (O'Neill, James) |

[ORIGINALLY FILED AS DOCUMENT #47 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)

| 12/04/2019 | 🖳 48  (83 pgs; 4 docs) Notice of Service // Notice of Entry of Order on Application for an Order Appointing Kurtzman Carson Consultants LLC as Claims and Noticing Agent for the Debtor Pursuant to 28 U.S.C. §156(C), 11 U.S.C. §105(A), and Local Rule 2002-1(F) (related document(s)7, 43) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #48 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) Additional attachment(s) added on 12/9/2019 (Okafor, M.). |
|---|---|
| 12/04/2019 | 🖳 49  (13 pgs; 2 docs) Notice of Hearing // Notice of Motion of Debtor for Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statement of Financial Affairs, and (II) Granting Related Relief (related document(s)4) Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019.(Attachments: # 1 Exhibit 1) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #49 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🖳 50  (37 pgs; 3 docs) Notice of Hearing // Notice of Entry of Interim Order and Final Hearing on Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing Debtor to Pay Prepetition Claims of Critical Vendors and (B) Granting Related Relief (related document(s)3, 40) Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #50 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🖳 51  (36 pgs; 3 docs) Notice of Hearing // Notice of Entry of Interim Order and Final Hearing on Motion of Debtor for Entry of Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System and Brokerage Relationships, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief (related document(s)5, 42) Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019 (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #51 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🖳 52  (22 pgs; 3 docs) Notice of Hearing // Notice of Entry of Interim Order and Final Hearing on Motion of Debtor for Entry of Interim and Final Orders Authorizing Debtor to File Under Seal Portions of Its Creditor Matrix Containing Employee Address Information (related document(s)8, 44) Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #52 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🖳 53  (36 pgs; 2 docs) Notice of Hearing // Notice of Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Authorizing the Liquidation of Securities, (D) Modifying the Automatic Stay, and (E) Scheduling a Final Hearing (related document(s)6) Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/7/2019 at 03:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 10/31/2019. (Attachments: # 1 Exhibit 1) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #53 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🖳 54  (7 pgs) Affidavit/Declaration of Service for service of (1) [Signed] Order Approving Motion for Admission pro hac vice Jeffrey N. Pomerantz [Docket No. 29]; (2) [Signed] Order Approving Motion for |

Admission pro hac vice Maxim B. Litvak [Docket No. 30]; (3) [Signed] Order Approving Motion for Admission pro hac vice Ira D. Kharasch [Docket No. 31]; (4) [Signed] Order Approving Motion for Admission pro hac vice Gregory V. Demo [Docket No. 32]; (5) [Signed] Order Approving Motion for Admission pro hac vice John A. Morris [Docket No. 38]; (6) Notice of Entry of Order on Motion of Debtor for Entry of Order (I) Authorizing the Debtor to (A) Pay and Honor Prepetition Compensation, Reimbursable Business Expenses, and Employee Benefit Obligations, and (B) Maintain and Continue Certain Compensation and Benefit Programs Postpetition; and (II) Granting Related Relief [Docket No. 47]; (7) Notice of Entry of Order on Application for an Order Appointing Kurtzman Carson Consultants LLC as Claims and Noticing Agent for the Debtor Pursuant to 28 U.S.C. §156(C), 11 U.S.C. §105(A), and Local Rule 2002-1(F) [Docket No. 48]; (8) Notice of Motion of Debtor for Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statement of Financial Affairs, and (II) Granting Related Relief [Docket No. 49]; (9) Notice of Entry of Interim Order and Final Hearing on Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing Debtor to Pay Prepetition Claims of Critical Vendors and (B) Granting Related Relief [Docket No. 50]; (10) Notice of Entry of Interim Order and Final Hearing on Motion of Debtor for Entry of Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System and Brokerage Relationships, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief [Docket No. 51]; (11) Notice of Entry of Interim Order and Final Hearing on Motion of Debtor for Entry of Interim and Final Orders Authorizing Debtor to File Under Seal Portions of Its Creditor Matrix Containing Employee Address Information [Docket No. 52]; and (12) Notice of Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Authorizing the Liquidation of Securities, (D) Modifying the Automatic Stay, and (E) Scheduling a Final Hearing [Docket No. 53] (related document(s)29, 30, 31, 32, 38, 47, 48, 49, 50, 51, 52, 53) Filed by Highland Capital Management, L.P. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #55 ON 10/21/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M)

| | |
|---|---|
| 12/04/2019 | 🔲 55  (4 pgs; 2 docs) Notice of Appearance and Request for Notice by Josef W. Mintz , John E. Lucian , Phillip L. Lamberson , Rakhee V. Patel filed by Acis Capital Management, L.P. , Acis Capital Management GP, LLC . (Attachments: # 1 Certificate of Service) (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #56 ON 10/22/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) |
| 12/04/2019 | 🔲 56  (1 pg) Motion to Appear pro hac vice of Rakhee V. Patel of Winstead PC. Receipt Number 3112761165, Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P.. (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #57 ON 10/22/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔲 57  (1 pg) Motion to Appear pro hac vice of Phillip Lamberson of Winstead PC. Receipt Number 3112761165, Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P.. (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #58 ON 10/22/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔲 58  (1 pg) Motion to Appear pro hac vice of John E. Lucian of Blank Rome LLP. Receipt Number 3112548736, Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P.. (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #59 ON 10/22/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔲 59  (4 pgs; 3 docs) Notice of Appearance and Request for Notice by Michael I. Baird filed by Interested Party Pension Benefit Guaranty Corporation . (Attachments: # 1 Certification of United States Government Attorney # 2 Certificate of Service) (Baird, Michael) [ORIGINALLY FILED AS DOCUMENT #60 ON 10/23/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) |
| 12/04/2019 | 🔲 60  (1 pg) Order Granting Motion for Admission pro hac vice for Rakhee V. Patel (Related Doc # 57) Order Signed on 10/24/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #61 ON 10/24/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |

| | |
|---|---|
| 12/04/2019 | 🖱 61  (1 pg) Order Granting Motion for Admission pro hac vice of John E. Lucian (Related Doc # 59) Order Signed on 10/24/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #62 ON 10/24/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🖱 62  (1 pg) Order Granting Motion for Admission pro hac vice of Phillip Lamberson (Related Doc # 58) Order Signed on 10/24/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #63 ON 10/24/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🖱 63  (2 pgs) Notice of Appearance and Request for Notice by Michael L. Vild filed by Creditor Patrick Daugherty . (Vild, Michael) [ORIGINALLY FILED AS DOCUMENT #64 ON 10/24/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🖱 64  (1 pg) Notice of Appointment of Creditors' Committee Filed by U.S. Trustee. (Leamy, Jane) [ORIGINALLY FILED AS DOCUMENT #65 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🖱 65  (1 pg) Request of US Trustee to Schedule Section 341 Meeting of Creditors November 20,2019 at 9:30 a.m. Filed by U.S. Trustee. (Leamy, Jane) [ORIGINALLY FILED AS DOCUMENT #66 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🖱 66  (2 pgs) Notice of Meeting of Creditors/Commencement of Case Filed by Highland Capital Management, L.P.. 341(a) meeting to be held on 11/20/2019 at 09:30 AM at J. Caleb Boggs Federal Building, 844 King St., Room 3209, Wilmington, Delaware. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #67 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🖱 67  (27 pgs; 4 docs) Motion to Authorize /Motion of the Debtor for Entry of an Order (I) Authorizing Bradley D. Sharp to Act as Foreign Representative Pursuant to 11 U.S.C. Section 1505 and (II) Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Form of Order # 3 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #68 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🖱 68  (48 pgs; 8 docs) Application/Motion to Employ/Retain Foley Gardere, Foley & Lardner LLP as Special Texas Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C - Proposed Order # 5 2016 Statement # 6 Declaration Frank Waterhouse # 7 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #69 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🖱 69  (37 pgs; 7 docs) **WITHDRAWN per #437. Application/Motion to Employ/Retain Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A - Hurst Declaration # 3 Exhibit B - Proposed Order # 4 2016 Statement # 5 Declaration Frank Waterhouse # 6 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #70 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) Modified on 2/11/2020 (Ecker, C.). (Entered: 12/05/2019) |
| 12/04/2019 | 🖱 70  (35 pgs; 7 docs) Application/Motion to Employ/Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019(Attachments: # 1 Notice # 2 Rule 2016 Statement # 3 Declaration of Jeffrey N. Pomerantz in Support # 4 Declaration of |

Frank Waterhouse # 3 Proposed Form of Order # 4 Certificate of Service and Service List (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #71 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Main Document 70 replaced on 2/16/2022) (Okafor, Marcey). Additional attachment(s) added on 2/16/2022 (Okafor, Marcey). (Entered: 12/05/2019)

| | |
|---|---|
| 12/04/2019 | 71  (9 pgs; 2 docs) Notice of Withdrawal of Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Authorizing the Liquidation of Securities, (D) Modifying the Automatic Stay, and (E) Scheduling a Final Hearing (related document(s)6) Filed by Highland Capital Management, L.P. (Attachments: # 1 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #72 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 72  (28 pgs; 4 docs) Motion for Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #73 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 73  (41 pgs; 5 docs) Application/Motion to Employ/Retain Kurtzman Carson Consultants as Administrative Advisor Effective Nunc Pro Tunc to the Petition Date Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Gershbein Declaration # 4 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #74 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 74  (48 pgs; 6 docs) Application/Motion to Employ/Retain Development Specialists, Inc. as Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services, Nunc Pro Tunc As of the Petition Date Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A - Engagement Letter # 3 Exhibit B - Sharp Declaration # 4 Exhibit C - Proposed Order # 5 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #75 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 75  (37 pgs; 6 docs) Motion to Authorize /Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - OCP List # 4 Exhibit C - Form of Declaration of Disinterestedness # 5 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #76 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 76  (99 pgs; 6 docs) **WITHDRAWN by # 360** Motion to Approve /Precautionary Motion of the Debtor for Order Approving Protocols for the Debtor to Implement Certain Transactions in the Ordinary Course of Business Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Appendix I # 3 Appendix II # 4 Proposed Form of Order # 5 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #77 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) Modified on 1/16/2020 (Ecker, C.). (Entered: 12/05/2019) |

| 12/04/2019 | 🌐 77 (2 pgs) Notice of Appearance and Request for Notice by William A. Hazeltine filed by Interested Party Hunter Mountain Trust . (Okafor, M.) (Hazeltine, William) [ORIGINALLY FILED AS DOCUMENT #78 ON 10/30/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.). (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 78 (2 pgs) Notice of Meeting of Creditors/Commencement of Case (Corrected) Filed by Highland Capital Management, L.P.. 341(a) meeting to be held on 11/20/2019 at 09:30 AM at J. Caleb Boggs Federal Building, 844 King St., Room 3209, Wilmington, Delaware. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #79 ON 10/30/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 79 (1 pg) Motion to Appear pro hac vice of Brian P. Shaw of Rogge Dunn Group. Receipt Number 0311-27677, Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P. (Bibiloni, Jose) [ORIGINALLY FILED AS DOCUMENT #80 ON 10/30/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 80 (4 pgs; 2 docs) Amended Notice of Appearance. The party has consented to electronic service. Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P. (Attachments: # 1 Certificate of Service) (Bibiloni, Jose) [ORIGINALLY FILED AS DOCUMENT #81 ON 10/30/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 81 (3 pgs) Notice of Appearance and Request for Notice by Jessica Boelter , Alyssa Russell , Matthew A. Clemente , Bojan Guzina filed by Creditor Committee Official Committee of Unsecured Creditors . (Guzina, Bojan) [ORIGINALLY FILED AS DOCUMENT #82 ON 10/30/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 82 (21 pgs; 2 docs) Initial Reporting Requirements /Initial Monthly Operating Report of Highland Capital Management, LP Filed by Highland Capital Management, L.P.. (Attachments: # 1 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #83 ON 10/31/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 83 (1 pg) Order Approving Motion for Admission pro hac vice Brian P. Shaw(Related Doc # 80) Order Signed on 11/1/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #84 ON 11/01/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 84 (4 pgs; 2 docs) Notice of Appearance and Request for Notice by Sarah E. Silveira , Michael J. Merchant , Asif Attarwala , Jeffrey E. Bjork filed by Interested Parties UBS AG London Branch , UBS Securities LLC . (Attachments: # 1 Certificate of Service) (Merchant, Michael) [ORIGINALLY FILED AS DOCUMENT #85 ON 11/01/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 85 (159 pgs; 6 docs) Motion to Change Venue/Inter-district Transfer Filed by Official Committee of Unsecured Creditors. (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E - Certificate of Service) (Guzina, Bojan)[ORIGINALLY FILED AS DOCUMENT #86 ON 11/01/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 86 (15 pgs; 3 docs) Emergency Motion to Shorten Notice With Respect To The Motion Of Official Committee Of Unsecured Creditors To Transfer Venue Of This Case To The United States Bankruptcy Court For The Northern District Of Texas (related document(s)86) Filed by Official Committee of Unsecured Creditors. (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B - Certificate of Service) (Guzina, Bojan) [ORIGINALLY FILED AS DOCUMENT #87 ON 11/01/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |

| | |
|---|---|
| 12/04/2019 | 🌐 87  (1 pg) Order Denying Emergency Motion to Shorten Notice With Respect to The Motion of Official Committee of Unsecured Creditors to Transfer Venue of This Case to the United States Bankruptcy Court for the Northern District Of Texas (Related Doc # 87) Order Signed on 11/4/2019. (JS) [ORIGINALLY FILED AS DOCUMENT #88 ON 11/04/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 88  (3 pgs) Notice of Appearance. The party has consented to electronic service. Filed by Jefferies LLC. (Bowden, William) [ORIGINALLY FILED AS DOCUMENT #89 ON 11/04/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 89  (1 pg) Motion to Appear pro hac vice of Patrick C. Maxcy. Receipt Number 2770240, Filed by Jefferies LLC. (Bowden, William) [ORIGINALLY FILED AS DOCUMENT #90 ON 11/04/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 90  (1 pg) Motion to Appear pro hac vice of Lauren Macksoud. Receipt Number 2770389, Filed by Jefferies LLC. (Bowden, William) [ORIGINALLY FILED AS DOCUMENT #91 ON 11/04/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 91  (3 pgs) Notice of Appearance. The party has consented to electronic service. Filed by INTEGRATED FINANCIAL ASSOCIATES, INC. (Carlyon, Candace) [ORIGINALLY FILED AS DOCUMENT #92 ON 11/04/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 92  (1 pg) Order Approving Motion for Admission pro hac vice Patrick C. Maxcy(Related Doc # 90) Order Signed on 11/5/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #93 ON 11/05/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 93  (1 pg) Order Approving Motion for Admission pro hac vice Lauren Macksoud(Related Doc # 91) Order Signed on 11/5/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #94 ON 11/05/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 94  (11 pgs; 2 docs) HEARING CANCELLED. Notice of Agenda of Matters not going forward. The following hearing has been cancelled. Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/7/2019 at 03:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. (Attachments: # 1 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #95 ON 11/05/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 95  (3 pgs; 2 docs) Notice of Appearance. The party has consented to electronic service. Filed by BET Investments, II, L.P.. (Attachments: # 1 Certificate of Service) (Kurtzman, Jeffrey) (Attachments: # 1 Certificate of Service) [ORIGINALLY FILED AS DOCUMENT #96 ON 11/05/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 96  (3 pgs; 2 docs) Certification of Counsel Regarding Order Scheduling Omnibus Hearing Date Filed by Highland Capital Management, L.P.. (Attachments: # 1 Proposed Form of Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #97 ON 11/07/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 98  (1 pg) Order Scheduling Omnibus Hearings. Omnibus Hearings scheduled for 12/17/2019 at 11:00 AM US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Signed on 11/7/2019. (CAS) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #98 ON 11/07/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 101  (17 pgs; 4 docs) Exhibit(s) // Notice of Filing of Amended Exhibit B to Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized By the Debtor |

| | |
|---|---|
| | in the Ordinary Course of Business (related document(s)76) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #99 ON 11/07/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 102  (8 pgs) Affidavit/Declaration of Service for service of [Signed] Order Scheduling Omnibus Hearing Date [Docket No. 98] (related document(s)98) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #100 ON 11/07/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 103  (10 pgs) Notice of Deposition - Notice to Take Rule 30(b)(6) Deposition Upon Oral Examination of the Debtor, Highland Capital Management, L.P. Filed by Official Committee of Unsecured Creditors. (Guerke, Kevin) [ORIGINALLY FILED AS DOCUMENT #101 ON 11/10/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 104  (2 pgs) Notice of Deposition of Frank Waterhouse Filed by Official Committee of Unsecured Creditors. (Guerke, Kevin) [ORIGINALLY FILED AS DOCUMENT #102 ON 11/10/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 106  (2 pgs) Notice of Service - Notice of Intent to Serve Subpoena Filed by Official Committee of Unsecured Creditors. (Guerke, Kevin) [ORIGINALLY FILED AS DOCUMENT #103 ON 11/10/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 107  (10 pgs; 2 docs) Notice of Substitution of Counsel Filed by Alvarez & Marsal CRF Management, LLC, as Investment Manager of the Highland Crusader Funds. (Attachments: # 1 Certificate of Service) (Ryan, Jeremy) [ORIGINALLY FILED AS DOCUMENT #104 ON 11/11/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 108  (3 pgs) Amended Notice of Appearance. The party has consented to electronic service. Filed by Official Committee of Unsecured Creditors. (Beach, Sean) . [ORIGINALLY FILED AS DOCUMENT #105 ON 11/11/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 110  (1 pg) Motion to Appear pro hac vice Of Bojan Guzina of Sidley Austin LLP. Receipt Number 2775584, Filed by Official Committee of Unsecured Creditors. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #106 ON 11/11/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 111  (1 pg) Motion to Appear pro hac vice of Alyssa Russell of Sidley Austin LLP. Receipt Number 2620330, Filed by Official Committee of Unsecured Creditors. (Beach, Sean)[ORIGINALLY FILED AS DOCUMENT #107 ON 11/11/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 112  (1 pg) Motion to Appear pro hac vice of Matthew A. Clemente of Sidley Austin LLP. Receipt Number 2775584, Filed by Official Committee of Unsecured Creditors. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #108 ON 11/11/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 113  (1 pg) Motion to Appear pro hac vice of Paige Holden Montgomery. Receipt Number 2775584, Filed by Official Committee of Unsecured Creditors. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #109 ON 11/11/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |

| | |
|---|---|
| 12/04/2019 | 🖲 114 (1 pg) Motion to Appear pro hac vice of Penny P. Reid of Sidley Austin. Receipt Number 2775584, Filed by Official Committee of Unsecured Creditors. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #110 ON 11/11/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖲 115 (1 pg) Order Approving Motion for Admission pro hac vice Bojan Guzina(Related Doc # 106) Order Signed on 11/12/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #111 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖲 116 (1 pg) Order Approving Motion for Admission pro hac vice Alyssa Russell (Related Doc # 107) Order Signed on 11/12/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #112 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖲 117 (1 pg) Order Approving Motion for Admission pro hac vice Matthew A. Clemente (Related Doc # 108) Order Signed on 11/12/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #113 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖲 118 (1 pg) Order Approving Motion for Admission pro hac vice Paige Holden(Related Doc # 109) Order Signed on 11/12/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #114 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖲 119 (1 pg) Order Approving Motion for Admission pro hac vice Penny P. Reid(Related Doc # 110) Order Signed on 11/12/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #115 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖲 120 (94 pgs; 11 docs) Limited Objection to the Debtors: (I) Application for an Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel, Nunc Pro Tunc to the Petition Date; and (II) Application for an Order Authorizing the Retention and Employment of Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel, Nunc Pro Tunc to the Petition Date (related document(s)69, 70) Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Certificate of Service) (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #116 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖲 121 (26 pgs; 3 docs) Limited Objection and Reservation of Rights of Jefferies LLC to Debtor's Motion for Order Approving Protocols for the Debtor to Implement Certain Transactions in the Ordinary Course of Business (related document(s)77) Filed by Jefferies LLC (Attachments: # 1 Exhibit A # 2 Certificate of Service) (Bowden, William) [ORIGINALLY FILED AS DOCUMENT #117 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖲 122 (27 pgs) Objection of the Debtor to Motion of Official Committee of Unsecured Creditors to Transfer Venue of This Case to the United States Bankruptcy Court for the Northern District of Texas (related document(s)86) Filed by Highland Capital Management, L.P. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #118 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖲 123 (5 pgs) Limited Objection to Motion of the Debtor for an Order Authorizing the Debtor to Retain, Employee, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (related document(s)76) Filed by Official Committee of Unsecured Creditors (Weissgerber, |

Jaclyn) [ORIGINALLY FILED AS DOCUMENT #119 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) (Entered: 12/05/2019)

| | |
|---|---|
| 12/04/2019 | 🌐 124  (6 pgs) **WITHDRAWN per # 456** Limited Objection to the Debtor's Application for an Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner LLP and Lynn Pinker Cox & Hurst as Special Texas Counsel and Special Litigation Counsel, Nunc Pro Tunc to the Petition Date (related document(s)69, 70) Filed by Official Committee of Unsecured Creditors (Weissgerber, Jaclyn) [ORIGINALLY FILED AS DOCUMENT #120 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) Modified on 2/19/2020 (Ecker, C.). (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 125  (4 pgs) Limited Objection to the Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing Debtor to Pay Prepetition Claims of Critical Vendors and (B) Granting Related Relief (related document(s)3) Filed by Official Committee of Unsecured Creditors (Weissgerber, Jaclyn) [ORIGINALLY FILED AS DOCUMENT #121 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 126  (11 pgs) Joinder to Motion of the Official Committee of Unsecured Creditors For an Order Transferring Venue of this Case to the United States Bankruptcy Court for the Northern District of Texas (related document(s)86) Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P.. (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #122 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 127  (12 pgs; 3 docs) Motion to File Under Seal of the Omnibus Objection of the Official Committee of Unsecured Creditors to the Debtors (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for Ordinary Course Transactions Filed by Official Committee of Unsecured Creditors. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/19/2019. (Attachments: # 1 Notice # 2 Proposed Form of Order) [ORIGINALLY FILED AS DOCUMENT #123 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 128 [SEALED in Delaware Bankruptcy Court] Omnibus Objection to the Debtor's (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for "Ordinary Course" Transactions (related document(s)5, 75, 77, 123) Filed by Official Committee of Unsecured Creditors (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E) (Weissgerber, Jaclyn) [ORIGINALLY FILED AS DOCUMENT #124 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 130  (162 pgs; 6 docs) Objection to the Debtor's (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for "Ordinary Course" Transactions (Redacted) (related document(s)5, 75, 77, 123, 124) Filed by Official Committee of Unsecured Creditors (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E)(Weissgerber, Jaclyn) [ORIGINALLY FILED AS DOCUMENT #125 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 131  (2 pgs) Notice of Service of Discovery Filed by Official Committee of Unsecured Creditors. (Guerke, Kevin) [ORIGINALLY FILED AS DOCUMENT #126 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 132  (5 pgs) Objection Motion of Debtor for Entry of Order Authorizing Debtor to File Under Seal Portions of Creditor Matrix Containing Employee Address Information (related document(s)8) Filed by |

U.S. Trustee (Leamy, Jane) [ORIGINALLY FILED AS DOCUMENT #127 ON 11/12/2019 IN U.S.
BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019)

| 12/04/2019 | 🖇 133 (7 pgs) Certificate of Service of Objection of the Debtor to Motion of Official Committee of Unsecured Creditors to Transfer Venue of This Case to the United States Bankruptcy Court for the Northern District of Texas (related document(s)118) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #128 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) Modified text on 12/5/2019 (Okafor, M.). (Entered: 12/05/2019) |
|---|---|
| 12/04/2019 | 🖇 134 (5 pgs) Certificate of Service of Acis's Joinder in Motion to Transfer Venue (related document(s)122) Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P.. (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #129 ON 11/13/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖇 135 (7 pgs; 2 docs) Objection U.S. Trustee's Objection to the Motion of Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Provide a Chief Restructuring Officer, Additional Personnel and Financial Advisory and Restructuring Related Services, Nunc Pro Tunc as of the Petition Date (related document(s)75) Filed by U.S. Trustee (Attachments: # 1 Certificate of Service)(Leamy, Jane) [ORIGINALLY FILED AS DOCUMENT #130 ON 11/13/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖇 136 (1 pg) Certificate of Service of United States Trustees Objection to Motion of Debtor for Entry of Order Authorizing Debtor to File Under Seal Portions of Creditor Matrix Containing Employee Address Information (related document(s)127) Filed by U.S. Trustee. (Leamy, Jane) [ORIGINALLY FILED AS DOCUMENT #131 ON 11/13/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖇 137 (17 pgs; 3 docs) Certification of Counsel Regarding Debtor's Motion Pursuant to Sections 105(A), 330 and 331 of the Bankruptcy Code for Administrative Order Establishing Procedures for the Interim Compensation and Reimbursement of Expenses of Professionals (related document(s)73) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B - Blackline Order)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #132 ON 11/13/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖇 138 (17 pgs; 2 docs) Certificate of No Objection Regarding Debtor's Application for Authorization to Employ and Retain Kurtzman Carson Consultants LLC as Administrative Advisor Effective Nunc Pro Tunc to the Petition Date (related document(s)74) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A - Proposed Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #133 ON 11/13/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖇 139 (5 pgs; 2 docs) Certificate of No Objection Regarding Motion of the Debtor for Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statement of Financial Affairs, and (II) Granting Related Relief (related document(s)4) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A - Proposed Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #134 ON 11/13/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖇 140 (2 pgs) Notice of Appearance. The party has consented to electronic service. Filed by Crescent TC Investors, L.P.. (Held, Michael) [ORIGINALLY FILED AS DOCUMENT #135 ON 11/14/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖇 141 (6 pgs) ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMI3URSEMENT OF EXPENSES OF PROFESSIONALS(Related Doc # 73) Order Signed on |

11/13/2019 (DRG) [ORIGINALLY FILED AS DOCUMENT #136 ON 11/14/2019 IN U.S.
BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019)

| | |
|---|---|
| 12/04/2019 | 🌐 142 (14 pgs) ORDER AUTHORIZING THE DEBTOR TO EMPLOY AND RETAIN KURTZMAN CARSON CONSULTANTS LLC AS ADMINISTRATIVE ADVISOR EFFECTIVE NUNC PRO TUNC TO THE PETITION DATE (Related Doc # 74) Order Signed on 11/14/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #137 ON 11/14/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 143 (2 pgs) ORDER (I) EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND STATEMENTOF FINANCIAL AFFAIRS, AND (II) GRANTING RELATED RELIEF (Related Doc # 4) Order Signed on 11/14/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #138 ON 11/14/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 144 (3 pgs) Notice of Appearance. The party has consented to electronic service. Filed by Intertrust Entities. (Desgrosseilliers, Mark) [ORIGINALLY FILED AS DOCUMENT #139 ON 11/14/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 145 (3 pgs) Notice of Appearance. The party has consented to electronic service. Filed by CLO Entities. (Desgrosseilliers, Mark) [ORIGINALLY FILED AS DOCUMENT #140 ON 11/14/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 146 (11 pgs) Notice of Deposition Upon Oral Examination Under Rules 30 and 30(b)(6) of the Debtor, Highland Capital Management, L.P. Filed by Official Committee of Unsecured Creditors. (Guerke, Kevin) [ORIGINALLY FILED AS DOCUMENT #141 ON 11/15/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 147 (18 pgs; 2 docs) Notice of Agenda of Matters Scheduled for Hearing Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware (Attachments: # 1 Certificate of Service) [ORIGINALLY FILED AS DOCUMENT #142 ON 11/15/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 148 (7 pgs) Affidavit/Declaration of Service for service of (1) [Signed] Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 136]; (2) [Signed] Order Authorizing the Debtor to Employ and Retain Kurtzman Carson Consultants LLC as Administrative Advisor Effective Nunc Pro Tunc to the Petition Date [Docket No. 137]; and (3) [Signed] Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statement of Financial Affairs, and (II) Granting Related Relief [Docket No. 138] (related document(s)136, 137, 138) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #143 ON 11/15/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 149 (2 pgs) Notice of Hearing regarding Motion to Change Venue/Inter-district Transfer (related document(s)86, 87, 88) Filed by Official Committee of Unsecured Creditors. Hearing scheduled for 12/2/2019 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #144 ON 11/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 150 (9 pgs; 2 docs) Notice of Rescheduled 341 Meeting (related document(s)67, 79) Filed by Highland Capital Management, L.P.. 341(a) meeting to be held on 12/3/2019 at 10:30 AM (check with U.S. Trustee for location) (Attachments: # 1 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #145 ON 11/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |

| | |
|---|---|
| 12/04/2019 | 🌐 151  (17 pgs; 2 docs) Agenda of Matters Scheduled for Telephonic Hearing (related document(s)142) Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware.(Attachments: # 1 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #146 ON 11/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 152  (2 pgs) Notice of Appearance. The party has consented to electronic service. Filed by CLO Holdco, Ltd.. (Kane, John) [ORIGINALLY FILED AS DOCUMENT #149 ON 11/19/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 153  (2 pgs) Amended Notice of Deposition of Frank Waterhouse Filed by Official Committee of Unsecured Creditors. (Guerke, Kevin) [ORIGINALLY FILED AS DOCUMENT #150 ON 11/19/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 154  (3 pgs) Notice of Appearance and Request for Notice by Sally T. Siconolfi , Joseph T. Moldovan filed by Interested Party Meta-e Discovery, LLC . (Moldovan, Joseph)[ORIGINALLY FILED AS DOCUMENT #152 ON 11/20/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 156  (4 pgs) Affidavit/Declaration of Service regarding Notice of Hearing regarding Motion to Change Venue/Inter-district Transfer (related document(s)144) Filed by Official Committee of Unsecured Creditors. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #153 ON 11/20/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 158  (5 pgs; 2 docs) Motion to Appear pro hac vice of Annmarie Chiarello of Winstead PC. Receipt Number 0311-27843, Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P.. (Bibiloni, Jose) [ORIGINALLY FILED AS DOCUMENT #154 ON 11/20/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) Additional attachment(s) added on 12/5/2019 (Okafor, M.). (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 159  (2 pgs; 2 docs) Order Approving Motion for Admission pro hac vice Annmarie Chiarello (Related Doc # 154) Order Signed on 11/21/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #155 ON 11/21/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) Additional attachment(s) added on 12/5/2019 (Okafor, M.). (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 162  (8 pgs) Reply in Support of Motion to Transfer Venue of This Case to the United States Bankruptcy Court for the Northern District of Texas (related document(s)86, 118) Filed by Official Committee of Unsecured Creditors (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #156 ON 11/21/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 163  (7 pgs) Reply in Support of the Motion of the Official Committee of Unsecured Creditors For an Order Transferring Venue of this Case to the United States Bankruptcy Court for the Northern District of Texas (related document(s)86, 118, 122, 156) Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P. (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #157 ON 11/21/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 164  (4 pgs) Response of the Debtor to Acis's Joinder to Motion to Transfer Venue (related document(s)86, 122) Filed by Highland Capital Management, L.P. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #158 ON 11/21/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |

| | |
|---|---|
| 12/04/2019 | 🌐 165  (265 pgs; 11 docs) Omnibus Reply In Support of (I) Application for an Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner as Special Texas Counsel Nunc Pro Tunc to the Petition Date; and (II) Application for an Order Authorizing the Retention and Employment of Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel Nunc Pro Tunc to Petition Date (related document(s)69, 70, 116, 120) Filed by Highland Capital Management, L.P.(Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #159 ON 11/21/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) Modified text on 12/5/2019 (Okafor, M.). (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 166  (46 pgs; 5 docs) Omnibus Reply of the Debtor in Support of: (1) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for Ordinary Course Transactions (related document(s)5, 75, 77) Filed by Highland Capital Management, L.P. (Attachments: # 1 Exhibit A - Redline Order Approving Ordinary Course Protocols Motion # 2 Exhibit B - Redline Order Approving Cash Management Motion # 3 Exhibit C - Redline Order Approving DSI Retention Motion # 4 Exhibit D - Summary of Intercompany Transactions) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #160 ON 11/21/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 168  (8 pgs) Certificate of Service of 1) Response of the Debtor to Acis's Joinder to Motion to Transfer Venue; 2) Omnibus Reply In Support of (I) Application for an Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner as Special Texas Counsel Nunc Pro Tunc to the Petition Date, and (II) Application for an Order Authorizing the Retention and Employment of Lynn Pinker Cox & Hurst LLP; and 3) Omnibus Reply of the Debtor in Support of: (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for Ordinary Course Transactions (related document(s)158, 159, 160) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #161 ON 11/22/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 169  (16 pgs; 4 docs) Exhibit(s) // Notice of Filing of Second Amended Exhibit B to Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized By the Debtor in the Ordinary Course of Business (related document(s)76, 99) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #162 ON 11/25/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 170  (15 pgs; 3 docs) Certification of Counsel Regarding Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing Debtor to Pay Prepetition Claims of Critical Vendors and (B) Granting Related Relief (related document(s)3, 40) Filed by Highland Capital Management, L.P..(Attachments: # 1 Exhibit A # 2 Exhibit B) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #163 ON 11/25/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 171  (19 pgs; 3 docs) **WITHDRAWN** - 11/26/2019. SEE DOCKET # 165. Certification of Counsel Regarding Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtor in the Ordinary Course of Business (related document(s)76, 99, 162) Filed by Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B) (O'Neill, James) Modified on 11/26/2019 (DMC). [ORIGINALLY FILED AS DOCUMENT #164 ON 11/25/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 172  (2 pgs) Notice of Withdrawal of Certification of Counsel Regarding Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized By the Debtor in the Ordinary Course of Business (related document(s)164) Filed by Highland Capital Management, L.P.. |

(O'Kell, James) [ORIGINALLY FILED AS DOCUMENT #165 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019)

| | |
|---|---|
| 12/04/2019 | 🖰 173 (29 pgs; 3 docs) Certification of Counsel Regarding Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized By the Debtor in the Ordinary Course of Business (related document(s)76, 99, 162) Filed by Highland Capital Management, L.P (Attachments: # 1 Exhibit A # 2 Exhibit B)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #166 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖰 174 (17 pgs; 2 docs) Notice of Agenda of Matters Scheduled for Hearing Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/2/2019 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. (Attachments: # 1 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #167 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖰 175 (5 pgs) FINAL ORDER (A) AUTHORIZING THE DEBTOR TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS AND (B) GRANTING RELATED RELIEF (Related document(s) 3, 40) Signed on 11/26/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #168 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖰 176 (12 pgs; 2 docs) ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖰 177 (24 pgs; 3 docs) Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A - Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖰 178 (32 pgs; 3 docs) Supplemental Declaration in Support of Jeffrey N. Pomerantz in Support of Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date (related document(s)71) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1 # 2 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #171 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE(Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖰 179 (11 pgs; 3 docs) Certification of Counsel Regarding Debtor's Application Pursuant to Section 327(A) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date (related document(s)71) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B - Blackline Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #172 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖰 180 (58 pgs; 6 docs) Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Declaration of John Dempsey in Support # 4 Exhibit C - Highland Key Employee Incentives # 5 Certificate of Service and |

BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019)

| | |
|---|---|
| 12/04/2019 | 181 (7 pgs) Certificate of Service and Service List for service of Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief [Docket No. 170] (related document(s)170) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #174 ON 11/27/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 182 (18 pgs; 2 docs) Amended Notice of Agenda of Matters Scheduled for Hearing (related document(s)167) Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/2/2019 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware (Attachments: # 1 Certificate of Service)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #175 ON 11/27/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 183 (3 pgs) ORDER PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2414 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 AUTHORIZING THE EMPLOYMENT AND RETENTION OF PACHULSKI TANG ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION NUNC PRO TUNC TO THE PETITION DATE (Related Doc # 71) Order Signed on 12/2/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #176 ON 12/02/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 184 (6 pgs) Certification of Counsel Regarding Order Transferring Venue of This Case to the United States Bankruptcy Court for the Northern District of Texas (related document(s)86) Filed by Official Committee of Unsecured Creditors. (Weissgerber, Jaclyn) [ORIGINALLY FILED AS DOCUMENT #182 ON 12/03/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 185 (8 pgs) Affidavit/Declaration of Service for service of (1) [Signed] Final Order (A) Authorizing Debtor to Pay Prepetition Claims of Critical Vendors and (B) Granting Related Relief [Docket No. 168]; (2) [Signed] Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtor to Retain, Employ and Compensate Certain Professionals Utilized by the Debtor in the Ordinary Course of Business [Docket No. 169]; and (3) [Signed] Order Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date [Docket No. 176] (related document(s)168, 169, 176) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #183 ON 12/03/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 186 (2 pgs) ORDER TRANSFERRING VENUE OF THIS CASE TO THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS (related document(s)86) Order Signed on 12/4/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #184 ON 12/04/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 187 (118 pgs) Certificate of Service re: 1) Notice of Chapter 11 Bankruptcy Case; and 2) [Corrected] Notice of Chapter 11 Bankruptcy Case (related document(s)67, 79) Filed by Kurtzman Carson Consultants LLC. (Kass, Albert) ( [ORIGINALLY FILED AS DOCUMENT #185 ON 12/04/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/05/2019 | 97 (3 pgs) Motion to appear pro hac vice for Bojan Guzina. Fee Amount $100 Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |

004442

| | |
|---|---|
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27228141, amount $ 100.00 (re: Doc# 97). (U.S. Treasury) |
| 12/05/2019 | 99  (2 pgs) Notice of Appearance and Request for Notice by Linda D. Reece filed by Wylie ISD, Garland ISD, City of Garland. (Reece, Linda) |
| 12/05/2019 | 100  (3 pgs) Motion to appear pro hac vice for Matthew A. Clemente. Fee Amount $100 Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 12/05/2019 | 105  (3 pgs) Motion to appear pro hac vice for Alyssa Russell. Fee Amount $100 Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27228455, amount $ 100.00 (re: Doc# 100). (U.S. Treasury) |
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27228455, amount $ 100.00 (re: Doc# 105). (U.S. Treasury) |
| 12/05/2019 | 109  (3 pgs) Motion to appear pro hac vice for Ira D. Kharasch. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. (Haitz, Eric) |
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27228644, amount $ 100.00 (re: Doc# 109). (U.S. Treasury) |
| 12/05/2019 | 129  (1 pg) Notice of Appearance and Request for Notice by Laurie A. Spindler filed by City of Allen, Allen ISD, Dallas County, Grayson County, Irving ISD, Kaufman County, Tarrant County. (Spindler, Laurie) |
| 12/05/2019 | 155  (3 pgs) Notice of Appearance and Request for Notice by Mark A. Platt filed by Interested Party Redeemer Committee of the Highland Crusader Fund. (Platt, Mark) |
| 12/05/2019 | 157  (3 pgs) Motion to appear pro hac vice for Marc B. Hankin. Fee Amount $100 Filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Platt, Mark) |
| 12/05/2019 | 160  (5 pgs; 2 docs) Motion to appear pro hac vice for Richard Levin. Fee Amount $100 Filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Attachments: # 1 Addendum) (Platt, Mark) |
| 12/05/2019 | 161  (3 pgs) Motion to appear pro hac vice for Terri L. Mascherin. Fee Amount $100 Filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Platt, Mark) |
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27229964, amount $ 100.00 (re: Doc# 157). (U.S. Treasury) |
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27229964, amount $ 100.00 (re: Doc# 160). (U.S. Treasury) |
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27229964, amount $ 100.00 (re: Doc# 161). (U.S. Treasury) |
| 12/05/2019 | 167  (3 pgs) Motion to appear pro hac vice for Gregory V. Demo. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. (Haitz, Eric) |

| | |
|---|---|
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27230422, amount $ 100.00 (re: Doc# 167). (U.S. Treasury) |
| 12/05/2019 | 188 (4 pgs) Notice of Appearance and Request for Notice by Juliana Hoffman filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
| 12/06/2019 | 189 (3 pgs) Motion to appear pro hac vice for Jeffrey N. Pomerantz. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. (Haitz, Eric) |
| 12/06/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27233957, amount $ 100.00 (re: Doc# 189). (U.S. Treasury) |
| 12/06/2019 | 190 (3 pgs) Amended Motion to appear pro hac vice for Jeffrey N. Pomerantz. (related document: 189) Filed by Debtor Highland Capital Management, L.P. (Haitz, Eric) |
| 12/06/2019 | 191 (3 pgs) Motion to appear pro hac vice for John A. Morris. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. (Haitz, Eric) |
| 12/06/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27233983, amount $ 100.00 (re: Doc# 191). (U.S. Treasury) |
| 12/06/2019 | 192 (2 pgs) INCORRECT ENTRY - Incorrect Event Used; Refiled as Document 220. Motion to withdraw as attorney (Eric T. Haitz) Filed by Debtor Highland Capital Management, L.P. (Haitz, Eric) Modified on 12/9/2019 (Dugan, S.). Modified on 12/9/2019 (Dugan, S.). |
| 12/06/2019 | 193 Hearing held on 12/6/2019., Hearing continued (RE: related document(s)1 Order transferring case number 19-12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P.,) (Continued Hearing to be held on 12/12/2019 at 09:30 AM Dallas Judge Jernigan Ctrm for 1, (Edmond, Michael) |
| 12/06/2019 | 194 Hearing held on 12/6/2019., Hearing continued (RE: related document(s)1 Order transferring case number 19-12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P. (Okafor, M.)) Hearing to be held on 12/12/2019 at 09:30 AM Dallas Judge Jernigan Ctrm for 1, (Appearances: C. Gibbs, introducing J. Pomerantz and I. Kharasch for Debtor (also J. Morris on phone); M. Clemente and P. Reid for Official Committee of Unsecured Creditors; B. Shaw for Acis; M. Platt for Redeemer Committee of Crusader Fund (also on phone M. Hankin and T. Mascherin); M. Rosenthal for Alvarez and Marsal; P. Maxcy (telephonically) for Jeffries; L. Lambert for UST. Nonevidentiary status conference. Court heard reports about case, parties, and ongoing discussions regarding corporate governance. Schedules will be filed next 12/13/19. At request of parties, another status conference is set for 12/12/19 at 9:30 am (telephonic participation will be allowed if requested). At current time, parties are not requesting that pending motions be set.) (Edmond, Michael) |
| 12/06/2019 | 195 (1 pg) Request for transcript regarding a hearing held on 12/6/2019. The requested turn-around time is hourly. (Edmond, Michael) |
| 12/06/2019 | 196 (1 pg) Order granting motion to appear pro hac vice adding Bojan Guzina for Official Committee of Unsecured Creditors (related document # 97) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | 197 (1 pg) Order granting motion to appear pro hac vice adding Matthew A. Clemente for Official Committee of Unsecured Creditors (related document # 100) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | 198 (1 pg) Order granting motion to appear pro hac vice adding Alyssa Russell for Official Committee of Unsecured Creditors (related document # 105) Entered on 12/6/2019. (Banks, Courtney) |

| | |
|---|---|
| 12/06/2019 | 199 (1 pg) Order granting motion to appear pro hac vice adding Ira D Kharasch for Highland Capital Management, L.P. (related document # 109) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | 200 (1 pg) Order granting motion to appear pro hac vice adding Richard B. Levin for Redeemer Committee of the Highland Crusader Fund (related document # 160) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | 201 (1 pg) Order granting motion to appear pro hac vice adding Terri L. Mascherin for Redeemer Committee of the Highland Crusader Fund (related document # 161) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | 202 (1 pg) Order granting motion to appear pro hac vice adding Gregory V Demo for Highland Capital Management, L.P. (related document # 167) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | 203 (1 pg) Order granting motion to appear pro hac vice adding Marc B. Hankin for Redeemer Committee of the Highland Crusader Fund (related document # 157) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | 204 (44 pgs) INCORRECT ENTRY: DRAFT OF MOTION. SEE DOCUMENT 206. Application to employ Sidley Austin LLP as Attorney *APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, FOR AN ORDER APPROVING THE RETENTION AND EMPLOYMENT OF SIDLEY AUSTIN LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, NUNC PRO TUNC TO OCTOBER 29, 2019* Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) Modified on 12/18/2019 (Rielly, Bill). |
| 12/06/2019 | 205 (37 pgs) Application to employ FTI CONSULTING, INC. as Financial Advisor *APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS NUNC PRO TUNC TO NOVEMBER 6, 2019* Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 12/06/2019 | 206 (44 pgs) Application to employ Sidley Austin LLP as Attorney *APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, FOR AN ORDER APPROVING THE RETENTION AND EMPLOYMENT OF SIDLEY AUSTIN LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, NUNC PRO TUNC TO OCTOBER 29, 2019* (related document: 204) Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) Modified on 12/18/2019 (Rielly, Bill). |
| 12/06/2019 | 220 (2 pgs) Withdrawal filed by Debtor Highland Capital Management, L.P. (RE: related document(s)41 Notice of appearance and request for notice). (Dugan, S.) (Entered: 12/09/2019) |
| 12/08/2019 | 207 (27 pgs) Transcript regarding Hearing Held 12/6/19 RE: Status and scheduling conference. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 03/9/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Palmer Reporting Services, Telephone number PalmerRptg@aol.com, 800-665-6251. (RE: related document(s) 193 Hearing held on 12/6/2019., Hearing continued (RE: related document(s)1 Order transferring case number 19-12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P.,) (Continued Hearing to be held on 12/12/2019 at 09:30 AM Dallas Judge Jernigan Ctrm for 1,, 194 Hearing held on 12/6/2019., Hearing continued (RE: related document(s)1 Order transferring case number 19-12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P. (Okafor, M.)) |

| | |
|---|---|
| | hearing to be held on 12/12/2019 at 09:30 AM Dallas Judge Jernigan Ctrm for 1. (Appearances: C. Jobos, introducing J. Pomeranzt and I. Kharasch for Debtor (also J. Morris on phone); M. Clemente and P. Reid for Official Committee of Unsecured Creditors; B. Shaw for Acis; M. Platt for Redeemer Committee of Crusader Fund (also on phone M. Hankin and T. Mascherin); M. Rosenthal for Alvarez and Marsal; P. Maxcy (telephonically) for Jeffries; L. Lambert for UST. Nonevidentiary status conference. Court heard reports about case, parties, and ongoing discussions regarding corporate governance. Schedules will be filed next 12/13/19. At request of parties, another status conference is set for 12/12/19 at 9:30 am (telephonic participation will be allowed if requested. At current time, parties are not requesting that pending motions be set.)). Transcript to be made available to the public on 03/9/2020. (Palmer, Susan) |
| 12/08/2019 | 208  (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)197 Order granting motion to appear pro hac vice adding Matthew A. Clemente for Official Committee of Unsecured Creditors (related document 100) Entered on 12/6/2019.) No. of Notices: 1. Notice Date 12/08/2019. (Admin.) |
| 12/08/2019 | 209  (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)198 Order granting motion to appear pro hac vice adding Alyssa Russell for Official Committee of Unsecured Creditors (related document 105) Entered on 12/6/2019.) No. of Notices: 1. Notice Date 12/08/2019. (Admin.) |
| 12/08/2019 | 210  (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)199 Order granting motion to appear pro hac vice adding Ira D Kharasch for Highland Capital Management, L.P. (related document 109) Entered on 12/6/2019.) No. of Notices: 1. Notice Date 12/08/2019. (Admin.) |
| 12/08/2019 | 211  (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)200 Order granting motion to appear pro hac vice adding Richard B. Levin for Redeemer Committee of the Highland Crusader Fund (related document 160) Entered on 12/6/2019.) No. of Notices: 1. Notice Date 12/08/2019. (Admin.) |
| 12/08/2019 | 212  (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)201 Order granting motion to appear pro hac vice adding Terri L. Mascherin for Redeemer Committee of the Highland Crusader Fund (related document 161) Entered on 12/6/2019.) No. of Notices: 1. Notice Date 12/08/2019. (Admin.) |
| 12/08/2019 | 213  (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)202 Order granting motion to appear pro hac vice adding Gregory V Demo for Highland Capital Management, L.P. (related document 167) Entered on 12/6/2019.) No. of Notices: 1. Notice Date 12/08/2019. (Admin.) |
| 12/08/2019 | 214  (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)203 Order granting motion to appear pro hac vice adding Marc B. Hankin for Redeemer Committee of the Highland Crusader Fund (related document 157) Entered on 12/6/2019.) No. of Notices: 1. Notice Date 12/08/2019. (Admin.) |
| 12/09/2019 | 215  (1 pg) Acknowledgment of split/transfer case received FROM another district, Delaware, Delaware division, Case Number 19-12239. (Okafor, M.) |
| 12/09/2019 | 216  (1 pg) Order granting motion to appear pro hac vice adding Jeffrey N. Pomerantz for Highland Capital Management, L.P. (related document # 190) Entered on 12/9/2019. (Banks, Courtney) |
| 12/09/2019 | 217  (1 pg) Order granting motion to appear pro hac vice adding John A. Morris for Highland Capital Management, L.P. (related document # 191) Entered on 12/9/2019. (Banks, Courtney) |
| 12/09/2019 | 218  (15 pgs; 3 docs) Motion for relief from stay *MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT* Fee amount $181, Filed by Creditor PensionDanmark Pensionsforsikringsaktieselskab Objections due by 12/23/2019. (Attachments: # 1 Declaration # 2 Proposed Order) (Crooks, David) |

| 12/09/2019 | 🌐 219 (3 pgs) Notice of Appearance and Request for Notice by Charles Martin Persons Jr. filed by Creditor Committee Official Committee of Unsecured Creditors. (Persons, Charles) |
|---|---|
| 12/09/2019 | Receipt of filing fee for Motion for relief from stay(19-34054-sgj11) [motion,mrlfsty] ( 181.00). Receipt number 27240994, amount $ 181.00 (re: Doc# 218). (U.S. Treasury) |
| 12/09/2019 | 🌐 221 (2 pgs) Notice of Appearance and Request for Notice by Brian Patrick Shaw filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P.. (Shaw, Brian) |
| 12/09/2019 | 🌐 222 (3 pgs) Motion to appear pro hac vice for Dennis M. Twomey. Fee Amount $100 Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 12/09/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27241671, amount $ 100.00 (re: Doc# 222). (U.S. Treasury) |
| 12/09/2019 | 🌐 223 (10 pgs) Certificate of service re: *1) Application Pursuant to Fed. R. Bankr. P. 2014(a) for Order Under Section 1103 of the Bankruptcy Code Authorizing the Employment and Retention of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors Nunc Pro Tunc to November 6, 2019; and 2) [Amended] Application of the Official Committee of Unsecured Creditors, Pursuant to Sections 328 and 1103 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014, for an Order Approving the Retention and Employment of Sidley Austin LLP as Counsel to the Official Committee of Unsecured Creditors, Nunc Pro Tunc to October 29, 2019* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)205 Application to employ FTI CONSULTING, INC. as Financial Advisor *APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS NUNC PRO TUNC TO NOVEMBER 6, 2019* Filed by Creditor Committee Official Committee of Unsecured Creditors filed by Creditor Committee Official Committee of Unsecured Creditors, 206 Amended Application to employ Sidley Austin LLP as Attorney *APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, FOR AN ORDER APPROVING THE RETENTION AND EMPLOYMENT OF SIDLEY AUSTIN LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, NUNC PRO TUNC TO OCTOBER 29, 2019* (related document: 204) Filed by Creditor Committee Official Committee of Unsecured Creditors filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 12/10/2019 | 🌐 224 (1 pg) Certificate Certificate of Conference filed by Creditor PensionDanmark Pensionsforsikringsaktieselskab (RE: related document(s)218 Motion for relief from stay *MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT* Fee amount $181,). (Crooks, David) |
| 12/10/2019 | 🌐 225 (4 pgs; 2 docs) Certificate of service re: Certificate of Service filed by Creditor PensionDanmark Pensionsforsikringsaktieselskab (RE: related document(s)218 Motion for relief from stay *MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT* Fee amount $181,, 224 Certificate (generic). (Attachments: # 1 Service List) (Crooks, David) |
| 12/10/2019 | 🌐 226 (32 pgs) Application to employ Young Conaway Stargatt & Taylor, LLP as Attorney *(Co-Counsel) Nunc Pro Tunc* Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 12/10/2019 | 🌐 227 (2 pgs) INCORRECT ENTRY: DEFICIENCIES ARE DUE 12/13/2019 - Notice of deficiency. Schedule A/B due 10/30/2019. Schedule D due 10/30/2019. Schedule E/F due 10/30/2019. Schedule G due 10/30/2019. Schedule H due 10/30/2019. Declaration Under Penalty of Perjury for Non-individual Debtors |

004447

| | due 10/30/2019. Summary of Assets and Liabilities and Certain Statistical Information due 10/30/2019. Statement of Financial Affairs due 10/30/2019. (Okafor, M.) Modified on 12/10/2019 (Okafor, M.). |
|---|---|
| 12/10/2019 | 🌐 228  (2 pgs) Notice of deficiency. Schedule A/B due 12/13/2019. Schedule D due 12/13/2019. Schedule E/F due 12/13/2019. Schedule G due 12/13/2019. Schedule H due 12/13/2019. Declaration Under Penalty of Perjury for Non-individual Debtors due 12/13/2019. Summary of Assets and Liabilities and Certain Statistical Information due 12/13/2019. Statement of Financial Affairs due 12/13/2019. (Okafor, M.) |
| 12/10/2019 | 🌐 229  (2 pgs) Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020. (Neary, William) |
| 12/10/2019 | 🌐 230  (2 pgs) Notice of Appearance and Request for Notice by Melissa S. Hayward filed by Debtor Highland Capital Management, L.P.. (Hayward, Melissa) |
| 12/10/2019 | 🌐 231  (2 pgs) Notice of Appearance and Request for Notice by Zachery Z. Annable filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 12/11/2019 | 🌐 232  (11 pgs; 3 docs) Joint Motion to continue hearing on (related documents 194 Hearing held, Hearing set/continued)*Joint Motion to Continue Status Conference* Filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors (Attachments: # 1 Proposed Order # 2 Service List) (Hayward, Melissa) |
| 12/11/2019 | 🌐 233  (4 pgs; 2 docs) Motion to appear pro hac vice for Michael I. Baird. Fee Amount $100 Filed by Creditor Pension Benefit Guaranty Corporation (Attachments: # 1 Certificate of Service) (Baird, Michael) |
| 12/11/2019 | 🌐 234  (2 pgs) Order granting joint motion to continue hearing on (related document # 232) (related documents Hearing held) Status Conference to be held on 12/18/2019 at 09:30 AM. Entered on 12/11/2019. (Banks, Courtney) |
| 12/11/2019 | 🌐 235  (80 pgs) Application for compensation *First Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From October 16, 2019 Through October 31, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 10/16/2019 to 10/31/2019, Fee: $383,583.75, Expenses: $9,958.84. Filed by Debtor Highland Capital Management, L.P. Objections due by 1/2/2020. (Pomerantz, Jeffrey) |
| 12/11/2019 | 🌐 236  (3 pgs) Motion to appear pro hac vice for Lauren Macksoud. Fee Amount $100 Filed by Interested Party Jefferies LLC (Doherty, Casey) |
| 12/11/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27250084, amount $ 100.00 (re: Doc# 236). (U.S. Treasury) |
| 12/11/2019 | 🌐 237  (3 pgs) Motion to appear pro hac vice for Patrick C. Maxcy. Fee Amount $100 Filed by Interested Party Jefferies LLC (Doherty, Casey) |
| 12/11/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27250165, amount $ 100.00 (re: Doc# 237). (U.S. Treasury) |
| 12/11/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] (0.00). Receipt Number KF - No Fee Due, amount $ 0.00 (re: Doc233). (Floyd) |
| 12/11/2019 | 🌐 238  (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)216 Order granting motion to appear pro hac vice adding Jeffrey N. Pomerantz for Highland Capital Management, L.P. (related document 190) Entered on 12/9/2019.) No. of Notices: 1. Notice Date 12/11/2019. (Admin.) |

004448

| | |
|---|---|
| 12/11/2019 | 🌐 239 (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)217 Order granting motion to appear pro hac vice adding John A. Morris for Highland Capital Management, L.P. (related document 191) Entered on 12/9/2019.) No. of Notices: 1. Notice Date 12/11/2019. (Admin.) |
| 12/12/2019 | 🌐 240 (3 pgs) Notice of Appearance and Request for Notice by J. Seth Moore filed by Creditor Siepe, LLC. (Moore, J.) |
| 12/12/2019 | 🌐 241 (8 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (Charles Harder)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Annable, Zachery) |
| 12/12/2019 | 🌐 242 (1 pg) Order granting motion to appear pro hac vice adding Michael I. Baird for Pension Benefit Guaranty Corporation (related document # 233) Entered on 12/12/2019. (Okafor, M.) |
| 12/12/2019 | 🌐 243 (4 pgs) BNC certificate of mailing. (RE: related document(s)227 INCORRECT ENTRY: DEFICIENCIES ARE DUE 12/13/2019 - Notice of deficiency. Schedule A/B due 10/30/2019. Schedule D due 10/30/2019. Schedule E/F due 10/30/2019. Schedule G due 10/30/2019. Schedule H due 10/30/2019. Declaration Under Penalty of Perjury for Non-individual Debtors due 10/30/2019. Summary of Assets and Liabilities and Certain Statistical Information due 10/30/2019. Statement of Financial Affairs due 10/30/2019. (Okafor, M.) Modified on 12/10/2019 (Okafor, M.).) No. of Notices: 8. Notice Date 12/12/2019. (Admin.) |
| 12/12/2019 | 🌐 244 (4 pgs) BNC certificate of mailing. (RE: related document(s)228 Notice of deficiency. Schedule A/B due 12/13/2019. Schedule D due 12/13/2019. Schedule E/F due 12/13/2019. Schedule G due 12/13/2019. Schedule H due 12/13/2019. Declaration Under Penalty of Perjury for Non-individual Debtors due 12/13/2019. Summary of Assets and Liabilities and Certain Statistical Information due 12/13/2019. Statement of Financial Affairs due 12/13/2019. (Okafor, M.)) No. of Notices: 8. Notice Date 12/12/2019. (Admin.) |
| 12/13/2019 | 🌐 245 (9 pgs) Certificate of service re: *1) Application of the Official Committee of Unsecured Creditors to Retain and Employ Young Conaway Stargatt & Taylor, LLP as Co-Counsel, Nunc Pro Tunc to November 8, 2019* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)226 Application to employ Young Conaway Stargatt & Taylor, LLP as Attorney *(Co-Counsel) Nunc Pro Tunc* Filed by Creditor Committee Official Committee of Unsecured Creditors filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 12/13/2019 | 🌐 246 (10 pgs) Certificate of service re: *1) First Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from October 16, 2019 Through October 31, 2019* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)235 Application for compensation *First Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From October 16, 2019 Through October 31, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 10/16/2019 to 10/31/2019, Fee: $383,583.75, Expenses: $9,958.84. Filed by Debtor Highland Capital Management, L.P. Objections due by 1/2/2020. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 12/13/2019 | 🌐 247 (82 pgs; 2 docs) Schedules: Schedules A/B and D-H with Summary of Assets and Liabilities (with Declaration Under Penalty of Perjury for Non-Individual Debtors,). Filed by Debtor Highland Capital Management, L.P. (RE: related document(s)228 Notice of deficiency). (Attachments: # 1 Global notes regarding schedules) (Hayward, Melissa) |
| 12/13/2019 | 🌐 248 (42 pgs; 2 docs) Statement of financial affairs for a non-individual . Filed by Debtor Highland Capital Management, L.P. (RE: related document(s)228 Notice of deficiency). (Attachments: # 1 Global notes regarding SOFA) (Hayward, Melissa) |

004449

| | |
|---|---|
| 12/13/2019 | 🌐 [249](4 pgs) BNC certificate of mailing - meeting of creditors. (RE: related document(s)[229] Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.) No. of Notices: 8. Notice Date 12/13/2019. (Admin.) |
| 12/13/2019 | 🌐 [250](4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)[234] Order granting joint motion to continue hearing on (related document [232]) (related documents Hearing held) Status Conference to be held on 12/18/2019 at 09:30 AM. Entered on 12/11/2019.) No. of Notices: 1. Notice Date 12/13/2019. (Admin.) |
| 12/16/2019 | 🌐 [251](1 pg) Order granting motion to appear pro hac vice adding Lauren Macksoud for Jefferies LLC (related document # [236]) Entered on 12/16/2019. (Dugan, S.) |
| 12/16/2019 | 🌐 [252](1 pg) Order granting motion to appear pro hac vice adding Patrick C. Maxcy for Jefferies LLC (related document # [237]) Entered on 12/16/2019. (Dugan, S.) |
| 12/16/2019 | 🌐 [253](1 pg) Order rescheduling status conference (RE: related document(s)[1] Order transferring case filed by Debtor Highland Capital Management, L.P.). Status Conference to be held on 12/18/2019 at 10:30 AM at Dallas Judge Jernigan Ctrm. Entered on 12/16/2019 (Dugan, S.) |
| 12/17/2019 | 🌐 [254](2 pgs) Notice of Appearance and Request for Notice by Jason Patrick Kathman filed by Creditor Patrick Daugherty. (Kathman, Jason) |
| 12/18/2019 | 🌐 [255](8 pgs) Declaration re: *Supplemental Declaration In Support of* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)[206] Amended Application to employ Sidley Austin LLP as Attorney *APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, FOR AN ORDER APPROVING T). (Hoffman, Juliana)* |
| 12/18/2019 | 🌐  Hearing held on 12/18/2019. (RE: related document(s)[1] Status/Scheduling Conference; Order transferring case number 19-12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P.) (Appearances: J. Pomerantz and I. Kharasch for Debtor; M. Hayward, local counsel for Debtor; M. Clemente and P. Reid for Unsecured Creditors Committee; M. Platt and T. Mascherin and M. Hankin (each telephonically) for Redeemer Committee; L. Spindler for taxing authorities; A. Chiarello and R. Patel (telephonically) for Acis; L. Lambert for UST; P. Maxcy (telephonically) for Jeffries. Nonevidentiary status conference. Court heard reports regarding continued negotiations between Debtor and UCC regarding a proposed management structure for Debtor and ordinary course protocols. Debtor expects to file a motion for approval of same (if agreements reached) by 12/27/19 for a 1/9/20 hearing. Otherwise, UCC will file a motion for a chapter 11 trustee (which, if filed, will be filed 12/30/19 and set 1/20/20-1/21/20). Scheduling order to be submitted. Also, US Trustee announced intention to move for a Chapter 11 Trustee.) (Edmond, Michael) |
| 12/18/2019 | 🌐 [256](3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)[251] Order granting motion to appear pro hac vice adding Lauren Macksoud for Jefferies LLC (related document [236]) Entered on 12/16/2019. (Dugan, S.)) No. of Notices: 1. Notice Date 12/18/2019. (Admin.) |
| 12/18/2019 | 🌐 [257](3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)[252] Order granting motion to appear pro hac vice adding Patrick C. Maxcy for Jefferies LLC (related document [237]) Entered on 12/16/2019. (Dugan, S.)) No. of Notices: 1. Notice Date 12/18/2019. (Admin.) |
| 12/19/2019 | 🌐 [258](5 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (Dechert LLP)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)[176] Document). (Demo, Gregory) |

| | |
|---|---|
| 12/19/2019 | 🌐 259 (5 pgs) Support/supplemental document *to the Motion of Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account, (C) Limited Waiver* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)7 Motion to maintain bank accounts.). (Hayward, Melissa) |
| 12/19/2019 | 🌐 260 (4 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (ASW Law Limited)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/19/2019 | 🌐 261 (3 pgs) Certificate of service re: *Disclosure Declaration of Ordinary Course Professional* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)241 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Charles Harder)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 12/20/2019 | 🌐 262 (115 pgs) Certificate of service re: *Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 12/20/2019 | 🌐 263 (8 pgs) Certificate of service re: *Supplemental Declaration of Bojan Guzina in Support of Application of the Official Committee of Unsecured Creditors, Pursuant to Sections 328 and 1103 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014, for an Order Approving the Retention and Employment of Sidley Austin LLP as Counsel to the Official Committee of Unsecured Creditors* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)255 Declaration re: *Supplemental Declaration In Support of* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)206 Amended Application to employ Sidley Austin LLP as Attorney *APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, FOR AN ORDER APPROVING T). filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert)* |
| 12/20/2019 | 🌐 264 (10 pgs) Certificate of service re: *Supplement to the Motion of Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)259 Support/supplemental document *to the Motion of Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account, (C) Limited Waiver* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)7 Motion to maintain bank accounts.). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 12/22/2019 | 🌐 265 (4 pgs) Objection to (related document(s): 176 Document)*Limited Objection of The Official Committee of Unsecured Creditors to the Retention of Harder LLP as Ordinary Course Professional* filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
| 12/23/2019 | 🌐 266 (40 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (Houlihan Lokey Financial Advisors Inc.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/23/2019 | 🌐 267 (6 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (Rowlett Law PLLC)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |

| | |
|---|---|
| 12/23/2019 | 🌐 268 (10 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (DLA Piper LLP (US))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/23/2019 | 🌐 269 (6 pgs) Agreed scheduling Order (RE: related document(s)1 Order transferring case filed by Debtor Highland Capital Management, L.P.). Entered on 12/23/2019 (Blanco, J.) |
| 12/23/2019 | 🌐 270 (40 pgs; 2 docs) Application for compensation - *First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019* for Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 10/16/2019 to 11/30/2019, Fee: $176129.00, Expenses: $7836.31. Filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP Objections due by 1/13/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) |
| 12/23/2019 | 🌐 271 (13 pgs) Trustee's Motion to appoint trustee Filed by U.S. Trustee United States Trustee (Lambert, Lisa) |
| 12/23/2019 | 🌐 272 (5 pgs) Trustee's Objection to *Motion to Seal Official Committee's Omnibus Objection and Supporting Exhibits* (RE: related document(s)127 Document) (Lambert, Lisa) |
| 12/23/2019 | 🌐 273 (7 pgs) Motion for leave *to Extend Deadline to Object to Motion for Relief of Stay of PensionDanmark* (related document(s) 218 Motion for relief from stay) Filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors Objections due by 1/6/2020. (Hoffman, Juliana) |
| 12/24/2019 | 🌐 274 (5 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (Carey Olsen Cayman Limited)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/24/2019 | 🌐 275 (30 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (Hunton Andrews Kurth LLP)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/24/2019 | 🌐 276 (6 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (Wilmer Cutler Pickering Hale and Dorr LLP)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/25/2019 | 🌐 277 (8 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)269 Agreed scheduling Order (RE: related document(s)1 Order transferring case filed by Debtor Highland Capital Management, L.P.). Entered on 12/23/2019 (Blanco, J.)) No. of Notices: 1. Notice Date 12/25/2019. (Admin.) |
| 12/26/2019 | 🌐 278 (5 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (Kim & Chang)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/26/2019 | 🌐 279 (5 pgs) Certificate of service re: *1) Disclosure Declaration of Ordinary Course Professional; 2) Disclosure Declaration of Ordinary Course Professional; 3) Declaration of Marc D. Katz* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)266 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Houlihan Lokey Financial Advisors Inc.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P., 267 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Rowlett Law PLLC)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P., 268 Declaration re: *Disclosure Declaration of Ordinary Course Professional (DLA Piper LLP (US))* filed by Debtor Highland Capital Management, L.P. |

| | |
|---|---|
| | (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P.). (Reiss, Albert) |
| 12/27/2019 | 🖱 280 (13 pgs) Motion for protective order.*Joint Motion for Entry of an Order Approving the Agreed Protective Order* Filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 12/27/2019 | 🖱 281 (100 pgs; 4 docs) Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order) (Hayward, Melissa) |
| 12/27/2019 | 🖱 282 (10 pgs; 2 docs) Support/supplemental document *to the Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring Related Services, Nunc Pro Tunc as of the Petition Date* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)74 Application to employ Development Specialists, Inc as Financial Advisor). (Attachments: # 1 Exhibit A) (Hayward, Melissa) |
| 12/27/2019 | 🖱 283 (5 pgs; 2 docs) Motion for expedited hearing(related documents 281 Motion to compromise controversy) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) (Hayward, Melissa) |
| 12/28/2019 | 🖱 284 (61 pgs; 2 docs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Declaration of John Dempsey in Support # 4 Exhibit C - Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.). Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 180, (Attachments: # 1 Exhibit) (Hayward, Melissa) |
| 12/28/2019 | 🖱 285 (28 pgs; 2 docs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A - Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.). Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 177, (Attachments: # 1 Exhibit) (Hayward, Melissa) |
| 12/30/2019 | 🖱 286 (123 pgs) Application for compensation *Second Monthly Application for Compensation and for Reimbursement of Expenses for the Period from November 1, 2019 through November 30, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 11/1/2019 to 11/30/2019, Fee: $798,767.50, Expenses: $26,317.71. Filed by Debtor Highland Capital Management, L.P. Objections due by 1/21/2020. (Pomerantz, Jeffrey) |
| 12/30/2019 | 🖱 287 (3 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order)). Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 281, (Hayward, Melissa) |
| 12/31/2019 | 🖱 288 (3 pgs) Certificate No Objection to Retention of Sidley Austin LLP filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)206 Amended Application to employ |

*CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, FOR AN ORDER APPROVING T). (Hoffman, Juliana)*

| 12/31/2019 | 🌐 289 (9 pgs) Debtor-in-possession monthly operating report for filing period November 1, 2019 to November 30, 2019 filed by Debtor Highland Capital Management, L.P.. (Hayward, Melissa) |
|---|---|
| 12/31/2019 | 🌐 290 (3 pgs) Certificate No Objection to Retention of FTI Consulting, Inc. filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)205 Application to employ FTI CONSULTING, INC. as Financial Advisor *APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVIS).* (Hoffman, Juliana) |
| 12/31/2019 | 🌐 291 (2 pgs) Order granting motion for expedited hearing (Related Doc# 283)(document set for hearing: 281 Motion to compromise controversy) Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 281, Entered on 12/31/2019. (Whitaker, Sheniqua) |
| 01/02/2020 | 🌐 292 (5 pgs) Certificate of service re: *1) Disclosure Declaration of Ordinary Course Professional; 2) Disclosure Declaration Alexander G. McGeoch in Support of Hunton Andrews Kurth LLP as Ordinary Course Professional; 3) Disclosure Declaration of Ordinary Course Professional* filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)274 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Carey Olsen Cayman Limited)* filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., 275 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Hunton Andrews Kurth LLP)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P., 276 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Wilmer Cutler Pickering Hale and Dorr LLP)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/02/2020 | 🌐 293 (5 pgs) Certificate of service re: *Disclosure Declaration of Ordinary Course Professional* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)278 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Kim & Chang)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/02/2020 | 🌐 294 (3 pgs) Certificate Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)226 Application to employ Young Conaway Stargatt & Taylor, LLP as Attorney *(Co-Counsel) Nunc Pro Tunc)*. (Hoffman, Juliana) |
| 01/02/2020 | 🌐 295 (2 pgs) Notice of Appearance and Request for Notice by Edwin Paul Keiffer filed by Interested Party Hunter Mountain Trust. (Keiffer, Edwin) |
| 01/02/2020 | 🌐 296 (14 pgs) Certificate of service re: *Documents Served on December 27, 2019* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)280 Motion for protective order *Joint Motion for Entry of an Order Approving the Agreed Protective Order* Filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors, 281 Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order) filed by Debtor Highland Capital Management, L.P., 282 Support/supplemental document *to the Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring Related Services, Nunc Pro Tunc as of the Petition Date* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)74 Application to employ Development Specialists, Inc as Financial |

004454

| | |
|---|---|
| | 🌐 297  (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)291 Order granting motion for expedited hearing (Related Doc283)(document set for hearing: 281 Motion to compromise controversy) Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 281, Entered on 12/31/2019.) No. of Notices: 2. Notice Date 01/02/2020. (Admin.) |
| 01/02/2020 | |
| 01/03/2020 | 🌐 298  (2 pgs) Order Regarding Telephonic Appearances Entered on 1/3/2020 (Okafor, M.) |
| 01/03/2020 | 🌐 299  (4 pgs) Motion to extend time to (RE: related document(s)273 Motion for leave) Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 1/8/2020. (Hoffman, Juliana) |
| 01/03/2020 | 🌐 300  (1 pg) Order granting motion to appear pro hac vice adding Dennis M. Twomey for Official Committee of Unsecured Creditors (related document # 222) Entered on 1/3/2020. (Okafor, M.) |
| 01/03/2020 | 🌐 301  (2 pgs) Order granting the joint motion to extend time to object to the motion of PensionDanmark's motion for relief from the automatic stay (related document # 273). The Committee and the Debtor shall have until January 6, 2020 to object to PensionDanmarks Stay Relief Motion Entered on 1/3/2020. (Okafor, M.) |
| 01/05/2020 | 🌐 302  (5 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)298 Order Regarding Telephonic Appearances Entered on 1/3/2020 (Okafor, M.)) No. of Notices: 45. Notice Date 01/05/2020. (Admin.) |
| 01/05/2020 | 🌐 303  (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)300 Order granting motion to appear pro hac vice adding Dennis M. Twomey for Official Committee of Unsecured Creditors (related document 222) Entered on 1/3/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 01/05/2020. (Admin.) |
| 01/06/2020 | 🌐 304  (2 pgs) Order granting 299 joint motion to extend time to object to the motion of PensionDanmark's motion for relief from the automatic stay (Re: related document(s) 299 Motion to extend time to (RE: related document(s)273 Motion for leave)) Entered on 1/6/2020. (Okafor, M.) |
| 01/06/2020 | 🌐 305  (3 pgs) Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Declaration of John Dempsey in Support # 4 Exhibit C - Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 180, (Annable, Zachery) |
| 01/06/2020 | 🌐 306  (4 pgs) Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A - Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 177, (Annable, Zachery) |

004455

| | |
|---|---|
| 01/06/2020 | 🌐 307 (10 pgs) Trustee's Objection to *Joint Motion for Entry of an Order Approving the Agreed Protective Order* (RE: related document(s)280 Motion for protective order) (Lambert, Lisa) |
| 01/06/2020 | 🌐 308 (4 pgs) Motion to appear pro hac vice for Asif Attarwala. Fee Amount $100 Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Hoffman, Juliana) |
| 01/06/2020 | 🌐 309 (4 pgs) Motion to appear pro hac vice for Kimberly A. Posin. Fee Amount $100 Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Hoffman, Juliana) |
| 01/06/2020 | 🌐 310 (4 pgs) Motion to appear pro hac vice for Andrew Clubok. Fee Amount $100 Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Hoffman, Juliana) |
| 01/06/2020 | 🌐 311 (3 pgs) Motion to appear pro hac vice for Kuan Huang. Fee Amount $100 Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Hoffman, Juliana) |
| 01/06/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27322441, amount $ 100.00 (re: Doc# 308). (U.S. Treasury) |
| 01/06/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27322441, amount $ 100.00 (re: Doc# 309). (U.S. Treasury) |
| 01/06/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27322441, amount $ 100.00 (re: Doc# 310). (U.S. Treasury) |
| 01/06/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27322441, amount $ 100.00 (re: Doc# 311). (U.S. Treasury) |
| 01/06/2020 | 🌐 312 (25 pgs; 2 docs) Response opposed to (related document(s): 281 Motion to compromise controversy with Official Committee of Unsecured Creditors. filed by Debtor Highland Capital Management, L.P.) filed by Interested Party Jefferies LLC. (Attachments: # 1 Exhibit A) (Doherty, Casey) |
| 01/06/2020 | 🌐 313 (6 pgs) Trustee's Objection to *Motion to Approve Joint Agreement* (RE: related document(s)281 Motion to compromise controversy) (Lambert, Lisa) |
| 01/06/2020 | 🌐 314 (3 pgs) Certificate of service re: *(Supplemental) Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors; to be Held on January 9, 2020 at 11:00 a.m.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 01/06/2020 | 🌐 315 (6 pgs) Certificate of service re: *1) Notice of Hearing on Debtors Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code for Authority to Employ Mercer (US) Inc. as Compensation Consultant; to held on January 9, 2020 at 9:30 a.m. (CT); and 2) Notice of Hearing on Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief; to be held on January 9, 2020 at 9:30 a.m. (CT)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)284 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Declaration of John Dempsey in Support # 4 Exhibit C - Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 180, (Attachments: # 1 Exhibit) filed by Debtor Highland Capital Management, |

L.P., 285 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A - Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 177, (Attachments: # 1 Exhibit) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)

| 01/06/2020 | 316 (12 pgs) Certificate of service re: *1) Second Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from November 1, 2019 Through November 30, 2019; 2) Notice of Hearing re: Motion of the Debtor to Approve Settlement with Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course; to be Held on January 9, 2020 at 9:30 a.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document 286 Application for compensation *Second Monthly Application for Compensation and for Reimbursement of Expenses for the Period from November 1, 2019 through November 30, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 11/1/2019 to 11/30/2019, Fee: $798,767.50, Expenses: $26,317.71. Filed by Debtor Highland Capital Management, L.P. Objections due by 1/21/2020. filed by Debtor Highland Capital Management, L.P., 287 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order)). Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 281, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
|---|---|
| 01/07/2020 | 317 (1 pg) Order granting motion to appear pro hac vice adding Asif Attarwala for UBS AG London Branch and UBS Securities LLC (related document # 308) Entered on 1/7/2020. (Okafor, M.) |
| 01/07/2020 | 318 (1 pg) Order granting motion to appear pro hac vice adding Kimberly A. Posin for UBS AG London Branch and UBS Securities LLC (related document # 309) Entered on 1/7/2020. (Okafor, M.) |
| 01/07/2020 | 319 (1 pg) Order granting motion to appear pro hac vice adding Andrew Clubok for UBS AG London Branch and UBS Securities LLC (related document 310) Entered on 1/7/2020. (Okafor, M.) MODIFIED text on 1/7/2020 (Okafor, M.). |
| 01/07/2020 | 320 (1 pg) Order granting motion to appear pro hac vice adding Kuan Huang for UBS AG London Branch and UBS Securities LLC (related document # 311) Entered on 1/7/2020. (Okafor, M.) |
| 01/07/2020 | 321 (4 pgs) Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. ). (Annable, Zachery) |
| 01/07/2020 | 322 (1 pg) Certificate of service re: Certificate of Service filed by Interested Party Jefferies LLC (RE: related document(s)312 Response). (Doherty, Casey) |
| 01/07/2020 | 323 (5 pgs) Notice of Appearance and Request for Notice *(Amended)* by Joseph E. Bain filed by Creditor Issuer Group. (Bain, Joseph) |
| 01/07/2020 | 324 (8 pgs) ***WITHDRAWN per docket # 467** Objection to (related document(s): 281 Motion to compromise controversy with Official Committee of Unsecured Creditors. filed by Debtor Highland Capital Management, L.P.)*Limited Objection to Motion of the Debtor for Approval of Settlement With the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course* filed by Creditor Issuer Group. (Bain, Joseph) Modified on 2/24/2020 (Ecker, C.). |

| | |
|---|---|
| 01/08/2020 | 325 (3 pgs) Motion to appear pro hac vice for James T. Bentley. Fee Amount $100 Filed by Creditor Issuer Group (Anderson, Amy) |
| 01/08/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27331269, amount $ 100.00 (re: Doc# 325). (U.S. Treasury) |
| 01/08/2020 | 326 (4 pgs) Notice *of Compliance with Local Bankruptcy Rule 2090-4* filed by Creditor Issuer Group. (Anderson, Amy) |
| 01/08/2020 | 327 (3 pgs) Declaration re: *(Declaration of Bradley D. Sharp in Support of the Motion of the Debtor for Approval of Settlement with the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. ). (Annable, Zachery) |
| 01/08/2020 | 328 (3 pgs) Agreed Notice of hearing*with PensionDanmark and Highland Capital Management, L.P.* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)218 Motion for relief from stay *MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT* Fee amount $181, Filed by Creditor PensionDanmark Pensionsforsikringsaktieselskab Objections due by 12/23/2019. (Attachments: # 1 Declaration # 2 Proposed Order)). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 218, (Hoffman, Juliana) |
| 01/08/2020 | 329 (13 pgs; 2 docs) Response unopposed to (related document(s): 313 Objection) filed by Debtor Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A) (Hayward, Melissa) Modified to match docket text to PDF on 1/9/2020 (Ecker, C.). |
| 01/08/2020 | 330 (5 pgs) Response unopposed to (related document(s): 313 Objection) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) Modified text to match PDF on 1/9/2020 (Ecker, C.). |
| 01/08/2020 | 331 (6 pgs) Certificate of service re: *Order Regarding Request for Expedited Hearing; to be Held on January 9, 2020 at 9:30 a.m. (Prevailing Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)291 Order granting motion for expedited hearing (Related Doc283) (document set for hearing: 281 Motion to compromise controversy) Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 281, Entered on 12/31/2019.). (Kass, Albert) |
| 01/08/2020 | 332 (8 pgs) Certificate of service re: *1) Amended Notice of Hearing on Debtor's Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code for Authority to Employ Mercer (US) Inc. as Compensation Consultant; to be Held on January 21, 2020 at 9:30 a.m. (Central Time); 2) Amended Notice of Hearing on Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief; to be Held on January 21, 2020 at 9:30 a.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)305 Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Declaration of John Dempsey in Support # 4 Exhibit C - Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 180, filed by Debtor Highland Capital Management, L.P., 306 Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus |

Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A - Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 177, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)

| 01/09/2020 | 🌐 333  (1 pg) Order granting motion to appear pro hac vice adding James T. Bentley for Issuer Group (related document # 325) Entered on 1/9/2020. (Okafor, M.) |
|---|---|
| 01/09/2020 | 🌐 334  (3 pgs) Order granting application to employ Sidley Austin LLP for Official Committee of Unsecured Creditors as Attorney (related document # 206) Entered on 1/9/2020. (Okafor, M.) |
| 01/09/2020 | 🌐 335  (1 pg) Court admitted exhibits date of hearing 01/09/2020. DEBTOR EXHIBIT 1 ADMITTED. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order)) (Jeng, Hawaii) |
| 01/09/2020 | 🌐 336  (4 pgs) Order granting application to employ FTI Consulting, Inc. as Financial Advisor to The Official Committee of Unsecured Creditors (related document # 205) Entered on 1/9/2020. (Okafor, M.) |
| 01/09/2020 | 🌐 337  (3 pgs) Order granting application to employ Young Conway Stargatt & Taylor, LLP for Official Committee of Unsecured Creditors as Attorney (Co-Counsel) (related document 226) Entered on 1/9/2020. (Okafor, M.) Modified to correct Firm name on 1/13/2020 (Ecker, C.). |
| 01/09/2020 | 🌐 338  (8 pgs) Stipulation by Highland Capital Management, L.P. and Official Committee of Unsecured Creditors, Strand Advisors, Inc., and James Dondero. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. ). (Hayward, Melissa) |
| 01/09/2020 | 🌐 339  (5 pgs) Order Approve Settlement with Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course ( (related document # 281) Entered on 1/9/2020. (Okafor, M.) |
| 01/09/2020 | 🌐 340  (20 pgs; 3 docs) Application to employ Hayward & Associates PLLC as Attorney *(Debtor's Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Hayward & Associates PLLC as Local Counsel)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Declaration of Melissa S. Hayward # 2 Proposed Order) (Annable, Zachery) |
| 01/09/2020 | 🌐 341  (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)317 Order granting motion to appear pro hac vice adding Asif Attarwala for UBS AG London Branch and UBS Securities LLC (related document 308) Entered on 1/7/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 01/09/2020. (Admin.) |
| 01/09/2020 | 🌐   Hearing held on 1/9/2020. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors, filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomerantz, I. Kharasch, G. Demo, M. Hayward, and Z. Annabel for Debtor; M. Clemente, P. Reid and D. Tumi for Unsecured Creditors Committee; A. Chiarello and R. Patel for Asic; L. Lambert for UST; J. Bentley and J. Bain (both telephonically) for CLO and CDO Issuer Group; T. Mascherin and M. Hankin (telephonically) for Redeemer Committee; P. Maxcy (telephonically) for Jeffries. Evidentiary hearing. Motion granted. Counsel to upload appropriate form of order.) (Edmond, Michael) (Entered: 01/10/2020) |

| 01/10/2020 | 🕮 342 (13 pgs) Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document # 74) Entered on 1/10/2020. (Okafor, M.) |
|---|---|
| 01/10/2020 | 🕮 343 (70 pgs) Application for compensation *First Monthly Application for Compensation and for Reimbursement of Expenses of Sidley Austin LLP* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 11/30/2019, Fee: $795,054.96, Expenses: $10,247.88. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 1/31/2020. (Hoffman, Juliana) |
| 01/10/2020 | 🕮 344 (9 pgs) Certificate of service re: *Documents Served on January 8, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)327 Declaration re: *(Declaration of Bradley D. Sharp in Support of the Motion of the Debtor for Approval of Settlement with the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. ). filed by Debtor Highland Capital Management, L.P., 328 Agreed Notice of hearing*with PensionDanmark and Highland Capital Management, L.P.* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)218 Motion for relief from stay *MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT* Fee amount $181, Filed by Creditor PensionDanmark Pensionsforsikringsaktieselskab Objections due by 12/23/2019. (Attachments: # 1 Declaration # 2 Proposed Order)). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 218, filed by Creditor Committee Official Committee of Unsecured Creditors, 329 Response unopposed to (related document(s): 313 Objection) filed by Debtor Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A) (Hayward, Melissa) Modified to match docket text to PDF on 1/9/2020 (Ecker, C.). filed by Debtor Highland Capital Management, L.P., 330 Response unopposed to (related document(s): 313 Objection) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) Modified text to match PDF on 1/9/2020 (Ecker, C.). filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 01/10/2020 | 🕮 345 (9 pgs) Certificate of service re: *Documents Served on January 9, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)334 Order granting application to employ Sidley Austin LLP for Official Committee of Unsecured Creditors as Attorney (related document 206) Entered on 1/9/2020. (Okafor, M.), 336 Order granting application to employ FTI Consulting, Inc. as Financial Advisor to The Official Committee of Unsecured Creditors (related document 205) Entered on 1/9/2020. (Okafor, M.), 337 Order granting application to employ Conway Stargatt & Taylor, LLP for Official Committee of Unsecured Creditors as Attorney (Co-Counsel) (related document 226) Entered on 1/9/2020. (Okafor, M.), 338 Stipulation by Highland Capital Management, L.P. and Official Committee of Unsecured Creditors, Strand Advisors, Inc., and James Dondero. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. ). filed by Debtor Highland Capital Management, L.P., 340 Application to employ Hayward & Associates PLLC as Attorney *(Debtor's Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Hayward & Associates PLLC as Local Counsel)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Declaration of Melissa S. Hayward # 2 Proposed Order) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/10/2020 | 🕮 346 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)319 Order granting motion to appear pro hac vice adding Andrew Clubok for UBS AG London Branch and UBS Securities LLC (related document 310) Entered on 1/7/2020. (Okafor, M.) MODIFIED text on 1/7/2020 (Okafor, M.).) No. of Notices: 1. Notice Date 01/10/2020. (Admin.) |
| 01/10/2020 | 🕮 347 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)320 Order granting motion to appear pro hac vice adding Kuan Huang for UBS AG London Branch and UBS Securities LLC (related document 311) Entered on 1/7/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 01/10/2020. (Admin.) |

004460

| | |
|---|---|
| 01/11/2020 | 348 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)333 Order granting motion to appear pro hac vice adding James T. Bentley for Issuer Group (related document 325) Entered on 1/9/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 01/11/2020. (Admin.) |
| 01/12/2020 | 349 (16 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 01/12/2020. (Admin.) |
| 01/13/2020 | 350 (3 pgs) Certificate of service re: *(Supplemental) Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors; to be Held on January 9, 2020 at 11:00 a.m.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 01/13/2020 | 351 (11 pgs; 2 docs) Motion to extend time to (Debtor's Motion for Entry of an Order Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure) Filed by Debtor Highland Capital Management, L.P. Objections due by 2/6/2020. (Attachments: # 1 Exhibit A--Proposed Order) (Annable, Zachery) |
| 01/13/2020 | 352 (1 pg) DOCKET IN ERROR: Request for transcript regarding a hearing held on 1/9/2020. The requested turn-around time is daily. (Edmond, Michael) Modified on 1/21/2020 REQUEST WAS CANCELLED THE SAME DATE AS REQUESTED OF 1/13/2020. (Edmond, Michael). |
| 01/13/2020 | 353 (7 pgs) Objection to (related document(s): 270 Application for compensation - *First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019*) filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P.. (Patel, Rakhee) |
| 01/14/2020 | 354 (65 pgs; 2 docs) Notice *(Notice of Final Term Sheet)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order)). (Attachments: # 1 Exhibit A--Final Term Sheet) (Annable, Zachery) |
| 01/14/2020 | 355 (5 pgs) Certificate of service re: *Summary and First Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses for the Period from October 29, 2019 to and Including November 30, 2019* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)343 Application for compensation *First Monthly Application for Compensation and Reimbursement of Expenses of Sidley Austin LLP* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 11/30/2019, Fee: $795,054.96, Expenses: $10,247.88. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 1/31/2020. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 01/14/2020 | 356 (10 pgs) Certificate of service re: *Debtor's Motion for Entry of an Order Extending the Period Within Which it May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)351 Motion to extend time to (Debtor's Motion for Entry of an Order Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure) Filed by Debtor Highland Capital Management, L.P. Objections due by 2/6/2020. (Attachments: # 1 Exhibit A--Proposed Order) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/14/2020 | 357 (3 pgs) Witness and Exhibit List *in Connection with Motion to Appoint a Chapter 11 Trustee* filed by U.S. Trustee United States Trustee (RE: related document(s)271 Trustee's Motion to appoint trustee). |

004461

(Lambert, Lisa)

| | |
|---|---|
| 01/14/2020 | 🌐 358 (3 pgs) Witness and Exhibit List *in connection with Motion to Seal and Joint Motion for an Agreed Protective Order* filed by U.S. Trustee United States Trustee (RE: related document(s)10 Motion to file document under seal., 280 Motion for protective order.*Joint Motion for Entry of an Order Approving the Agreed Protective Order*). (Lambert, Lisa) |
| 01/15/2020 | 🌐 359 (4 pgs) Agreed Motion to continue hearing on (related documents 218 Motion for relief from stay) Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 01/15/2020 | 🌐 360 (2 pgs) Withdrawal *of Precautionary Motion of the Debtor for Order Approving Protocols for the Debtor to Implement Certain Transactions in the Ordinary Course of Business* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)76 Motion by Highland Capital Management, L.P..). (Hayward, Melissa) |
| 01/15/2020 | 🌐 361 (4 pgs) Order granting motion to continue hearing on (related document # 359) (related documents Motion for relief from stay *MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT* Fee amount $181,). It is hereby ORDERED that a hearing on the Stay Relief Motion shall be continued to a later date provided by the Court and mutually acceptable to the Parties. Entered on 1/15/2020. (Okafor, M.) |
| 01/15/2020 | 🌐 362 (13 pgs) Response opposed to (related document(s): 271 Trustee's Motion to appoint trustee filed by U.S. Trustee United States Trustee) filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 01/15/2020 | 🌐 363 (4 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)7 Motion to Maintain Bank Accounts /Motion of the Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System and Brokerage Relationships, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P. (Attachments: 1 Exhibit A - Interim Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #5 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 68 Application/Motion to Employ/Retain Foley Gardere, Foley & Lardner LLP as Special Texas Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C - Proposed Order # 5 2016 Statement # 6 Declaration Frank Waterhouse # 7 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #69 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 69 Application/Motion to Employ/Retain Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A - Hurst Declaration # 3 Exhibit B - Proposed Order # 4 2016 Statement # 5 Declaration Frank Waterhouse # 6 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #70 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A - Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Declaration of John Dempsey in Support # 4 Exhibit C - Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR |

THE BANK OF DELAWARE) (Okafor, M.), *259* Support/supplemental document. *Emer. Motion of Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account, (C) Limited Waiver* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>7</u> Motion to maintain bank accounts.)., <u>271</u> Trustee's Motion to appoint trustee Filed by U.S. Trustee United States Trustee, <u>280</u> Motion for protective order.*Joint Motion for Entry of an Order Approving the Agreed Protective Order* Filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for <u>7</u> and for <u>68</u> and for <u>177</u> and for <u>259</u> and for <u>280</u> and for <u>271</u> and for <u>180</u> and for <u>69</u>, (Annable, Zachery)

| | |
|---|---|
| 01/15/2020 | 🌐 <u>364</u>  (4 pgs) Objection to (related document(s): <u>271</u> Trustee's Motion to appoint trustee filed by U.S. Trustee United States Trustee) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
| 01/16/2020 | 🌐 <u>365</u>  (5 pgs) Certificate of service re: Objection to First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel for the Period From October 16, 2019 Through November 30, 2019 filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)<u>270</u> Application for compensation - *First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019*). (Chiarello, Annmarie) |
| 01/16/2020 | 🌐 <u>366</u>  (4 pgs) Amended Witness and Exhibit List *in Connection with Motion to Appoint a Chapter 11 Trustee* filed by U.S. Trustee United States Trustee (RE: related document(s)<u>357</u> List (witness/exhibit/generic)). (Lambert, Lisa) |
| 01/16/2020 | 🌐 <u>367</u>  (5 pgs) Witness and Exhibit List filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)<u>68</u> Application to employ Foley Gardere, Foley & Lardner LLP as Special Counsel, <u>69</u> Application to employ Lynn Pinker Cox & Hurst LLP as Special Counsel). (Chiarello, Annmarie) |
| 01/16/2020 | 🌐 <u>368</u>  (11 pgs) Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 01/17/2020 | 🌐 <u>369</u>  (47 pgs; 2 docs) Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc for the Period from October 16, 2019, Through November 30, 2019)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>342</u> Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document <u>74</u>) Entered on 1/10/2020. (Okafor, M.)). (Attachments: # <u>1</u> Exhibit A--Staffing Report) (Annable, Zachery) |
| 01/17/2020 | 🌐 <u>370</u>  (9 pgs; 2 docs) Joint Motion to continue hearing on (related documents <u>68</u> Application to employ, <u>69</u> Application to employ)*(Joint Motion for Continuance of Hearing on (i) Debtor's Application for an Order Authorizing the Employment of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel, Nunc Pro Tunc to the Petition Date, and (ii) Debtor's Application for an Order Authorizing the Retention and Employment of Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel, Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # <u>1</u> Proposed Order) (Annable, Zachery) |
| 01/17/2020 | 🌐 <u>371</u>  (2 pgs) Order granting joint motion to continue hearing on (related document # <u>370</u>) (related documents Application to employ Foley Gardere, Foley & Lardner LLP as Special Counsel, Application to employ Lynn Pinker Cox & Hurst LLP as Special Counsel). ORDERED that the hearing on the Applications currently scheduled for January 21, 2020 at 9:30 a.m., will be continued to a new hearing date to be determined by the Parties; and it is further Entered on 1/17/2020. (Okafor, M.) |

| | |
|---|---|
| 01/17/2020 | 🌐 372  (3 pgs) Witness and Exhibit List *(Debtor's Witness and Exhibit List in Connection with Its Opposition to Motion to Appoint a Chapter 11 Trustee)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)362 Response). (Annable, Zachery) |
| 01/19/2020 | 🌐 373  (12 pgs) Amended Notice *(First Amended Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)368 Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P..). (Annable, Zachery) |
| 01/20/2020 | 🌐 374  (13 pgs) Amended Notice *(Second Amended Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)368 Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.., 373 Amended Notice *(First Amended Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)368 Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P..).). (Annable, Zachery) |
| 01/21/2020 | 🌐 375  (3 pgs) Certificate of service re: *(Supplemental) Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors; to be Held on January 9, 2020 at 11:00 a.m.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 01/21/2020 | 🌐  Hearing held on 1/21/2020. (RE: related document(s)271 Trustee's Motion to appoint trustee filed by U.S. Trustee United States Trustee) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Evidentiary hearing. Motion denied. Debtors counsel should upload a form of order consistent with the courts ruling.) (Edmond, Michael) |
| 01/21/2020 | 🌐  Hearing held on 1/21/2020. (RE: related document(s)7 Motion to Maintain Bank Accounts /Motion of the Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System and Brokerage Relationships, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P. (Attachments: 1 Exhibit A - Interim Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #5 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion granted on a final basis. Debtors counsel should upload order.) (Edmond, Michael) |
| 01/21/2020 | 🌐 376  (8 pgs) Certificate of service re: *Notice of Final Term Sheet* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)354 Notice *(Notice of Final Term Sheet)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order)). (Attachments: # 1 Exhibit A--Final Term Sheet) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/21/2020 | 🌐  Hearing held on 1/21/2020. (RE: related document(s)177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, |

004464

| | |
|---|---|
| | Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A - Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion, as narrowed, granted. Debtors counsel should upload order.) (Edmond, Michael) |
| 01/21/2020 | 🌐 Hearing held on 1/21/2020. (RE: related document(s)180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Declaration of John Dempsey in Support # 4 Exhibit C - Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion granted. Debtors counsel should upload order.) (Edmond, Michael) |
| 01/21/2020 | 🌐 377 (8 pgs) Certificate of service re: *1) Objection of the Debtor to United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee; and 2) Notice of Hearing; to be Held on January 21, 2020 at 9:30 a.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)362 Response opposed to (related document(s): 271 Trustee's Motion to appoint trustee filed by U.S. Trustee United States Trustee) filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 363 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)7 Motion to Maintain Bank Accounts /Motion of the Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System and Brokerage Relationships, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P. (Attachments: 1 Exhibit A - Interim Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #5 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 68 Application/Motion to Employ/Retain Foley Gardere, Foley & Lardner LLP as Special Texas Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C - Proposed Order # 5 2016 Statement # 6 Declaration Frank Waterhouse # 7 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #69 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 69 Application/Motion to Employ/Retain Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A - Hurst Declaration # 3 Exhibit B - Proposed Order # 4 2016 Statement # 5 Declaration Frank Waterhouse # 6 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #70 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A - Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Declaration of John Dempsey in Support # 4 Exhibit C - Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 |

004465

11/26/2019 in U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE (Okafor, M.), 259 Support/supplemental document *to the Motion of Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account, (C) Limited Waiver* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)7 Motion to maintain bank accounts.)., 271 Trustee's Motion to appoint trustee Filed by U.S. Trustee United States Trustee, 280 Motion for protective order.*Joint Motion for Entry of an Order Approving the Agreed Protective Order* Filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 7 and for 68 and for 177 and for 259 and for 280 and for 271 and for 180 and for 69, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)

| | |
|---|---|
| 01/21/2020 | ⊙  Hearing held on 1/21/2020. (RE: related document(s)280 Motion for protective order Joint Motion for Entry of an Order Approving the Agreed Protective Order filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion granted, with certain amendments as discussed on the record. Debtors counsel should upload order.) (Edmond, Michael) |
| 01/21/2020 | ⊙  Hearing held on 1/21/2020. (RE: related document(s)127 Motion to File Under Seal of the Omnibus Objection of the Official Committee of Unsecured Creditors to the Debtors (I) Motion for Final Order Authorizing Continuance of Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for Ordinary Course Transactions Filed by Official Committee of Unsecured Creditors. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/19/2019. (Attachments: # 1 Notice # 2 Proposed Form of Order) [ORIGINALLY FILED AS DOCUMENT #123 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion denied for mootness. UCCs counsel should upload order.) (Edmond, Michael) |
| 01/21/2020 | ⊙ 378  (27 pgs) Application for compensation *First Monthly Application for Compensation and Reimbursement of Expenses on behalf of the Unsecured Creditors Committee* for FTI Consulting, Inc., Financial Advisor, Period: 11/6/2019 to 11/30/2019, Fee: $322,274.88, Expenses: $4,687.35. Filed by Attorney Juliana Hoffman Objections due by 2/11/2020. (Hoffman, Juliana) |
| 01/21/2020 | ⊙ 383  (1 pg) Court admitted exhibits date of hearing January 21, 2020 (RE: related document(s)271 Trustee's Motion to appoint trustee filed by Lisa Lambert representing the U.S. Trustee) (Court Admitted U.S. Trustee's Exhibits #4, #5, #7, #8, #9, #10 and Took Judicial Notice of Exhibit #11) (Edmond, Michael) (Entered: 01/22/2020) |
| 01/22/2020 | ⊙ 379  (6 pgs) Final Order Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account and Maxim Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P (related document # 7) Entered on 1/22/2020. (Okafor, M.) |
| 01/22/2020 | ⊙ 380  (3 pgs) Order Authorizing Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P. (related document # 177) Entered on 1/22/2020. (Okafor, M.) |
| 01/22/2020 | ⊙ 381  (3 pgs) Order Granting Application to Employ Mercer (US) Inc. as Compensation Consultant to the debtor (related document # 180) Entered on 1/22/2020. (Okafor, M.) |

| | |
|---|---|
| 01/22/2020 | 🌐 382 (10 pgs) Agreed Order Granting Motion for Protective Order (related document # 280) Entered on 1/22/2020. (Okafor, M.) |
| 01/22/2020 | 🌐 384 (3 pgs) Declaration re: *Notice / Declaration of Conor P. Tully in Support of the Retention of FTI Consulting, Inc.* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)205 Application to employ FTI CONSULTING, INC. as Financial Advisor *APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVIS). (Hoffman, Juliana)* |
| 01/22/2020 | 🌐 385 (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)235 Application for compensation *First Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From October 16, 2019 Through October 31, 2019* for Highland C). (Annable, Zachery) |
| 01/22/2020 | 🌐 386 (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)286 Application for compensation *Second Monthly Application for Compensation and for Reimbursement of Expenses for the Period from November 1, 2019 through November 30, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 11/1). (Annable, Zachery) |
| 01/22/2020 | 🌐 387 (1 pg) Request for transcript regarding a hearing held on 1/21/2020. The requested turn-around time is hourly. (Edmond, Michael) (Entered: 01/23/2020) |
| 01/23/2020 | 🌐 388 (1 pg) Certificate of service re: First Supplemental Declaration of Conor P. Tully In Support of the Application Authorizing the Employment and Retention of FTI Consulting, Inc., as Financial Advisor to the Official Committee of Unsecured Creditors Nunc Pro Tunc to November 6, 2019 filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)384 Declaration). (Hoffman, Juliana) |
| 01/23/2020 | 🌐 389 (60 pgs) Application for compensation *First and Final Application for Compensation and Reimbursement of Expenses on behalf of Young Conaway Stargatt & Taylor, LLP as Co-Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 11/8/2019 to 1/13/2020, Fee: $272,300.00, Expenses: $8,855.56. Filed by Attorney Juliana Hoffman Objections due by 2/13/2020. (Hoffman, Juliana) |
| 01/23/2020 | 🌐 390 (2 pgs) Supplemental Notice *of the Young Conaway Stargatt & Taylor, LLP Final Fee Application* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)389 Application for compensation *First and Final Application for Compensation and Reimbursement of Expenses on behalf of Young Conaway Stargatt & Taylor, LLP as Co-Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 11/8/2019 to 1/13/2020, Fee: $272,300.00, Expenses: $8,855.56. Filed by Attorney Juliana Hoffman Objections due by 2/13/2020.). (Hoffman, Juliana) |
| 01/23/2020 | 🌐 391 (1 pg) Certificate of service re: Final Fee Application *on behalf of Young Conaway Stargatt & Taylor, LLP* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)389 Application for compensation *First and Final Application for Compensation and Reimbursement of Expenses on behalf of Young Conaway Stargatt & Taylor, LLP as Co-Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Perio). (Hoffman, Juliana) |
| 01/24/2020 | 🌐 392 (103 pgs) Application for compensation *Third Monthly Application for Compensation and for Reimbursement of Expenses for the Period from December 1, 2019 through December 31, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 12/1/2019 to 12/31/2019, Fee: $589,730.35, Expenses: $26,226.80. Filed by Debtor Highland Capital Management, L.P. Objections due by 2/14/2020. (Pomerantz, Jeffrey) |

393  (140 pgs) Transcript regarding Hearing Held 01/21/2020 (140 pgs.) RE: Motions. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 04/23/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. (RE: related document(s) Hearing held on 1/21/2020. (RE: related document(s)271 Trustee's Motion to appoint trustee filed by U.S. Trustee United States Trustee) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Evidentiary hearing. Motion denied. Debtors counsel should upload a form of order consistent with the courts ruling.), Hearing held on 1/21/2020. (RE: related document(s)7 Motion to Maintain Bank Accounts /Motion of the Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System and Brokerage Relationships, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P. (Attachments: 1 Exhibit A - Interim Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #5 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion granted on a final basis. Debtors counsel should upload order.), Hearing held on 1/21/2020. (RE: related document(s)177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A - Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion, as narrowed, granted. Debtors counsel should upload order.), Hearing held on 1/21/2020. (RE: related document(s)180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Declaration of John Dempsey in Support # 4 Exhibit C - Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion granted. Debtors counsel should upload order.), Hearing held on 1/21/2020. (RE: related document(s)280 Motion for protective order Joint Motion for Entry of an Order Approving the Agreed Protective Order filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion granted, with certain amendments as discussed on the record. Debtors counsel should upload order.), Hearing held on 1/21/2020. (RE: related document(s)127 Motion to File Under Seal of the Omnibus Objection of the Official Committee of Unsecured Creditors to the Debtors (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for Ordinary Course Transactions Filed by Official Committee of Unsecured Creditors. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by

11/15/2019 (Attachments: # 1 Notice # 2 Proposed Form of Order) [ORIGINALLY FILED AS
DOCUMENT #123 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF
DELAWARE] (Okafor, M.)(Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z.
Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R.
Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer
Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO
Issuers. Nonevidentiary hearing. Motion denied for mootness. UCCs counsel should upload order.)).
Transcript to be made available to the public on 04/23/2020. (Rehling, Kathy)

| | |
|---|---|
| 01/24/2020 | 🌐 394  (28 pgs) Application for compensation *Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through December 30, 2019* for Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 12/1/2019 to 12/31/2019, Fee: $143,328.50, Expenses: $2,808.29. Filed by Attorney Holland N. O'Neil Objections due by 2/14/2020. (O'Neil, Holland) |
| 01/24/2020 | 🌐 395  (11 pgs; 2 docs) Motion to extend or limit the exclusivity period Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order) (Annable, Zachery) |
| 01/24/2020 | 🌐 396  (8 pgs) Motion for expedited hearing(related documents 395 Motion to extend/shorten time) *(Motion for (i) Expedited Hearing on Debtor's Motion for Entry of an Order Pursuant to 11 U.S.C. 1121(d) and Local Rule 3016-1 Extending the Exclusivity Periods for the Filing and Solicitation of Acceptances of a Chapter 11 Plan, or Alternatively, (ii) Entry of a Bridge Order Extending the Exclusivity Period for the Filing of a Chapter 11 Plan Through February 19, 2020)* Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 01/24/2020 | 🌐 397  (17 pgs; 3 docs) Motion to enforce*(Motion of the Debtor for the Entry of an Order Concerning the "Sealing Motion" and for a Conference Concerning the Substance, Scope and Intent of Certain Recent Rulings)* (related document(s): 382 Order on motion for protective order) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order # 2 Exhibit B--Email Correspondence) (Annable, Zachery) |
| 01/24/2020 | 🌐 398  (6 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)381 Order Granting Application to Employ Mercer (US) Inc. as Compensation Consultant to the debtor (related document 180) Entered on 1/22/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 01/24/2020. (Admin.) |
| 01/24/2020 | 🌐 399  (8 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)379 Final Order Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account and Maxim Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P (related document 7) Entered on 1/22/2020. (Okafor, M.)) No. of Notices: 44. Notice Date 01/24/2020. (Admin.) |
| 01/27/2020 | 🌐 400  (10 pgs) Certificate of service re: *(Supplemental) Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors; to be Held on January 9, 2020 at 11:00 a.m.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 01/27/2020 | 🌐 401  (8 pgs) Certificate of service re: *Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)368 Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/27/2020 | 🌐 402  (9 pgs) Certificate of service re: *Documents Served on January 17, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)369 Notice *(Notice of Filing of Monthly Staffing* |

*Report by Development Specialists, Inc. for the Period from October 16, 2019, Through November 30, 2019)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A--Staffing Report) filed by Debtor Highland Capital Management, L.P., 370 Joint Motion to continue hearing on (related documents 68 Application to employ, 69 Application to employ)*(Joint Motion for Continuance of Hearing on (i) Debtor's Application for an Order Authorizing the Employment of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel, Nunc Pro Tunc to the Petition Date, and (ii) Debtor's Application for an Order Authorizing the Retention and Employment of Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel, Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) filed by Debtor Highland Capital Management, L.P., 371 Order granting joint motion to continue hearing on (related document 370) (related documents Application to employ Foley Gardere, Foley & Lardner LLP as Special Counsel, Application to employ Lynn Pinker Cox & Hurst LLP as Special Counsel). ORDERED that the hearing on the Applications currently scheduled for January 21, 2020 at 9:30 a.m., will be continued to a new hearing date to be determined by the Parties; and it is further Entered on 1/17/2020. (Okafor, M.), 372 Witness and Exhibit List *(Debtor's Witness and Exhibit List in Connection with Its Opposition to Motion to Appoint a Chapter 11 Trustee)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)362 Response). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)

---

01/27/2020

🔘 403   (13 pgs) Certificate of service re: *Documents Served on or before January 21, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)373 Amended Notice *(First Amended Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)368 Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time)))* filed by Debtor Highland Capital Management, L.P.). filed by Debtor Highland Capital Management, L.P., 374 Amended Notice *(Second Amended Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)368 Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time)))* filed by Debtor Highland Capital Management, L.P.., 373 Amended Notice *(First Amended Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)368 Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.).). filed by Debtor Highland Capital Management, L.P., 378 Application for compensation *First Monthly Application for Compensation and Reimbursement of Expenses on behalf of the Unsecured Creditors Committee* for FTI Consulting, Inc., Financial Advisor, Period: 11/6/2019 to 11/30/2019, Fee: $322,274.88, Expenses: $4,687.35. Filed by Attorney Juliana Hoffman Objections due by 2/11/2020. filed by Financial Advisor FTI Consulting, Inc.). (Kass, Albert)

---

01/27/2020

🔘 404   (11 pgs) Certificate of service re: *Documents Served on January 22, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)379 Final Order Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account and Maxim Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P (related document 7) Entered on 1/22/2020. (Okafor, M.), 380 Order Authorizing Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P. (related document 177) Entered on 1/22/2020. (Okafor, M.), 381 Order Granting Application to Employ Mercer (US) Inc. as Compensation Consultant to the debtor (related document 180) Entered on 1/22/2020. (Okafor, M.), 382 Agreed Order Granting Motion for Protective Order (related document 280) Entered on 1/22/2020. (Okafor, M.), 385 Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)235 Application for compensation *First Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From October 16, 2019 Through October 31, 2019* for Highland C). filed by Debtor Highland Capital Management, L.P., 386 Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)286 Application for compensation *Second Monthly Application for Compensation and for Reimbursement of Expenses for the Period from November 1, 2019 through November 30, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 11/1). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)

004470

| 01/27/2020 | ⚫ 405 (11 pgs) Debtor-in-possession monthly operating report for filing period 10/16/2019 to 10/31/2019 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
|---|---|
| 01/27/2020 | ⚫ 406 (10 pgs; 3 docs) Notice *(Notice of Filing of Third Amended Exhibit B to Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtor in the Ordinary Course of Business)* filed by Debtor Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1--Updated OCP List # 2 Exhibit 2--Blackline OCP List) (Annable, Zachery) |
| 01/27/2020 | ⚫ 407 (4 pgs) Declaration re: *(Disclosure Declaration of Ordinary Course Professional--Shawn Raver)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Annable, Zachery) |
| 01/27/2020 | ⚫ 408 (3 pgs) Notice of hearing*(Notice of Status Conference)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)397 Motion to enforce*(Motion of the Debtor for the Entry of an Order Concerning the "Sealing Motion" and for a Conference Concerning the Substance, Scope and Intent of Certain Recent Rulings)* (related document(s): 382 Order on motion for protective order) Filed by Debtor Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A--Proposed Order # 2 Exhibit B--Email Correspondence)). Status Conference to be held on 2/19/2020 at 09:30 AM at Dallas Judge Jernigan Ctrm. (Annable, Zachery) |
| 01/28/2020 | ⚫ 409 (3 pgs) Order Denying as Moot the Motion of the Official Committee of Unsecured Creditors for an Order Authorizing Filing Under Seal of the Omnibus Objection to the Debtor's (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for "Ordinary Course" Transactions (RE: related document(s) 128 Document and 127 Motion ). Entered on 1/28/2020 (Okafor, M.). Modified linkage on 2/11/2020 (Okafor, M.). |
| 01/28/2020 | ⚫ 410 (3 pgs) Bridge Order extending the exclusivity periods for filing Chapter 11 Plan and granting motion for expedited hearing (Related Doc# 396)(document set for hearing: 395 Motion to extend/shorten time) Hearing to be held on 2/19/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 395, Entered on 1/28/2020. (Okafor, M.) |
| 01/28/2020 | ⚫ 411 (2 pgs) Notice of Appearance and Request for Notice by Shawn M. Christianson Filed by Creditor Oracle America, Inc.. (Christianson, Shawn) |
| 01/28/2020 | ⚫ 412 (3 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)395 Motion to extend or limit the exclusivity period Filed by Debtor Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A--Proposed Order)). Hearing to be held on 2/19/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 395, (Annable, Zachery) |
| 01/29/2020 | ⚫ 413 (5 pgs) Certificate of service re: *1) First and Final Application of Young Conaway Stargatt & Taylor, LLP as Co- Counsel for the Official Committee of Unsecured Creditors for Allowance of Compensation and Reimbursement of Expenses Incurred for the First and Final Period from November 8, 2019 Through and Including January 13, 2020; 2) Notice of First and Final Application of Young Conaway Stargatt & Taylor, LLP as Co-Counsel for the Official Committee of Unsecured Creditors for Allowance of Compensation and Reimbursement of Expenses Incurred for the First and Final Period from November 8, 2019 Through and Including January 13, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)389 Application for compensation *First and Final Application for Compensation and Reimbursement of Expenses on behalf of Young Conaway Stargatt & Taylor, LLP as Co-Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 11/8/2019 to 1/13/2020, Fee: $272,300.00, Expenses: $8,855.56. Filed by Attorney Juliana Hoffman Objections due by 2/13/2020. filed by Creditor Committee Official Committee of Unsecured Creditors, 390 Supplemental Notice *of the Young Conaway Stargatt & Taylor, LLP Final Fee Application* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)389 Application for compensation *First and Final Application for Compensation and Reimbursement of Expenses on behalf of Young* |

*Cotham Stargatel & Taylor, LLP as Co-Counsel for Official Committee of Unsecured Creditors*, Creditor Comm. Aty, Period: 11/8/2019 to 1/13/2020, Fee: $272,300.00, Expenses: $8,855.56. Filed by Attorney Juliana Hoffman Objections due by 2/13/2020.). filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert)

| 01/29/2020 | 414 (11 pgs) Certificate of service re: *Documents Served on January 24, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)392 Application for compensation *Third Monthly Application for Compensation and for Reimbursement of Expenses for the Period from December 1, 2019 through December 31, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 12/1/2019 to 12/31/2019, Fee: $589,730.35, Expenses: $26,226.80. Filed by Debtor Highland Capital Management, L.P. Objections due by 2/14/2020. filed by Debtor Highland Capital Management, L.P., 394 Application for compensation *Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through December 30, 2019* for Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 12/1/2019 to 12/31/2019, Fee: $143,328.50, Expenses: $2,808.29. Filed by Attorney Holland N. O'Neil Objections due by 2/14/2020. (O'Neil, Holland), 395 Motion to extend or limit the exclusivity period Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order) filed by Debtor Highland Capital Management, L.P., 396 Motion for expedited hearing(related documents 395 Motion to extend/shorten time) *(Motion for (i) Expedited Hearing on Debtor's Motion for Entry of an Order Pursuant to 11 U.S.C. 1121(d) and Local Rule 3016-1 Extending the Exclusivity Periods for the Filing and Solicitation of Acceptances of a Chapter 11 Plan, or Alternatively, (ii) Entry of a Bridge Order Extending the Exclusivity Period for the Filing of a Chapter 11 Plan Through February 19, 2020)* Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., 397 Motion to enforce*(Motion of the Debtor for the Entry of an Order Concerning the "Sealing Motion" and for a Conference Concerning the Substance, Scope and Intent of Certain Recent Rulings)* (related document(s): 382 Order on motion for protective order) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order # 2 Exhibit B--Email Correspondence) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
|---|---|
| 01/30/2020 | 415 (10 pgs) Certificate of service re: *Documents Served on January 27, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)406 Notice *(Notice of Filing of Third Amended Exhibit B to Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtor in the Ordinary Course of Business)* filed by Debtor Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1--Updated OCP List # 2 Exhibit 2--Blackline OCP List) filed by Debtor Highland Capital Management, L.P., 407 Declaration re: *(Disclosure Declaration of Ordinary Course Professional--Shawn Raver)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P., 408 Notice of hearing*(Notice of Status Conference)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)397 Motion to enforce*(Motion of the Debtor for the Entry of an Order Concerning the "Sealing Motion" and for a Conference Concerning the Substance, Scope and Intent of Certain Recent Rulings)* (related document(s): 382 Order on motion for protective order) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order # 2 Exhibit B--Email Correspondence)). Status Conference to be held on 2/19/2020 at 09:30 AM at Dallas Judge Jernigan Ctrm. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/30/2020 | 416 (6 pgs) Certificate of service re: *Documents Served on January 28, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)409 Order Denying as Moot the Motion of the Official Committee of Unsecured Creditors for an Order Authorizing Filing Under Seal of the Omnibus Objection to the Debtor's (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for "Ordinary Course" Transactions (RE: related document(s) 128 Document). Entered on 1/28/2020 (Okafor, M.), 410 Bridge Order extending the exclusivity periods for filing Chapter 11 Plan and granting motion for expedited hearing (Related Doc396)(document set for hearing: 395 Motion to extend/shorten time) Hearing to be held on 2/19/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 395, Entered on 1/28/2020. (Okafor, M.), 412 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)395 Motion to extend or limit the exclusivity period Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order). Hearing to be held on 2/19/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 395, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |

004472

| | |
|---|---|
| 01/31/2020 | 🌐 417  (47 pgs) Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from December 1, 2019 through December 31, 2019)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Annable, Zachery) |
| 01/31/2020 | 🌐 418  (9 pgs) Debtor-in-possession monthly operating report for filing period December 1, 2019 to December 31, 2019 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 01/31/2020 | 🌐 419  (10 pgs; 2 docs) Motion to extend time to (Agreed Motion to Extend by One Hundred Twenty Days the Deadline to Assume or Reject Unexpired Nonresidential Real Property Lease) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) (Annable, Zachery) |
| 01/31/2020 | 🌐 420  (82 pgs; 3 docs) Application for compensation *Second Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 12/1/2019 to 12/31/2019, Fee: $702,665.28, Expenses: $30,406.08. Filed by Attorney Juliana Hoffman, Creditor Committee Official Committee of Unsecured Creditors Objections due by 2/21/2020. (Attachments: # 1 Exhibit A Fee Statement # 2 Exhibit B Expense Detail) (Hoffman, Juliana) |
| 01/31/2020 | 🌐 421  (36 pgs; 4 docs) Motion for leave *(Debtor's Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Form of Bar Date Notice # 2 Exhibit B--Form of Publication Notice # 3 Exhibit C--Proposed Order) (Annable, Zachery) |
| 01/31/2020 | 🌐 422  (7 pgs) Motion for expedited hearing(related documents 421 Motion for leave) *(Motion for Expedited Hearing on Debtor's Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof)* Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 02/02/2020 | 🌐 423  (3 pgs) Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)343 Application for compensation *First Monthly Application for Compensation and for Reimbursement of Expenses of Sidley Austin LLP* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 11/30/2019, Fee: $7). (Hoffman, Juliana) |
| 02/03/2020 | 🌐 424  (3 pgs) Certificate of service re: *Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors; to be Held on January 9, 2020 at 11:00 a.m.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 02/04/2020 | 🌐 425  (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)340 Application to employ Hayward & Associates PLLC as Attorney *(Debtor's Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Hayward & Associate). (Hayward, Melissa)* |
| 02/04/2020 | 🌐 426  (3 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)421 Motion for leave *(Debtor's Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Form of Bar Date Notice # 2 Exhibit B--Form of Publication Notice # 3 Exhibit C--Proposed Order)). Hearing to be held on 2/19/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 421, (Annable, Zachery) |

| | |
|---|---|
| 02/05/2020 | 👤 427  (2 pgs) Order granting motion for expedited hearing (Related Doc# 422)(document set for hearing: 421 Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof) Hearing to be held on 2/19/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 421, Entered on 2/5/2020. (Okafor, M.) |
| 02/05/2020 | 👤 428  (2 pgs) Order denying motion to appoint trustee. (related document # 271) Entered on 2/5/2020. (Okafor, M.) |
| 02/06/2020 | 👤 429  (2 pgs) Order granting 419 Motion to Extend Deadline to Assume or Reject Unexpired Nonresidential Real Property Lease by One Hundred and Twenty Days Entered on 2/6/2020. (Okafor, M.) |
| 02/06/2020 | 👤 430  (11 pgs) Certificate of service re: *Documents Served on January 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)417 Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from December 1, 2019 through December 31, 2019)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). filed by Debtor Highland Capital Management, L.P., 419 Motion to extend time to (Agreed Motion to Extend by One Hundred Twenty Days the Deadline to Assume or Reject Unexpired Nonresidential Real Property Lease) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) filed by Debtor Highland Capital Management, L.P., 420 Application for compensation *Second Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 12/1/2019 to 12/31/2019, Fee: $702,665.28, Expenses: $30,406.08. Filed by Attorney Juliana Hoffman, Creditor Committee Official Committee of Unsecured Creditors Objections due by 2/21/2020. (Attachments: # 1 Exhibit A Fee Statement # 2 Exhibit B Expense Detail) filed by Creditor Committee Official Committee of Unsecured Creditors, 421 Motion for leave *(Debtor's Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Form of Bar Date Notice # 2 Exhibit B--Form of Publication Notice # 3 Exhibit C--Proposed Order) filed by Debtor Highland Capital Management, L.P., 422 Motion for expedited hearing(related documents 421 Motion for leave) *(Motion for Expedited Hearing on Debtor's Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof)* Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 02/06/2020 | 👤 431  (6 pgs) Certificate of service re: *Notice of Hearing on Debtor's Motion for an Order (I) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (II) Approving the Form and Manner of Notice Thereof* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)426 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)421 Motion for leave *(Debtor's Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Form of Bar Date Notice # 2 Exhibit B--Form of Publication Notice # 3 Exhibit C--Proposed Order)). Hearing to be held on 2/19/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 421, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 02/06/2020 | 👤 432  (5 pgs) Certificate of service re: *(Supplemental) Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors; to be Held on January 9, 2020 at 11:00 a.m.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 02/07/2020 | 👤 433  (1 pg) Clerk's correspondence requesting an order or a notice of hearing from attorney for debtor. (RE: related document(s)270 Application for compensation - *First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019* for Foley Gardere, Foley & |

004474

Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 10/16/2019 to 11/30/2019, Fee:
$176129.00, Expenses: $7836.31. Filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP f/k/a
Gardere Wynne Sewell LLP Objections due by 1/13/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland))
Responses due by 2/14/2020. (Ecker, C.)

| 02/10/2020 | 📄 434  (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)351 Motion to extend time to (Debtor's Motion for Entry of an Order Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure)). (Hayward, Melissa) |
|---|---|
| 02/10/2020 | 📄 435  (3 pgs) Order granting application to employ Hayward & Associates PLLC for Highland Capital Management, L.P. as Local Counsel (related document # 340) Entered on 2/10/2020. (Okafor, M.) |
| 02/10/2020 | 📄 436  (3 pgs) Certificate of service re: *(Supplemental) Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors; to be Held on January 9, 2020 at 11:00 a.m.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 02/10/2020 | 📄 437  (3 pgs) Notice *(Notice of Withdrawal of Debtor's Application for an Order Authorizing the Retention and Employment of Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel, Nunc Pro Tunc to the Petition Date)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)69 Application/Motion to Employ/Retain Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A - Hurst Declaration # 3 Exhibit B - Proposed Order # 4 2016 Statement # 5 Declaration Frank Waterhouse # 6 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #70 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Annable, Zachery) |
| 02/10/2020 | 📄 438  (3 pgs) **WITHDRAWN by document # 443** Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)270 Application for compensation - *First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019* for Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 10/16/2019 to 11/30/2019, Fee: $176129.00, Expenses: $7836.31. Filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP Objections due by 1/13/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland)). Hearing to be held on 3/11/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 270, (Annable, Zachery) Modified on 2/13/2020 (Ecker, C.). |
| 02/11/2020 | 📄 439  (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)67 Motion by Highland Capital Management, L.P..). (Annable, Zachery) |
| 02/12/2020 | 📄 440  (6 pgs) Certificate of service re: *1) Order Granting Motion for Expedited Hearing on Debtor's Motion for an Order (I) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (II) Approving the Form and Manner of Notice Thereof; to be Held on February 19, 2020 at 9:30 a.m. (Central Time); 2) Order Denying United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)427 Order granting motion for expedited hearing (Related Doc422)(document set for hearing: 421 Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof) Hearing to be held on 2/19/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 421, Entered on 2/5/2020. (Okafor, M.), 428 Order denying motion to appoint trustee. (related document 271) Entered on 2/5/2020. (Okafor, M.)). (Kass, Albert) |
| 02/12/2020 | 📄 441  (6 pgs) Certificate of service re: *Order Extending Deadline to Assume or Reject Unexpired Nonresidential Real Property Lease by One Hundred and Twenty Days* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)429 Order granting 419 Motion to Extend Deadline to |

004475

| | Assume or Reject Unexpired Nonresidential Real Property Lease by One Hundred and Twenty Days Entered on 2/6/2020. (Okafor, M.)). (Kass, Albert) |
|---|---|
| 02/12/2020 | 🌐 442  (32 pgs) Application for compensation *Second Monthly Application for Allowance of Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 12/1/2019 to 12/31/2019, Fee: $89,215.36, Expenses: $3,955.12. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 3/4/2020. (Hoffman, Juliana) |
| 02/12/2020 | 🌐 443  (3 pgs) Notice *(Notice of Withdrawal of Notice of Hearing on the First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)438 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)270 Application for compensation - *First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019* for Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 10/16/2019 to 11/30/2019, Fee: $176129.00, Expenses: $7836.31. Filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP Objections due by 1/13/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland)). Hearing to be held on 3/11/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 270,). (Annable, Zachery) |
| 02/12/2020 | 🌐 444  (3 pgs) Certificate No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)378 Application for compensation *First Monthly Application for Compensation and Reimbursement of Expenses on behalf of the Unsecured Creditors Committee* for FTI Consulting, Inc., Financial Advisor, Period: 11/6/2019 to 11/30/2019, Fee: $32). (Hoffman, Juliana) |
| 02/13/2020 | 🌐 445  (6 pgs) Certificate of service re: *1) Order Authorizing and Approving Debtor's Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Hayward & Associates PLLC as Local Counsel; 2) Notice of Withdrawal of Debtor's Application for an Order Authorizing the Retention and Employment of Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel, Nunc Pro Tunc to the Petition Date; and 3) Notice of Hearing re: First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 Through November 30, 2019; to be Held on March 11, 2020 at 9:30 a.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)435 Order granting application to employ Hayward & Associates PLLC for Highland Capital Management, L.P. as Local Counsel (related document 340) Entered on 2/10/2020. (Okafor, M.), 437 Notice *(Notice of Withdrawal of Debtor's Application for an Order Authorizing the Retention and Employment of Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel, Nunc Pro Tunc to the Petition Date)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)69 Application/Motion to Employ/Retain Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A - Hurst Declaration # 3 Exhibit B - Proposed Order # 4 2016 Statement # 5 Declaration Frank Waterhouse # 6 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #70 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.). filed by Debtor Highland Capital Management, L.P., 438 **WITHDRAWN by document 443** Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)270 Application for compensation - *First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019* for Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 10/16/2019 to 11/30/2019, Fee: $176129.00, Expenses: $7836.31. Filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP Objections due by 1/13/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland)). Hearing to be held on 3/11/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 270, (Annable, Zachery) Modified on 2/13/2020 (Ecker, C.). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |

| 02/13/2020 | 446 (6 pgs) Witness and Exhibit List filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)68 Application to employ Foley Gardere, Foley & Lardner LLP as Special Counsel). (Chiarello, Annmarie) |
|---|---|
| 02/13/2020 | 447 (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)395 Motion to extend or limit the exclusivity period). (Annable, Zachery) |
| 02/13/2020 | 448 (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)421 Motion for leave *(Debtor's Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof)*). (Annable, Zachery) |
| 02/13/2020 | 449 (10 pgs) Certificate of service re: *1) Second Monthly Application of FTI Consulting, Inc. for Allowance of Compensation and Reimbursement of Expenses for the Period from December 1, 2019 to and Including December 31, 2019; 2) Notice of Withdrawal of Notice of Hearing on the First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 Through November 30, 2019* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)442 Application for compensation *Second Monthly Application for Allowance of Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 12/1/2019 to 12/31/2019, Fee: $89,215.36, Expenses: $3,955.12. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 3/4/2020. filed by Creditor Committee Official Committee of Unsecured Creditors, Financial Advisor FTI Consulting, Inc., 443 Notice *(Notice of Withdrawal of Notice of Hearing on the First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)438 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)270 Application for compensation - *First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019* for Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 10/16/2019 to 11/30/2019, Fee: $176129.00, Expenses: $7836.31. Filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP Objections due by 1/13/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland)). Hearing to be held on 3/11/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 270,). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 02/14/2020 | 450 (7 pgs) Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)389 Application for compensation *First and Final Application for Compensation and Reimbursement of Expenses on behalf of Young Conaway Stargatt & Taylor, LLP as Co-Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Perio). (Hoffman, Juliana) |
| 02/14/2020 | 451 (49 pgs; 4 docs) Motion for relief from stay Fee amount $181, Filed by Jennifer G. Terry, Joshua Terry Objections due by 3/2/2020. (Attachments: # 1 Exhibit 1 (Arb Award) # 2 Exhibit 2 (Rule 11) # 3 Exhibit 3 (Terry Declaration)) (Shaw, Brian) |
| 02/14/2020 | Receipt of filing fee for Motion for relief from stay(19-34054-sgj11) [motion,mrlfsty] ( 181.00). Receipt number 27457656, amount $ 181.00 (re: Doc# 451). (U.S. Treasury) |
| 02/14/2020 | 452 (2 pgs) Notice of hearing filed by Jennifer G. Terry, Joshua Terry (RE: related document(s)451 Motion for relief from stay Fee amount $181, Filed by Jennifer G. Terry, Joshua Terry Objections due by 3/2/2020. (Attachments: # 1 Exhibit 1 (Arb Award) # 2 Exhibit 2 (Rule 11) # 3 Exhibit 3 (Terry Declaration))). Preliminary hearing to be held on 3/11/2020 at 09:30 AM at Dallas Judge Jernigan Ctrm. (Shaw, Brian) |
| 02/14/2020 | 453 (8 pgs) Objection to (related document(s): 394 Application for compensation *Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as* |

004477

| | |
|---|---|
| | *Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through December 30, 20) filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P.. (Patel, Rakhee)* |
| 02/14/2020 | 454 (4 pgs) Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)68 Application to employ Foley Gardere, Foley & Lardner LLP as Special Counsel). (Annable, Zachery) |
| 02/17/2020 | 455 (10 pgs) Notice *(Notice of Agenda of Matters Scheduled for Hearing on February 19, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 02/18/2020 | 456 (4 pgs) Notice *of Withdrawal of Objection* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)124 Limited Objection to the Debtor's Application for an Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner LLP and Lynn Pinker Cox & Hurst as Special Texas Counsel and Special Litigation Counsel, Nunc Pro Tunc to the Petition Date (related document(s)69, 70) Filed by Official Committee of Unsecured Creditors (Weissgerber, Jaclyn) [ORIGINALLY FILED AS DOCUMENT #120 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Hoffman, Juliana) |
| 02/18/2020 | 457 (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)392 Application for compensation *Third Monthly Application for Compensation and for Reimbursement of Expenses for the Period from December 1, 2019 through December 31, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 12/1/). (Annable, Zachery) |
| 02/19/2020 | 458 (3 pgs) Order granting first and final application for compensation (related document # 389) granting for Young Conaway Stargatt & Taylor, LLP as co-counsel for Official Committee of Unsecured Creditors, fees awarded: $272300.00, expenses awarded: $8855.56 Entered on 2/19/2020. (Okafor, M.) |
| 02/19/2020 | 459 (2 pgs) Order granting 351 Debtor's Motion for Entry of an Order Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure Entered on 2/19/2020. (Okafor, M.) |
| 02/19/2020 | 460 (2 pgs) Order granting 395 Debtor's Motion to extend or limit the exclusivity period through and including June 12, 2020 Entered on 2/19/2020. (Okafor, M.) |
| 02/19/2020 | 461 (4 pgs) Order granting motion of the Debtor for Entry of an Order (I) Authorizing Bradley D. Sharp to Act as Foreign Representative Pursuant to 11 U.S.C. Section 1505 and (II) Granting Related Relief (related document # 67) Entered on 2/19/2020. (Okafor, M.) |
| 02/19/2020 | 462 (1 pg) Court admitted exhibits date of hearing February 19, 2020 (RE: related document(s)68 Application/Motion to Employ/Retain Foley Gardere, Foley & Lardner LLP as Special Texas Counsel Filed by Highland Capital Management, L.P., (Court Admitted Debtors/Plaintiffs Exhibits #1, #2, #3, #4, #5, #6, #7 #8, & #9; Also Admitted Defendant/Respondent Exhibits #16 & #27 only). (Edmond, Michael) |
| 02/19/2020 | 463 (1 pg) Request for transcript regarding a hearing held on 2/19/2020. The requested turn-around time is hourly (Jeng, Hawaii) |
| 02/19/2020 | Hearing held on 2/19/2020. (RE: related document(s)68 Application/Motion to Employ/Retain Foley Gardere, Foley & Lardner LLP as Special Texas Counsel Filed by Highland Capital Management, L.P.) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Evidentiary hearing. Court granted in part and denied in part. Foley is approved for representation of Highland in all Acis bankruptcy case and adversary proceeding matters; court does not approve Highland paying Foley for Foleys representation of Neutra in Neutras appeal of Acis involuntary order for relief; |

004478

court will approve Foley representing Highland in its appeal of Acis confirmation order but fees for Foley
in connection with this appeal will be allocated appropriately between Neutra and Highland, and Highland
will not pay for Neutras allocated portion of fees. Court added that it is skeptical regarding likely benefits
to Highland of the appeal of Acis confirmation order, even assuming success on appeal (in contrast to
possible benefits to Neutra and HCLOF) since, among other things, reversal of confirmation order would
not reinstate previously rejected contracts or remove the Chapter 11 trustee. Thus, the court will closely
evaluate fees requested ultimately for likely benefit to Highland. Order should be submitted.(Edmond,
Michael) (Entered: 02/25/2020)

| | |
|---|---|
| 02/19/2020 | ⚙ Hearing held on 2/19/2020. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors filed by Debtor Highland Capital Management, L.P.) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Nonevidentiary hearing. Court heard reports that carryover issues are being resolved.) (Edmond, Michael) (Entered: 02/25/2020) |
| 02/19/2020 | ⚙ Hearing held on 2/19/2020. (RE: related document(s)397 Motion to enforce*(Motion of the Debtor for the Entry of an Order Concerning the "Sealing Motion" and for a Conference Concerning the Substance, Scope and Intent of Certain Recent Rulings) (related document(s): 382 Order on motion for protective order) Filed by Debtor Highland Capital Management, L.P.) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Nonevidentiary hearing. Discussion of prior order on sealing motion and court clarified its intent.) (Edmond, Michael) (Entered: 02/25/2020)* |
| 02/19/2020 | ⚙ Hearing held on 2/19/2020. (RE: related document(s)421 Motion for leave (Debtor's Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof) filed by Debtor Highland Capital Management, L.P.,) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Nonevidentiary hearing. Motion granted. Counsel to upload order.) (Edmond, Michael) (Entered: 02/25/2020) |
| 02/19/2020 | ⚙ Hearing held on 2/19/2020. (RE: related document(s)218 Motion for relief from stay MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT, Filed by Creditor PensionDanmark Pensionsforsikringsaktieselskab) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Nonevidentiary hearing. Court granted request to carry this matter to the 3/11/20 omnibus hearing.) (Edmond, Michael) (Entered: 02/25/2020) |
| 02/20/2020 | ⚙ 464 (119 pgs) Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From January 1, 2020 through January 31, 2020* for Highland Capital Management, L.P., Debtor's Attorney, Period: 1/1/2020 to 1/31/2020, Fee: $898,094.25, Expenses: $28,854.75. Filed by Debtor Highland Capital Management, L.P. Objections due by 3/12/2020. (Pomerantz, Jeffrey) |
| 02/20/2020 | ⚙ 465 (27 pgs; 2 docs) Application for compensation *(First Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from December 10, 2019 through December 31, 2019)* for Hayward & Associates PLLC, Debtor's |

| | |
|---|---|
| | Attorney. Period: 12/10/2019 to 12/31/2019, Fee: $18,695.00, Expenses: $80.68. Filed by Attorney Hayward & Associates PLLC (Attachments: # 1 Exhibit A--H&A December 2019 Fee Statement) (Annable, Zachery) |
| 02/21/2020 | ⊙ 466 (30 pgs; 3 docs) Notice *(Notice of Debtor's Amended Operating Protocols)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)339 Order Approve Settlement with Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course ( related document 281) Entered on 1/9/2020. (Okafor, M.). (Attachments: # 1 Exhibit A--Amended Operating Protocols # 2 Exhibit B--Redline of Amended Operating Protocols) (Annable, Zachery) |
| 02/21/2020 | ⊙ 467 (4 pgs) Withdrawal *of Limited Objection to Motion of the Debtor for Approval of Settlement with The Official Committee Of Unsecured Creditors regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course* filed by Creditor Issuer Group (RE: related document(s)324 Objection). (Bain, Joseph) |
| 02/21/2020 | ⊙ 468 (5 pgs) Certificate of service re: Objection to Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel for the Period From December 1, 2019 through December 31, 2019 filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)394 Application for compensation *Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through December 30, 20). (Chiarello, Annmarie)* |
| 02/21/2020 | ⊙ 469 (6 pgs) Certificate of service re: *Debtor's Witness and Exhibit List in Connection with its Application for an Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel, Nunc Pro Tunc to the Petition Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)454 Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)68 Application to employ Foley Gardere, Foley & Lardner LLP as Special Counsel). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 02/21/2020 | ⊙ 470 (10 pgs) Certificate of service re: *Notice of Agenda of Matters Scheduled for Hearing on February 19, 2020 at 9:30 a.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)455 Notice *(Notice of Agenda of Matters Scheduled for Hearing on February 19, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 02/21/2020 | ⊙ 471 (8 pgs) Certificate of service re: *1) Order Extending Period Within Which the Debtor May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure; 2) Order Granting Debtors Motion for Entry of an Order Pursuant to 11 U.S.C. § 1121(D) and Local Rule 3016-1 Extending the Exclusivity Periods for the Filing and Solicitation of Acceptances of a Chapter 11 Plan; 3) Order (I) Authorizing Bradley D. Sharp to Act as Foreign Representative Pursuant to 11 U.S.C. § 1505 and (II) Granting Related Relief* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)459 Order granting 351 Debtor's Motion for Entry of an Order Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure Entered on 2/19/2020. (Okafor, M.), and 460 Order granting 395 Debtor's Motion to extend or limit the exclusivity period through and including June 12, 2020 Entered on 2/19/2020. (Okafor, M.), and 461 Order granting motion of the Debtor for Entry of an Order (I) Authorizing Bradley D. Sharp to Act as Foreign Representative Pursuant to 11 U.S.C. Section 1505 and (II) Granting Related Relief (related document 67) Entered on 2/19/2020. (Okafor, M.)). (Kass, Albert) |
| 02/23/2020 | ⊙ 472 (3 pgs) Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)420 Application for compensation *Second Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 12/1/2019 to 12/31/2019, Fee). (Hoffman, Juliana) |

| | |
|---|---|
| 02/24/2020 | 🖱 473 (4 pgs) Agreed Order granting motion for relief from stay by Creditor PensionDanmark Pensionsforsikringsaktieselskab (related document # 218) Entered on 2/24/2020. (Okafor, M.) |
| 02/24/2020 | 🖱 474 (866 pgs; 8 docs) Motion for authority to apply and disburse funds *(Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities")* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G) (Annable, Zachery) |
| 02/24/2020 | 🖱 475 (8 pgs; 2 docs) Motion for expedited hearing(related documents 474 Motion for authority to apply and disburse funds) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) (Annable, Zachery) |
| 02/24/2020 | 🖱 476 (3 pgs) Certificate of service re: *(Supplemental) Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors; to be Held on January 9, 2020 at 11:00 a.m.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 02/25/2020 | 🖱 477 (2 pgs) Order granting motion for expedited hearing (Related Doc# 475)(document set for hearing: 474 Motion for authority to apply and disburse funds) Hearing to be held on 3/4/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 474, Entered on 2/25/2020. (Okafor, M.) |
| 02/25/2020 | 🖱 478 (3 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)474 Motion for authority to apply and disburse funds *(Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities")* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G)). Hearing to be held on 3/4/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 474, (Annable, Zachery) |
| 02/26/2020 | 🖱 479 (188 pgs) Transcript regarding Hearing Held 02/19/2020 (188 pgs.) RE: Motions. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 05/26/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. (RE: related document(s) Hearing held on 2/19/2020. (RE: related document(s)68 Application/Motion to Employ/Retain Foley Gardere, Foley & Lardner LLP as Special Texas Counsel Filed by Highland Capital Management, L.P.) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Evidentiary hearing. Court granted in part and denied in part. Foley is approved for representation of Highland in all Acis bankruptcy case and adversary proceeding matters; court does not approve Highland paying Foley for Foleys representation of Neutra in Neutras appeal of Acis involuntary order for relief; court will approve Foley representing Highland in its appeal of Acis confirmation order but fees for Foley in connection with this appeal will be allocated appropriately between Neutra and Highland, and Highland will not pay for Neutras allocated portion of fees. Court added that it is skeptical regarding likely benefits to Highland of the appeal of Acis confirmation order, even assuming success on appeal (in contrast to possible benefits to Neutra and HCLOF) since, among other things, reversal of confirmation order would not reinstate previously rejected contracts or remove the Chapter 11 trustee. Thus, the court will closely evaluate fees requested ultimately for likely benefit to Highland. Order should be submitted., Hearing held on 2/19/2020. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors filed by Debtor Highland Capital Management, L.P.) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for |

Redeemer Committee. Nonevidentiary hearing. Court heard report that carryover issues are being resolved.), Hearing held on 2/19/2020. (RE: related document(s)397 Motion to enforce *(Motion of the Debtor for the Entry of an Order Concerning the "Sealing Motion" and for a Conference Concerning the Substance, Scope and Intent of Certain Recent Rulings) (related document(s): 382 Order on motion for protective order) Filed by Debtor Highland Capital Management, L.P.) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Nonevidentiary hearing. Discussion of prior order on sealing motion and court clarified its intent.), Hearing held on 2/19/2020. (RE: related document(s)421 Motion for leave (Debtor's Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof) filed by Debtor Highland Capital Management, L.P.,) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Nonevidentiary hearing. Motion granted. Counsel to upload order.), Hearing held on 2/19/2020. (RE: related document(s)218 Motion for relief from stay MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT, Filed by Creditor PensionDanmark Pensionsforsikringsaktieselskab) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Nonevidentiary hearing. Court granted request to carry this matter to the 3/11/20 omnibus hearing.)). Transcript to be made available to the public on 05/26/2020. (Rehling, Kathy)

| | |
|---|---|
| 02/26/2020 | 480 (5 pgs) Certificate of service re: *1) Fourth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from January 1, 2020 Through January 31, 2020; 2) First Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from December 1, 2019 Through December 31, 2019* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)464 Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From January 1, 2020 through January 31, 2020* for Highland Capital Management, L.P., Debtor's Attorney, Period: 1/1/2020 to 1/31/2020, Fee: $898,094.25, Expenses: $28,854.75. Filed by Debtor Highland Capital Management, L.P. Objections due by 3/12/2020. filed by Debtor Highland Capital Management, L.P., 465 Application for compensation *(First Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from December 10, 2019 through December 31, 2019)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 12/10/2019 to 12/31/2019, Fee: $18,695.00, Expenses: $80.60. Filed by Attorney Hayward & Associates PLLC (Attachments: # 1 Exhibit A--H&A December 2019 Fee Statement)). (Kass, Albert) |
| 02/26/2020 | 481 (6 pgs) Certificate of service re: *Notice of Debtor's Amended Operating Protocols* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)466 Notice *(Notice of Debtor's Amended Operating Protocols)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)339 Order Approve Settlement with Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course ( (related document 281) Entered on 1/9/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A--Amended Operating Protocols # 2 Exhibit B--Redline of Amended Operating Protocols) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 02/26/2020 | 482 (7 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)473 Agreed Order granting motion for relief from stay by Creditor PensionDanmark Pensionsforsikringsaktieselskab (related document 218) Entered on 2/24/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 02/26/2020. (Admin.) |

004482

| | |
|---|---|
| 02/27/2020 | 483 (79 pgs; 3 docs) Application to employ Deloitte Tax LLP as Other Professional *(Debtor's Application for Entry of an Order (A) Authorizing the Employment and Retention of Deloitte Tax LLP as Tax Services Provider to the Debtor Nunc Pro Tunc to the Petition Date; and (B) Granting Related Relief)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Crawford Declaration # 2 Exhibit B--Proposed Order) (Annable, Zachery) |
| 02/28/2020 | 484 (5 pgs) Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)474 Motion for authority to apply and disburse funds *(Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities")*). (Annable, Zachery) |
| 02/28/2020 | 485 (4 pgs; 2 docs) Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 through January 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Attachments: # 1 Exhibit A--OCP Tracking Report) (Annable, Zachery) |
| 03/02/2020 | 486 (39 pgs; 3 docs) Response opposed to (related document(s): 474 Motion for authority to apply and disburse funds *(Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities")* filed by Debtor Highland Capital Management, L.P.) filed by Interested Party California Public Employees Retirement System (CalPERS). (Attachments: # 1 Exhibit A - Purchase and Sale Agreement # 2 Exhibit B - Assignment and Assumption Agreement) (Shriro, Michelle) |
| 03/02/2020 | 487 (14 pgs) Objection to (related document(s): 474 Motion for authority to apply and disburse funds *(Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities")* filed by Debtor Highland Capital Management, L.P.) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
| 03/02/2020 | 488 (18 pgs) Order Granting Motion (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof Filed by Debtor Highland Capital Management, L.P(related document # 421) The General Bar Date is April 8, 2020 at 5:00 p.m. Central Time; other dates per Order Entered on 3/2/2020. (Okafor, M.) |
| 03/02/2020 | 489 (9 pgs) Joinder by *Acis Capital Management, L.P. and Acis Capital Management GP, LLC to the Committee's Objection to the Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities," and Comment to the Same* filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)487 Objection). (Enright, Jason) |
| 03/02/2020 | 490 (4 pgs) Motion to appear pro hac vice for Louis J. Cisz, III. Fee Amount $100 Filed by Interested Party California Public Employees Retirement System (CalPERS) (Shriro, Michelle) |
| 03/02/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27511024, amount $ 100.00 (re: Doc# 490). (U.S. Treasury) |
| 03/02/2020 | 491 (6 pgs) Certificate of service re: *1) Motion of the Debtor for Entry of an Order Authorizing, But Not Directing, the Debtor to Cause Distributions to Certain "Related Entities"; 2) Debtor's Motion for an Expedited Hearing on the Motion of the Debtor for Entry of an Order Authorizing, But Not Directing, the Debtor to Cause Distributions to Certain "Related Entities"* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)474 Motion for authority to apply and disburse funds *(Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain* |

*Related Entities")* Filed by Debtor Highland Capital Management L.P.. (Attachments: # 1 Exhibit A--Proposed Order # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G) filed by Debtor Highland Capital Management, L.P., 475 Motion for expedited hearing(related documents 474 Motion for authority to apply and disburse funds) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)

| 03/02/2020 | 492 (6 pgs) Certificate of service re: *1) Order Granting Debtor's Motion for an Expedited Hearing on the Motion of the Debtor for Entry of an Order Authorizing, But Not Directing, the Debtor to Cause Distributions to Certain "Related Entities"; 2) Notice of Hearing on the Motion of the Debtor for Entry of an Order Authorizing, But Not Directing, the Debtor to Cause Distributions to Certain "Related Entities"; to be Held on March 4, 2020 at 1:30 p.m. (Prevailing Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)477 Order granting motion for expedited hearing (Related Doc475)(document set for hearing: 474 Motion for authority to apply and disburse funds) Hearing to be held on 3/4/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 474, Entered on 2/25/2020. (Okafor, M.), 478 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)474 Motion for authority to apply and disburse funds *(Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities")* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G)). Hearing to be held on 3/4/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 474, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
|---|---|
| 03/02/2020 | 493 (6 pgs) Certificate of service re: *1) Witness and Exhibit List for March 4, 2020 Hearing; 2) Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 through January 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)484 Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)474 Motion for authority to apply and disburse funds *(Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities")*). filed by Debtor Highland Capital Management, L.P., 485 Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 through January 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Attachments: # 1 Exhibit A--OCP Tracking Report) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/02/2020 | 494 (4 pgs) Objection to (related document(s): 451 Motion for relief from stay Fee amount $181, filed by Creditor Joshua Terry, Creditor Jennifer G. Terry)*(Debtor's Limited Objection to Motion for Relief from the Automatic Stay to Allow Pursuit of State Court Action Against Non-Debtors and Reservation of Rights)* filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 03/02/2020 | 495 (3 pgs) Witness and Exhibit List filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)487 Objection). (Hoffman, Juliana) |
| 03/02/2020 | 496 (5 pgs) Witness and Exhibit List filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)474 Motion for authority to apply and disburse funds *(Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities")*). (Enright, Jason) |
| 03/03/2020 | 497 (9 pgs) Debtor-in-possession monthly operating report for filing period January 1, 2020 to January 31, 2020 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 03/03/2020 | 498 (6 pgs) Notice *of Bar Date for Filing Claims* filed by Debtor Highland Capital Management, L.P.. (Hayward, Melissa) |

004484

| | |
|---|---|
| 03/04/2020 | 🌑 499  (10 pgs) Reply to (related document(s): 487 Objection filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Debtor Highland Capital Management, L.P.. (Hayward, Melissa) |
| 03/04/2020 | 🌑 500  (1 pg) Order granting motion to appear pro hac vice adding Louis J. Cisz for California Public Employees Retirement System (CalPERS) (related document # 490) Entered on 3/4/2020. (Okafor, M.) |
| 03/04/2020 | 🌑 501  (65 pgs) Application for compensation *Third Monthly Application for Compensation and Reimbursement of Expenses of Sidley Austin, Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 1/1/2020 to 1/31/2020, Fee: $569,091.60, Expenses: $12,673.30. Filed by Attorney Juliana Hoffman, Creditor Committee Official Committee of Unsecured Creditors Objections due by 3/25/2020. (Hoffman, Juliana) |
| 03/04/2020 | 🌑  Hearing held on 3/4/2020. (RE: related document(s)474 Motion for authority to apply and disburse funds (Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities") filed by Debtor Highland Capital Management, L.P.) (Appearances (live): J. Pomeranz, G. Demo, M. Hayward, and Z. Annabel for Debtor; M. Clemente, P. Reid, and J. Hoffman for UCC; M. Platt for Redeemer Committee; R. Patel and B. Shaw for ACIS; M. Shriro for CALPERS; A. Anderson for certain Cayman issuers; D.M. Lynn for J. Dondero. Appearances (telephonic): A. Attarwala for UBS; J. Bentley for certain Cayman issuers; E. Cheng for FTI Consulting; L. Cisz for CALPERS; T. Mascherin for Redeemer Committee. Evidentiary hearing. Motion resolved as follows: money owing to related entities will go into the registry of the court with the following exception- Mark Okada may be paid approximately $2.876 (the $4.176 million owing to him from the Dynamic Fund will be offset against his $1.3 million demand note owing to the Debtor). All parties rights are reserved with regard to funds being put in the registry of the court. Debtors counsel should upload order.) (Edmond, Michael) (Entered: 03/05/2020) |
| 03/04/2020 | 🌑 504  (1 pg) Court admitted exhibits date of hearing March 4, 2020 (RE: related document(s)474 Motion for authority to apply and disburse funds (Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities") Filed by Debtor Highland Capital Management, L.P.) (COURT ADMITTED EXHIBIT'S #1, #2, #3, #4, #5, #6, #7, #8, #9, #10, #11, & #12) (Edmond, Michael) (Entered: 03/05/2020) |
| 03/05/2020 | 🌑 502  (3 pgs) Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)442 Application for compensation *Second Monthly Application for Allowance of Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 12/1/2019 to 12/31/2019, Fee: $89,215.36, Expenses: $3,955.12). (Hoffman, Juliana) |
| 03/05/2020 | 🌑 503  (1 pg) Request for transcript regarding a hearing held on 3/4/2020. The requested turn-around time is daily (Jeng, Hawaii) |
| 03/06/2020 | 🌑 505  (3 pgs) Notice of Appearance and Request for Notice by John Y. Bonds III filed by Interested Party James Dondero. (Bonds, John) |
| 03/06/2020 | 🌑 506  (3 pgs) Notice of Appearance and Request for Notice by Bryan C. Assink filed by Interested Party James Dondero. (Assink, Bryan) |
| 03/06/2020 | 🌑 507  (3 pgs) Motion to appear pro hac vice for Jeffrey Bjork. Fee Amount $100 Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Hoffman, Juliana) Modified to correct attorney name on 3/6/2020 (Ecker, C.). |
| 03/06/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27531772, amount $ 100.00 (re: Doc# 507). (U.S. Treasury) |

004485

| | |
|---|---|
| 03/06/2020 | 🔘 <u>508</u> (2 pgs) Witness and Exhibit List filed by Jennifer G. Terry, Joshua Terry (RE: related document(s)<u>451</u> Motion for relief from stay Fee amount $181,). (Shaw, Brian) |
| 03/06/2020 | 🔘 <u>509</u> (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)<u>500</u> Order granting motion to appear pro hac vice adding Louis J. Cisz for California Public Employees Retirement System (CalPERS) (related document <u>490</u>) Entered on 3/4/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 03/06/2020. (Admin.) |
| 03/10/2020 | 🔘 <u>510</u> (1 pg) Order granting motion to appear pro hac vice adding Jeffrey E. Bjork for UBS AG London Branch and UBS Securities LLC (related document # <u>507</u>) Entered on 3/10/2020. (Okafor, M.) |
| 03/11/2020 | 🔘 <u>511</u> (1 pg) Clerk's correspondence requesting an order from attorney for debtor. (RE: related document(s)<u>68</u> Application/Motion to Employ/Retain Foley Gardere, Foley & Lardner LLP as Special Texas Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C - Proposed Order # 5 2016 Statement # 6 Declaration Frank Waterhouse # 7 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #69 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)) Responses due by 3/25/2020. (Ecker, C.) |
| 03/11/2020 | 🔘 <u>512</u> (4 pgs) Order authorizing, but not directing, the debtor to cause distributions to certain 'related entities'. (Related Doc # <u>474</u>) Entered on 3/11/2020. (Bradden, T.) |
| 03/11/2020 | 🔘 <u>513</u> (4 pgs) Order granting application to employ Foley Gardere, Foley & Lardner LLP as Special Texas Counsel (related document # <u>68</u>) Entered on 3/11/2020. (Bradden, T.) |
| 03/11/2020 | 🔘 <u>514</u> (1 pg) Clerk's correspondence requesting an order from attorney for debtor. (RE: related document(s)<u>281</u> Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order)) Responses due by 3/25/2020. (Ecker, C.) |
| 03/11/2020 | 🔘 Hearing held on 3/11/2020. (RE: related document(s)<u>451</u> Motion for relief from stay, filed by Jennifer G. Terry, Joshua Terry.) (Appearances: M. Hayward for Debtor; B Shaw for Movants; J. Hoffman for UCC; M. Platt (and M. Hankin telephonically) for Redeemer Committee; J. Bonds for J. Dondero; A. Anderson for certain Issuers. Evidentiary hearing. Motion granted. Counsel to upload order.)(Edmond, Michael) |
| 03/11/2020 | 🔘 <u>515</u> (55 pgs; 2 docs) Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from January 1, 2020 through January 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>342</u> Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document <u>74</u>) Entered on 1/10/2020. (Okafor, M.)). (Attachments: # <u>1</u> Exhibit A--DSI January 2020 Staffing Report) (Annable, Zachery) |
| 03/11/2020 | 🔘 <u>516</u> (1 pg) Court admitted exhibits date of hearing March 11, 2020 (RE: related document(s)<u>451</u> Motion for relief from stay, filed by Jennifer G. Terry, Joshua Terry.) (COURT ADMITTED PLAINTIFF EXHIBIT'S #M1, #M2 & #M3). (Edmond, Michael) |
| 03/12/2020 | 🔘 <u>517</u> (44 pgs) Application for compensation *Third Monthly Application for Allowance of Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 1/1/2020 to 1/31/2020, Fee: $411,407.28, Expenses: $79.00. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 4/2/2020. (Hoffman, Juliana) |

| | |
|---|---|
| 03/12/2020 | 🔘 518 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)510 Order granting motion to appear pro hac vice adding Jeffrey E. Bjork for UBS AG London Branch and UBS Securities LLC (related document 507) Entered on 3/10/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 03/12/2020. (Admin.) |
| 03/13/2020 | 🔘 519 (2 pgs) Order granting motion for relief from stay by Jennifer G. Terry , Joshua Terry (related document # 451) Entered on 3/13/2020. (Okafor, M.) |
| 03/13/2020 | 🔘 520 (4 pgs) BNC certificate of mailing. (RE: related document(s)511 Clerk's correspondence requesting an order from attorney for debtor. (RE: related document(s)68 Application/Motion to Employ/Retain Foley Gardere, Foley & Lardner LLP as Special Texas Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C - Proposed Order # 5 2016 Statement # 6 Declaration Frank Waterhouse # 7 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #69 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)) Responses due by 3/25/2020. (Ecker, C.)) No. of Notices: 1. Notice Date 03/13/2020. (Admin.) |
| 03/13/2020 | 🔘 521 (4 pgs) BNC certificate of mailing. (RE: related document(s)514 Clerk's correspondence requesting an order from attorney for debtor. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order)) Responses due by 3/25/2020. (Ecker, C.)) No. of Notices: 1. Notice Date 03/13/2020. (Admin.) |
| 03/13/2020 | 🔘 522 (7 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)512 Order authorizing, but not directing, the debtor to cause distributions to certain 'related entities'. (Related Doc 474) Entered on 3/11/2020. (Bradden, T.)) No. of Notices: 1. Notice Date 03/13/2020. (Admin.) |
| 03/13/2020 | 🔘 523 (7 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)513 Order granting application to employ Foley Gardere, Foley & Lardner LLP as Special Texas Counsel (related document 68) Entered on 3/11/2020. (Bradden, T.)) No. of Notices: 1. Notice Date 03/13/2020. (Admin.) |
| 03/14/2020 | 🔘 524 (6 pgs) Certificate of service re: *Order (I) Establishing Bar Dates for Filing Claims and (II) Approving the Form and Manner of Notice Thereof* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)488 Order Granting Motion (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof Filed by Debtor Highland Capital Management, L.P(related document 421) The General Bar Date is April 8, 2020 at 5:00 p.m. Central Time; other dates per Order Entered on 3/2/2020. (Okafor, M.)). (Kass, Albert) |
| 03/14/2020 | 🔘 525 (10 pgs) Certificate of service re: *Debtor's Limited Objection to Motion for Relief from the Automatic Stay to Allow Pursuit of State Court Action Against Non-Debtors and Reservation of Rights* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)494 Objection to (related document(s): 451 Motion for relief from stay Fee amount $181, filed by Creditor Joshua Terry, Creditor Jennifer G. Terry)*(Debtor's Limited Objection to Motion for Relief from the Automatic Stay to Allow Pursuit of State Court Action Against Non-Debtors and Reservation of Rights)* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/14/2020 | 🔘 526 (5 pgs) Certificate of service re: *Third Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses for the Period from January 1, 2020 to and Including January 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)501 Application for compensation *Third Monthly Application for Compensation and Reimbursement of Expenses of Sidley Austin, Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 1/1/2020 to 1/31/2020, Fee: $569,091.60, Expenses: $12,673.30. Filed by Attorney Juliana Hoffman, Creditor Committee Official Committee of Unsecured Creditors Objections due by 3/25/2020. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |

| 03/16/2020 | 🖱 527  (2 pgs) Notice of Appearance and Request for Notice by David G. Adams filed by Creditor United States (IRS). (Adams, David) |
|---|---|
| 03/16/2020 | 🖱 528  (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)464 Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From January 1, 2020 through January 31, 2020* for Highland C). (Annable, Zachery) |
| 03/17/2020 | 🖱 529  (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)465 Application for compensation *(First Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from December 10, 2019 through December 31, 2019)* for Hayward). (Annable, Zachery) |
| 03/17/2020 | 🖱 530  (163 pgs) Certificate of service re: *Notice of Bar Dates for Filing Claims* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)498 Notice *of Bar Date for Filing Claims* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/17/2020 | 🖱 531  (6 pgs) Certificate of service re: *1) Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain Related Entities; 2) Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel, Nunc Pro Tunc to the Petition Date; 3) Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from January 1, 2020 Through January 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)512 Order authorizing, but not directing, the debtor to cause distributions to certain 'related entities'. (Related Doc 474) Entered on 3/11/2020. (Bradden, T.), 513 Order granting application to employ Foley Gardere, Foley & Lardner LLP as Special Texas Counsel (related document 68) Entered on 3/11/2020. (Bradden, T.), 515 Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from January 1, 2020 through January 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.). (Attachments: # 1 Exhibit A--DSI January 2020 Staffing Report) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/17/2020 | 🖱 532  (5 pgs) Certificate of service re: *Third Monthly Application of FTI Consulting, Inc. for Allowance of Compensation and Reimbursement of Expenses for the Period from January 1, 2020 to and Including January 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)517 Application for compensation *Third Monthly Application for Allowance of Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 1/1/2020 to 1/31/2020, Fee: $411,407.28, Expenses: $79.00. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 4/2/2020. filed by Financial Advisor FTI Consulting, Inc.). (Kass, Albert) |
| 03/18/2020 | 🖱 533  (5 pgs) Certificate of service re: Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)498 Notice *of Bar Date for Filing Claims* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/18/2020 | 🖱 534  (5 pgs) Certificate of service re: Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)498 Notice *of Bar Date for Filing Claims* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/19/2020 | 🖱 535  (119 pgs) Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 2/1/2020 to 2/29/2020, Fee: $941,043.50, Expenses: $8,092.94. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 4/9/2020. (Pomerantz, Jeffrey) |

| | |
|---|---|
| 03/19/2020 | 🌐 536  (53 pgs; 2 docs) Application for compensation *(Second Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from January 1, 2020 through January 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 1/1/2020 to 1/31/2020, Fee: $75315.00, Expenses: $2919.27. Filed by Attorney Hayward & Associates PLLC (Attachments: # 1 Exhibit A--January 2020 Invoice) (Annable, Zachery) |
| 03/19/2020 | 🌐 537  (81 pgs) Notice *of Filing of Compensation Report of Development Specialists, Inc. for the Period October 16, 2019 through December 31, 2019* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Annable, Zachery) |
| 03/20/2020 | 🌐 538  (33 pgs; 2 docs) Amended application for compensation *Amended First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 10/16/2019 to 11/30/2019, Fee: $84,194.00, Expenses: $4,458.87. Filed by Attorney Holland N. O'Neil Objections due by 4/10/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) |
| 03/20/2020 | 🌐 539  (34 pgs; 2 docs) Amended application for compensation *Amended Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through December 30, 2019* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 12/1/2019 to 12/31/2019, Fee: $143,328.50, Expenses: $2,808.29. Filed by Attorney Holland N. O'Neil Objections due by 4/10/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) |
| 03/20/2020 | 🌐 540  (35 pgs; 2 docs) Application for compensation *Third Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from January 1, 2020 through January 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 1/1/2020 to 1/31/2020, Fee: $88,520.60, Expenses: $2,180.35. Filed by Attorney Holland N. O'Neil Objections due by 4/10/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) |
| 03/20/2020 | 🌐 541  (31 pgs; 2 docs) Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 2/1/2020 to 2/29/2020, Fee: $86,276.50, Expenses: $1,994.83. Filed by Attorney Holland N. O'Neil Objections due by 4/10/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) |
| 03/20/2020 | 🌐 542  (52 pgs) Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses for Sidley Austin LLP, Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 2/1/2020 to 2/29/2020, Fee: $457,155.72, Expenses: $2,927.21. Filed by Attorney Juliana Hoffman Objections due by 4/10/2020. (Hoffman, Juliana) |
| 03/22/2020 | 🌐 543  (5 pgs) Stipulation by Highland Capital Management, L.P., UBS AG London Branch, UBS Securities LLC and. filed by Debtor Highland Capital Management, L.P., Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)488 Order on motion for leave). (Manns, Ryan) |
| 03/23/2020 | 🌐 544  (36 pgs) Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 2/1/2020 to 2/29/2020, Fee: $383,371.20, Expenses: $59.62. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 4/13/2020. (Hoffman, Juliana) |

| | |
|---|---|
| 03/23/2020 | 🔘 545 (4 pgs) Motion to extend time to file objection (Agreed Motion) (RE: related document(s)483 Application to employ) Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 03/23/2020 | 🔘 546 (3 pgs) Certificate of service re: *(Supplemental) Notice of Bar Dates for Filing Claims* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)498 Notice of *Bar Date for Filing Claims* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/25/2020 | 🔘 547 (5 pgs) Joint Stipulation and Order Extending Bar Date for UBS Securities LLC and UBS AG London Branch (RE: related document(s)543 Stipulation filed by Debtor Highland Capital Management, L.P., Interested Party UBS Securities LLC, Interested Party UBS AG London Branch). Entered on 3/25/2020 (Okafor, M.) |
| 03/25/2020 | 🔘 548 (3 pgs) Agreed Order Extending the Deadline to Object to the Application for Entry of an Order (A) Authorizing the Employment and Retention of Deloitte Tax LLP as Tax Services Provider to the Debtor Nunc Pro Tunc to the Petition Date; and (B) Granting Related Relief (Related documents # 545 Motion to extend and 483 Application to employ Deloitte Tax LLP) Entered on 3/25/2020. (Okafor, M.) |
| 03/26/2020 | 🔘 549 (3 pgs) Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)501 Application for compensation *Third Monthly Application for Compensation and Reimbursement of Expenses of Sidley Austin, Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 1/1/2020 to 1/31/2020, Fee: $569). (Hoffman, Juliana) |
| 03/26/2020 | 🔘 550 (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)483 Application to employ Deloitte Tax LLP as Other Professional *(Debtor's Application for Entry of an Order (A) Authorizing the Employment and Retention of Deloitte Tax LLP as Tax Services Provider to the Debtor Nunc Pro Tunc to the Petition Date;). (Annable, Zachery)* |
| 03/27/2020 | 🔘 551 (6 pgs) Agreed Order granting application to employ Deloitte Tax LLP as tax services provider nunc pro tunc to the petition date (related document # 483) Entered on 3/27/2020. (Okafor, M.) |
| 03/27/2020 | 🔘 552 (3 pgs) Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). (Annable, Zachery) |
| 03/27/2020 | 🔘 553 (10 pgs) Certificate of service re: *1) Fifth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from February 1, 2020 Through February 29, 2020; 2) Second Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from January 1, 2020 Through January 31, 2020; and 3) Compensation Report of Development Specialists, Inc. for the Period October 16, 2019 Through December 31, 2019* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)535 Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 2/1/2020 to 2/29/2020, Fee: $941,043.50, Expenses: $8,092.94. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 4/9/2020. filed by Debtor Highland Capital Management, L.P., 536 Application for compensation *(Second Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from January 1, 2020 through January 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 1/1/2020 to 1/31/2020, Fee: $75315.00, Expenses: $2919.27. Filed by Attorney Hayward & Associates PLLC (Attachments: # 1 Exhibit A--January 2020 Invoice), 537 Notice of *Filing of Compensation Report of Development Specialists, Inc. for the Period October 16, 2019 through December 31, 2019* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as |

the Petition Date (related document(s) 74) Entered on 1/10/2020. (Okafor, M.). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)

---

🌐 554  (8 pgs) Certificate of service re: *Documents Served on or Before March 21, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s) 538 Amended application for compensation *Amended First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 10/16/2019 to 11/30/2019, Fee: $84,194.00, Expenses: $4,458.87. Filed by Attorney Holland N. O'Neil Objections due by 4/10/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 539 Amended application for compensation *Amended Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through December 30, 2019* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 12/1/2019 to 12/31/2019, Fee: $143,328.50, Expenses: $2,808.29. Filed by Attorney Holland N. O'Neil Objections due by 4/10/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 540 Application for compensation *Third Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from January 1, 2020 through January 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 1/1/2020 to 1/31/2020, Fee: $88,520.60, Expenses: $2,180.35. Filed by Attorney Holland N. O'Neil Objections due by 4/10/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 541 Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 2/1/2020 to 2/29/2020, Fee: $86,276.50, Expenses: $1,994.83. Filed by Attorney Holland N. O'Neil Objections due by 4/10/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 542 Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses for Sidley Austin LLP, Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 2/1/2020 to 2/29/2020, Fee: $457,155.72, Expenses: $2,927.21. Filed by Attorney Juliana Hoffman Objections due by 4/10/2020. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert)

03/27/2020

---

🌐 555  (10 pgs) Certificate of service re: *1) Fourth Monthly Application of FTI Consulting, Inc. for Allowance of Compensation and Reimbursement of Expenses for the Period from February 1, 2020 to and Including February 29, 2020; 2) Agreed Motion to Extend Objection Deadline for the Debtor's Application for Entry of an Order (A) Authorizing the Employment and Retention of Deloitte Tax LLP as Tax Services Provider to the Debtor Nunc Pro Tunc to the Petition Date; and (B) Granting Related Relief* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s) 544 Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 2/1/2020 to 2/29/2020, Fee: $383,371.20, Expenses: $59.62. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 4/13/2020. filed by Financial Advisor FTI Consulting, Inc., 545 Motion to extend time to file objection (Agreed Motion) (RE: related document(s) 483 Application to employ) Filed by Creditor Committee Official Committee of Unsecured Creditors filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert)

03/27/2020

---

🌐 556  (6 pgs) Order approving stipulation permitting Brown Rudnick LLP to file a proof of claim after general bar date (RE: related document(s) 552 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 3/31/2020 (Okafor, M.)

03/31/2020

---

🌐 557  (10 pgs; 2 docs) Motion to extend time to (Debtor's Emergency Motion for an Order Extending Bar Date Deadline for Employees to File Claims) (RE: related document(s) 488 Order on motion for leave) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order) (Annable, Zachery)

03/31/2020

---

🌐 558  (9 pgs) Debtor-in-possession monthly operating report for filing period 02/01/2020 to 02/29/2020 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery)

04/02/2020

---

| 04/02/2020 | 📄 559 (5 pgs) Certificate of service re: *(Supplemental) Notice of Bar Dates for Filing Claims* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)498 Notice *of Bar Date for Filing Claims* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
|---|---|
| 04/03/2020 | 📄 560 (2 pgs) Order granting 557 Motion Extending Bar Date Deadline for Employees to File Claims. The General Bar Date is hereby extended, solely for the Debtors employees, to file claims that arose against the Debtor prior to the Petition Date through and including May 26, 2020 at 5:00 p.m. Entered on 4/3/2020. (Okafor, M.) |
| 04/03/2020 | 📄 561 (3 pgs) Certificate of No Objection filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)517 Application for compensation *Third Monthly Application for Allowance of Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 1/1/2020 to 1/31/2020, Fee: $411,407.28, Expenses: $79.00.). (Hoffman, Juliana) |
| 04/03/2020 | 📄 562 (3 pgs) Notice of hearing*(Notice of May 26, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 5/26/2020 at 09:30 AM Dallas Judge Jernigan Ctrm (Annable, Zachery) |
| 04/03/2020 | 📄 563 (3 pgs) Notice of hearing*(Notice of June 15, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 6/15/2020 at 01:30 PM Dallas Judge Jernigan Ctrm (Annable, Zachery) |
| 04/03/2020 | 📄 564 (6 pgs) Certificate of service re: *1) Agreed Order: (A) Authorizing the Employment and Retention of Deloitte Tax LLP as Tax Services Provider Nunc Pro Tunc to the Petition Date; and (B) Granting Related Relief; 2) Stipulation by and Between the Debtor and Brown Rudnick LLP Extending the General Bar Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)551 Agreed Order granting application to employ Deloitte Tax LLP as tax services provider nunc pro tunc to the petition date (related document 483) Entered on 3/27/2020. (Okafor, M.), 552 Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/03/2020 | 📄 565 (6 pgs) Certificate of service re: *1) Order Approving Stipulation Permitting Brown Rudnick LLP to File a Proof of Claim After the General Bar Date; 2) Debtor's Emergency Motion for an Order Extending Bar Date Deadline for Employees to File Claims* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)556 Order approving stipulation permitting Brown Rudnick LLP to file a proof of claim after general bar date (RE: related document(s)552 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 3/31/2020 (Okafor, M.), 557 Motion to extend time to (Debtor's Emergency Motion for an Order Extending Bar Date Deadline for Employees to File Claims) (RE: related document(s)488 Order on motion for leave) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/06/2020 | 📄 566 (4 pgs) Declaration re: *(First Supplemental Declaration of Bradley D. Sharp in Support of Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)74 Application to employ Development Specialists, Inc as Financial Advisor). (Annable, Zachery) |
| 04/06/2020 | 📄 567 (49 pgs; 2 docs) Notice *(Notice of Filing of Monthly Staffing Report By Development Specialists, Inc for the Period from February 1, 2020 through February 29, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related |

004492

| | document 74) Entered on 1/16/2020. (Okafor, M.). (Attachments: # 1 Exhibit A--Staffing Report) (Annable, Zachery) |
|---|---|
| 04/07/2020 | 🌐 568  (3 pgs) Notice of hearing *(Notice of July 8, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 7/8/2020 at 01:30 PM Dallas Judge Jernigan Ctrm (Annable, Zachery) |
| 04/07/2020 | 🌐 569  (248 pgs) Application for compensation *Sidley Austin LLP's First Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 2/29/2020, Fee: $3,154,959.45, Expenses: $56,254.47. Filed by Objections due by 4/28/2020. (Hoffman, Juliana) |
| 04/07/2020 | 🌐 570  (110 pgs) Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 10/29/2019 to 2/29/2020, Fee: $1,757,835.90, Expenses: $8,781.09. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 4/28/2020. (Hoffman, Juliana) |
| 04/08/2020 | 🌐 571  (121 pgs) Transcript regarding Hearing Held 03/04/20 RE: Motion hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 07/7/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber J&J Court Transcribers, Inc., Telephone number 609-586-2311. (RE: related document(s) Hearing held on 3/4/2020. (RE: related document(s)474 Motion for authority to apply and disburse funds (Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities") filed by Debtor Highland Capital Management, L.P.) (Appearances (live): J. Pomeranz, G. Demo, M. Hayward, and Z. Annabel for Debtor; M. Clemente, P. Reid, and J. Hoffman for UCC; M. Platt for Redeemer Committee; R. Patel and B. Shaw for ACIS; M. Shriro for CALPERS; A. Anderson for certain Cayman issuers; D.M. Lynn for J. Dondero. Appearances (telephonic): A. Attarwala for UBS; J. Bentley for certain Cayman issuers; E. Cheng for FTI Consulting; L. Cisz for CALPERS; T. Mascherin for Redeemer Committee. Evidentiary hearing. Motion resolved as follows: money owing to related entities will go into the registry of the court with the following exception-Mark Okada may be paid approximately $2.876 (the $4.176 million owing to him from the Dynamic Fund will be offset against his $1.3 million demand note owing to the Debtor). All parties rights are reserved with regard to funds being put in the registry of the court. Debtors counsel should upload order.)). Transcript to be made available to the public on 07/7/2020. (Bowen, James) |
| 04/08/2020 | 🌐 572  (4 pgs) Stipulation by Issuer Group and Highland Capital Management, L.P.. filed by Creditor Issuer Group (RE: related document(s)488 Order on motion for leave). (Bain, Joseph) |
| 04/09/2020 | 🌐 573  (34 pgs; 2 docs) Application for compensation *(Third Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 2/1/2020 to 2/29/2020, Fee: $39,087.50, Expenses: $2,601.40. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A--February 2020 Fee Statement) (Annable, Zachery) |
| 04/09/2020 | 🌐 574  (3 pgs) Certificate No Objection Regarding Fifth Monthly Application for Compensation and Reimbursement of Expenses Of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From February 1, 2020 Through February 29, 2020 filed by Debtor Highland Capital Management, L.P. (RE: related document(s)535 Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020* for Jeffrey Nat). (Pomerantz, Jeffrey) |
| 04/10/2020 | 🌐 575  (6 pgs) Certificate of service re: *1) Order Granting Debtor's Emergency Motion and Extending Bar Date Deadline for Employees to File Claims; 2) Notice of May 26, 2020 Omnibus Hearing; to be Held on May 26, 2020 at 9:30 a.m. (Central Time); and 3) Notice of June 15, 2020 Omnibus Hearing* |

004493

Date, to be held on June 15, 2020 at 1:30 p.m. (Central Time) Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)560 Order granting 557 Motion Extending Bar Date Deadline for Employees to File Claims. The General Bar Date is hereby extended, solely for the Debtors employees, to file claims that arose against the Debtor prior to the Petition Date through and including May 26, 2020 at 5:00 p.m. Entered on 4/3/2020. (Okafor, M.), 562 Notice of hearing*(Notice of May 26, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 5/26/2020 at 09:30 AM Dallas Judge Jernigan Ctrm filed by Debtor Highland Capital Management, L.P., 563 Notice of hearing*(Notice of June 15, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 6/15/2020 at 01:30 PM Dallas Judge Jernigan Ctrm filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)

| | |
|---|---|
| 04/10/2020 | 576 (6 pgs) Certificate of service re: *1) First Supplemental Declaration of Bradley D. Sharp in Support of Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date; and 2) Notice of Filing of Monthly Staffing Report By Development Specialists, Inc for the Period from February 1, 2020 through February 29, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)566 Declaration re: *(First Supplemental Declaration of Bradley D. Sharp in Support of Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)74 Application to employ Development Specialists, Inc as Financial Advisor). filed by Debtor Highland Capital Management, L.P., 567 Notice *(Notice of Filing of Monthly Staffing Report By Development Specialists, Inc for the Period from February 1, 2020 through February 29, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A--Staffing Report) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/10/2020 | 577 (5 pgs) Certificate of service re: *1) Summary Sheet and First Interim Fee Application of Sidley Austin LLP, Attorneys for the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses for the Period from October 29, 2019 Through and Including February 29, 2020; and 2) Summary Sheet and First Interim Fee Application of FTI Consulting, Inc. as Financial Advisor for the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses for the Period from October 29, 2019 Through and Including February 29, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)569 Application for compensation *Sidley Austin LLP's First Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 2/29/2020, Fee: $3,154,959.45, Expenses: $56,254.47. Filed by Objections due by 4/28/2020. filed by Creditor Committee Official Committee of Unsecured Creditors, 570 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 10/29/2019 to 2/29/2020, Fee: $1,757,835.90, Expenses: $8,781.09. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 4/28/2020. filed by Financial Advisor FTI Consulting, Inc.). (Kass, Albert) |
| 04/10/2020 | 578 (6 pgs) Certificate of service re: *Notice of July 8, 2020 Omnibus Hearing Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)568 Notice of hearing*(Notice of July 8, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 7/8/2020 at 01:30 PM Dallas Judge Jernigan Ctrm filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/10/2020 | 579 (6 pgs) Certificate of service re: *Joint Stipulation and [Proposed] Order Extending the General Bar Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)572 Stipulation by Issuer Group and Highland Capital Management, L.P.. filed by Creditor Issuer Group (RE: related document(s)488 Order on motion for leave). filed by Creditor Issuer Group). (Kass, Albert) |

| | |
|---|---|
| 04/10/2020 | 🕮 580 (12 pgs) Objection to (related document(s): 538 Amended application for compensation *Amended First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 539 Amended application for compensation Amended Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 540 Application for compensation Third Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from January 1, 2020 through January 31, 2020< filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 541 Application for compensation Fourth Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from February 1, 2020 through February 29, 20 filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP) filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P.. (Chiarello, Annmarie)* |
| 04/11/2020 | 🕮 581 (3 pgs) Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)542 Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses for Sidley Austin LLP, Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 2/1/2020 to 2/29/2020, Fee: �). (Hoffman, Juliana) |
| 04/13/2020 | 🕮 582 (8 pgs; 2 docs) Motion for relief from stay - agreed Filed by Interested Party Hunton Andrews Kurth LLP (Attachments: # 1 Proposed Order) (Skolnekovich, Nicole) |
| 04/14/2020 | 🕮 583 (3 pgs) Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)544 Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 2/1/2020 to 2/29/2020, Fee: $383,371.20, Expenses: $59.62.). (Hoffman, Juliana) |
| 04/14/2020 | 🕮 584 (3 pgs) Certificate of No Objection filed by Other Professional Hayward & Associates PLLC (RE: related document(s)536 Application for compensation *(Second Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from January 1, 2020 through January 31, 2020)* for Hayward &). (Annable, Zachery) |
| 04/14/2020 | 🕮 585 (1 pg) Notice of Appearance and Request for Notice Filed by Creditor American Express National Bank. (Bharatia, Shraddha) |
| 04/14/2020 | 🕮 586 (122 pgs) Application for compensation *Sixth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From March 1, 2020 Through March 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 3/1/2020 to 3/31/2020, Fee: $1,222,801.25, Expenses: $18,747.77. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 5/5/2020. (Pomerantz, Jeffrey) |
| 04/15/2020 | 🕮 587 (5 pgs) Certificate of service re: *Third Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)573 Application for compensation *(Third Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 2/1/2020 to 2/29/2020, Fee: $39,087.50, Expenses: $2,601.40. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A--February 2020 Fee Statement) filed by Other Professional Hayward & Associates PLLC). (Kass, Albert) |
| 04/15/2020 | 🕮 588 (13 pgs) Certificate of service re: Omnibus Limited Objection to Applications for Compensation and Reimbursement of Expense of Foley Gardere, Foley & Lardner LLP as Special Counsel for the Period From October 16, 2019 Through February 29, 2020 filed by Acis Capital Management GP, LLC, Acis |

Capital Management, L.P. (RE: related document(s)538 Amended application for compensation Amended First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November, 539 Amended application for compensation Amended Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through, 540 Application for compensation Third Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from January 1, 2020 through January 31, 2020<, 541 Application for compensation Fourth Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from February 1, 2020 through February 29, 20). (Chiarello, Annmarie)

---

04/15/2020 — 589 (2 pgs) Notice of hearing filed by Interested Party Hunton Andrews Kurth LLP (RE: related document(s)582 Motion for relief from stay - agreed Filed by Interested Party Hunton Andrews Kurth LLP (Attachments: # 1 Proposed Order)). Hearing to be held on 5/7/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 582, (Skolnekovich, Nicole)

---

04/15/2020 — 590 (265 pgs; 12 docs) Motion to reclaim funds from the registry[Motion for Remittance of Funds Held in Registry of Court] Filed by Creditor CLO Holdco, Ltd. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Proposed Order # 11 Service List) (Kane, John)

---

04/17/2020 — 591 (3 pgs) Certificate of service re: 1) Notice of Bar Dates for Filing Claims; and 2) [Customized] Official Form 410 Proof of Claim Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)498 Notice of Bar Date for Filing Claims filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)

---

04/17/2020 — 592 (54 pgs; 2 docs) Notice (Notice of Filing of Monthly Staffing Report by Development Specialists, Inc for the Period from March 1, 2020 through March 31, 2020) filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A--DSI Staffing Report for March 2020) (Annable, Zachery)

---

04/17/2020 — 593 (106 pgs; 7 docs) Motion for relief from stay Fee amount $181, Filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. Objections due by 5/1/2020. (Attachments: # 1 Exhibit 1 (Draft Motion Show Cause Motion) # 2 Exhibit 2 (DAF Complaint 1st case) # 3 Exhibit 3 (DAF Dismissal first case) # 4 Exhibit 4 (DAF Complaint 2nd case) # 5 Exhibit 5 (DAF Dismissal 2nd Case) # 6 Proposed Order) (Shaw, Brian)

---

04/17/2020 — Receipt of filing fee for Motion for relief from stay(19-34054-sgj11) [motion,mrlfsty] ( 181.00). Receipt number 27675692, amount $ 181.00 (re: Doc# 593). (U.S. Treasury)

---

04/20/2020 — 594 (50 pgs) Application for compensation Sidley Austin LLP's Fifth Monthly Application for Compensation and Reimbursement of Expenses for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 3/1/2020 to 3/31/2020, Fee: $476,836.20, Expenses: $14,406.39. Filed by Attorney Juliana Hoffman Objections due by 5/11/2020. (Hoffman, Juliana)

---

04/21/2020 — 595 (5 pgs) Certificate of service re: Sixth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From March 1, 2020 Through March 31, 2020 Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)586 Application for compensation Sixth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From March 1, 2020 Through March 31, 2020 for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 3/1/2020 to 3/31/2020, Fee: $1,222,801.25, Expenses: $18,747.77. Filed by Attorney Jeffrey Nathan

| | |
|---|---|
| | Pomerantz Objections due by 5/5/2020. Filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/21/2020 | 🔘 596 (5 pgs) Certificate of service re: *Sidley Austin LLP's Fifth Monthly Application for Compensation and Reimbursement of Expenses* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)594 Application for compensation *Sidley Austin LLP's Fifth Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 3/1/2020 to 3/31/2020, Fee: $476,836.20, Expenses: $14,406.39. Filed by Attorney Juliana Hoffman Objections due by 5/11/2020. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 04/21/2020 | 🔘 597 (6 pgs) Certificate of service re: *Notice of Filing of Monthly Staffing Report by Development Specialists, Inc for the Period from March 1, 2020 through March 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)592 Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc for the Period from March 1, 2020 through March 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A--DSI Staffing Report for March 2020) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/22/2020 | 🔘 Receipt Number 00338531, Fee Amount $3,601,018.59 (RE: Related document(s) 512 Order on motion for authority to apply and disburse funds.) NOTE: Deposit of funds into the Registry of the Court. (Floyd,K) (Entered: 08/10/2020) |
| 04/23/2020 | 🔘 Receipt Number 00338532, Fee Amount $898,075.53 (RE: related document(s) 512 Order on motion for authority to apply and disburse funds.) NOTE: Deposit of funds into the Registry of the Court. (Floyd, K). (Entered: 08/10/2020) |
| 04/24/2020 | 🔘 598 (31 pgs; 2 docs) Application for compensation *(Fourth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from March 1, 2020 through March 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 3/1/2020 to 3/31/2020, Fee: $35,307.50, Expenses: $1,732.02. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A--H&A March 2020 Invoice) (Annable, Zachery) |
| 04/24/2020 | 🔘 599 (53 pgs; 2 docs) Notice *(Notice of Additional Services to Be Provided by Deloitte Tax LLP)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)551 Agreed Order granting application to employ Deloitte Tax LLP as tax services provider nunc pro tunc to the petition date (related document 483) Entered on 3/27/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A--Deloitte Tax Engagement Letters) (Annable, Zachery) |
| 04/28/2020 | 🔘 600 (3 pgs) Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). (Annable, Zachery) |
| 04/28/2020 | 🔘 601 (30 pgs; 2 docs) Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from March 1, 2020 through March 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 3/1/2020 to 3/31/2020, Fee: $82,270.50, Expenses: $12.70. Filed by Attorney Holland N. O'Neil Objections due by 5/19/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) |
| 04/28/2020 | 🔘 602 (108 pgs; 4 docs) Application for compensation *First Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 10/16/2019 to 3/31/2020, Fee: $484,590.10, Expenses: $10,455.04. Filed by Attorney |

004497

Holland, N. & C.) ~~Objections due by 5/15/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed~~
Order Exhibit C - Proposed Order) (O'Neil, Holland).

| | |
|---|---|
| 04/28/2020 | 603 (10 pgs) Certificate of service re: *1) Fourth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from March 1, 2020 through March 31, 2020; and 2) Notice of Additional Services to Be Provided by Deloitte Tax LLP* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)598 Application for compensation *(Fourth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from March 1, 2020 through March 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, 3/1/2020 to 3/31/2020, Fee: $35,307.50, Expenses: $1,732.02. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A--H&A March 2020 Invoice) filed by Other Professional Hayward & Associates PLLC, 599 Notice *(Notice of Additional Services to Be Provided by Hayward & Associates PLLC)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)551 Agreed Order granting application to employ Deloitte Tax LLP as tax services provider nunc pro tunc to the petition date (related document 483) Entered on 3/27/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A--Deloitte Tax Engagement Letters) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/28/2020 | 604 (56 pgs; 3 docs) Application to employ Hunton Andrews Kurth LLP as Special Counsel *(Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Declaration of Alexander McGeoch # 2 Exhibit B--Proposed Order) (Annable, Zachery) |
| 04/28/2020 | 605 (23 pgs; 3 docs) Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel *(Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Wilmer Cutler Pickering Hale and Dorr LLP as Regulatory and Compliance Counsel Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Declaration of Timothy Silva # 2 Exhibit B--Proposed Order) (Annable, Zachery) |
| 04/28/2020 | 606 (15 pgs; 2 docs) Motion to extend or limit the exclusivity period (RE: related document(s)460 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. Objections due by 5/22/2020. (Attachments: # 1 Exhibit A--Proposed Order) (Annable, Zachery) |
| 04/28/2020 | 607 (587 pgs) Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, for the Period From October 16, 2019 Through March 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 10/16/2019 to 3/31/2020, Fee: $4,834,021.00, Expenses: $118,198.81. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 5/19/2020. (Pomerantz, Jeffrey) |
| 04/28/2020 | 608 (25 pgs) Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Mercer (US) Inc., as Compensation Consultant to the Debtor for the Period From November 15, 2019 Through February 29, 2020* for Mercer (US) Inc., Consultant, Period: 11/15/2019 to 2/29/2020, Fee: $113,804.64, Expenses: $2,151.69. Filed by Consultant Mercer (US) Inc. Objections due by 5/19/2020. (Pomerantz, Jeffrey) |
| 04/28/2020 | 609 (118 pgs; 2 docs) Application for compensation *(Hayward & Associates PLLC's First Interim Application for Compensation and Reimbursement of Expenses for the Period from December 10, 2019 through March 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 12/10/2019 to 3/31/2020, Fee: $168,405.00, Expenses: $7,333.29. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A--H&A Fee Statements) (Annable, Zachery) |
| 04/28/2020 | 610 (5 pgs) Notice of hearing *Omnibus Notice of Hearing on First Interim Applications for Compensation and Reimbursement of Expenses of Estate Professionals* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)569 Application for compensation *Sidley Austin LLP's First* |

004498

*Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 2/29/2020, Fee: $3,154,959.45, Expenses: $56,254.47. Filed by Objections due by 4/28/2020., 570 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 10/29/2019 to 2/29/2020, Fee: $1,757,835.90, Expenses: $8,781.09. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 4/28/2020., 602 Application for compensation *First Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 10/16/2019 to 3/31/2020, Fee: $484,590.10, Expenses: $10,455.04. Filed by Attorney Holland N. O'Neil Objections due by 5/19/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order Exhibit C - Proposed Order) (O'Neil, Holland), 607 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, for the Period From October 16, 2019 Through March 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 10/16/2019 to 3/31/2020, Fee: $4,834,021.00, Expenses: $118,198.81. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 5/19/2020., 608 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Mercer (US) Inc., as Compensation Consultant to the Debtor for the Period From November 15, 2019 Through February 29, 2020* for Mercer (US) Inc., Consultant, Period: 11/15/2019 to 2/29/2020, Fee: $113,804.64, Expenses: $2,151.69. Filed by Consultant Mercer (US) Inc. Objections due by 5/19/2020., 609 Application for compensation *(Hayward & Associates PLLC's First Interim Application for Compensation and Reimbursement of Expenses for the Period from December 10, 2019 through March 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 12/10/2019 to 3/31/2020, Fee: $168,405.00, Expenses: $7,333.29. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A--H&A Fee Statements)). Hearing to be held on 5/26/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 569 and for 607 and for 609 and for 570 and for 602 and for 608, (Pomerantz, Jeffrey)

---

611 (3 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)604 Application to employ Hunton Andrews Kurth LLP as Special Counsel *(Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Declaration of Alexander McGeoch # 2 Exhibit B--Proposed Order), 605 Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel *(Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Wilmer Cutler Pickering Hale and Dorr LLP as Regulatory and Compliance Counsel Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Declaration of Timothy Silva # 2 Exhibit B--Proposed Order), 606 Motion to extend or limit the exclusivity period (RE: related document(s)460 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. Objections due by 5/22/2020. (Attachments: # 1 Exhibit A--Proposed Order). Hearing to be held on 5/26/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 605 and for 604 and for 606, (Annable, Zachery)

04/28/2020

---

612 (3 pgs) Certificate of service re: *(Supplemental) 1) Notice of Bar Dates for Filing Claims; and 2) [Customized] Official Form 410 Proof of Claim* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)498 Notice of *Bar Date for Filing Claims* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)

04/28/2020

---

613 (1 pg) Clerk's correspondence requesting a notice of hearing from attorney for debtor. (RE: related document(s)394 Application for compensation *Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through December 30, 2019* for Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 12/1/2019 to 12/31/2019, Fee: $143,328.50, Expenses: $2,808.29. Filed by Attorney Holland N. O'Neil Objections due by 2/14/2020. (O'Neil, Holland)) Responses due by 5/13/2020. (Ecker, C.)

04/29/2020

---

614 (6 pgs) Order approving second stipulation permitting Brown Rudnick LLP to file proof of claims after the general bar date (RE: related document(s)600 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 4/29/2020 (Okafor, M.)

04/29/2020

| | |
|---|---|
| 04/29/2020 | 🌐 615 (8 pgs) Motion to extend time to Assume or Reject Unexpired Nonresidential Real Property Lease (RE: related document(s)429 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 04/30/2020 | 🌐 616 (3 pgs) Agreed Order extending deadline to assume or reject unexpired nonresidential real property lease by sixty days (RE: 615 Motion to extend time.) Entered on 4/30/2020. (Okafor, M.) |
| 05/01/2020 | 🌐 617 (3 pgs) Response unopposed to (related document(s): 593 Motion for relief from stay Fee amount $181, filed by Creditor Acis Capital Management GP, LLC, Creditor Acis Capital Management, L.P.) filed by Interested Party James Dondero. (Assink, Bryan) |
| 05/05/2020 | 🌐 618 (5 pgs) Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to March 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Annable, Zachery) |
| 05/05/2020 | 🌐 619 (14 pgs) Certificate of service re: *Documents Served on April 28, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)600 Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). filed by Debtor Highland Capital Management, L.P., 601 Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from March 1, 2020 through March 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 3/1/2020 to 3/31/2020, Fee: $82,270.50, Expenses: $12.70. Filed by Attorney Holland N. O'Neil Objections due by 5/19/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 602 Application for compensation *First Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 10/16/2019 to 3/31/2020, Fee: $484,590.10, Expenses: $10,455.04. Filed by Attorney Holland N. O'Neil Objections due by 5/19/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order Exhibit C - Proposed Order) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 603 Certificate of service re: *1) Fourth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from March 1, 2020 through March 31, 2020; and 2) Notice of Additional Services to Be Provided by Deloitte Tax LLP* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)598 Application for compensation *(Fourth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from March 1, 2020 through March 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 3/1/2020 to 3/31/2020, Fee: $35,307.50, Expenses: $1,732.02. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A--H&A March 2020 Invoice) filed by Other Professional Hayward & Associates PLLC, 599 Notice *(Notice of Additional Services to Be Provided by Deloitte Tax LLP)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)551 Agreed Order granting application to employ Deloitte Tax LLP as tax services provider nunc pro tunc to the petition date (related document 483) Entered on 3/27/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A--Deloitte Tax Engagement Letters) filed by Debtor Highland Capital Management, L.P.). filed by Claims Agent Kurtzman Carson Consultants LLC, 604 Application to employ Hunton Andrews Kurth LLP as Special Counsel *(Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Declaration of Alexander McGeoch # 2 Exhibit B--Proposed Order) filed by Debtor Highland Capital Management, L.P., 605 Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel *(Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Wilmer Cutler Pickering Hale and Dorr LLP as Regulatory and Compliance Counsel Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 |

Exhibit A--Declaration of Timothy Silva # 2 Exhibit B--Proposed Order) filed by Debtor Highland Capital Management, L.P., 606 Motion to extend or limit the exclusivity period (RE: related document(s)460 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. Objections due by 5/22/2020. (Attachments: # 1 Exhibit A--Proposed Order) filed by Debtor Highland Capital Management, L.P., 607 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, for the Period From October 16, 2019 Through March 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 10/16/2019 to 3/31/2020, Fee: $4,834,021.00, Expenses: $118,198.81. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 5/19/2020. filed by Debtor Highland Capital Management, L.P., 608 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Mercer (US) Inc., as Compensation Consultant to the Debtor for the Period From November 15, 2019 Through February 29, 2020* for Mercer (US) Inc., Consultant, Period: 11/15/2019 to 2/29/2020, Fee: $113,804.64, Expenses: $2,151.69. Filed by Consultant Mercer (US) Inc. Objections due by 5/19/2020. filed by Consultant Mercer (US) Inc., 609 Application for compensation *(Hayward & Associates PLLC's First Interim Application for Compensation and Reimbursement of Expenses for the Period from December 10, 2019 through March 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 12/10/2019 to 3/31/2020, Fee: $168,405.00, Expenses: $7,333.29. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A--H&A Fee Statements) filed by Other Professional Hayward & Associates PLLC, 610 Notice of hearing*Omnibus Notice of Hearing on First Interim Applications for Compensation and Reimbursement of Expenses of Estate Professionals* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)569 Application for compensation *Sidley Austin LLP's First Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 2/29/2020, Fee: $3,154,959.45, Expenses: $56,254.47. Filed by Objections due by 4/28/2020., 570 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 10/29/2019 to 2/29/2020, Fee: $1,757,835.90, Expenses: $8,781.09. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 4/28/2020., 602 Application for compensation *First Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 10/16/2019 to 3/31/2020, Fee: $484,590.10, Expenses: $10,455.04. Filed by Attorney Holland N. O'Neil Objections due by 5/19/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order Exhibit C - Proposed Order) (O'Neil, Holland), 607 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, for the Period From October 16, 2019 Through March 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 10/16/2019 to 3/31/2020, Fee: $4,834,021.00, Expenses: $118,198.81. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 5/19/2020., 608 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Mercer (US) Inc., as Compensation Consultant to the Debtor for the Period From November 15, 2019 Through February 29, 2020* for Mercer (US) Inc., Consultant, Period: 11/15/2019 to 2/29/2020, Fee: $113,804.64, Expenses: $2,151.69. Filed by Consultant Mercer (US) Inc. Objections due by 5/19/2020., 609 Application for compensation *(Hayward & Associates PLLC's First Interim Application for Compensation and Reimbursement of Expenses for the Period from December 10, 2019 through March 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 12/10/2019 to 3/31/2020, Fee: $168,405.00, Expenses: $7,333.29. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A--H&A Fee Statements). Hearing to be held on 5/26/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 569 and for 607 and for 609 and for 570 and for 602 and for 608, filed by Debtor Highland Capital Management, L.P., 611 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)604 Application to employ Hunton Andrews Kurth LLP as Special Counsel *(Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Declaration of Alexander McGeoch # 2 Exhibit B--Proposed Order), 605 Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel *(Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Wilmer Cutler Pickering Hale and Dorr LLP as Regulatory and Compliance Counsel Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A-- Declaration of Timothy Silva # 2 Exhibit B--Proposed Order), 606 Motion to extend or limit the exclusivity period (RE: related document(s)460 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. Objections due by 5/22/2020. (Attachments: # 1 Exhibit A--Proposed

| | Order). Hearing to be held on 5/20/2020 at 09:30AM Dallas Judge Jernigan Ctrm for 603 and for 604 and for 606, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
|---|---|
| 05/05/2020 | 🌐 620 (8 pgs; 2 docs) Stipulation by Highland Capital Management, L.P. and Official Committee of Unsecured Creditors. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). (Attachments: # 1 Exhibit A--Employee Letter) (Annable, Zachery) |
| 05/05/2020 | 🌐 621 (3 pgs) Certificate of No Objection Regarding Third Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020 filed by Other Professional Hayward & Associates PLLC (RE: related document(s)573 Application for compensation *(Third Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020)* for Hayward &). (Annable, Zachery) |
| 05/05/2020 | 🌐 622 (3 pgs) Certificate No Objection Regarding Sixth Monthly Application for Compensation and Reimbursement of Expenses Of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From March 1, 2020 Through March 31, 2020 filed by Debtor Highland Capital Management, L.P. (RE: related document(s)586 Application for compensation *Sixth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From March 1, 2020 Through March 31, 2020* for Jeffrey Nathan Po). (Pomerantz, Jeffrey) |
| 05/06/2020 | 🌐 623 (4 pgs) Stipulation and Agreed Order Permitting Hunton Andrews Kurth LLP to Apply Prepetition Retainer (related document # 582) Entered on 5/6/2020. (Okafor, M.) |
| 05/06/2020 | 🌐 624 (16 pgs) Objection to (related document(s): 590 Motion to reclaim funds from the registry*[Motion for Remittance of Funds Held in Registry of Court]* filed by Creditor CLO Holdco, Ltd.) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
| 05/06/2020 | 🌐 625 (2 pgs) Certificate of service re: Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)624 Objection). (Hoffman, Juliana) |
| 05/06/2020 | 🌐 626 (9 pgs) Certificate of service re: *1) Order Approving Second Stipulation Permitting Brown Rudnick LLP to File Proofs of Claim after the General Bar Date; and 2) Agreed Motion to Extend by Sixty Days the Deadline to Assume or Reject Unexpired Nonresidential Real Property Lease* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)614 Order approving second stipulation permitting Brown Rudnick LLP to file proof of claims after the general bar date (RE: related document(s)600 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 4/29/2020 (Okafor, M.), 615 Motion to extend time to Assume or Reject Unexpired Nonresidential Real Property Lease (RE: related document(s)429 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 05/06/2020 | 🌐 627 (7 pgs) Certificate of service re: *Agreed Order Extending Deadline to Assume or Reject Unexpired Nonresidential Property Lease by Sixty Days* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)616 Agreed Order extending deadline to assume or reject unexpired nonresidential real property lease by sixty days (RE: 615 Motion to extend time.) Entered on 4/30/2020. (Okafor, M.)). (Kass, Albert) |
| 05/08/2020 | 🌐 628 (11 pgs) Order approving joint stipulation of the Debtor and the Official Committee of the Unsecured Creditors modifying the Bar Date Order (RE: related document(s)620 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 5/8/2020 (Okafor, M.) |

| 05/12/2020 | 🖱 629 (4 pgs) Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)594 Application for compensation *Sidley Austin LLP's Fifth Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 3/1/2020 to 3/31/2020, Fee: $476,). (Hoffman, Juliana) |
|---|---|
| 05/13/2020 | 🖱 630 (16 pgs; 2 docs) Reply to (related document(s): 624 Objection filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Creditor CLO Holdco, Ltd.. (Attachments: # 1 Service List) (Kane, John) |
| 05/13/2020 | 🖱 631 (7 pgs) Certificate of service re: *1) Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to March 31, 2020; and 2) Joint Stipulation by Highland Capital Management, L.P. and Official Committee of Unsecured Creditors Modifying the Bar Date Order* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)618 Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to March 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). filed by Debtor Highland Capital Management, L.P., 620 Stipulation by Highland Capital Management, L.P. and Official Committee of Unsecured Creditors. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). (Attachments: # 1 Exhibit A--Employee Letter) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 05/13/2020 | 🖱 632 (7 pgs) Certificate of service re: *Stipulation and Agreed Order Permitting Hunton Andrew Kurth LLP to Apply Prepetition Retaine* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)623 Stipulation and Agreed Order Permitting Hunton Andrews Kurth LLP to Apply Prepetition Retainer (related document 582) Entered on 5/6/2020. (Okafor, M.) filed by Interested Party Hunton Andrews Kurth LLP). (Kass, Albert) |
| 05/13/2020 | 🖱 633 (6 pgs) Certificate of service re: *Order Approving Joint Stipulation of the Debtor and the Official Committee of Unsecured Creditors Modifying Bar Date Order* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)628 Order approving joint stipulation of the Debtor and the Official Committee of the Unsecured Creditors modifying the Bar Date Order (RE: related document(s)620 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 5/8/2020 (Okafor, M.)). (Kass, Albert) |
| 05/14/2020 | 🖱 634 (9 pgs) Debtor-in-possession monthly operating report for filing period March 1, 2020 to March 31, 2020 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 05/15/2020 | 🖱 635 (6 pgs; 2 docs) Notice of hearing filed by Creditor CLO Holdco, Ltd. (RE: related document(s)590 Motion to reclaim funds from the registry*[Motion for Remittance of Funds Held in Registry of Court]* Filed by Creditor CLO Holdco, Ltd. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Proposed Order # 11 Service List). Hearing to be held on 6/30/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 590, (Attachments: # 1 Service List) (Kane, John) |
| 05/19/2020 | 🖱 636 (3 pgs) Notice of Appearance and Request for Notice by Martin A. Sosland filed by Interested Parties UBS AG London Branch, UBS Securities LLC. (Sosland, Martin) |
| 05/19/2020 | 🖱 637 (3 pgs) Notice of Appearance and Request for Notice by Candice Marie Carson filed by Interested Parties UBS AG London Branch, UBS Securities LLC. (Carson, Candice) |

| 05/19/2020 | 🌐 638 (4 pgs) Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). (Annable, Zachery) |
|---|---|
| 05/19/2020 | 🌐 639 (51 pgs) Application for compensation *Sixth Monthly Application of Sidley Austin LLP for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 4/1/2020 to 4/30/2020, Fee: $438,619.32, Expenses: $5,765.07. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 6/9/2020. (Hoffman, Juliana) |
| 05/19/2020 | 🌐 640 (52 pgs) Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 3/1/2020 to 3/31/2020, Fee: $477,538.20, Expenses: $14,937.66. Filed by Attorney Juliana Hoffman Objections due by 6/9/2020. (Hoffman, Juliana) |
| 05/19/2020 | 🌐 641 (19 pgs) Objection to (related document(s): 601 Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from March 1, 2020 through March 31, 2020* for Foley Gardere, filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 602 Application for compensation *First Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020* for Foley Ga filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP) filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P.. (Chiarello, Annmarie) |
| 05/20/2020 | 🌐 642 (4 pgs) Trustee's Objection to *Foley & Lardner, LLP's First Interim Application for Fees and Expenses* (RE: related document(s)602 Application for compensation) (Lambert, Lisa) |
| 05/20/2020 | 🌐 643 (3 pgs) Certificate of No Objection filed by Other Professional Hayward & Associates PLLC (RE: related document(s)598 Application for compensation *(Fourth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from March 1, 2020 through March 31, 2020)* for Hayward & Asso). (Annable, Zachery) |
| 05/20/2020 | 🌐 644 (373 pgs; 12 docs) Motion for relief from stay *(UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action)* Fee amount $181, Filed by Interested Parties UBS AG London Branch, UBS Securities LLC Objections due by 6/3/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K) (Sosland, Martin) |
| 05/20/2020 | 🌐 645 (3 pgs) Notice of hearing filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)644 Motion for relief from stay *(UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action)* Fee amount $181, Filed by Interested Parties UBS AG London Branch, UBS Securities LLC Objections due by 6/3/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K)). Hearing to be held on 6/15/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 644, (Sosland, Martin) |
| 05/20/2020 | Receipt of filing fee for Motion for relief from stay(19-34054-sgj11) [motion,mrlfsty] ( 181.00). Receipt number 27774088, amount $ 181.00 (re: Doc# 644). (U.S. Treasury) |
| 05/20/2020 | 🌐 646 (7 pgs) Order approving third stipulation permitting Brown Rudnick LLP to file proof of claims after the general bar date (RE: related document(s)638 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 5/20/2020 (Okafor, M.) |
| 05/20/2020 | 🌐 647 (508 pgs; 18 docs) Witness and Exhibit List filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)601 Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas* |

004504

*Counsel to the Debtor for the Period from March 4, 2020 through March 31, 2020* for Foley Gardeite, 602
Application for compensation *First Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020* for Foley Ga). (Attachments: # 1 Exhibit 9 # 2 Exhibit 10 # 3 Exhibit 11 # 4 Exhibit 12 # 5 Exhibit 13 # 6 Exhibit 14 # 7 Exhibit 15 # 8 Exhibit 16 # 9 Exhibit 17 # 10 Exhibit 18 # 11 Exhibit 19 # 12 Exhibit 20 # 13 Exhibit 21 # 14 Exhibit 22 # 15 Exhibit 23 # 16 Exhibit 24 # 17 Exhibit 25) (Chiarello, Annmarie)

| | |
|---|---|
| 05/21/2020 | 648  (125 pgs) Application for compensation *Seventh Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtors for the Period From April 1, 2020 Through April 30, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 4/1/2020 to 4/30/2020, Fee: $1,113,522.50, Expenses: $3,437.28. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 6/11/2020. (Pomerantz, Jeffrey) |
| 05/22/2020 | 649  (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)607 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, for the Period From October 16, 2019 Through March 31, 20). (Annable, Zachery)* |
| 05/22/2020 | 650  (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)608 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Mercer (US) Inc., as Compensation Consultant to the Debtor for the Period From November 15, 2019 Through February 29, 2020* for Mercer (). (Annable, Zachery) |
| 05/22/2020 | 651  (7 pgs) Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)569 Application for compensation *Sidley Austin LLP's First Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 2/29/2020, Fee: $3,). (Hoffman, Juliana) |
| 05/22/2020 | 652  (7 pgs) Certificate of No Objection filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)570 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 10/29/2019 to 2/29/2020, Fee: $1,757,835.90, Expenses: $8,781.09.). (Hoffman, Juliana) |
| 05/22/2020 | 653  (4 pgs) Declaration re: *(Second Supplemental Declaration of Bradley D. Sharp in Support of Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)74 Application to employ Development Specialists, Inc as Financial Advisor). (Annable, Zachery) |
| 05/22/2020 | 654  (89 pgs) Witness and Exhibit List *for May 26, 2020 Hearing* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)569 Application for compensation *Sidley Austin LLP's First Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 2/29/2020, Fee: $3,, 570 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 10/29/2019 to 2/29/2020, Fee: $1,757,835.90, Expenses: $8,781.09., 602 Application for compensation *First Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020* for Foley Ga, 604 Application to employ Hunton Andrews Kurth LLP as Special Counsel *(Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date)*, 605 Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel *(Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment,* 606 Motion to extend or limit the exclusivity period (RE: related document(s)460 Order on motion to extend/shorten time), 607 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of* |

| | *Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, for the Period From October 16, 2019 Through March 31, 20, 608 Application for compensation First Interim Application for Compensation and Reimbursement of Expenses of Mercer (US) Inc., as Compensation Consultant to the Debtor for the Period From November 15, 2019 Through February 29, 2020 for Mercer (, 609 Application for compensation (Hayward & Associates PLLC's First Interim Application for Compensation and Reimbursement of Expenses for the Period from December 10, 2019 through March 31, 2020) for Hayward & Associates PLLC, Debtor's At). (Annable, Zachery)* |
|---|---|
| 05/22/2020 | 🔘 655  (2 pgs) COURT'S NOTICE/VIDEO CONFERENCE INFORMATION FOR HEARING ON MAY 26, 2020 AT 9:30 a.m. (Ellison, T.) |
| 05/22/2020 | 🔘 656  (3 pgs) Certificate of No Objection filed by Other Professional Hayward & Associates PLLC (RE: related document(s)609 Application for compensation *(Hayward & Associates PLLC's First Interim Application for Compensation and Reimbursement of Expenses for the Period from December 10, 2019 through March 31, 2020)* for Hayward & Associates PLLC, Debtor's At). (Annable, Zachery) |
| 05/22/2020 | 🔘 657  (7 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)606 Motion to extend or limit the exclusivity period (RE: related document(s)460 Order on motion to extend/shorten time)). (Annable, Zachery) |
| 05/22/2020 | 🔘 658  (8 pgs) Notice *(Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 05/23/2020 | 🔘 659  (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)605 Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel *(Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment). (Annable, Zachery)* |
| 05/25/2020 | 🔘 660  (8 pgs) Amended Notice *(Amended Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)658 Notice *(Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P..). (Annable, Zachery) |
| 05/26/2020 | 🔘 661  (3 pgs) Order granting application for compensation (related document # 569) granting for Sidley Austin, attorney for Official Committee of Unsecured Creditors, fees awarded: $3,154,959.45, expenses awarded: $56,254.47 Entered on 5/26/2020. (Ecker, C.) |
| 05/26/2020 | 🔘 662  (3 pgs) Order granting application for compensation (related document # 570) granting for FTI Consulting, Inc., fees awarded: $1,757,835.90, expenses awarded: $8,781.09 Entered on 5/26/2020. (Ecker, C.) |
| 05/26/2020 | 🔘 663  (2 pgs) Order granting application for compensation (related document # 607) granting for Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, fees awarded: $4,834,021.00, expenses awarded: $118,198.81 Entered on 5/26/2020. (Ecker, C.) |
| 05/26/2020 | 🔘 664  (2 pgs) Order granting application for compensation (related document # 608) granting for Mercer (US) Inc., fees awarded: $113,804.64, expenses awarded: $2,151.69 Entered on 5/26/2020. (Ecker, C.) |
| 05/26/2020 | 🔘 665  (2 pgs) Amended Order granting application for compensation (related document # 570) granting for FTI Consulting, Inc., fees awarded: $1,757,835.90, expenses awarded: $8,781.09 Entered on 5/26/2020. (Ecker, C.) |

| | |
|---|---|
| 05/26/2020 | 666 (2 pgs) Amended Order granting application for compensation (related document # 569) granting for Sidley Austin, attorney for Official Committee of Unsecured Creditors, fees awarded: $3,154,959.45, expenses awarded: $56,254.47 Entered on 5/26/2020. (Ecker, C.) |
| 05/26/2020 | 667 (2 pgs) Order granting application for compensation (related document # 609) granting for Hayward & Associates PLLC, fees awarded: $168,405.00, expenses awarded: $7,333.29 Entered on 5/26/2020. (Ecker, C.) |
| 05/26/2020 | 668 (3 pgs) Order granting 606 Motion to extend or limit the exclusivity period. (Re: related document(s) Chapter 11 Plan due by 7/13/2020, Entered on 5/26/2020. (Ecker, C.) |
| 05/26/2020 | 669 (3 pgs) Order granting application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Other Professional (related document # 605) Entered on 5/26/2020. (Ecker, C.) |
| 05/26/2020 | 670 (4 pgs) Order granting application for compensation (related document # 602) granting for Foley Gardere, Foley & Lardner LLP, fees awarded: $387,672.08, expenses awarded: $10,455.04 Entered on 5/26/2020. (Ecker, C.) |
| 05/26/2020 | 672 Hearing held on 5/26/2020. (RE: related document(s)602 First Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020 for Foley Gardere, Foley & Lardner LLP, Special Counsel,) (Appearances (all video or telephonic): J. Pomeranz and G. Demo for Debtors; M. Clemente for Unsecured Creditors Committee; R. Patel and A. Chiarello for Acis; H. ONiel, special counsel for Debtor; A. Attarwala for UBS; M. Hankin and T. Mascherin for Redeemer Committee; R. Matsumura for HCLOF; L. Lambert for UST. Nonevidentiary hearing. Agreed resolution accepted; 80% of fees and 100% of expenses allowed on an interim basis with all rights of all parties reserved. Counsel to upload order.) (Edmond, Michael) (Entered: 05/27/2020) |
| 05/26/2020 | 673 Hearing held on 5/26/2020. (RE: related document(s)605 Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel (Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Wilmer Cutler Pickering Hale and Dorr LLP as Regulatory and Compliance Counsel Nunc Pro Tunc to the Petition Date), filed by Debtor Highland Capital Management, L.P.) (Appearances (all video or telephonic): J. Pomeranz and G. Demo for Debtors; M. Clemente for Unsecured Creditors Committee; R. Patel and A. Chiarello for Acis; H. ONiel, special counsel for Debtor; A. Attarwala for UBS; M. Hankin and T. Mascherin for Redeemer Committee; R. Matsumura for HCLOF; L. Lambert for UST. Nonevidentiary hearing. Application granted. Counsel to upload order.) (Edmond, Michael) (Entered: 05/27/2020) |
| 05/26/2020 | 674 Hearing held on 5/26/2020. (RE: related document(s)606 Motion to extend or limit the exclusivity period (RE: related document(s)460 Order on motion to extend/shorten time) filed by Debtor Highland Capital Management, L.P.) (Appearances (all video or telephonic): J. Pomeranz and G. Demo for Debtors; M. Clemente for Unsecured Creditors Committee; R. Patel and A. Chiarello for Acis; H. ONiel, special counsel for Debtor; A. Attarwala for UBS; M. Hankin and T. Mascherin for Redeemer Committee; R. Matsumura for HCLOF; L. Lambert for UST. Nonevidentiary hearing. Agreed resolution accepted; 30 day extension. Counsel to upload order. (Edmond, Michael) (Entered: 05/27/2020) |
| 05/27/2020 | 671 (1 pg) Request for transcript (ruling only) regarding a hearing held on 5/26/2020. The requested turn-around time is daily (Jeng, Hawaii) |
| 05/28/2020 | 675 (40 pgs) Application for compensation *Sixth Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 4/1/2020 to 4/30/2020, Fee: $489,957.84, Expenses: $6,702.95. Filed by Attorney Juliana Hoffman Objections due by 6/18/2020. (Hoffman, Juliana) |

| | |
|---|---|
| 05/28/2020 | 🔘 676  (7 pgs) Transcript regarding Hearing Held 05/26/2020 (7 pgs.) RE: Fee Applications, Applications to Employ Nunc Pro Tunc, Motion to Extend Exclusivity Period (Excerpt: 10:00-10:06 a.m. Only). THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 08/26/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. (RE: related document(s) 672 Hearing held on 5/26/2020. (RE: related document(s)602 First Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020 for Foley Gardere, Foley & Lardner LLP, Special Counsel,) (Appearances (all video or telephonic): J. Pomeranz and G. Demo for Debtors; M. Clemente for Unsecured Creditors Committee; R. Patel and A. Chiarello for Acis; H. ONiel, special counsel for Debtor; A. Attarwala for UBS; M. Hankin and T. Mascherin for Redeemer Committee; R. Matsumura for HCLOF; L. Lambert for UST. Nonevidentiary hearing. Agreed resolution accepted; 80% of fees and 100% of expenses allowed on an interim basis with all rights of all parties reserved. Counsel to upload order.), 673 Hearing held on 5/26/2020. (RE: related document(s)605 Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel (Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Wilmer Cutler Pickering Hale and Dorr LLP as Regulatory and Compliance Counsel Nunc Pro Tunc to the Petition Date), filed by Debtor Highland Capital Management, L.P.) (Appearances (all video or telephonic): J. Pomeranz and G. Demo for Debtors; M. Clemente for Unsecured Creditors Committee; R. Patel and A. Chiarello for Acis; H. ONiel, special counsel for Debtor; A. Attarwala for UBS; M. Hankin and T. Mascherin for Redeemer Committee; R. Matsumura for HCLOF; L. Lambert for UST. Nonevidentiary hearing. Application granted. Counsel to upload order.), 674 Hearing held on 5/26/2020. (RE: related document(s)606 Motion to extend or limit the exclusivity period (RE: related document(s)460 Order on motion to extend/shorten time) filed by Debtor Highland Capital Management, L.P.) (Appearances (all video or telephonic): J. Pomeranz and G. Demo for Debtors; M. Clemente for Unsecured Creditors Committee; R. Patel and A. Chiarello for Acis; H. ONiel, special counsel for Debtor; A. Attarwala for UBS; M. Hankin and T. Mascherin for Redeemer Committee; R. Matsumura for HCLOF; L. Lambert for UST. Nonevidentiary hearing. Agreed resolution accepted; 30 day extension. Counsel to upload order.). Transcript to be made available to the public on 08/26/2020. (Rehling, Kathy) |
| 05/28/2020 | 🔘 677  (5 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)663 Order granting application for compensation (related document 607) granting for Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, fees awarded: $4,834,021.00, expenses awarded: $118,198.81 Entered on 5/26/2020. (Ecker, C.)) No. of Notices: 1. Notice Date 05/28/2020. (Admin.) |
| 06/01/2020 | 🔘 678  (4 pgs) Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). (Annable, Zachery) |
| 06/01/2020 | 🔘 679  (52 pgs; 2 docs) Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from April 1, 2020 through April 30, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A--DSI Staffing Report for April 2020) (Annable, Zachery) |
| 06/01/2020 | 🔘 680  (16 pgs) Certificate of service re: *1) Third Stipulation by and Between the Debtor and Brown Rudnick LLP Extending the General Bar Date; 2) Summary Sheet and Sixth Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses for the Period from April 1, 2020 to and Including April 30, 2020; and 3) Summary Sheet and Fifth Monthly Application of FTI Consulting, Inc. for Allowance of Compensation and Reimbursement of Expenses for the Period from March 1, 2020 to and Including March 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)638 Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). filed by Debtor Highland Capital Management, L.P., 639 Application for compensation *Sixth* |

*Monthly Application by Stacy Austin LLP for Compensation and Reimbursement of Expenses for Official
Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 4/1/2020 to 4/30/2020, Fee:
$438,619.32, Expenses: $5,765.07. Filed by Creditor Committee Official Committee of Unsecured
Creditors Objections due by 6/9/2020. filed by Creditor Committee Official Committee of Unsecured
Creditors,* 640 *Application for compensation Fifth Monthly Application for Compensation and
Reimbursement of Expenses for FTI Consulting, Inc., Financial Advisor, Period: 3/1/2020 to 3/31/2020,
Fee: $477,538.20, Expenses: $14,937.66. Filed by Attorney Juliana Hoffman Objections due by 6/9/2020.
filed by Financial Advisor FTI Consulting, Inc.).* (Kass, Albert)

---

681   (6 pgs) Certificate of service re: *1) Webex Meeting Invitation to participate electronically in the
hearing on Tuesday, May 26, 2020 at 9:30 a.m. Central Time before the Honorable Stacey G. Jernigan;
and 2) Instructions for any counsel and parties who wish to participate in the Hearing [Attached hereto as
Exhibit B]* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)658 *Notice
(Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time)) filed
by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.,* 660
*Amended Notice (Amended Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30
a.m. (Central Time)) filed by Debtor Highland Capital Management, L.P. (RE: related document(s)658
Notice (Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time))
filed by Debtor Highland Capital Management, L.P..).* filed by Debtor Highland Capital Management,
L.P.). (Kass, Albert)

06/01/2020

---

682   (5 pgs) Certificate of service re: *Cover Sheet and Seventh Monthly Application for Compensation
and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the
Period from April 1, 2020 Through April 30, 2020* Filed by Claims Agent Kurtzman Carson Consultants
LLC (related document(s)648 *Application for compensation Seventh Monthly Application for
Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the
Debtors for the Period From April 1, 2020 Through April 30, 2020* for Jeffrey Nathan Pomerantz, Debtor's
Attorney, Period: 4/1/2020 to 4/30/2020, Fee: $1,113,522.50, Expenses: $3,437.28. Filed by Attorney
Jeffrey Nathan Pomerantz Objections due by 6/11/2020. filed by Debtor Highland Capital Management,
L.P.). (Kass, Albert)

06/01/2020

---

683   (12 pgs) Certificate of service re: *Documents Served on May 22, 2020* Filed by Claims Agent
Kurtzman Carson Consultants LLC (related document(s)653 Declaration re: *(Second Supplemental
Declaration of Bradley D. Sharp in Support of Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and
363(b) to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer,
Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc
Pro Tunc as of the Petition Date)* filed by Debtor Highland Capital Management, L.P. (RE: related
document(s)74 Application to employ Development Specialists, Inc as Financial Advisor). filed by Debtor
Highland Capital Management, L.P., 654 Witness and Exhibit List *for May 26, 2020 Hearing* filed by
Debtor Highland Capital Management, L.P. (RE: related document(s)569 Application for compensation
*Sidley Austin LLP's First Interim Application for Compensation and Reimbursement of Expenses* for
Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 2/29/2020, Fee:
$3,, 570 Application for compensation *First Interim Application for Compensation and Reimbursement of
Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 10/29/2019 to 2/29/2020, Fee:
$1,757,835.90, Expenses: $8,781.09., 602 Application for compensation *First Interim Application for
Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to
the Debtor for the Period from October 16, 2019 through March 31, 2020* for Foley Ga, 604 Application to
employ Hunton Andrews Kurth LLP as Special Counsel *(Debtor's Application for Entry of an Order
Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro
Tunc to the Petition Date)*, 605 Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as
Special Counsel *(Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and
Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment,* 606 Motion to extend or
limit the exclusivity period *(RE: related document(s)*460 *Order on motion to extend/shorten time),* 607
*Application for compensation First Interim Application for Compensation and Reimbursement of Expenses
of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, for the Period
From October 16, 2019 Through March 31, 20,* 608 Application for compensation *First Interim
Application for Compensation and Reimbursement of Expenses of Mercer (US) Inc., as Compensation
Consultant to the Debtor for the Period From November 15, 2019 Through February 29, 2020 for Mercer
(,* 609 Application for compensation *(Hayward & Associates PLLC's First Interim Application for*

06/01/2020

*Compensation and Reimbursement of Expenses for the Period from December 16, 2019 through March 31, 2020) for Hayward & Associates PLLC, Debtor's At). filed by Debtor Highland Capital Management, L.P., 655 COURT'S NOTICE/VIDEO CONFERENCE INFORMATION FOR HEARING ON MAY 26, 2020 AT 9:30 a.m. (Ellison, T.), 658 Notice (Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time)) filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)*

| 06/02/2020 | 🌐 684 (1 pg) Clerk's correspondence requesting a notice of hearing from attorney for creditor. (RE: related document(s)593 Motion for relief from stay Fee amount $181, Filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. Objections due by 5/1/2020. (Attachments: # 1 Exhibit 1 (Draft Motion Show Cause Motion) # 2 Exhibit 2 (DAF Complaint 1st case) # 3 Exhibit 3 (DAF Dismissal first case) # 4 Exhibit 4 (DAF Complaint 2nd case) # 5 Exhibit 5 (DAF Dismissal 2nd Case) # 6 Proposed Order)) Responses due by 6/9/2020. (Ecker, C.) |
|---|---|
| 06/02/2020 | 🌐 685 (7 pgs) Order approving fourth stipulation permitting Brown Rudnick LLP to file proof of claims after general bar date (RE: related document(s)638 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 6/2/2020 (Okafor, M.) |
| 06/02/2020 | 🌐 686 (9 pgs) Debtor-in-possession monthly operating report for filing period April 1, 2020 to April 30, 2020 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 06/03/2020 | 🌐 687 (29 pgs) Response opposed to (related document(s): 644 Motion for relief from stay *(UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action)* Fee amount $181, filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch) filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 06/03/2020 | 🌐 688 (149 pgs; 13 docs) Support/supplemental document*(Appendix A of Exhibits in Support of Debtor's Objection to UBS's Motion for Relief from the Automatic Stay)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)687 Response). (Attachments: # 1 Exhibit 1--UBS v. Highland Capital Mgmt., L.P., 2010 NY Slip Op 1436 (N.Y. App. Div.) # 2 Exhibit 2--UBS v. Highland Capital Mgmt., L.P., 86 A.D.3d 469 (N.Y. App. Div. 2011) # 3 Exhibit 3--UBS v. Highland Capital Mgmt., L.P., 93 A.D.3d 489 (N.Y. App. Div. 2012) # 4 Exhibit 4--NY D.I. 411: March 13, 2017 Decision # 5 Exhibit 5--NY D.I. 494: Transcript of May 1, 2018 Telephonic Hearing # 6 Exhibit 6--NY D.I. 472: UBSs Pre-Trial Brief in Support of Bifurcation # 7 Exhibit 7--Shira A. Scheindlin, U.S.D.J. (Ret.), Why Not Arbitrate? Breaking the Backlog in State and Federal Courts, 263 N.Y. L.J. 94 (May 15, 2020) # 8 Exhibit 8--December 2, 2019 Email from the Debtors Pre-Petition Counsel to Counsel for UBS # 9 Exhibit 9--March 6, 2020 Email Chain Between the Debtors Bankruptcy Counsel and Counsel for UBS # 10 Exhibit 10--NY D.I. 320: UBSs Note of Issue Without Jury # 11 Exhibit 11--March 22, 2020 New York Administrative Order AO/78/20 # 12 Exhibit 12--May 26, 2020 Law360 Article (Excerpt Only)) (Annable, Zachery) |
| 06/03/2020 | 🌐 689 (21 pgs; 3 docs) Motion to file document under seal.*(Debtor's Motion for Entry of an Order Authorizing Filing under Seal of Appendix B of Exhibits to Debtor's Objection to UBS's Motion for Relief from the Automatic Stay)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order # 2 Exhibit B--Protective Order Filed in State Court Litigation) (Annable, Zachery) |
| 06/03/2020 | 🌐 690 (7 pgs) Objection to (related document(s): 644 Motion for relief from stay *(UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action)* Fee amount $181, filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
| 06/03/2020 | 🌐 691 (38 pgs; 5 docs) Motion to file document under seal.*MOTION FOR AN ORDER GRANTING LEAVE TO FILE DOCUMENTS UNDER SEAL REGARDING REDEEMER COMMITTEE OBJECTION TO UBS MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PROCEED WITH STATE COURT ACTION* Filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Attachments: # 1 Exhibit Exhibit A # 2 Exhibit Exhibit B # 3 Exhibit Exhibit C # 4 Proposed Order) (Platt, Mark) |

| 06/03/2020 | 🖭 692 (106 pgs; 14 docs) Objection to (related document(s): 644 Motion for relief from stay (*UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action)* Fee amount $181, filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch)*Redacted Version (Pending Ruling on Motion to Seal at D.I. 691) of Redeemer Committee Objection to UBS Motion for Relief from the Automatic Stay to Proceed with State Court Action* filed by Interested Party Redeemer Committee of the Highland Crusader Fund. (Attachments: # 1 Exhibit Exhibit A (slip sheet, pending ruling on motion to seal) # 2 Exhibit Exhibit B slip sheet (pending ruling on motion to seal) # 3 Exhibit Exhibit C slip sheet (pending ruling on motion to seal) # 4 Exhibit Exhibit D slip sheet (pending ruling on motion to seal) # 5 Exhibit Exhibit E # 6 Exhibit Exhibit F # 7 Exhibit Exhibit G # 8 Exhibit Exhibit H slip sheet (pending ruling on motion to seal) # 9 Exhibit Exhibit I slip sheet (pending ruling on motion to seal) # 10 Exhibit Exhibit J # 11 Exhibit Exhibit L # 12 Exhibit Exhibit M # 13 Exhibit Exhibit N) (Platt, Mark) |
|---|---|
| 06/03/2020 | 🖭 693 (48 pgs) Support/supplemental document*Exhibit K* filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)692 Objection). (Platt, Mark) |
| 06/03/2020 | 🖭 694 (4 pgs) Joinder by filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)692 Objection). (Shaw, Brian) |
| 06/04/2020 | 🖭 695 (3 pgs) Motion to appear pro hac vice for Robert J. Feinstein. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 06/04/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27814231, amount $ 100.00 (re: Doc# 695). (U.S. Treasury) |
| 06/04/2020 | 🖭 696 (37 pgs; 5 docs) Amended Motion to file document under seal.*AMENDED MOTION FOR AN ORDER GRANTING LEAVE TO FILE DOCUMENTS UNDER SEAL REGARDING REDEEMER COMMITTEE OBJECTION TO UBS MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PROCEED WITH STATE COURT ACTION* Filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Attachments: # 1 Exhibit Exhibit A # 2 Exhibit Exhibit B # 3 Exhibit Exhibit C # 4 Proposed Order) (Platt, Mark) |
| 06/04/2020 | 🖭 697 (9 pgs) Certificate of service re: *Amended Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)660 Amended Notice *(Amended Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)658 Notice *(Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P..). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 06/04/2020 | 🖭 698 (10 pgs) Certificate of service re: *Documents Served on May 26, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)661 Order granting application for compensation (related document 569) granting for Sidley Austin, attorney for Official Committee of Unsecured Creditors, fees awarded: $3,154,959.45, expenses awarded: $56,254.47 Entered on 5/26/2020. (Ecker, C.), 662 Order granting application for compensation (related document 570) granting for FTI Consulting, Inc., fees awarded: $1,757,835.90, expenses awarded: $8,781.09 Entered on 5/26/2020. (Ecker, C.), 663 Order granting application for compensation (related document 607) granting for Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, fees awarded: $4,834,021.00, expenses awarded: $118,198.81 Entered on 5/26/2020. (Ecker, C.), 664 Order granting application for compensation (related document 608) granting for Mercer (US) Inc., fees awarded: $113,804.64, expenses awarded: $2,151.69 Entered on 5/26/2020. (Ecker, C.), 665 Amended Order granting application for compensation (related document 570) granting for FTI Consulting, Inc., fees awarded: $1,757,835.90, expenses awarded: $8,781.09 Entered on 5/26/2020. (Ecker, C.), 666 Amended Order granting application for compensation (related document 569) granting for Sidley Austin, attorney for Official Committee of Unsecured Creditors, fees awarded: $3,154,959.45, expenses awarded: $56,254.47 Entered on 5/26/2020. (Ecker, C.), 667 Order granting application for compensation (related document 609) granting for Hayward & Associates PLLC, fees awarded: $168,405.00, expenses awarded: $7,333.29 Entered on 5/26/2020. (Ecker, C.), 668 Order granting application 606 Motion to extend or limit the exclusivity period. (Re: related document(s) |

Chapter 11 Plan due by 7/13/2020, Entered on 5/30/2020. (Ecker, C.), 662 Order granting application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Other Professional (related document 605) Entered on 5/26/2020. (Ecker, C.), 670 Order granting application for compensation (related document 602) granting for Foley Gardere, Foley & Lardner LLP, fees awarded: $387,672.08, expenses awarded: $10,455.04 Entered on 5/26/2020. (Ecker, C.)). (Kass, Albert)

| | |
|---|---|
| 06/04/2020 | 🖇 699  (5 pgs) Certificate of service re: *Summary Sheet and Sixth Monthly Application of FTI Consulting for Allowance of Compensation and Reimbursement of Expenses for the Period from April 1, 2020 to and Including April 30, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)675 Application for compensation *Sixth Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 4/1/2020 to 4/30/2020, Fee: $489,957.84, Expenses: $6,702.95. Filed by Attorney Juliana Hoffman Objections due by 6/18/2020. filed by Financial Advisor FTI Consulting, Inc.). (Kass, Albert) |
| 06/04/2020 | 🖇 700  (4 pgs; 2 docs) Motion to redact/restrict Restrict From Public View (related document(s):692) (Fee Amount $25) Filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Attachments: # 1 Proposed Order) (Platt, Mark) |
| 06/04/2020 | Receipt of filing fee for Motion to Redact/Restrict From Public View(19-34054-sgj11) [motion,mredact] ( 25.00). Receipt number 27815698, amount $ 25.00 (re: Doc# 700). (U.S. Treasury) |
| 06/04/2020 | 🖇 701  (138 pgs; 15 docs) Objection to (related document(s): 644 Motion for relief from stay *(UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action)* Fee amount $181, filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch)*Redacted Version of Redeemer Committee Objection to UBS Motion for Relief from the Automatic Stay to Proceed with State Court Action* filed by Interested Party Redeemer Committee of the Highland Crusader Fund. (Attachments: # 1 Exhibit Exhibit A # 2 Exhibit Exhibit B # 3 Exhibit Exhibit C # 4 Exhibit Exhibit D # 5 Exhibit Exhibit E # 6 Exhibit Exhibit F # 7 Exhibit Exhibit G # 8 Exhibit Exhibit H slip sheet # 9 Exhibit Exhibit I slip sheet # 10 Exhibit Exhibit J # 11 Exhibit Exhibit K # 12 Exhibit Exhibit L # 13 Exhibit Exhibit M # 14 Exhibit Exhibit N) (Platt, Mark) |
| 06/04/2020 | 🖇 702  (4 pgs) Notice of Appearance and Request for Notice by Thomas M. Melsheimer filed by Creditor Frank Waterhouse, Scott B. Ellington, Isaac Leventon, Jean Paul Sevilla, Hunter Covitz and Thomas Surgent. (Melsheimer, Thomas) |
| 06/04/2020 | 🖇 703  (3 pgs) Motion to appear pro hac vice for David Neier. Fee Amount $100 Filed by Creditor Frank Waterhouse, Scott B. Ellington, Isaac Leventon, Jean Paul Sevilla, Hunter Covitz and Thomas Surgent (Melsheimer, Thomas) |
| 06/04/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27816362, amount $ 100.00 (re: Doc# 703). (U.S. Treasury) |
| 06/05/2020 | 🖇 704  (5 pgs) Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to April 30, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Annable, Zachery) |
| 06/05/2020 | 🖇 705  (1 pg) Order granting motion to appear pro hac vice adding David Neier for Frank Waterhouse, Scott B. Ellington, Isaac Leventon, Jean Paul Sevilla, Hunter Covitz and Thomas Surgent (related document # 703) Entered on 6/5/2020. (Okafor, M.) |

| | |
|---|---|
| 06/05/2020 | 706 (1 pg) Order granting motion to appear pro hac vice adding Robert J. Feinstein for Highland Capital Management, L.P. (related document # 695) Entered on 6/5/2020. (Okafor, M.) |
| 06/05/2020 | 707 (8 pgs) Certificate of service re: *1) Fourth Stipulation by and Between the Debtor and Brown Rudnick LLP Extending the General Bar Date; and 2) Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from April 1, 2020 Through April 30, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)678 Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). filed by Debtor Highland Capital Management, L.P., 679 Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from April 1, 2020 through April 30, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A--DSI Staffing Report for April 2020) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 06/05/2020 | 708 (8 pgs) Certificate of service re: *Order Approving Fourth Stipulation Permitting Brown Rudnick LLP to File Proofs of Claim After the General Bar Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)685 Order approving fourth stipulation permitting Brown Rudnick LLP to file proof of claims after general bar date (RE: related document(s)638 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 6/2/2020 (Okafor, M.)). (Kass, Albert) |
| 06/05/2020 | 709 (11 pgs) Certificate of service re: *1) Debtor's Objection to UBS's Motion for Relief from the Automatic Stay to Proceed with State Court Action; 2) Appendix A of Exhibits in Support of Debtor's Objection to UBS's Motion for Relief from the Automatic Stay; and 3) Debtor's Motion for Entry of an Order Authorizing Filing Under Seal of Appendix B of Exhibits to Debtor's Objection to UBS's Motion for Relief from the Automatic Stay* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)687 Response opposed to (related document(s): 644 Motion for relief from stay *(UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action)* Fee amount $181, filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch) filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 688 Support/supplemental document*(Appendix A of Exhibits in Support of Debtor's Objection to UBS's Motion for Relief from the Automatic Stay)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)687 Response). (Attachments: # 1 Exhibit 1--UBS v. Highland Capital Mgmt., L.P., 2010 NY Slip Op 1436 (N.Y. App. Div.) # 2 Exhibit 2--UBS v. Highland Capital Mgmt., L.P., 86 A.D.3d 469 (N.Y. App. Div. 2011) # 3 Exhibit 3--UBS v. Highland Capital Mgmt., L.P., 93 A.D.3d 489 (N.Y. App. Div. 2012) # 4 Exhibit 4--NY D.I. 411: March 13, 2017 Decision # 5 Exhibit 5--NY D.I. 494: Transcript of May 1, 2018 Telephonic Hearing # 6 Exhibit 6--NY D.I. 472: UBSs Pre-Trial Brief in Support of Bifurcation # 7 Exhibit 7--Shira A. Scheindlin, U.S.D.J. (Ret.), Why Not Arbitrate? Breaking the Backlog in State and Federal Courts, 263 N.Y. L.J. 94 (May 15, 2020) # 8 Exhibit 8--December 2, 2019 Email from the Debtors Pre-Petition Counsel to Counsel for UBS # 9 Exhibit 9--March 6, 2020 Email Chain Between the Debtors Bankruptcy Counsel and Counsel for UBS # 10 Exhibit 10--NY D.I. 320: UBSs Note of Issue Without Jury # 11 Exhibit 11--March 22, 2020 New York Administrative Order AO/78/20 # 12 Exhibit 12--May 26, 2020 Law360 Article (Excerpt Only)) filed by Debtor Highland Capital Management, L.P., 689 Motion to file document under seal.*(Debtor's Motion for Entry of an Order Authorizing Filing under Seal of Appendix B of Exhibits to Debtor's Objection to UBS's Motion for Relief from the Automatic Stay)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order # 2 Exhibit B-- Protective Order Filed in State Court Litigation) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 06/07/2020 | 710 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)706 Order granting motion to appear pro hac vice adding Robert J. Feinstein for Highland Capital Management, L.P. (related document 695) Entered on 6/5/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 06/07/2020. (Admin.) |
| 06/08/2020 | 711 (2 pgs) Order granting motion to seal documents (related document # 696) Entered on 6/8/2020. (Okafor, M.) |

| 06/08/2020 | 🔘 712  (2 pgs) Certificate of No Objection filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)593 Motion for relief from stay Fee amount $181,). (Shaw, Brian) |
| --- | --- |
| 06/08/2020 | 🔘 713  (1 pg) Order granting Motion to Redact (Related Doc # 700) Entered on 6/8/2020. (Okafor, M.) |
| 06/08/2020 | 🔘 714 **SEALED document regarding: Redeemer Committee's Objection to UBS's Motion for Relief From The Automatic Stay (unredacted version) per court order** filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)711 Order on motion to seal). (Platt, Mark) |
| 06/08/2020 | 🔘 715 **SEALED document regarding: Exhibit A, Original Synthetic Warehouse Agreement per court order** filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)711 Order on motion to seal). (Platt, Mark) |
| 06/08/2020 | 🔘 716 **SEALED document regarding: Exhibit B, Original Engagement Ltr. per court order** filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)711 Order on motion to seal). (Platt, Mark) |
| 06/08/2020 | 🔘 717 **SEALED document regarding: Exhibit C, Original Cash Warehouse Agreement per court order** filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)711 Order on motion to seal). (Platt, Mark) |
| 06/08/2020 | 🔘 718 **SEALED document regarding: Exhibit D, Expert Report of Louis G. Dudney per court order** filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)711 Order on motion to seal). (Platt, Mark) |
| 06/08/2020 | 🔘 719 **SEALED document regarding: Exhibit E, 3/20/2009 Termination, Settlement, and Release Agreement per court order** filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)711 Order on motion to seal). (Platt, Mark) |
| 06/08/2020 | 🔘 720 **SEALED document regarding: Exhibit H, UBS and Crusader Fund Settlement Agreement per court order** filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)711 Order on motion to seal). (Platt, Mark) |
| 06/08/2020 | 🔘 721 **SEALED document regarding: Exhibit I, UBS and Credit Strategies Fund Settlement Agreement per court order** filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)711 Order on motion to seal). (Platt, Mark) |
| 06/08/2020 | 🔘 722  (2 pgs) Order granting motion to seal documents (related document # 689) Entered on 6/8/2020. (Okafor, M.) |
| 06/08/2020 | 🔘 723 **SEALED document regarding: Appendix B of Exhibits in Support of Debtor's Objection to UBS's Motion for Relief from the Automatic Stay per court order** filed by Debtor Highland Capital Management, L.P. (RE: related document(s)722 Order on motion to seal). (Annable, Zachery) |
| 06/08/2020 | 🔘 724  (7 pgs) Certificate of service re: *Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to April 30, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)704 Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to April 30, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on |

004514

11/26/2019. (Attachments: # 1 Exhibit A) [DROP[ORIGINALLY FILED AS DOCUMENT #69 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). filed by Debtor Highland Capital Management, L.P.. (Kass, Albert)

| | |
|---|---|
| 06/10/2020 | 725 (3 pgs) Motion to appear pro hac vice for Sarah Tomkowiak. Fee Amount $100 Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Sosland, Martin) |
| 06/10/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27830926, amount $ 100.00 (re: Doc# 725). (U.S. Treasury) |
| 06/10/2020 | 726 (4 pgs) Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). (Annable, Zachery) |
| 06/10/2020 | 727 (4 pgs) Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)639 Application for compensation *Sixth Monthly Application of Sidley Austin LLP for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 4/1/2020 to 4/30/2020, Fee: $438,619.). (Hoffman, Juliana) |
| 06/10/2020 | 728 (3 pgs) Certificate of No Objection filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)640 Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 3/1/2020 to 3/31/2020, Fee: $477,538.20, Expenses: $14,937.66.). (Hoffman, Juliana) |
| 06/10/2020 | 729 (11 pgs) Notice *of Subpoena of Highland Capital Management, L.P.* filed by Creditor CLO Holdco, Ltd.. (Kane, John) |
| 06/11/2020 | 730 (3 pgs) Motion to appear pro hac vice for Alan J. Kornfeld. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 06/11/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27834758, amount $ 100.00 (re: Doc# 730). (U.S. Treasury) |
| 06/11/2020 | 731 (1 pg) Order granting motion to appear pro hac vice adding Sarah A. Tomkowiak for UBS AG London Branch and UBS Securities LLC (related document # 725) Entered on 6/11/2020. (Okafor, M.) |
| 06/11/2020 | 732 (7 pgs) Order approving fifth stipulation permitting Brown Rudnick LLP to file proofs of claim after the general bar ate (RE: related document(s)638 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 6/11/2020 (Okafor, M.) Modified text on 6/11/2020 (Okafor, M.). |
| 06/11/2020 | 733 (237 pgs; 17 docs) Motion for leave *to File an Omnibus Reply to Objections to UBS's Motion for Relief from the Automatic Stay to Proceed With State Court Action* (related document(s) 687 Response, 690 Objection, 692 Objection, 694 Joinder, 701 Objection) Filed by Interested Parties UBS AG London Branch, UBS Securities LLC Objections due by 7/2/2020. (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B - Reply # 3 Exhibit 1 # 4 Exhibit 2 # 5 Exhibit 3 # 6 Exhibit 4 # 7 Exhibit 5 # 8 Exhibit 6 # 9 Exhibit 7 # 10 Exhibit 8 # 11 Exhibit 9 # 12 Exhibit 10 # 13 Exhibit 11 # 14 Exhibit 12 # 15 Exhibit 13 # 16 Exhibit 14) (Sosland, Martin) |
| 06/11/2020 | 734 (23 pgs; 3 docs) INCORRECT EVENT USED: See # 746 for correction. Motion for leave *to File Documents Under Seal with UBS's Omnibus Reply to Objections to UBS's Motion for Relief from the Automatic Stay to Proceed With State Court Action* (related document(s) 733 Motion for leave) Filed by Interested Parties UBS AG London Branch, UBS Securities LLC Objections due by 7/2/2020. (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B - State Court Protective Stipulation) (Sosland, Martin) Modified on 6/15/2020 (Ecker, C.) |

004515

| | |
|---|---|
| 06/11/2020 | 📄 746 (23 pgs) Motion to file document under seal. Filed by Interested Parties UBS AG London Branch , UBS Securities LLC (Ecker, C.) (Entered: 06/15/2020) |
| 06/12/2020 | 📄 735 (2 pgs) COURT'S NOTICE/VIDEO CONFERENCE INFORMATION FOR HEARING ON JUNE 15, 2020 AT 1:30 p.m. (RE: related document(s)644 Motion for relief from stay *(UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action)* Fee amount $181, Filed by Interested Parties UBS AG London Branch, UBS Securities LLC Objections due by 6/3/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K)). (Ellison, T.) |
| 06/12/2020 | 📄 736 (1 pg) Order granting motion to appear pro hac vice adding Alan J. Kornfeld for Highland Capital Management, L.P. (related document # 730) Entered on 6/12/2020. (Okafor, M.) |
| 06/12/2020 | 📄 737 (17 pgs; 2 docs) Motion to extend or limit the exclusivity period (RE: related document(s)668 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order) (Annable, Zachery) |
| 06/12/2020 | 📄 738 (3 pgs) Certificate of No Objection Regarding Seventh Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from April 1, 2020 through April 30, 2020 filed by Debtor Highland Capital Management, L.P. (RE: related document(s)648 Application for compensation *Seventh Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtors for the Period From April 1, 2020 Through April 30, 2020* for Jeffrey Nathan). (Annable, Zachery) |
| 06/12/2020 | 📄 739 (4 pgs) Witness and Exhibit List *(Debtor's Witness and Exhibit List for June 15, 2020 Hearing on UBS's Motion for Relief from the Automatic Stay)* filed by Debtor Highland Capital Management, L.P. (Related document(s) 644 UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action) filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch. MODIFIED to correct linkage on 6/15/2020 (Ecker, C.). |
| 06/12/2020 | 📄 740 (5 pgs) Witness and Exhibit List *REDEEMER COMMITTEE OF THE HIGHLAND CRUSADER FUND WITNESS AND EXHIBIT LIST FOR JUNE 15, 2020 HEARING ON UBS MOTION FOR RELIEF FROM THE AUTOMATIC STAY* filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Related document(s) 644 UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action) filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch. MODIFIED to correct linkage on 6/15/2020 (Ecker, C.). |
| 06/12/2020 | 📄 741 (3 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)737 Motion to extend or limit the exclusivity period (RE: related document(s)668 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order)). Hearing to be held on 7/8/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 737, (Annable, Zachery) |
| 06/12/2020 | 📄 742 (5 pgs) Witness and Exhibit List *for June 15, 2020 Hearing* filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)644 Motion for relief from stay *(UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action)* Fee amount $181,). (Sosland, Martin) |
| 06/12/2020 | 📄 743 (5 pgs) Amended Witness and Exhibit List *REDEEMER COMMITTEE OF THE HIGHLAND CRUSADER FUND FIRST AMENDED WITNESS AND EXHIBIT LIST FOR JUNE 15, 2020 HEARING ON UBS MOTION FOR RELIEF FROM THE AUTOMATIC STAY* filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)740 List (witness/exhibit/generic)). (Platt, Mark) |

| | |
|---|---|
| 06/13/2020 | 🖱 744 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)731 Order granting motion to appear pro hac vice adding Sarah A. Tomkowiak for UBS AG London Branch and UBS Securities LLC (related document 725) Entered on 6/11/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 06/13/2020. (Admin.) |
| 06/14/2020 | 🖱 745 (2 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)736 Order granting motion to appear pro hac vice adding Alan J. Kornfeld for Highland Capital Management, L.P. (related document 730) Entered on 6/12/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 06/14/2020. (Admin.) |
| 06/15/2020 | 🖱 747 (12 pgs; 2 docs) Motion to extend time to (Debtor's Motion for Entry of an Order Further Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure) (RE: related document(s)459 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. Objections due by 7/6/2020. (Attachments: # 1 Exhibit A--Proposed Order) (Annable, Zachery) |
| 06/15/2020 | 🖱 748 (3 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)747 Motion to extend time to (Debtor's Motion for Entry of an Order Further Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure) (RE: related document(s)459 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. Objections due by 7/6/2020. (Attachments: # 1 Exhibit A--Proposed Order)). Hearing to be held on 7/8/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 747, (Annable, Zachery) |
| 06/15/2020 | 🖱 754 Hearing held on 6/15/2020. (RE: related document(s)644 (UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action), filed by Interested Parties UBS AG London Branch, UBS Securities LLC.,) (Appearances (all via WebEx): M. Sosland, A. Clubok, and S. Tomkowiak for UBS; J. Pomerantz, R. Feinstein, G. Demo, A. Kornfeld, M. Hayward, and Z. Annabel for Debtor; M. Clemente for Official Unsecured Creditors Committee; T. Mascherin, M. Platt, and M. Hankin for Redeemer Committee; B. Shaw and R. Patel for Acis; M. Rosenthal for Alvarez & Marsal. Evidentiary hearing. Motion denied. Debtors counsel to upload order.) (Edmond, Michael) (Entered: 06/17/2020) |
| 06/15/2020 | 🖱 770 (1 pg) Court admitted exhibits date of hearing June 15, 2020 (RE: related document(s)644 Motion for relief from stay (UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action), filed by Interested Parties UBS AG London Branch, UBS Securities LLC., (COURT ADMITTED ALL EXHIBIT'S TO ALL THE ATTACHED OBJECTOR'S OBJECTION ALL EXCEPT FOR EXHIBIT #D (EXPERT REPORT OF LOUIS G. DUDLEY; THAT IS FILED UNDER SEAL); ON THE REDEEMER COMMITTEE OBJECTION; THE FOLLOWING EXHIBIT'S ATTACHED TO THE MOTION OF UBS'S MOTION TO LIFT STAY ALL ADMITTED; # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K; ALSO PLEASE SEE WITNESS AND EXHIBIT LIST OF DEBTOR; CREDITOR UBS AND REDEEMER COMMITTEE) (Edmond, Michael) (Entered: 06/23/2020) |
| 06/16/2020 | 🖱 749 ENTER AN ERROR; NO PDF ATTACHED: Request for transcript regarding a hearing held on 6/16/2020. The requested turn-around time is daily (Edmond, Michael) Modified on 6/16/2020 (Edmond, Michael). |
| 06/16/2020 | 🖱 750 (1 pg) Request for transcript regarding a hearing held on 6/15/2020. The requested turn-around time is daily. (Edmond, Michael) |
| 06/16/2020 | 🖱 751 (22 pgs; 2 docs) Application for compensation *Sixth Monthly Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April 1, 2020 through April 30, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 4/1/2020 to 4/30/2020, Fee: $32,602.50, Expenses: $0.00. Filed by Attorney Holland N. O'Neil Objections due by 7/7/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) |

| 06/16/2020 | 🔘 752 (3 pgs) Notice of hearing *(Notice of August 6, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 8/6/2020 at 09:30 AM Dallas Judge Jernigan Ctrm (Annable, Zachery) |
|---|---|
| 06/16/2020 | 🔘 753 (3 pgs) Notice of hearing *(Notice of July 14, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 7/14/2020 at 01:30 PM Dallas Judge Jernigan Ctrm (Annable, Zachery) |
| 06/17/2020 | 🔘 755 (127 pgs) Transcript regarding Hearing Held 06/15/2020 (127 pages) RE: Motion for Relief from the Automatic Stay. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 09/15/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. (RE: related document(s) 754 Hearing held on 6/15/2020. (RE: related document(s)644 (UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action), filed by Interested Parties UBS AG London Branch, UBS Securities LLC.,) (Appearances (all via WebEx): M. Sosland, A. Clubok, and S. Tomkowiak for UBS; J. Pomerantz, R. Feinstein, G. Demo, A. Kornfeld, M. Hayward, and Z. Annabel for Debtor; M. Clemente for Official Unsecured Creditors Committee; T. Mascherin, M. Platt, and M. Hankin for Redeemer Committee; B. Shaw and R. Patel for Acis; M. Rosenthal for Alvarez & Marsal. Evidentiary hearing. Motion denied. Debtors counsel to upload order.)). Transcript to be made available to the public on 09/15/2020. (Rehling, Kathy) |
| 06/17/2020 | 🔘 756 (10 pgs) Certificate of service re: *1) WebEx Meeting Invitation to participate electronically in the hearing on Monday, June 15, 2020 at 1:30 p.m. Central Time before the Honorable Stacey G. Jernigan; and 2) Instructions for any counsel and parties who wish to participate in the hearing* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)735 COURT'S NOTICE/VIDEO CONFERENCE INFORMATION FOR HEARING ON JUNE 15, 2020 AT 1:30 p.m. (RE: related document(s)644 Motion for relief from stay *(UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action)* Fee amount $181, Filed by Interested Parties UBS AG London Branch, UBS Securities LLC Objections due by 6/3/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K)). (Ellison, T.)). (Kass, Albert) |
| 06/17/2020 | 🔘 757 (9 pgs) Certificate of service re: *Fifth Stipulation by and Between the Debtor and Brown Rudnick LLP Extending the General Bar Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)726 Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 06/17/2020 | 🔘 758 (9 pgs) Certificate of service re: *1) Motion for Admission Pro Hac Vice of Alan J. Kornfeld to Represent Highland Capital Management, L.P.; and 2) Order Approving Fifth Stipulation Permitting Brown Rudnick LLP to File Proofs of Claim After the General Bar Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)730 Motion to appear pro hac vice for Alan J. Kornfeld. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., 732 Order approving fifth stipulation permitting Brown Rudnick LLP to file proofs of claim after the general bar ate (RE: related document(s)638 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 6/11/2020 (Okafor, M.) Modified text on 6/11/2020 (Okafor, M.).). (Kass, Albert) |
| 06/17/2020 | 🔘 759 (7 pgs) Certificate of service re: *Documents Served on June 12, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)736 Order granting motion to appear pro hac vice adding Alan J. Kornfeld for Highland Capital Management, L.P. (related document 730) Entered on 6/12/2020. (Okafor, M.), 737 Motion to extend or limit the exclusivity period (RE: related document(s)668 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order) filed by Debtor Highland Capital Management, L.P., 739 Witness and Exhibit List *(Debtor's Witness and Exhibit List for June 15, 2020 Hearing on UBS's Motion* |

*for Relief from the Automatic Stay filed by Debtor Highland Capital Management, L.P. (related document(s) 644 UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action) filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch. MODIFIED to correct linkage on 6/15/2020 (Ecker, C.). filed by Debtor Highland Capital Management, L.P., 741 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)737 Motion to extend or limit the exclusivity period (RE: related document(s)668 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order)). Hearing to be held on 7/8/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 737, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)*

| | |
|---|---|
| 06/17/2020 | 760 (11 pgs) Certificate of service re: *1) Debtor's Motion for Entry of an Order Further Extending the Period Within Which it May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure; and 2) Notice of Hearing Regarding Debtor's Motion for Entry of an Order Further Extending the Period Within Which it May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure; to be Held on July 8, 2020 at 1:30 p.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)747 Motion to extend time to (Debtor's Motion for Entry of an Order Further Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure) (RE: related document(s)459 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. Objections due by 7/6/2020. (Attachments: # 1 Exhibit A--Proposed Order) filed by Debtor Highland Capital Management, L.P., 748 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)747 Motion to extend time to (Debtor's Motion for Entry of an Order Further Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure) (RE: related document(s)459 Order on motion to extend/shorten time) filed by Debtor Highland Capital Management, L.P. Objections due by 7/6/2020. (Attachments: # 1 Exhibit A--Proposed Order)). Hearing to be held on 7/8/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 747, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 06/17/2020 | 761 (9 pgs) Certificate of service re: *1) Cover Sheet and Sixth Monthly Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April 1, 2020 Through April 30, 2020; 2) Notice of August 6, 2020 Omnibus Hearing Date; and 3) Notice of July 14, 2020 Omnibus Hearing Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)751 Application for compensation *Sixth Monthly Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April 1, 2020 through April 30, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 4/1/2020 to 4/30/2020, Fee: $32,602.50, Expenses: $0.00. Filed by Attorney Holland N. O'Neil Objections due by 7/7/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 752 Notice of hearing*(Notice of August 6, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 8/6/2020 at 09:30 AM Dallas Judge Jernigan Ctrm filed by Debtor Highland Capital Management, L.P., 753 Notice of hearing *(Notice of July 14, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 7/14/2020 at 01:30 PM Dallas Judge Jernigan Ctrm filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 06/18/2020 | 762 (20 pgs; 2 docs) Application for compensation *Seventh Monthly Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from May 1, 2020 through May 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 5/1/2020 to 5/31/2020, Fee: $27,822.00, Expenses: $489.80. Filed by Attorney Holland N. O'Neil Objections due by 7/9/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) |
| 06/18/2020 | 763 (6 pgs) Agreed Order granting application to employ Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the petition date (related document # 604) Entered on 6/18/2020. (Bradden, T.) |
| 06/18/2020 | 764 (3 pgs) Order granting motion for relief from stay by Acis Capital Management GP, LLC , Acis Capital Management, L.P. (related document # 593) Entered on 6/18/2020. (Bradden, T.) |

| | |
|---|---|
| 06/19/2020 | 🔘 765 (2 pgs) Order denying motion for relief from stay by Interested Parties UBS AG London Branch , UBS Securities LLC (related document # 644) Entered on 6/19/2020. (Okafor, M.) |
| 06/20/2020 | 🔘 766 (6 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)764 Order granting motion for relief from stay by Acis Capital Management GP, LLC , Acis Capital Management, L.P. (related document 593) Entered on 6/18/2020. (Bradden, T.)) No. of Notices: 1. Notice Date 06/20/2020. (Admin.) (Entered: 06/21/2020) |
| 06/22/2020 | 🔘 767 (42 pgs) Application for compensation *Sidley Austin LLP's Seventh Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 5/1/2020 to 5/31/2020, Fee: $343,624.68, Expenses: $2,758.75. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 7/13/2020. (Hoffman, Juliana) |
| 06/22/2020 | 🔘 768 (3 pgs) Certificate of No Objection filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)675 Application for compensation *Sixth Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 4/1/2020 to 4/30/2020, Fee: $489,957.84, Expenses: $6,702.95.). (Hoffman, Juliana) |
| 06/22/2020 | 🔘 769 (9 pgs) Certificate of service re: *1) Cover Sheet and Seventh Monthly Application for Compensation and Reimbursement of Expenses of Foley Lardner LLP as Special Texas Counsel to the Debtor for the Period from May 1, 2020 Through May 31, 2020; and 2) Agreed Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)762 Application for compensation *Seventh Monthly Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from May 1, 2020 through May 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 5/1/2020 to 5/31/2020, Fee: $27,822.00, Expenses: $489.80. Filed by Attorney Holland N. O'Neil Objections due by 7/9/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 763 Agreed Order granting application to employ Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the petition date (related document 604) Entered on 6/18/2020. (Bradden, T.)). (Kass, Albert) |
| 06/23/2020 | 🔘 771 (65 pgs) Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 7/23/2020. (Annable, Zachery) |
| 06/23/2020 | 🔘 772 (3 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 7/23/2020.). Hearing to be held on 8/6/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 771, (Annable, Zachery) |
| 06/23/2020 | 🔘 773 (104 pgs) Application for compensation *Eighth Monthly Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from May 1, 2020 through May 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 5/1/2020 to 5/31/2020, Fee: $803,509.50, Expenses: $4,372.94. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 7/14/2020. (Pomerantz, Jeffrey) |
| 06/23/2020 | 🔘 774 (33 pgs) Application to employ James P. Seery, Jr. as Other Professional *Debtors Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer and Foreign Representative Nunc Pro Tunc to March 15, 2020* Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 06/23/2020 | 🔘 775 (22 pgs) Application to employ Development Specialists, Inc. as Other Professional *Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development* |

| | |
|---|---|
| | *Specialists, Inc. to Provide Financial Advisory and Restructuring-Related Services, Nunc Pro Tunc to March 15, 2020* Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 06/23/2020 | 🌐 776  (3 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)774 Application to employ James P. Seery, Jr. as Other Professional *Debtors Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer and Foreign Representative Nunc Pro Tunc to March 15, 2020* Filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 7/14/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 774, (Annable, Zachery) |
| 06/23/2020 | 🌐 777  (3 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)775 Application to employ Development Specialists, Inc. as Other Professional *Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restructuring-Related Services, Nunc Pro Tunc to March 15, 2020* Filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 7/14/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 775, (Annable, Zachery) |
| 06/24/2020 | 🌐 778  (5 pgs) Certificate of service re: *Summary Sheet and Seventh Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses for the Period from May 1, 2020 to and Including May 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)767 Application for compensation *Sidley Austin LLP's Seventh Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 5/1/2020 to 5/31/2020, Fee: $343,624.68, Expenses: $2,758.75. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 7/13/2020. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |

| | |
|---|---|
| 06/24/2020 | 779 (15 pgs) Certificate of service re: *Documents Served on 23, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 7/23/2020. filed by Debtor Highland Capital Management, L.P., 772 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 7/23/2020.). Hearing to be held on 8/6/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 771, filed by Debtor Highland Capital Management, L.P., 773 Application for compensation *Eighth Monthly Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from May 1, 2020 through May 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 5/1/2020 to 5/31/2020, Fee: $803,509.50, Expenses: $4,372.94. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 7/14/2020. filed by Debtor Highland Capital Management, L.P., 774 Application to employ James P. Seery, Jr. as Other Professional *Debtors Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer and Foreign Representative Nunc Pro Tunc to March 15, 2020* Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., 775 Application to employ Development Specialists, Inc. as Other Professional *Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restructuring-Related Services, Nunc Pro Tunc to March 15, 2020* Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., 776 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)774 Application to employ James P. Seery, Jr. as Other Professional *Debtors Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer and Foreign Representative Nunc Pro Tunc to March 15, 2020* Filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 7/14/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 774, filed by Debtor Highland Capital Management, L.P., 777 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)775 Application to employ Development Specialists, Inc. as Other Professional *Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restructuring-Related Services, Nunc Pro Tunc to March 15, 2020* Filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 7/14/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 775, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 06/25/2020 | 780 (5 pgs) Notice *of Subpoena of David Klos* filed by Creditor CLO Holdco, Ltd.. (Kane, John) |
| 06/26/2020 | 781 (48 pgs) Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from May 1, 2020 through May 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Annable, Zachery) |
| 06/26/2020 | 782 (372 pgs; 26 docs) Witness and Exhibit List filed by Creditor CLO Holdco, Ltd. (RE: related document(s)590 Motion to reclaim funds from the registry*[Motion for Remittance of Funds Held in Registry of Court]*). (Attachments: # 1 Exhibit 1 # 2 Exhibit 1-A # 3 Exhibit 1-B # 4 Exhibit 1-C # 5 Exhibit 1-D # 6 Exhibit 1-E # 7 Exhibit 1-F # 8 Exhibit 1-G # 9 Exhibit 1-H # 10 Exhibit 1-I # 11 Exhibit 2 # 12 Exhibit 3 # 13 Exhibit 4 # 14 Exhibit 5 # 15 Exhibit 6 # 16 Exhibit 7 # 17 Exhibit 8 # 18 Exhibit 9 # 19 Exhibit 10 # 20 Exhibit 11 # 21 Exhibit 12 # 22 Exhibit 13 # 23 Exhibit 14 # 24 Exhibit 15 # 25 Exhibit 16) (Kane, John) |
| 06/26/2020 | **783 SEALED document regarding: Exhibit 11 - AROF MUFG Bank Statement June 2018_ Highland_PEO-032620 per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)382 Order on motion for protective order). (Kane, John) |

| | |
|---|---|
| 06/26/2020 | 🌐 784 **SEALED document regarding: Exhibit 12 - GG and HCM Purchase and Sale Agreement Loan Fund dated December 28, 2016 Highly Confidential per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)382 Order on motion for protective order). (Kane, John) |
| 06/26/2020 | 🌐 785 **SEALED document regarding: Exhibit 13 - GG and HCM Amendment to Purchase and Sale Agreement Loan Fund dated December 28, 2016 Highly Confidential per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)382 Order on motion for protective order). (Kane, John) |
| 06/26/2020 | 🌐 786 **SEALED document regarding: Exhibit 14 - Exercise of Discretion by Trustee The Get Good Nonexempt Trust (Fully Executed) dated December 28, 2016 Highly Confidential per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)382 Order on motion for protective order). (Kane, John) |
| 06/26/2020 | 🌐 787 **SEALED document regarding: Exhibit 15 - Dynamic Income CLO Holdco Side Letter ($2M Subscription) dated January 10, 2017 Highly Confidential per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)382 Order on motion for protective order). (Kane, John) |
| 06/26/2020 | 🌐 788 **SEALED document regarding: Exhibit 16 - Highland Capital Management, L.P. December 31, 2016 Final Opinion per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)382 Order on motion for protective order). (Kane, John) |
| 06/27/2020 | 🌐 789 (172 pgs; 4 docs) Witness and Exhibit List filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)590 Motion to reclaim funds from the registry*[Motion for Remittance of Funds Held in Registry of Court]*). (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit) (Hoffman, Juliana) |
| 06/29/2020 | 🌐 790 (2 pgs) COURTS NOTICE/VIDEO CONFERENCE INFORMATION FOR HEARING ON June 30, 2020 at 09:30 AM; (RE: related document(s)590 Motion to reclaim funds from the registry [Motion for Remittance of Funds Held in Registry of Court] filed by Creditor CLO Holdco, Ltd. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Proposed Order # 11 Service List)). (Edmond, Michael) |
| 06/30/2020 | 🌐 791 (1 pg) Clerk's correspondence requesting an order from attorney for debtor. (RE: related document(s)602 Application for compensation *First Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 10/16/2019 to 3/31/2020, Fee: $484,590.10, Expenses: $10,455.04. Filed by Attorney Holland N. O'Neil Objections due by 5/19/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order Exhibit C - Proposed Order) (O'Neil, Holland)) Responses due by 7/14/2020. (Ecker, C.) |
| 06/30/2020 | 🌐 792 (1 pg) Clerk's correspondence requesting an order from attorney for debtor. (RE: related document(s)605 Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel *(Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Wilmer Cutler Pickering Hale and Dorr LLP as Regulatory and Compliance Counsel Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Declaration of Timothy Silva # 2 Exhibit B--Proposed Order)) Responses due by 7/14/2020. (Ecker, C.) |
| 06/30/2020 | 🌐 793 Hearing held on 6/30/2020. (RE: related document(s)590 Motion to reclaim funds from the registry [Motion for Remittance of Funds Held in Registry of Court] filed by Creditor CLO Holdco, Ltd. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Proposed Order # 11 Service List). (Appearances: J. Kane and B. Clark for Movant; J. Pomeranz, J. Morris, G. Demo, and Z. Annabel for Debtor; M. Clemente for Unsecured Creditors Committee; M. Platt and M. Hankin for Redeemers Committee; R. Patel for Acis; A. Anderson and J. Bentley for certain CLO Issuers. Evidentiary hearing. Motion denied, but court ordered |

that funds in registry of court will be disbursed to CLO Holdco, Ltd. in 90 days unless an adversary
proceeding has been filed against it and injunctive/equitable relief is sought and granted in such adversary
proceeding, requiring further holding of the funds in the registry of the court (subject to
requests/agreements for extension of this 90-day deadline). Also, court registry will be receiving further
funds that Debtor is due to disburse to CLO Holdco and Highland Capital Management Services, Inc.
imminently (separate order is to be submitted by Debtors counsel; UCC counsel to submit an order on
todays ruling on CLO Holdcos motion). (Edmond, Michael)

| | |
|---|---|
| 06/30/2020 | 794  (1 pg) Court admitted exhibits date of hearing June 30, 2020 (RE: related document(s)590 Motion to reclaim funds from the registry [Motion for Remittance of Funds Held in Registry of Court] filed by Creditor CLO Holdco, Ltd. (COURT ADMITTED MOVANT'S CLO HOLDCO, LTD., EXHIBITS #1, #2, #3, #4, #5, #6, #7, #8, #9, #10, #11, #12, #13, #14, #15 & #16; ALSO ADMITTED DEFENDANT'S UNSECURED CREDITOR'S COMMITTEE EXHIBIT'S #1, #2 & #3) (Edmond, Michael) |
| 06/30/2020 | 795  (29 pgs; 2 docs) Application for compensation *(Fifth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from April 1, 2020 through April 30, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 4/1/2020 to 4/30/2020, Fee: $24877.50, Expenses: $36.00. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A--H&A April 2020 Invoice) (Annable, Zachery) |
| 07/01/2020 | 796  (1 pg) Request for transcript regarding a hearing held on 6/30/2020. The requested turn-around time is daily. (Edmond, Michael) |
| 07/01/2020 | 797  (7 pgs) Certificate of service re: *re: Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from May 1, 2020 Through May 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)781 Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from May 1, 2020 through May 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 07/01/2020 | 798  (7 pgs) Certificate of service re: *re: The Official Committee of Unsecured Creditors' Witness and Exhibit List for the June 30, 2020 Hearing* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)789 Witness and Exhibit List filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)590 Motion to reclaim funds from the registry*[Motion for Remittance of Funds Held in Registry of Court]*). (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit) filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 07/01/2020 | 799  (5 pgs) Certificate of service re: *Cover Sheet and Fifth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from April 1, 2020 Through April 30, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)795 Application for compensation *(Fifth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from April 1, 2020 through April 30, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 4/1/2020 to 4/30/2020, Fee: $24877.50, Expenses: $36.00. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A--H&A April 2020 Invoice) filed by Other Professional Hayward & Associates PLLC). (Kass, Albert) |
| 07/02/2020 | 800  (9 pgs) Debtor-in-possession monthly operating report for filing period May 1, 2020 to May 31, 2020 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 07/02/2020 | 801  (5 pgs) Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to May 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE |

004524

CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Annable, Zachery)

| | |
|---|---|
| 07/02/2020 | 🌐 802  (100 pgs) Transcript regarding Hearing Held 06/30/2020 (100 pages) RE: Motion for Remittance of Funds (590). THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 09/30/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. (RE: related document(s) 793 Hearing held on 6/30/2020. (RE: related document(s)590 Motion to reclaim funds from the registry [Motion for Remittance of Funds Held in Registry of Court] filed by Creditor CLO Holdco, Ltd. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Proposed Order # 11 Service List). (Appearances: J. Kane and B. Clark for Movant; J. Pomeranz, J. Morris, G. Demo, and Z. Annabel for Debtor; M. Clemente for Unsecured Creditors Committee; M. Platt and M. Hankin for Redeemers Committee; R. Patel for Acis; A. Anderson and J. Bentley for certain CLO Issuers. Evidentiary hearing. Motion denied, but court ordered that funds in registry of court will be disbursed to CLO Holdco, Ltd. in 90 days unless an adversary proceeding has been filed against it and injunctive/equitable relief is sought and granted in such adversary proceeding, requiring further holding of the funds in the registry of the court (subject to requests/agreements for extension of this 90-day deadline). Also, court registry will be receiving further funds that Debtor is due to disburse to CLO Holdco and Highland Capital Management Services, Inc. imminently (separate order is to be submitted by Debtors counsel; UCC counsel to submit an order on todays ruling on CLO Holdcos motion).). Transcript to be made available to the public on 09/30/2020. (Rehling, Kathy) |
| 07/02/2020 | 🌐 803  (4 pgs) BNC certificate of mailing. (RE: related document(s)792 Clerk's correspondence requesting an order from attorney for debtor. (RE: related document(s)605 Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel *(Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Wilmer Cutler Pickering Hale and Dorr LLP as Regulatory and Compliance Counsel Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Declaration of Timothy Silva # 2 Exhibit B--Proposed Order)) Responses due by 7/14/2020. (Ecker, C.)) No. of Notices: 1. Notice Date 07/02/2020. (Admin.) |
| 07/03/2020 | 🌐 804  (3 pgs) Response unopposed to (related document(s): 737 Motion to extend or limit the exclusivity period (RE: related document(s)668 Order on motion to extend/shorten time) filed by Debtor Highland Capital Management, L.P.) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
| 07/06/2020 | 🌐 805  (3 pgs) Notice of hearing *(Notice of September 10, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 9/10/2020 at 02:30 PM Dallas Judge Jernigan Ctrm (Annable, Zachery) |
| 07/07/2020 | 🌐 806  (10 pgs) Certificate of service re: *1) Webex Meeting Invitation to participate electronically in the hearing on Tuesday, May 26, 2020 at 9:30 a.m. Central Time before the Honorable Stacey G. Jernigan; 2) Instructions for any counsel and parties who wish to participate in the Hearing; and 3) Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to May 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)801 Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to May 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR |

| | |
|---|---|
| | THE DISTRICT OF DELAWARE] (Okafor, M.). filed by Debtor Highland Capital Management, L.P.) (Kass, Albert) |
| 07/07/2020 | ⊙ 807 (7 pgs) Certificate of service re: *Statement of the Official Committee of Unsecured Creditors in Response to the Debtor's Third Motion for Entry of an Order Pursuant to 11 U.S.C. § 1121(d) and Local Rule 3016-1 Further Extending the Exclusivity Periods for the Filing and Solicitation of Acceptances of a Chapter 11 Plan* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)804 Response unopposed to (related document(s): 737 Motion to extend or limit the exclusivity period (RE: related document(s)668 Order on motion to extend/shorten time) filed by Debtor Highland Capital Management, L.P.) filed by Creditor Committee Official Committee of Unsecured Creditors. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 07/08/2020 | ⊙ 808 (17 pgs) Motion to compel Production by the Debtor. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 7/29/2020. (Montgomery, Paige) |
| 07/08/2020 | ⊙ 809 (7 pgs) Certificate of service re: *Notice of September 10, 2020 Omnibus Hearing Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)805 Notice of hearing *(Notice of September 10, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 9/10/2020 at 02:30 PM Dallas Judge Jernigan Ctrm filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 07/08/2020 | ⊙ 812 Hearing held on 7/8/2020. (RE: related document(s)737 Motion to extend or limit the exclusivity period (RE: related document(s)668 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomerantz, M. Hayward, and Z. Annabel for Debtor; M. Clemente for Official Unsecured Creditors Committee; T. Mascherin, M. Platt, and M. Hankin for Redeemer Committee; R. Patel, A. Chiarello, and B. Shaw for Acis; M. Lynn for J. Dondero; J. Bjork for UBS. Evidentiary hearing. Motion granted in part (30-day extension). Debtors counsel to upload order.) (Edmond, Michael) (Entered: 07/09/2020) |
| 07/08/2020 | ⊙ 813 Hearing held on 7/8/2020. (RE: related document(s)747 Motion to extend time to (Debtor's Motion for Entry of an Order Further Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure) (RE: related document(s)459 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomerantz, M. Hayward, and Z. Annabel for Debtor; M. Clemente for Official Unsecured Creditors Committee; T. Mascherin, M. Platt, and M. Hankin for Redeemer Committee; R. Patel, A. Chiarello, and B. Shaw for Acis; M. Lynn for J. Dondero; J. Bjork for UBS. Evidentiary hearing. Motion granted. Debtors counsel to upload order.) (Edmond, Michael) (Entered: 07/09/2020) |
| 07/09/2020 | ⊙ 810 (15 pgs) Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034)* Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 07/09/2020 | ⊙ 811 (97 pgs; 8 docs) Declaration re: *(Declaration of John A. Morris in Support of Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G) (Annable, Zachery) |
| 07/09/2020 | ⊙ 814 (6 pgs) Motion for expedited hearing(related documents 808 Motion to compel) Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |

004526

| | |
|---|---|
| 07/09/2020 | ⚬ 815 (1 pg) Request for transcript regarding a hearing held on 7/8/2020. The requested turn-around time is hourly. (Edmond, Michael) |
| 07/09/2020 | ⚬ 816 (2 pgs) Order granting 747 Motion to extend time to within which it may remove actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (RE: related document(s)459 O) Entered on 7/9/2020. (Okafor, M.) |
| 07/10/2020 | ⚬ 817 (58 pgs) Transcript regarding Hearing Held 07/08/2020 (58 pages) RE: Motions to Extend Time. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 10/8/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. (RE: related document(s) 812 Hearing held on 7/8/2020. (RE: related document(s)737 Motion to extend or limit the exclusivity period (RE: related document(s)668 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomerantz, M. Hayward, and Z. Annabel for Debtor; M. Clemente for Official Unsecured Creditors Committee; T. Mascherin, M. Platt, and M. Hankin for Redeemer Committee; R. Patel, A. Chiarello, and B. Shaw for Acis; M. Lynn for J. Dondero; J. Bjork for UBS. Evidentiary hearing. Motion granted in part (30-day extension). Debtors counsel to upload order.), 813 Hearing held on 7/8/2020. (RE: related document(s)747 Motion to extend time to (Debtor's Motion for Entry of an Order Further Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure) (RE: related document(s)459 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomerantz, M. Hayward, and Z. Annabel for Debtor; M. Clemente for Official Unsecured Creditors Committee; T. Mascherin, M. Platt, and M. Hankin for Redeemer Committee; R. Patel, A. Chiarello, and B. Shaw for Acis; M. Lynn for J. Dondero; J. Bjork for UBS. Evidentiary hearing. Motion granted. Debtors counsel to upload order.)). Transcript to be made available to the public on 10/8/2020. (Rehling, Kathy) |
| 07/10/2020 | ⚬ 818 (2 pgs) Certificate of No Objection filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP (RE: related document(s)751 Application for compensation *Sixth Monthly Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April 1, 2020 through April 30, 2020* for Foley Gardere,). (O'Neil, Holland) |
| 07/10/2020 | ⚬ 819 (2 pgs) Certificate of No Objection filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP (RE: related document(s)762 Application for compensation *Seventh Monthly Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from May 1, 2020 through May 31, 2020* for Foley Gardere). (O'Neil, Holland) |
| 07/10/2020 | ⚬ 820 (3 pgs) Order granting 737 Motion to extend or limit the exclusivity period. The Exclusive Filing Period is extended through and including August 12, 2020. Entered on 7/10/2020. (Okafor, M.) |
| 07/10/2020 | ⚬ 821 (5 pgs) Agreed order regarding deposit of funds into the registry of the Court. (Related Doc # 474) Entered on 7/10/2020. (Okafor, M.) |
| 07/10/2020 | ⚬ 822 (3 pgs) Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)774 Application to employ James P. Seery, Jr. as Other Professional *Debtors Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer and Foreign Repr, 775 Application to employ Development Specialists, Inc. as Other Professional Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restruct*). (Annable, Zachery) |
| 07/13/2020 | ⚬ 823 (7 pgs) Certificate of service re: *Official Committee of Unsecured Creditors' Emergency Motion to Compel Production by the Debtor* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)808 Motion to compel Production by the Debtor. Filed by Creditor Committee Official |

Committee of Unsecured Creditors Objections due by 7/29/20205Filed by Creditor Comittee Official Committee of Unsecured Creditors. (Kass, Albert)

| 07/13/2020 | 🖰 824  (17 pgs) Certificate of service re: *Documents Served on July 9, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034)* Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., 811 Declaration re: *(Declaration of John A. Morris in Support of Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs)*. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G) filed by Debtor Highland Capital Management, L.P., 814 Motion for expedited hearing(related documents 808 Motion to compel) Filed by Creditor Committee Official Committee of Unsecured Creditors filed by Creditor Committee Official Committee of Unsecured Creditors, 816 Order granting 747 Motion to extend time to within which it may remove actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (RE: related document(s)459 O) Entered on 7/9/2020. (Okafor, M.)). (Kass, Albert) |
| 07/13/2020 | 🖰 825  (3 pgs) Order denying motion to reclaim funds from the registry (Related Doc # 590) Entered on 7/13/2020. (Okafor, M.) |
| 07/13/2020 | 🖰 826  (5 pgs) Stipulation by Highland Capital Management, L.P. and The Official Committee of Unsecured Creditors. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)808 Motion to compel Production by the Debtor. , 810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs, 814 Motion for expedited hearing(related documents 808 Motion to compel) )*. (Annable, Zachery) |
| 07/13/2020 | 🖰 827  (8 pgs) Objection to claim(s) 3 of Creditor(s) Acis Capital Management, L.P. and Acis Capital Management GP, LLC.. Filed by Interested Party James Dondero. (Assink, Bryan) |
| 07/13/2020 | 🖰 828  (7 pgs) Certificate of service re: *1) Order Granting Debtor's Third Motion for Entry of an Order Pursuant to 11 U.S.C. § 1121(d) and Local Rule 3016-1 Further Extending the Exclusivity Periods for the Filing and Solicitation of Acceptances of a Chapter 11 Plan; 2) Agreed Order Regarding Deposit of Funds into the Registry of the Court; and 3) Debtors Witness and Exhibit List with Respect to (A) the Debtors Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer and Foreign Representative Nunc Pro Tunc to May 15, 2020, and (B) the Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363 (b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restructuring Related Services Nunc Pro Tunc to March 15* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)820 Order granting 737 Motion to extend or limit the exclusivity period. The Exclusive Filing Period is extended through and including August 12, 2020. Entered on 7/10/2020. (Okafor, M.), 821 Agreed order regarding deposit of funds into the registry of the Court. (Related Doc 474) Entered on 7/10/2020. (Okafor, M.), 822 Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)774 Application to employ James P. Seery, Jr. as Other Professional *Debtors Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer and Foreign Repr, 775 Application to employ Development Specialists, Inc. as Other Professional Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restruct). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)* |
| 07/14/2020 | 🖰 829  (4 pgs) Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)767 Application for compensation *Sidley Austin LLP's Seventh Monthly* |

| | |
|---|---|
| | *Application for Compensation and Reimbursement of Expenses* to Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 5/1/2020 to 5/31/2020, Fee: ($34). (Hoffman, Juliana) |
| 07/14/2020 | 🔘 830  (29 pgs) Application for compensation *Seventh Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 5/1/2020 to 5/31/2020, Fee: $223,330.68, Expenses: $1,874.65. Filed by Attorney Juliana Hoffman Objections due by 8/4/2020. (Hoffman, Juliana) |
| 07/14/2020 | 🔘 831  (138 pgs; 7 docs) Application for compensation *Sidley Austin LLP's Second Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 3/1/2020 to 5/31/2020, Fee: $1,573,850.25, Expenses: $22,930.21. Filed by Objections due by 8/4/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F) (Hoffman, Juliana) |
| 07/14/2020 | 🔘 832  (9 pgs) Response opposed to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Interested Party James Dondero. (Assink, Bryan) |
| 07/14/2020 | 🔘 833  (1 pg) Request for transcript regarding a hearing held on 7/14/2020. The requested turn-around time is daily. (Edmond, Michael) |
| 07/14/2020 | 🔘 836  (2 pgs) Court admitted exhibits date of hearing July 14, 2020 (RE: related document(s)774 Application to employ James P. Seery, Jr. as Other Professional Debtors Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer and Foreign Representative Nunc Pro Tunc to March 15, 2020, filed by Debtor Highland Capital Management, L.P., And 775 Application to employ Development Specialists, Inc. as Other Professional Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restructuring-Related Services, Nunc Pro Tunc to March 15, 2020 filed by Debtor Highland Capital Management, L.P.) (COURT ADMITTED EXHIBIT'S #1, #2, #3, #4, #5, #6 & #7) (Edmond, Michael) (Entered: 07/15/2020) |
| 07/14/2020 | 🌐 862 Hearing held on 7/14/2020. (RE: related document(s)774 Application to employ James P. Seery, Jr. as Other Professional Debtors Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer and Foreign Representative Nunc Pro Tunc to March 15, 2020, filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomeranz, J. Morris, G. Demo, I. Karash, Z. Annabel, and M. Hayward for Debtors; M. Clemente and P. Montgomery for UCC; A. Clubok for UBS; R. Patel and B. Shaw for Acis; T. Mascherin, M. Hankin, and M. Platt for Redeemer Committee; D. Nier for various employees.. Evidentiary hearing. Application granted (bonuses request withdrawn, per negotiations with UCC, subject to possible later request). Debtors counsel to submit order.) (Edmond, Michael) (Entered: 07/17/2020) |
| 07/14/2020 | 🌐 863 Hearing held on 7/14/2020. (RE: related document(s)775 Application to employ Development Specialists, Inc. as Other Professional Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restructuring-Related Services, Nunc Pro Tunc to March 15, 2020, filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomeranz, J. Morris, G. Demo, I. Karash, Z. Annabel, and M. Hayward for Debtors; M. Clemente and P. Montgomery for UCC; A. Clubok for UBS; R. Patel and B. Shaw for Acis; T. Mascherin, M. Hankin, and M. Platt for Redeemer Committee; D. Nier for various employees.. Evidentiary hearing. Application granted (bonuses request withdrawn, per negotiations with UCC, subject to possible later request). Debtors counsel to submit order.) (Edmond, Michael) (Entered: 07/17/2020) |
| 07/15/2020 | 🔘 834  (3 pgs) Certificate No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)773 Application for compensation *Eighth Monthly Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from May 1, 2020 through May 31, 2020* for Jeffrey Nathan P.). (Annable, Zachery) |

| 07/15/2020 | 🖳 835  (7 pgs) Motion to appear pro hac vice for James A. Wright III. Fee Amount $100 Filed by Interested Parties NexPoint Real Estate Strategies Fund, Highland Global Allocation Fund, Highland Income Fund, NexPoint Strategic Opportunities Fund, NexPoint Capital, Inc., Highland Total Return Fund, Highland Fixed Income Fund, Highland Socially Responsible Equity Fund, Highland Small-Cap Equity Fund, Highland Funds II and its series, Highland Merger Arbitrage Fund, Highland Opportunistic Credit Fund, Highland/iBoxx Senior Loan ETF, Highland Healthcare Opportunities Fund, Highland Funds I and its series, NexPoint Advisors, L.P., Highland Capital Management Fund Advisors, L.P. (Varshosaz, Artoush) |
|---|---|
| 07/15/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27927823, amount $ 100.00 (re: Doc# 835). (U.S. Treasury) |
| 07/15/2020 | 🖳 837  (8 pgs) Response opposed to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors, 810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs filed by Debtor Highland Capital Management, L.P.)* filed by John Honis, Rand PE Fund Management, LLC, Rand PE Fund I, LP, Rand Advisors, LLC, Hunter Mountain Investment Trust, Beacon Mountain, LLC, Atlas IDF, LP, Atlas IDF, GP, LLC. (Keiffer, Edwin) |
| 07/15/2020 | 🖳 838  (7 pgs) INCORRECT ENTRY: Attorney to amend and refile. Motion to appear pro hac vice for Stephen G. Topetzes. Fee Amount $100 Filed by Interested Parties Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, Highland Funds I and its series, Highland Funds II and its series, Highland Global Allocation Fund, Highland Healthcare Opportunities Fund, Highland Income Fund, Highland Merger Arbitrage Fund, Highland Opportunistic Credit Fund, Highland Small-Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland Total Return Fund, Highland/iBoxx Senior Loan ETF, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Real Estate Strategies Fund, NexPoint Strategic Opportunities Fund (Varshosaz, Artoush) MODIFIED on 7/16/2020 (Ecker, C.). |
| 07/15/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27928069, amount $ 100.00 (re: Doc# 838). (U.S. Treasury) |
| 07/15/2020 | 🖳 839  (11 pgs) Response opposed to (related document(s): 810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs filed by Debtor Highland Capital Management, L.P.)* filed by Creditor Committee Official Committee of Unsecured Creditors. (Montgomery, Paige) |
| 07/15/2020 | 🖳 840  (2 pgs) INCORRECT ENTRY: FILED WITHOUT EXHIBITS. Notice of Appearance and Request for Notice by Paul Richard Bessette filed by Interested Party Highland CLO Funding, Ltd.. (Bessette, Paul) Modified on 7/15/2020 (Rielly, Bill). |
| 07/15/2020 | 🖳 841  (8 pgs) Objection to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors, 810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs filed by Debtor Highland Capital Management, L.P.)* filed by Interested Parties Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, Highland Funds I and its series, Highland Funds II and its series, Highland Global Allocation Fund, Highland Healthcare Opportunities Fund, Highland Income Fund, Highland Merger Arbitrage Fund, Highland Opportunistic Credit Fund, Highland Small-Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland Total Return Fund, Highland/iBoxx Senior Loan ETF, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Real Estate Strategies Fund, NexPoint Strategic Opportunities Fund. (Varshosaz, Artoush)* |
| 07/15/2020 | 🖳 842  (3 pgs) Notice of Appearance and Request for Notice by Amanda Melanie Rush filed by Interested Party CCS Medical, Inc.. (Rush, Amanda) |

004530

| 07/15/2020 | 🔘 843 (4 pgs) Motion to appear pro hac vice for Tracy K. Stratford. Fee Amount $100 Filed by Interested Party CCS Medical, Inc. (Rush, Amanda) |
|---|---|
| 07/15/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27928305, amount $ 100.00 (re: Doc# 843). (U.S. Treasury) |
| 07/15/2020 | 🔘 844 (4 pgs) Objection to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors, 810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs filed by Debtor Highland Capital Management, L.P.) filed by Interested Party CCS Medical, Inc.. (Rush, Amanda)* |
| 07/15/2020 | 🔘 845 (17 pgs) Objection to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 07/15/2020 | 🔘 846 (22 pgs; 2 docs) Objection to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Creditor CLO Holdco, Ltd.. (Attachments: # 1 Exhibit A) (Kane, John) |
| 07/15/2020 | 🔘 847 (9 pgs) Objection to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Interested Parties NexPoint Real Estate Advisors VIII, L.P., NexPoint Real Estate Advisors VII, L.P., NexPoint Real Estate Advisors VI, L.P., NexPoint Real Estate Advisors V, L.P., NexPoint Real Estate Advisors IV, L.P., NexPoint Real Estate Advisors III, L.P., NexPoint Real Estate Advisors II, L.P., NexPoint Real Estate Advisors, L.P., VineBrook Homes, Trust, Inc., NexPoint Multifamily Capital Trust, Inc., NexPoint Real Estate Partners, LLC, NexPoint Hospitality Trust, NexPoint Residential Trust, Inc., Nexpoint Real Estate Capital, LLC, NexPoint Real Estate Finance Inc.. (Drawhorn, Lauren) |
| 07/15/2020 | 🔘 848 (20 pgs; 2 docs) Declaration re: *(Declaration of John A. Morris in Support of the Debtor's Objection to the Official Committee of Unsecured Creditors' Emergency Motion to Compel Production by the Debtor)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)845 Objection). (Attachments: # 1 Exhibit A) (Annable, Zachery) |
| 07/16/2020 | 🔘 849 (7 pgs) Amended Motion to appear pro hac vice for Stephen G. Topetzes. (related document: 838) Filed by Interested Parties Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, Highland Funds I and its series, Highland Funds II and its series, Highland Global Allocation Fund, Highland Healthcare Opportunities Fund, Highland Income Fund, Highland Merger Arbitrage Fund, Highland Opportunistic Credit Fund, Highland Small-Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland Total Return Fund, Highland/iBoxx Senior Loan ETF, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Real Estate Strategies Fund, NexPoint Strategic Opportunities Fund (Varshosaz, Artoush) |
| 07/16/2020 | 🔘 850 (3 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)808 Motion to compel Production by the Debtor. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 7/29/2020., 810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034)* Filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 7/21/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 810 and for 808, (Annable, Zachery) |

| 07/16/2020 | 851 (3 pgs) Notice of hearing *(Notice of September 17, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 9/17/2020 at 09:30 AM Dallas Judge Jernigan Ctrm (Annable, Zachery) |
|---|---|
| 07/16/2020 | 852 (8 pgs) Order Approving Stipulation Resolving the Motion for Expedited Consideration of the Official Committee of the Unsecured Creditors' Motion to Compel Production by the Debtor (RE: related document(s)826 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 7/16/2020 (Ecker, C.) |
| 07/16/2020 | 853 (3 pgs) Order granting application to employ Development Specialists, Inc. as Other Professional (related document # 775) Entered on 7/16/2020. (Ecker, C.) |
| 07/16/2020 | 854 (12 pgs) Order granting application to employ James P. Seery, Jr. as Chief Executive Officer, Chief Restructuring Officer and Foreign representative (related document 774) Entered on 7/16/2020. (Ecker, C.) Modified on 7/16/2020 (Ecker, C.). |
| 07/16/2020 | 855 (6 pgs) Objection to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Interested Party MGM Holdings, Inc.. (Drawhorn, Lauren) |
| 07/16/2020 | 856 (5 pgs) Notice of Appearance and Request for Notice by Artoush Varshosaz filed by Interested Parties Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, Highland Funds I and its series, Highland Funds II and its series, Highland Global Allocation Fund, Highland Healthcare Opportunities Fund, Highland Income Fund, Highland Merger Arbitrage Fund, Highland Opportunistic Credit Fund, Highland Small-Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland Total Return Fund, Highland/iBoxx Senior Loan ETF, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Real Estate Strategies Fund, NexPoint Strategic Opportunities Fund. (Varshosaz, Artoush) |
| 07/16/2020 | 857 (3 pgs) Motion to appear pro hac vice for Mark M. Maloney. Fee Amount $100 Filed by Interested Party Highland CLO Funding, Ltd. (Bessette, Paul) |
| 07/16/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27932614, amount $ 100.00 (re: Doc# 857). (U.S. Treasury) |
| 07/16/2020 | 858 (10 pgs) Objection to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Interested Party Highland CLO Funding, Ltd.. (Bessette, Paul) |
| 07/16/2020 | 859 (8 pgs; 2 docs) Declaration re: *858 Objection* filed by Interested Party Highland CLO Funding, Ltd. (RE: related document(s)808 Motion to compel Production by the Debtor. ). (Attachments: # 1 Exhibit A) (Bessette, Paul) |
| 07/16/2020 | 860 (7 pgs) Certificate of service re: *1) Order Denying Motion for Remittance of Funds Held in Registry of Court; and 2) Stipulation by and Between the Debtor and the Official Committee of Unsecured Creditors* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)825 Order denying motion to reclaim funds from the registry (Related Doc 590) Entered on 7/13/2020. (Okafor, M.), 826 Stipulation by Highland Capital Management, L.P. and The Official Committee of Unsecured Creditors. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)808 Motion to compel Production by the Debtor. , 810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs, 814 Motion for expedited hearing(related documents 808 Motion to compel) ). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)* |

004532

⚫ 861  (5 pgs) Certificate of service re: *1) Summary Sheet and Seventh Monthly Application of FTI Consulting, Inc. for Allowance of Compensation and Reimbursement of Expenses for the Period from May 1, 2020 to and Including May 31, 2020; and 2) Summary Sheet and Second Interim Fee Application of Sidley Austin LLP, Attorneys for the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses for the Period from March 1, 2020 Through and Including May 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)830 Application for compensation *Seventh Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 5/1/2020 to 5/31/2020, Fee: $223,330.68, Expenses: $1,874.65. Filed by Attorney Juliana Hoffman Objections due by 8/4/2020. filed by Financial Advisor FTI Consulting, Inc., 831 Application for compensation *Sidley Austin LLP's Second Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 3/1/2020 to 5/31/2020, Fee: $1,573,850.25, Expenses: $22,930.21. Filed by Objections due by 8/4/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F) filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert)

07/16/2020

---

⚫ 864  (134 pgs) Transcript regarding Hearing Held 07/14/2020 (134 pages) RE: Applications to Employ. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 10/15/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. (RE: related document(s) 863 Hearing held on 7/14/2020. (RE: related document(s)775 Application to employ Development Specialists, Inc. as Other Professional Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restructuring-Related Services, Nunc Pro Tunc to March 15, 2020, filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomeranz, J. Morris, G. Demo, I. Karash, Z. Annabel, and M. Hayward for Debtors; M. Clemente and P. Montgomery for UCC; A. Clubok for UBS; R. Patel and B. Shaw for Acis; T. Mascherin, M. Hankin, and M. Platt for Redeemer Committee; D. Nier for various employees.. Evidentiary hearing. Application granted (bonuses request withdrawn, per negotiations with UCC, subject to possible later request). Debtors counsel to submit order.)). Transcript to be made available to the public on 10/15/2020. (Rehling, Kathy)

07/17/2020

---

⚫ 865  (1 pg) Order granting motion to appear pro hac vice adding Tracy K. Stratford for CCS Medical, Inc. (related document # 843) Entered on 7/17/2020. (Ecker, C.)

07/17/2020

---

⚫ 866  (1 pg) Order granting motion to appear pro hac vice adding James A. Wright for Highland Funds I and its series; Highland Funds II and its series; Highland Global Allocation Fund; Highland Healthcare Opportunities Fund; Highland Income Fund; Highland Merger Arbitrage Fund; Highland Opportunistic Credit Fund; Highland Small-Cap Equity Fund; Highland Socially Responsible Equity Fund; Highland Total Return Fund; Highland/iBoxx Senior Loan ETF; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint Real Estate Strategies Fund; NexPoint Strategic Opportunities Fund; Highland Capital Management Fund Advisors, L.P. and Highland Fixed Income Fund (related document # 835) Entered on 7/17/2020. (Ecker, C.)

07/17/2020

---

⚫ 867  (1 pg) Order granting motion to appear pro hac vice adding Stephen G. Topetzes for Highland Funds I and its series; Highland Funds II and its series; Highland Global Allocation Fund; Highland Healthcare Opportunities Fund; Highland Income Fund; Highland Merger Arbitrage Fund; Highland Opportunistic Credit Fund; Highland Small-Cap Equity Fund; Highland Socially Responsible Equity Fund; Highland Total Return Fund; Highland/iBoxx Senior Loan ETF; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint Real Estate Strategies Fund; Highland Capital Management Fund Advisors, L.P. and Highland Fixed Income Fund (related document # 849) Entered on 7/17/2020. (Ecker, C.)

07/17/2020

---

⚫ 868  (10 pgs) Objection to claim(s) of Creditor(s) Integrated Financial Associates, Inc... Filed by Debtor Highland Capital Management, L.P.. Responses due by 8/19/2020. (Annable, Zachery)

07/17/2020

---

⚫ 869  (9 pgs) Reply to (related document(s): 839 Response filed by Creditor Committee Official Committee of Unsecured Creditors) *(Debtor's Reply to the Committee's Response to the Debtor's*

07/17/2020

*Discovery Motion) filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery)*

| | |
|---|---|
| 07/17/2020 | 🌐 870  (17 pgs) Declaration re: *(Declaration of John A. Morris in Further Support of the Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs)*. (Annable, Zachery) |
| 07/17/2020 | 🌐 871  (3 pgs) Declaration re: *First Supplemental Declaration of Alexander McGeoch in Support of Debtor's Application for an Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date* filed by Spec. Counsel Hunton Andrews Kurth LLP (RE: related document(s)604 Application to employ Hunton Andrews Kurth LLP as Special Counsel *(Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date)*). (Hesse, Gregory) |
| 07/17/2020 | 🌐 872  (23 pgs) Response opposed to (related document(s): 841 Objection filed by Interested Party Highland Capital Management Fund Advisors, L.P., Interested Party NexPoint Advisors, L.P., Interested Party Highland Funds I and its series, Interested Party Highland Healthcare Opportunities Fund, Interested Party Highland/iBoxx Senior Loan ETF, Interested Party Highland Opportunistic Credit Fund, Interested Party Highland Merger Arbitrage Fund, Interested Party Highland Funds II and its series, Interested Party Highland Small-Cap Equity Fund, Interested Party Highland Fixed Income Fund, Interested Party Highland Socially Responsible Equity Fund, Interested Party Highland Total Return Fund, Interested Party NexPoint Capital, Inc., Interested Party NexPoint Strategic Opportunities Fund, Interested Party Highland Income Fund, Interested Party Highland Global Allocation Fund, Interested Party NexPoint Real Estate Strategies Fund, 844 Objection filed by Interested Party CCS Medical, Inc., 845 Objection filed by Debtor Highland Capital Management, L.P., 846 Objection filed by Creditor CLO Holdco, Ltd., 847 Objection filed by Interested Party NexPoint Real Estate Finance Inc., Interested Party Nexpoint Real Estate Capital, LLC, Interested Party NexPoint Residential Trust, Inc., Interested Party NexPoint Hospitality Trust, Interested Party NexPoint Real Estate Partners, LLC, Interested Party VineBrook Homes, Trust, Inc., Interested Party NexPoint Real Estate Advisors, L.P., Interested Party NexPoint Real Estate Advisors II, L.P., Interested Party NexPoint Real Estate Advisors III, L.P., Interested Party NexPoint Real Estate Advisors IV, L.P., Interested Party NexPoint Real Estate Advisors V, L.P., Interested Party NexPoint Real Estate Advisors VI, L.P., Interested Party NexPoint Real Estate Advisors VII, L.P., Interested Party NexPoint Real Estate Advisors VIII, L.P., 855 Objection filed by Interested Party MGM Holdings, Inc., 858 Objection filed by Interested Party Highland CLO Funding, Ltd.) filed by Creditor Committee Official Committee of Unsecured Creditors. (Montgomery, Paige) |
| 07/17/2020 | 🌐 873  (4 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)868 Objection to claim(s) of Creditor(s) Integrated Financial Associates, Inc... Filed by Debtor Highland Capital Management, L.P.. Responses due by 8/19/2020.). Hearing to be held on 9/17/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 868, (Annable, Zachery) |
| 07/19/2020 | 🌐 874  (5 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)865 Order granting motion to appear pro hac vice adding Tracy K. Stratford for CCS Medical, Inc. (related document 843) Entered on 7/17/2020. (Ecker, C.)) No. of Notices: 1. Notice Date 07/19/2020. (Admin.) |
| 07/19/2020 | 🌐 875  (5 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)866 Order granting motion to appear pro hac vice adding James A. Wright for Highland Funds I and its series; Highland Funds II and its series; Highland Global Allocation Fund; Highland Healthcare Opportunities Fund; Highland Income Fund; Highland Merger Arbitrage Fund; Highland Opportunistic Credit Fund; Highland Small-Cap Equity Fund; Highland Socially Responsible Equity Fund; Highland Total Return Fund; Highland/iBoxx Senior Loan ETF; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint Real Estate Strategies Fund; NexPoint Strategic Opportunities Fund; Highland Capital Management Fund Advisors, L.P. and Highland Fixed Income Fund (related document 835) Entered on 7/17/2020. (Ecker, C.)) No. of Notices: 1. Notice Date 07/19/2020. (Admin.) |

| | |
|---|---|
| 07/19/2020 | 🌐 876  (5 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)867 Order granting motion to appear pro hac vice adding Stephen G. Topetzes for Highland Funds I and its series; Highland Funds II and its series; Highland Global Allocation Fund; Highland Healthcare Opportunities Fund; Highland Income Fund; Highland Merger Arbitrage Fund; Highland Opportunistic Credit Fund; Highland Small-Cap Equity Fund; Highland Socially Responsible Equity Fund; Highland Total Return Fund; Highland/iBoxx Senior Loan ETF; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint Real Estate Strategies Fund; Highland Capital Management Fund Advisors, L.P. and Highland Fixed Income Fund (related document 849) Entered on 7/17/2020. (Ecker, C.)) No. of Notices: 1. Notice Date 07/19/2020. (Admin.) |
| 07/20/2020 | 🌐 877  (50 pgs) Application for compensation *Eighth Monthly Application for Compensation and Reimbursement of Expenses of Sidley Austin, LLP* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 6/1/2020 to 6/30/2020, Fee: $493,788.96, Expenses: $5,759.29. Filed by Objections due by 8/10/2020. (Hoffman, Juliana) |
| 07/20/2020 | 🌐 878  (25 pgs) Application for compensation *Ninth Monthly Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from June 1, 2020 through June 30, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 6/1/2020 to 6/30/2020, Fee: $818,786.50, Expenses: $3,205.81. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 8/10/2020. (Pomerantz, Jeffrey) |
| 07/20/2020 | 🌐 879  (114 pgs) Amended application for compensation *Amended Ninth Monthly Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from June 1, 2020 through June 30, 2020 (amended to include Exhibit)* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 6/1/2020 to 6/30/2020, Fee: $818,786.50, Expenses: $3,205.81. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 8/10/2020. (Pomerantz, Jeffrey) |
| 07/20/2020 | 🌐 880  (7 pgs) Certificate of service re: *1) Debtor's Objection to Official Committee of Unsecured Creditors Emergency Motion to Compel Production by the Debtor; and 2) Declaration of John A. Morris in Support of the Debtor's Objection to the Official Committee of Unsecured Creditors Emergency Motion to Compel Production by the Debtor* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)845 Objection to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 848 Declaration re: *(Declaration of John A. Morris in Support of the Debtor's Objection to the Official Committee of Unsecured Creditors' Emergency Motion to Compel Production by the Debtor)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)845 Objection). (Attachments: # 1 Exhibit A) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |

| | |
|---|---|
| 07/20/2020 | 🌣 881  (11 pgs) Certificate of service re: *Documents Served on July 16, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document)850 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)808 Motion to compel Production by the Debtor. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 7/29/2020., 810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034)* Filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 7/21/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 810 and for 808, filed by Debtor Highland Capital Management, L.P., 851 Notice of hearing *(Notice of September 17, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 9/17/2020 at 09:30 AM Dallas Judge Jernigan Ctrm filed by Debtor Highland Capital Management, L.P., 852 Order Approving Stipulation Resolving the Motion for Expedited Consideration of the Official Committee of the Unsecured Creditors' Motion to Compel Production by the Debtor (RE: related document(s)826 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 7/16/2020 (Ecker, C.), 853 Order granting application to employ Development Specialists, Inc. as Other Professional (related document 775) Entered on 7/16/2020. (Ecker, C.), 854 Order granting application to employ James P. Seery, Jr. as Chief Executive Officer, Chief Restructuring Officer and Foreign representative (related document 774) Entered on 7/16/2020. (Ecker, C.) Modified on 7/16/2020 (Ecker, C.).). (Kass, Albert) |
| 07/21/2020 | 🌣 882  (1 pg) Order granting motion to appear pro hac vice adding Mark M. Maloney for Highland CLO Funding, Ltd. (related document # 857) Entered on 7/21/2020. (Okafor, M.) |
| 07/21/2020 | 🌣 883  (98 pgs) Application for compensation *Second Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 3/1/2020 to 5/31/2020, Fee: $1,488,533.4, Expenses: $23,515.26. Filed by Objections due by 8/11/2020. (Hoffman, Juliana) |
| 07/21/2020 | 🌣 894 Hearing held on 7/21/2020. (RE: related document(s)808 Motion to compel Production by the Debtor, filed by Creditor Committee Official Committee of Unsecured Creditors.) (Appearances: J. Morris, I. Karash, Z. Annabel, and M. Hayward for Debtors; M. Clemente and P. Montgomery for UCC; A. Clubok for UBS; R. Patel and A. Chiarello for Acis; T. Mascherin for Redeemer Committee; M. Lynn and J. Bonds for J. Dondero; L. Drawhorn for NexPoint funds and MGM; P. Keiffer for Atlas; S. Topetzes and J. Wright for Highland Capital Management Fund Advisors, L.P. and other funds; T. Stratford for CCS Medical; R. Matsumura and M. Maloney for HCLOF; J. Kane for CLO Holdco.; J. Slade for NexBank; K. Preston for certain employees sued by Acis. Nonevidentiary hearing. Motion granted in substantial part, but with special privilege review protections granted as to the three lawyer custodians, as to CCS Medical and MGM communications, and as to Atlass communications with outside law firms. Counsel to submit order. ) (Edmond, Michael) (Entered: 07/24/2020) |
| 07/21/2020 | 🌣 895 Hearing held on 7/21/2020. (RE: related document(s)810 Motion for protective order (Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034), filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Morris, I. Karash, Z. Annabel, and M. Hayward for Debtors; M. Clemente and P. Montgomery for UCC; A. Clubok for UBS; R. Patel and A. Chiarello for Acis; T. Mascherin for Redeemer Committee; M. Lynn and J. Bonds for J. Dondero; L. Drawhorn for NexPoint funds and MGM; P. Keiffer for Atlas; S. Topetzes and J. Wright for Highland Capital Management Fund Advisors, L.P. and other funds; T. Stratford for CCS Medical; R. Matsumura and M. Maloney for HCLOF; J. Kane for CLO Holdco.; J. Slade for NexBank; K. Preston for certain employees sued by Acis. Nonevidentiary hearing. Motion denied in substantial part, but with special privilege review protections granted as to the three lawyer custodians, as to CCS Medical and MGM, and as to Atlass communications with outside law firms. Counsel to submit order.) (Edmond, Michael) (Entered: 07/24/2020) |
| 07/21/2020 | 🌣 896 Hearing held on 7/21/2020. (RE: related document(s)1 Order transferring case number 19-12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P.) (Appearances: J. Morris, I. Karash, Z. Annabel, and M. Hayward for Debtors; M. Clemente and P. Montgomery for UCC; A. Clubok for UBS; R. Patel and A. Chiarello for Acis; T. Mascherin for Redeemer Committee; M. Lynn and J. Bonds for J. Dondero; L. Drawhorn for NexPoint funds and MGM; P. Keiffer |

| | |
|---|---|
| | for Atlas; S. Topetzes and J. Wright for Highland Capital Management Fund Advisors, L.P. and other funds; T. Stratford for CCS Medical; R. Matsumura and M. Maloney for HCLOF; J. Kane for CLO Holdco.; J. Slade for NexBank; K. Preston for certain employees sued by Acis. Nonevidentiary hearing. Scheduling discussed, including that there will be a setting on 9/17/20 on the objections to Aciss proof of claim for arguing certain issues of law and, perhaps, narrow issues for trial. Counsel to submit an interim scheduling order that memorializes dicussions.) (Edmond, Michael) (Entered: 07/24/2020) |
| 07/22/2020 | 884 (22 pgs; 2 docs) Application for compensation *Eighth Monthly Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from June 1, 2020 through June 30, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 6/1/2020 to 6/30/2020, Fee: $21,242.00, Expenses: $343.69. Filed by Attorney Holland N. O'Neil Objections due by 8/12/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) |
| 07/22/2020 | 885 (11 pgs; 2 docs) INCORRECT ENTRY: EVENT CODE. Motion to extend or limit the exclusivity period Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) (Annable, Zachery) Modified on 7/22/2020 (Rielly, Bill). |
| 07/22/2020 | 886 (11 pgs; 2 docs) Motion to extend time to assume or reject unexpired nonresidential real property lease Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) (Annable, Zachery) |
| 07/22/2020 | 887 (3 pgs) Notice of hearing *(Notice of Status Conference)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 7/23/2020.). Status Conference to be held on 8/14/2020 at 09:30 AM at Dallas Judge Jernigan Ctrm. (Annable, Zachery) |
| 07/22/2020 | 888 (1 pg) Request for transcript regarding a hearing held on 7/21/2020. The requested turn-around time is daily. (Edmond, Michael) |
| 07/22/2020 | 889 (3 pgs) Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 7/23/2020.). Hearing to be held on 9/17/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 771, (Annable, Zachery) |
| 07/22/2020 | 890 (12 pgs) Certificate of service re: *Documents Served on July 17, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)868 Objection to claim(s) of Creditor(s) Integrated Financial Associates, Inc... Filed by Debtor Highland Capital Management, L.P.. Responses due by 8/19/2020. filed by Debtor Highland Capital Management, L.P., 869 Reply to (related document(s): 839 Response filed by Creditor Committee Official Committee of Unsecured Creditors) *(Debtor's Reply to the Committee's Response to the Debtor's Discovery Motion)* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 870 Declaration re: *(Declaration of John A. Morris in Further Support of the Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs). filed by Debtor Highland Capital Management, L.P., 871 Declaration re: First Supplemental Declaration of Alexander McGeoch in Support of Debtor's Application for an Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date filed by Spec. Counsel Hunton Andrews Kurth LLP (RE: related document(s)604 Application to employ Hunton Andrews Kurth LLP as Special Counsel (Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date)). filed by Interested Party Hunton Andrews Kurth LLP, Spec. Counsel Hunton Andrews Kurth LLP, 873 Notice of hearing filed by Debtor Highland Capital Management, L.P.* |

| | *RE: related document(s)862 Objection to claim(s) of Creditor(s) Integrated Financial Associates, Inc.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 8/19/2020.). Hearing to be held on 9/17/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 868, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)* |
|---|---|
| 07/23/2020 | 891  (7 pgs) Objection to claim(s) 3 of Creditor(s) ACIS Capital Management L.P. and ACIS Capital Management GP, LLC.. Filed by Interested Parties UBS AG London Branch, UBS Securities LLC. (Sosland, Martin) |
| 07/23/2020 | 892  (5 pgs) Certificate of service re: *Amended Ninth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from June 1, 2020 Through June 30, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)879 Amended application for compensation *Amended Ninth Monthly Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from June 1, 2020 through June 30, 2020 (amended to include Exhibit)* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 6/1/2020 to 6/30/2020, Fee: $818,786.50, Expenses: $3,205.81. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 8/10/2020. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 07/23/2020 | 893  (5 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)882 Order granting motion to appear pro hac vice adding Mark M. Maloney for Highland CLO Funding, Ltd. (related document 857) Entered on 7/21/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 07/23/2020. (Admin.) |
| 07/24/2020 | 897  (125 pgs) Transcript regarding Hearing Held 07/21/20 RE: DOCS 808 and 810. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 10/22/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Transcripts Plus, Inc., Telephone number 215-862-1115 CourtTranscripts@aol.com. (RE: related document(s) 896 Hearing held on 7/21/20. (RE: related document(s)1 Order transferring case number 19-12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P.) (Appearances: J. Morris, I. Karash, Z. Annabel, and M. Hayward for Debtors; M. Clemente and P. Montgomery for UCC; A. Clubok for UBS; R. Patel and A. Chiarello for Acis; T. Mascherin for Redeemer Committee; M. Lynn and J. Bonds for J. Dondero; L. Drawhorn for NexPoint funds and MGM; P. Keiffer for Atlas; S. Topetzes and J. Wright for Highland Capital Management Fund Advisors, L.P. and other funds; T. Stratford for CCS Medical; R. Matsumura and M. Maloney for HCLOF; J. Kane for CLO Holdco.; J. Slade for NexBank; K. Preston for certain employees sued by Acis. Nonevidentiary hearing. Scheduling discussed, including that there will be a setting on 9/17/20 on the objections to Aciss proof of claim for arguing certain issues of law and, perhaps, narrow issues for trial. Counsel to submit an interim scheduling order that memorializes dicussions.)). Transcript to be made available to the public on 10/22/2020. (Hartmann, Karen) |
| 07/24/2020 | 898  (5 pgs) Certificate of service re: *1) Summary Cover Sheet and Eighth Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses for the Period from June 1, 2020 to and Including June 30, 2020; and 2) Summary Cover Sheet and Second Interim Fee Application of FTI Consulting, Inc. as Financial Advisor for the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses for the Period from March 1, 2020 Through and Including May 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)877 Application for compensation *Eighth Monthly Application for Compensation and Reimbursement of Expenses of Sidley Austin, LLP* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 6/1/2020 to 6/30/2020, Fee: $493,788.96, Expenses: $5,759.29. Filed by Objections due by 8/10/2020. filed by Creditor Committee Official Committee of Unsecured Creditors, 883 Application for compensation *Second Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 3/1/2020 to 5/31/2020, Fee: $1,488,533.4, Expenses: $23,515.26. Filed by Objections due by 8/11/2020. filed by Financial Advisor FTI Consulting, Inc.). (Kass, Albert) |
| 07/27/2020 | 899  (3 pgs) Certificate of No Objection filed by Other Professional Hayward & Associates PLLC (RE: related document(s)795 Application for compensation *(Fifth Monthly Application for Compensation and* |

*Reimbursement of Expenses of Haynard & Associates PLLC as Local Counsel to the Debtor for the Period from April 1, 2020 through April 30, 2020)* for Hayward & Assoc). (Annable, Zachery)

| 07/27/2020 | 🌐 900  (14 pgs) Certificate of service re: *Documents Served on July 22, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)884 Application for compensation *Eighth Monthly Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from June 1, 2020 through June 30, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 6/1/2020 to 6/30/2020, Fee: $21,242.00, Expenses: $343.69. Filed by Attorney Holland N. O'Neil Objections due by 8/12/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 886 Motion to extend time to assume or reject unexpired nonresidential real property lease Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) filed by Debtor Highland Capital Management, L.P., 887 Notice of hearing *(Notice of Status Conference)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 7/23/2020.) Status Conference to be held on 8/14/2020 at 09:30 AM at Dallas Judge Jernigan Ctrm. filed by Debtor Highland Capital Management, L.P., 889 Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 7/23/2020.). Hearing to be held on 9/17/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 771, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
|---|---|
| 07/28/2020 | 🌐 901 INCORRECT ENTRY: See # 902 for correction. Clerk's correspondence requesting an order from attorney for creditor. (RE: related document(s)733 Motion for leave *to File an Omnibus Reply to Objections to UBS's Motion for Relief from the Automatic Stay to Proceed With State Court Action* (related document(s) 687 Response, 690 Objection, 692 Objection, 694 Joinder, 701 Objection) Filed by Interested Parties UBS AG London Branch, UBS Securities LLC Objections due by 7/2/2020. (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B - Reply # 3 Exhibit 1 # 4 Exhibit 2 # 5 Exhibit 3 # 6 Exhibit 4 # 7 Exhibit 5 # 8 Exhibit 6 # 9 Exhibit 7 # 10 Exhibit 8 # 11 Exhibit 9 # 12 Exhibit 10 # 13 Exhibit 11 # 14 Exhibit 12 # 15 Exhibit 13 # 16 Exhibit 14)) Responses due by 8/4/2020. (Ecker, C.) Modified on 7/28/2020 (Ecker, C.) |
| 07/28/2020 | 🌐 902  (1 pg) Clerk's correspondence requesting an order from attorney for creditor. (RE: related document(s)733 Motion for leave *to File an Omnibus Reply to Objections to UBS's Motion for Relief from the Automatic Stay to Proceed With State Court Action* (related document(s) 687 Response, 690 Objection, 692 Objection, 694 Joinder, 701 Objection) Filed by Interested Parties UBS AG London Branch, UBS Securities LLC Objections due by 7/2/2020. (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B - Reply # 3 Exhibit 1 # 4 Exhibit 2 # 5 Exhibit 3 # 6 Exhibit 4 # 7 Exhibit 5 # 8 Exhibit 6 # 9 Exhibit 7 # 10 Exhibit 8 # 11 Exhibit 9 # 12 Exhibit 10 # 13 Exhibit 11 # 14 Exhibit 12 # 15 Exhibit 13 # 16 Exhibit 14)) Responses due by 8/4/2020. (Ecker, C.) |
| 07/28/2020 | 🌐 903  (1 pg) Clerk's correspondence requesting an order from attorney for creditor. (RE: related document(s)746 Motion to file document under seal. Filed by Interested Parties UBS AG London Branch , UBS Securities LLC (Ecker, C.)) Responses due by 8/4/2020. (Ecker, C.) |
| 07/28/2020 | 🌐  Receipt Number 00338615, Fee Amount $30,715.92 (RE: related document(s)) 821 Order on motion for authority to apply and disburse funds.) NOTE: Deposit of funds into the Registry of the Court. (Floyd, K.) (Entered: 08/10/2020) |
| 07/28/2020 | 🌐  Receipt Number 00338617, Fee Amount $20,830.29 (RE: related document(s) 821 Order on motion for authority to apply and disburse funds.) NOTE: Deposit of funds into the Registry of the Court. (Floyd, K.) (Entered: 08/10/2020) |
| 07/28/2020 | 🌐  Receipt Number 00338616, Fee Amount $84,062.32 (RE: related document(s) 821 Order on motion for authority to apply and disburse funds.) NOTE: Deposit of funds into the Registry of the Court. (Floyd, K.) (Entered: 08/10/2020) |

| | |
|---|---|
| 07/30/2020 | 🌐 904 (3 pgs) Notice of Appearance and Request for Notice *Chad Timmons, Emily M. Hahn, Larry R. Boyd* by Chad D. Timmons filed by Creditor COLLIN COUNTY TAX ASSESSOR/COLLECTOR. (Timmons, Chad) |
| 07/30/2020 | 🌐 905 (9 pgs) Amended Debtor-in-possession monthly operating report for filing period May 1, 2020 to May 31, 2020 filed by Debtor Highland Capital Management, L.P. (RE: related document(s)800 Operating report). (Annable, Zachery) |
| 07/30/2020 | 🌐 906 (23 pgs; 2 docs) Objection to claim(s) of Creditor(s) Daniel Sheehan and Associates, PLLC; Dun & Bradstreet; Eastern Point Trust Company, Inc.; Collin County Tax Assessor/Collector; Collin County Tax Assessor/Collector; Dallas County; Opus 2 International Inc.; Andrew Parmentier; 4CAST Inc.; Advent Software Inc.; ConvergeOne, Inc.; Denton County; Internal Revenue Service; Kaufman County; Maples and Calder; McLagen Partners, Inc.; Microsoft Corporation and Microsoft Licensing GP, a Subsidiary of Microsoft Corporation; Moodys Analytics, Inc.; Quintairos, Prieto, Wood & Boyer; Advisors Equity Group, LLC; Eagle Equity Advisors, LLC; HCRE Partner, LLC; Highland Capital Management Fund Advisors; Highland Capital Management Fund Advisors; Highland Capital Management Services, Inc.; Highland Capital Management Services, Inc.; Highland Energy MLP Fund; Highland Fixed Income Fund; Highland Floating Rate Fund; Highland Funds I; Highland Funds II; Highland Global Allocation Fund; Highland Healthcare Opportunities Fund; Highland iBoxx Senior Loan ETF; Highland Income Fund HFRO; Highland Long/Short Equity Fund; Highland Merger Arbitrage Fund; Highland Opportunistic Credit Fund; Highland Small-Cap Equity Fund; Highland Socially Responsible Equity Fund; Highland Tax-Exempt Fund; Highland Total Return Fund; NexBank SSB; NexPoint Advisors, L.P.; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint Capital, Inc.; NexPoint Discount Strategies Fund; NexPoint Energy and Material Opportunities Fund; NexPoint Event-Driven Fund; NexPoint Healthcare Opportunities Fund; NexPoint Latin America Opportunities Fund; NexPoint Real Estate Strategies Fund; NexPoint Strategic Opportunities Fund; The Dugaboy Investment Trust; The Dugaboy Investment Trust; Bentley Callan; City of Garland; Clay Callan; Eastern Point Trust Company, Inc.; Garland Independent School District; Grayson County; HarbourVest 2017 Global Fund L.P.; HarbourVest 2017 Global AIF L.P.; HarbourVest Partners L.P. on behalf of funds and accounts under management; HarbourVest Dover Street IX Investment L.P.; HarbourVest Skew Base AIF L.P.; Hartman Wanzor LLP; Irving ISD; John Morris; John R. Watkins; Linear Technologies, Inc.; Mass. Dept. of Revenue; Mediant Communications Inc.; Oklahoma Tax Commission; Jun Park; Paul N. Adkins; Paul N. Adkins; Tarrant County; Theodore N. Dameris; Theodore N. Dameris; Weijun Zang; Anish Tailor; Mollie Boyce-Field; Charles Byrne; Donald Salvino; Ericka Garcia; Garman Turner Gordon; Joe Kingsley; Frederic Mason; TDA Associates, Inc.; Wilkinson Center.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 9/1/2020. (Attachments: # 1 Exhibit A--Proposed Order and Schedules 1-7) (Annable, Zachery) |
| 07/30/2020 | 🌐 907 (3 pgs) Notice of hearing *(Notice of Hearing on Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)906 Objection to claim(s) of Creditor(s) Daniel Sheehan and Associates, PLLC; Dun & Bradstreet; Eastern Point Trust Company, Inc.; Collin County Tax Assessor/Collector; Collin County Tax Assessor/Collector; Dallas County; Opus 2 International Inc.; Andrew Parmentier; 4CAST Inc.; Advent Software Inc.; ConvergeOne, Inc.; Denton County; Internal Revenue Service; Kaufman County; Maples and Calder; McLagen Partners, Inc.; Microsoft Corporation and Microsoft Licensing GP, a Subsidiary of Microsoft Corporation; Moodys Analytics, Inc.; Quintairos, Prieto, Wood & Boyer; Advisors Equity Group, LLC; Eagle Equity Advisors, LLC; HCRE Partner, LLC; Highland Capital Management Fund Advisors; Highland Capital Management Fund Advisors; Highland Capital Management Services, Inc.; Highland Capital Management Services, Inc.; Highland Energy MLP Fund; Highland Fixed Income Fund; Highland Floating Rate Fund; Highland Funds I; Highland Funds II; Highland Global Allocation Fund; Highland Healthcare Opportunities Fund; Highland iBoxx Senior Loan ETF; Highland Income Fund HFRO; Highland Long/Short Equity Fund; Highland Merger Arbitrage Fund; Highland Opportunistic Credit Fund; Highland Small-Cap Equity Fund; Highland Socially Responsible Equity Fund; Highland Tax-Exempt Fund; Highland Total Return Fund; NexBank SSB; NexPoint Advisors, L.P.; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint Capital, Inc.; NexPoint Discount Strategies Fund; NexPoint Energy and Material Opportunities Fund; NexPoint Event-Driven Fund; NexPoint Healthcare Opportunities Fund; NexPoint Latin America Opportunities Fund; NexPoint Real Estate Strategies Fund; NexPoint Strategic Opportunities Fund; The Dugaboy Investment Trust; The Dugaboy Investment Trust; Bentley Callan; City of Garland; Clay Callan; Eastern Point Trust Company, |

Inc.; Garland Independent School District; Grayson County; HarbourVest 2017 Global Fund L.P.;
HarbourVest 2017 Global AIF L.P.; HarbourVest Partners L.P. on behalf of funds and accounts under
management; HarbourVest Dover Street IX Investment L.P.; HarbourVest Skew Base AIF L.P.; Hartman
Wanzor LLP; Irving ISD; John Morris; John R. Watkins; Linear Technologies, Inc.; Mass. Dept. of
Revenue; Mediant Communications Inc.; Oklahoma Tax Commission; Jun Park; Paul N. Adkins; Paul N.
Adkins; Tarrant County; Theodore N. Dameris; Theodore N. Dameris; Weijun Zang; Anish Tailor; Mollie
Boyce-Field; Charles Byrne; Donald Salvino; Ericka Garcia; Garman Turner Gordon; Joe Kingsley;
Frederic Mason; TDA Associates, Inc.; Wilkinson Center.. Filed by Debtor Highland Capital Management,
L.P.. Responses due by 9/1/2020. (Attachments: # 1 Exhibit A--Proposed Order and Schedules 1-7)).
Hearing to be held on 9/10/2020 at 02:30 PM Dallas Judge Jernigan Ctrm for 906, (Annable, Zachery)

| 07/31/2020 | 908  (271 pgs; 5 docs) Response opposed to (related document(s): 771 Objection to claim filed by Debtor Highland Capital Management, L.P.) filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P.. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4) (Patel, Rakhee) |
|---|---|
| 08/03/2020 | 909  (3 pgs) Agreed Order Granting 886 Motion to extend deadline to assume or reject unexpired nonresidential real property lease by sixty days. Entered on 8/3/2020. (Okafor, M.) |
| 08/03/2020 | 910  (3 pgs) Order granting motion for leave to File an Omnibus Reply to Objections to UBS's Motion for Relief from the Automatic Stay to Proceed With State Court Action (related document # 733) Entered on 8/3/2020. (Okafor, M.) |
| 08/03/2020 | 911  (3 pgs) Order granting motion to seal documents (related document # 746) Entered on 8/3/2020. (Okafor, M.) |
| 08/03/2020 | 912  (6 pgs) Order directing mediation (RE: related document(s)3 Document filed by Debtor Highland Capital Management, L.P.). Entered on 8/3/2020 (Okafor, M.) |
| 08/03/2020 | 913  (9 pgs) Debtor-in-possession monthly operating report for filing period June 1, 2020 to June 30, 2020 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 08/03/2020 | 914  (156 pgs; 3 docs) Motion for leave *[CLO Holdco, Ltd.'s Motion for Clarification of Ruling]* (related document(s) 808 Motion to compel, 846 Objection, 872 Response, 894 Hearing held) Filed by Creditor CLO Holdco, Ltd. (Attachments: # 1 Exhibit A # 2 Exhibit B) (Kane, John) |
| 08/04/2020 | 915  (6 pgs) Joinder by *NexPoint RE Entities' Joinder to CLO Holdco, Ltd.'s Motion for Clarification of Ruling* filed by Interested Parties NexPoint Hospitality Trust, NexPoint Multifamily Capital Trust, Inc., NexPoint Real Estate Advisors II, L.P., NexPoint Real Estate Advisors III, L.P., NexPoint Real Estate Advisors IV, L.P., NexPoint Real Estate Advisors V, L.P., NexPoint Real Estate Advisors VI, L.P., NexPoint Real Estate Advisors VII, L.P., NexPoint Real Estate Advisors VIII, L.P., NexPoint Real Estate Advisors, L.P., NexPoint Real Estate Finance Inc., NexPoint Real Estate Partners, LLC, NexPoint Residential Trust, Inc., Nexpoint Real Estate Capital, LLC, VineBrook Homes, Trust, Inc. (RE: related document(s)914 Motion for leave *[CLO Holdco, Ltd.'s Motion for Clarification of Ruling]* (related document(s) 808 Motion to compel, 846 Objection, 872 Response, 894 Hearing held)). (Drawhorn, Lauren) |
| 08/04/2020 | 916  (16 pgs) Certificate of service re: *1) Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims; and 2) Notice of Hearing on Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)906 Objection to claim(s) of Creditor(s) Daniel Sheehan and Associates, PLLC; Dun & Bradstreet; Eastern Point Trust Company, Inc.; Collin County Tax Assessor/Collector; Collin County Tax Assessor/Collector; Dallas County; Opus 2 International Inc.; Andrew Parmentier; 4CAST Inc.; Advent Software Inc.; ConvergeOne, Inc.; Denton County; Internal Revenue Service; Kaufman County; Maples and Calder; McLagen Partners, Inc.; Microsoft Corporation |

and Microsoft Licensing GP, a Subsidiary of Microsoft Corporation; Moodys Analytics, Inc.; Quintairos,
Prieto, Wood & Boyer; Advisors Equity Group, LLC; Eagle Equity Advisors, LLC; HCRE Partner, LLC;
Highland Capital Management Fund Advisors; Highland Capital Management Fund Advisors; Highland
Capital Management Services, Inc.; Highland Capital Management Services, Inc.; Highland Energy MLP
Fund; Highland Fixed Income Fund; Highland Floating Rate Fund; Highland Funds I; Highland Funds II;
Highland Global Allocation Fund; Highland Healthcare Opportunities Fund; Highland iBoxx Senior Loan
ETF; Highland Income Fund HFRO; Highland Long/Short Equity Fund; Highland Merger Arbitrage Fund;
Highland Opportunistic Credit Fund; Highland Small-Cap Equity Fund; Highland Socially Responsible
Equity Fund; Highland Tax-Exempt Fund; Highland Total Return Fund; NexBank SSB; NexPoint
Advisors, L.P.; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint Capital, Inc.; NexPoint
Discount Strategies Fund; NexPoint Energy and Material Opportunities Fund; NexPoint Event-Driven
Fund; NexPoint Healthcare Opportunities Fund; NexPoint Latin America Opportunities Fund; NexPoint
Real Estate Strategies Fund; NexPoint Strategic Opportunities Fund; The Dugaboy Investment Trust; The
Dugaboy Investment Trust; Bentley Callan; City of Garland; Clay Callan; Eastern Point Trust Company,
Inc.; Garland Independent School District; Grayson County; HarbourVest 2017 Global Fund L.P.;
HarbourVest 2017 Global AIF L.P.; HarbourVest Partners L.P. on behalf of funds and accounts under
management; HarbourVest Dover Street IX Investment L.P.; HarbourVest Skew Base AIF L.P.; Hartman
Wanzor LLP; Irving ISD; John Morris; John R. Watkins; Linear Technologies, Inc.; Mass. Dept. of
Revenue; Mediant Communications Inc.; Oklahoma Tax Commission; Jun Park; Paul N. Adkins; Paul N.
Adkins; Tarrant County; Theodore N. Dameris; Theodore N. Dameris; Weijun Zang; Anish Tailor; Mollie
Boyce-Field; Charles Byrne; Donald Salvino; Ericka Garcia; Garman Turner Gordon; Joe Kingsley;
Frederic Mason; TDA Associates, Inc.; Wilkinson Center.. Filed by Debtor Highland Capital Management,
L.P.. Responses due by 9/1/2020. (Attachments: # 1 Exhibit A--Proposed Order and Schedules 1-7) filed
by Debtor Highland Capital Management, L.P., 907 Notice of hearing (*Notice of Hearing on Debtor's First
Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D)
Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims*) filed by Debtor
Highland Capital Management, L.P. (RE: related document(s)906 Objection to claim(s) of Creditor(s)
Daniel Sheehan and Associates, PLLC; Dun & Bradstreet; Eastern Point Trust Company, Inc.; Collin
County Tax Assessor/Collector; Collin County Tax Assessor/Collector; Dallas County; Opus 2
International Inc.; Andrew Parmentier; 4CAST Inc.; Advent Software Inc.; ConvergeOne, Inc.; Denton
County; Internal Revenue Service; Kaufman County; Maples and Calder; McLagen Partners, Inc.;
Microsoft Corporation and Microsoft Licensing GP, a Subsidiary of Microsoft Corporation; Moodys
Analytics, Inc.; Quintairos, Prieto, Wood & Boyer; Advisors Equity Group, LLC; Eagle Equity Advisors,
LLC; HCRE Partner, LLC; Highland Capital Management Fund Advisors; Highland Capital Management
Fund Advisors; Highland Capital Management Services, Inc.; Highland Capital Management Services,
Inc.; Highland Energy MLP Fund; Highland Fixed Income Fund; Highland Floating Rate Fund; Highland
Funds I; Highland Funds II; Highland Global Allocation Fund; Highland Healthcare Opportunities Fund;
Highland iBoxx Senior Loan ETF; Highland Income Fund HFRO; Highland Long/Short Equity Fund;
Highland Merger Arbitrage Fund; Highland Opportunistic Credit Fund; Highland Small-Cap Equity Fund;
Highland Socially Responsible Equity Fund; Highland Tax-Exempt Fund; Highland Total Return Fund;
NexBank SSB; NexPoint Advisors, L.P.; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint
Capital, Inc.; NexPoint Discount Strategies Fund; NexPoint Energy and Material Opportunities Fund;
NexPoint Event-Driven Fund; NexPoint Healthcare Opportunities Fund; NexPoint Latin America
Opportunities Fund; NexPoint Real Estate Strategies Fund; NexPoint Strategic Opportunities Fund; The
Dugaboy Investment Trust; The Dugaboy Investment Trust; Bentley Callan; City of Garland; Clay Callan;
Eastern Point Trust Company, Inc.; Garland Independent School District; Grayson County; HarbourVest
2017 Global Fund L.P.; HarbourVest 2017 Global AIF L.P.; HarbourVest Partners L.P. on behalf of funds
and accounts under management; HarbourVest Dover Street IX Investment L.P.; HarbourVest Skew Base
AIF L.P.; Hartman Wanzor LLP; Irving ISD; John Morris; John R. Watkins; Linear Technologies, Inc.;
Mass. Dept. of Revenue; Mediant Communications Inc.; Oklahoma Tax Commission; Jun Park; Paul N.
Adkins; Paul N. Adkins; Tarrant County; Theodore N. Dameris; Theodore N. Dameris; Weijun Zang;
Anish Tailor; Mollie Boyce-Field; Charles Byrne; Donald Salvino; Ericka Garcia; Garman Turner Gordon;
Joe Kingsley; Frederic Mason; TDA Associates, Inc.; Wilkinson Center.. Filed by Debtor Highland Capital
Management, L.P.. Responses due by 9/1/2020. (Attachments: # 1 Exhibit A--Proposed Order and
Schedules 1-7)). Hearing to be held on 9/10/2020 at 02:30 PM Dallas Judge Jernigan Ctrm for 906, filed
by Debtor Highland Capital Management, L.P.). (Kass, Albert)

| | |
|---|---|
| 08/05/2020 | ⊙ 917  (26 pgs; 2 docs) Application for compensation (*Sixth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from May 1, 2020 through May 31, 2020*) for Hayward & Associates PLLC, Debtor's Attorney, |

| | Period: 3/1/2020 to 5/31/2020, Fee: $17,667.50; Expenses: $3.7.48. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A--H&A May 2020 Invoice) (Annable, Zachery) |
|---|---|
| 08/05/2020 | 🌑 918  (6 pgs; 2 docs) Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)831 Application for compensation *Sidley Austin LLP's Second Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 3/1/2020 to 5/31/2020, Fee: $1,5). (Attachments: # 1 Exhibit) (Hoffman, Juliana) |
| 08/05/2020 | 🌑 919  (9 pgs) Certificate of service re: *1) Agreed Order Extending Deadline to Assume or Reject Unexpired Nonresidential Real Property Lease by Sixty Days; and 2) Order Directing Mediation* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)909 Agreed Order Granting 886 Motion to extend deadline to assume or reject unexpired nonresidential real property lease by sixty days. Entered on 8/3/2020. (Okafor, M.), 912 Order directing mediation (RE: related document(s)3 Document filed by Debtor Highland Capital Management, L.P.). Entered on 8/3/2020 (Okafor, M.)). (Kass, Albert) |
| 08/05/2020 | 🌑 920  (3 pgs) Certificate of No Objection (Amended) filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)918 Certificate (generic)). (Hoffman, Juliana) |
| 08/05/2020 | 🌑 921  (5 pgs) Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to June 30, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY C |