UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

In Re: Highland Capital Management, L.P

§
§ Case No. 19-34054-sgj11

**The Dugaboy Investment Trust - Appellant**

§
vs. § 3:25-CV-01876-K

**Highland Capital Management, L.P; et al** - Appellee

§
§

[4297] Order approving settlement between the Highland Entities and the HMIT Entities and authorizing actions consistent therewith (related document # 4216) Entered on 6/30/2025

# Volume 18

# APPELLEE RECORD

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Jordan A. Kroop (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910

QUINN EMANUEL URQUHART & SULLIVAN LLP
Deborah J. Newman (admitted *pro hac vice*)
Robert S. Loigman (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000

HAYWARD PLLC
Zachery Z. Annable (Texas Bar No. 24053075)
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100

SIDLEY AUSTIN LLP
Penny P. Reid (Texas Bar No. 15402570)
Paige Holden Montgomery (Texas Bar No. 24037131)
2021 McKinney Avenue
Suite 2000
Dallas, Texas 75201
Tel: (214) 981-3300

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*

*Co-Counsel for Marc S. Kirschner, as Litigation Trustee of the Highland Litigation Sub-Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Reorganized Debtor. | § Chapter 11<br>§<br>§ Case No. 19-34054-sgj11<br>§<br>§<br>§ |

*INDEX*

**APPELLEES' SUPPLEMENTAL**
**DESIGNATION OF RECORD ON APPEAL**

Appellees Highland Capital Management, L.P., the Highland Claimant Trust (together "Highland"), and Marc S. Kirschner as Litigation Trustee of the Highland Litigation Sub-Trust (together with Highland, "Appellees"), pursuant to Rule 8009(a)(2) of the Federal Rules of Bankruptcy Procedure, hereby submit their supplemental designation of items to be included in the record in the appeal filed by The Dugaboy Investment Trust ("Appellant") from the *Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement Between the*

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

*Highland Entities and the HMIT Entities and Authorizing Actions Consistent Therewith* [Docket No. 4297] entered by the United States Bankruptcy Court for the Northern District of Texas on June 30, 2025 in the above-referenced bankruptcy proceeding (the "Bankruptcy Case"). Appellees respectfully reserve the right to supplement and/or amend the record on appeal designated herein.

## I. Supplemental Items from the Docket in the Bankruptcy Case

Appellees designate the following additional items from the docket in the Bankruptcy Case, in addition to the items previously designated by Appellant:

*Vol. 18*

*004841*

| Date | Docket No. | Description |
|---|---|---|
| **Documents filed in Bankruptcy Case** | | |
| 6/9/2025 | 4230 | Preliminary Objection of The Dugaboy Investment Trust to the Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement with the HMIT Entities |

*[Remainder of Page Intentionally Left Blank]*

August 11, 2025

| | |
|---|---|
| PACHULSKI STANG ZIEHL & JONES LLP | QUINN EMANUEL URQUHART & SULLIVAN LLP |

Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Jordan A. Kroop (admitted *pro hac vice*)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760
Email: jpomerantz@pszjlaw.com
  jmorris@pszjlaw.com
  gdemo@pszjlaw.com
  jkroop@pszjlaw.com

-and-

HAYWARD PLLC

*/s/ Zachery Z. Annable*
Zachery Z. Annable (Texas Bar No. 24053075)
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*

*/s/ Robert S. Loigman*
Deborah J. Newman (admitted *pro hac vice*)
Robert S. Loigman (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000


SIDLEY AUSTIN LLP
Penny P. Reid (Texas Bar No. 15402570)
Paige Holden Montgomery (Texas Bar No. 24037131)
2021 McKinney Avenue
Suite 2000
Dallas, Texas 75201
Tel: (214) 981-3300

*Co-Counsel for Marc S. Kirschner, as Litigation Trustee of the Highland Litigation Sub-Trust*

Gregory G. Hesse, Esq.
State Bar No. 09549419
HUNTON ANDREWS KURTH, LLP
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202-2799
Telephone: (214) 979-3000
Telecopy: (214) 880-0011

**ATTORNEYS FOR DUGABOY INVESTMENT TRUST**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.<br><br>Reorganized Debtor. | § § § § § § § | Chapter 11<br><br>Case No. 19-34054-sgj-11 |

**PRELIMINARY OBJECTION OF THE DUGABOY INVESTMENT TRUST TO THE MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 9019 AND 11 U.S.C. § 363 APPROVING SETTLEMENT WITH THE HMIT ENTITIES**

**COMES NOW**, the Dugaboy Investment Trust ("Dugaboy") and submits this Preliminary Objection (the "Objection") to the *Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith* [Dkt. No. 4216] (the "Settlement Motion"), and in support thereof, respectfully states as follows:

**PRELIMINARY STATEMENT**

1.  The Settlement Motion seeks approval of a settlement agreement between Highland Capital Management, L.P. ("Highland"), the Highland Claimant Trust, the Highland Litigation Sub-Trust, and the Highland Indemnity Trust (collectively, the "Highland Entities"), on the one hand, and Hunter Mountain Investment Trust ("HMIT") and related entities (the "HMIT Entities")

on the other (the "Settlement Agreement"). On June 6, 2025, Dugaboy retained the undersigned counsel to represent it with respect to the Settlement Motion. The undersigned promptly requested a brief two-week extension of the Settlement Motion's objection deadline. Counsel for the Highland Entities declined any extension. As such, Dugaboy files this Objection to preserve its rights, and expressly reserves the right to supplement this Objection after conducting discovery of the issues relevant to the Settlement Motion.

2. If the Court grants the Settlement Motion, it will approve a wide-ranging compromise that would significantly alter the confirmed Plan (as defined below). Specifically, the Settlement Motion attempts to elevate distributions to certain equity interests (Class 10) above the remaining creditors and provides for accelerated distributions *ahead* of those creditor[s].[1] Such a distribution is a clear violation of the terms of the Plan and its implementation documents, including the Claimant Trust Agreement. For this reason alone, the Court should deny the Settlement Motion.

3. Additionally, the Settlement Motion is devoid of information sufficient to allow the Court or other parties in interest to determine whether the proposed Settlement Agreement meets the standards for approval, including evidence to support the distribution of any assets to the holders of any equity interests, including the HMIT Entities, and evidence to support the allowance of HMIT's Class 10 interest in the amount of $336,940,230.58. As a result, Dugaboy intends to serve discovery upon the Highland Entities to obtain the evidence relating to these and other issues set forth in the Settlement Motion.

---

[1] It is not clear from the Settlement Motion the total number of remaining, unpaid claimants. In footnote 3 of the Settlement Motion, the Highland Entities represent that if the Settlement Motion is granted, the only "unresolved claim" is the claim of Patrick Daugherty. Since the Settlement Motion proposes making distributions to only the holder of a Class 10 Equity Interest, it implies that the only "unresolved claim" (maybe the only unpaid claim) is held by Mr. Daugherty.

4. Finally, the Settlement Agreement's currently drafted mutual release provisions are vague and overly broad. Out of an abundance of caution, Dugaboy objects to any language that explicitly or implicitly attempts to impose a release of any of its claims or the claims of any affiliates, including James Dondero ("Dondero"), against any Highland Entity (as that term is defined in the Settlement Agreement) or any HMIT Entity (as that term is defined in the Settlement Agreement). For these reasons, as further detailed below, the Settlement Motion should be denied.

## PROCEDURAL HISTORY

5. The Debtor commenced the above-captioned case (the "Bankruptcy Case") in the District of Delaware on October 16, 2019. The Bankruptcy Case was subsequently transferred to this Court. On February 22, 2021, this Court entered the *Order (I) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (II) Granting Related Relief* [Docket No. 1943], which confirmed the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* [Docket No. 1943-1] (the "Plan"). The Plan went effective on August 11, 2021 [Docket No. 2700] (the "Effective Date").

6. On the Effective Date, in accordance with the Plan: (a) Highland established the Claimant Trust for the benefit of the Claimant Trust Beneficiaries; (b) Highland established Litigation Sub-Trust for the benefit of the Claimant Trust as the "Litigation Sub-Trust Beneficiary"; (c) the Class B/C Interests and the Class A Interests in Highland were extinguished; (d) holders of allowed Class 10 interests, consisting of Class B/C Interests, would receive contingent and unvested Class 10 Interests if and when their claims or interests were allowed in amounts determined under the Plan; (e) holders of allowed Class 11 interests, consisting of the Class A Interests, would receive contingent and unvested Class 11 Interests if and when their claims or interests were allowed in amounts under the Plan; (f) James P. Seery, Jr., was appointed

the Claimant Trustee of the Claimant Trust; and (g) Marc Kirschner was appointed the Litigation Trustee of the Litigation Sub-Trust.

7. Subsequently, on or about August 16, 2021, the Claimant Trust, as grantor through the Claimant Trustee (Mr. Seery), established the Indemnity Trust for the benefit of the "Trust Indemnified Parties."[2] In general terms the "Trust Indemnified Parties" and "Beneficiaries" of the Indemnity Trust are (a) the "Indemnified Parties" identified in Sec. 8.2 of the Claimant Trust Agreement, (b) the "Indemnified Parties" identified in Sec. 8.2 of the Litigation Sub-Trust and (c) the "Covered Persons" under Sec. 10 of the Reorganized Limited Partnership Agreement of Highland. Mr. Seery appointed himself the Indemnity Trust Administrator for the Indemnity Trust and is generally responsible for managing the Indemnity Trust.[3]

8. Prior to the filing of the Settlement Motion, neither the Class 10 Interests held by HMIT nor any of the Class 11 Interests, including those held by Dugaboy, have been Allowed (as defined in the Plan). The Settlement Motion, however, proposes to alter this state of affairs with an agreement to allow HMIT's Class 10 Interests and to authorize distribution of funds and assets to HMIT by the Claimant Trust or by other entities for the benefit of the Claimant Trust. The proposed distributions being made by the Claimant Trust, or for the benefit of the Claimant Trust, are being effectuated, apparently, prior to payment in full of all holders of claims.

---

[2] According to the Settlement Agreement, the Indemnity Trust Agreement has been amended at least two times, most recently "effective as of [April 28], 2025." See, Settlement Agreement, p.5 (definition of "Indemnity Trust Agreement"). Upon information and belief, the Second Amendments to the Indemnity Trust Agreement have not been provided to Dugaboy.

[3] The Settlement Agreement was signed for the Highland Entities by Mr. Kirschner as the Litigation Trustee for the Litigation Sub-Trust and Mr. Seery as (a) the Chief Executive Officer of Highland, (b) the Claimant Trustee for the Claimant Trust and (c) the Indemnity Trust Administrator for the Indemnity Trust.

## INITIAL OBJECTIONS

A. **The Settlement Agreement Violates the Terms of the Plan and the Claimant Trust Agreement**

9. The Claimant Trust Agreement has explicit requirements that must be met prior to the distribution of funds or assets to any Equity Trust Certificate holders. Sec. 5.1(c) of the Claimant Trust Agreement provides:

> (c) <u>Contingent Trust Interests.</u> On the date hereof, or on the date such Interest becomes Allowed under the Plan, the Claimant Trust shall issue Contingent Interests to Holders of Allowed Class 10 Class B/C Limited Partnership Interests and Holders of Allowed Class 11 Class A Limited Partnership Interests (collectively, the "Equity Holders"). The Claimant Trustee shall allocate to each Holder of Allowed Class 10 Class B/C Limited Partnership Interests and each Holder of Allowed Class 11 Class A Limited Partnership Interests a Contingent Trust Interest equal to the ratio that the amount of each Holder's Allowed Class 10 or Class 11 Interest bears to the total amount of the Allowed Class 10 or Class 11 Interests, as applicable, under the Plan. Contingent Trust Interests shall not vest, and the Equity Holders shall not have any rights under this Agreement, unless and until the Claimant Trustee files with the Bankruptcy Court a certification that all GUC Beneficiaries have been paid indefeasibly in full, including, to the extent applicable, all accrued and unpaid post-petition interest consistent with the Plan and all Disputed Claims have been resolved (the "GUC Payment Certification"). Equity Holders will only be deemed "Beneficiaries" under this Agreement upon the filing of a GUC Payment Certification with the Bankruptcy Court, at which time the Contingent Trust Interests will vest and be deemed "Equity Trust Interests." The Equity Trust Interests shall be subordinated in right and priority to Subordinated Trust Interests, and distributions on account thereof shall only be made if and when Subordinated Beneficiaries have been repaid in full on account of such Subordinated Beneficiary's Allowed Subordinated Claim, in accordance with the terms of the Plan, the Confirmation Order, and this Agreement. The Equity Trust Interests distributed to Allowed Holders of Class A Limited Partnership Interests shall be subordinated to the Equity Trust Interests distributed to Allowed Holders of Class B/C Limited Partnership Interests.

10. Before the Holders of Class 10 or Class 11 Interests are entitled to receive any distribution of property, the Claimant Trustee is required to file with the Court the "GUC Payment Certification" (as defined in Section 5.1(c) of the Claimant Trust Agreement). As of the filing of the Settlement Motion, the GUC Payment Certification had not been filed. So, based on the

express terms of the Claimant Trust Agreement, no distribution can be made to the HMIT Entities based on its Class 10 Interests.

11. The Settlement Agreement, however, includes an agreement between the Highland Entities and the HMIT Entities as to the allowed amount of HMIT's Class 10 Interest: $336,940,230.58. And Section 4(b) of the Settlement Agreement provides that, notwithstanding the allowance of HMIT's Class 10 Interest, it shall not be a "Claimant Trust Beneficiary" or a "Beneficiary" under the Claimant Trust Agreement.

12. In an apparent attempt to subvert the prohibition against making distributions to the HMIT Entities, the Settlement Agreement proposes to have distributions made by entities under the control of the Claimant Trust or the Claimant Trustee to the HMIT Entities. For example:

- Highland, which is wholly owned, directly and indirectly, by the Claimant Trust, is making a $500,000 payment to the HMIT Entities;[4]

- the Indemnity Trust, which was created by the Claimant Trust for the benefit of the Indemnified Parties identified in the Claimant Trust, the Litigation Trust and the Highland limited partnership agreement is making a series of payments in an amount not less than $23 million (and could be more if any funds remain in the Indemnity Trust on April 1, 2029) to be applied to HMIT's allowed Class 10 Equity Interest;

- the Litigation Trust, the sole beneficiary of which is the Claimant Trust, is transferring to the HMIT Entities the "Kirschner Claims";[5] and

- "The Highland Entities" (the specific Highland Entity is not disclosed in the Settlement Motion or Settlement Agreement) is transferring to HMIT the Dugaboy Note. After the Dugaboy Note is valued, the value is to be applied to HMIT's Class 10 Interest.

13. All, or substantially all, of the payments and transfers of property are being made by *or for the benefit of* the Claimant Trust to reduce the HMIT Entities' Class 10 Equity Interests

---

[4] The Settlement Agreement is silent as to how this payment is to be applied by HMIT. Will it be applied to HMIT's Class 10 Interest?

[5] The Settlement Agreement is silent as to the value of the "Kirschner Claims" or how such value it to be applied by HMIT. Once again, will the value attributed to the "Kirschner Claims" be applied to HMIT's Class 10 Interest?

in violation of the express terms of the Claimant Trust Agreement and Plan. As such, the Settlement Motion should be denied.

B.     **There is Insufficient Evidence to Support Approval of the Settlement Agreement**

14.    The Highland Entities are proposing a settlement with the HMIT Entities that violates the Plan, the Claimant Trust Agreement and the Confirmation Order. As a result, Dugaboy requires discovery relating to a number of relevant issues, including but not limited to:

- Has the Claimant Trust paid all the creditors, including the Class 9 subordinated creditors, in full?

- Is the Debtor solvent and capable of paying all the creditors, including the Class 9 subordinated creditors, in full?

- If the Debtor has not paid all creditors in full, does it have adequate funds and resources to pay all creditors in full?

- What is the basis of the Claimant Trustee's agreement to allow the Class 10 Equity Interest of HMIT in the amount of $336,940,230.58?

- What is the basis of the Claimant Trustee's assertion in Footnote 3 as to the amount of the Class 11 Equity Interests?

- What value is being attributed to the Kirschner Claims, and will such value be applied to HMIT's Class 10 Equity Interest?

15.    The forgoing factual issues are not exhaustive but illustrate a sampling of the types of open factual issues left unaddressed by the Settlement Motion. Dugaboy intends to serve discovery on the Highland Entities with regard to the Settlement Motion. Because the Highland Entities have failed to provide sufficient evidence to support approval of the Settlement Agreement, the Court should deny the Settlement Motion.

C.     **The Releases Contained in the Settlement Agreement are Vague and Overly Broad**

16.    Finally, the Settlement Motion contains vague and overly broad mutual release provisions. Out of an abundance of caution, Dugaboy objects to any language that explicitly or implicitly attempts to impose a release of any of its claims or the claims of any affiliate, including

Mr. Dondero, of any Highland Entity (as that term is defined in the Settlement Agreement) or any HMIT Entity (as that term is defined in the Settlement Agreement).

## RESERVATION OF RIGHTS

17. In the event the Court grants Dugaboy's motion to extend the response deadline to the Settlement Motion, Dugaboy reserves its rights to supplement this Objection. Further, Dugaboy reserves its rights to supplement this Objection as a result of evidence that will be obtained in discovery.

**WHEREFORE, PREMISES CONSIDERED**, Dugaboy prays that the Court enter an order (a) denying the Settlement Motion, and (b) granting Dugaboy such other and further relief to which it is entitled.

Respectfully submitted,

**HUNTON ANDREWS KURTH LLP**

By:  /s/  *Gregory G. Hesse*
Gregory G. Hesse (Texas Bar No.09549419)
1445 Ross Avenue, Suite 3700
Dallas, Texas  75202-2799
Telephone:  (214) 979-3000
Telecopy:   (214) 880-0011
GHesse@hunton.com

**ATTORNEYS FOR DUGABOY INVESTMENT TRUST**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 9th day of June, 2025, a true and correct copy of the foregoing was served on ECF participants, electronically through the Court's ECF System.

/s/  *Gregory G. Hesse*
Gregory G. Hesse