Jason S. Brookner (Texas Bar No. 240033684)
Andrew K. York (Texas Bar No. 24051554)
William N. Drabble (Texas Bar No. 24074154)
Joshua D. Smeltzer (Texas Bar No. 24113859)
Drake M. Rayshell (Texas Bar No. 24118507)
GRAY REED
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:   (214) 954-4135
Facsimile:   (214) 953-1332
Email:       jbrookner@grayreed.com
             dyork@grayreed.com
             wdrabble@grayreed.com
             jsmeltzer@grayreed.com
             drayshell@grayreed.com

*Counsel for Appellant Patrick Daugherty*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br>　　　　Reorganized Debtor. | Chapter 11<br>Case No. 19-34054-sgj11 |
| THE DUGABOY INVESTMENT TRUST and PATRICK DAUGHERTY,<br>　　　　Appellants,<br>v.<br>HIGHLAND CAPITAL MANAGEMENT, L.P, *et al.*,<br>　　　　Appellees. | Case No. 3:25-cv-01876-K<br>(Consolidated with Case No. 3:25-cv-01901-K) |

**APPELLANT PATRICK DAUGHERTY'S OBJECTION TO APPELLANT THE DUGABOY TRUST'S MOTION TO CONSOLIDATE PROCEEDINGS AND EXTEND RELATED DEADLINES ON APPEAL**

Appellant Patrick Daugherty ("Daugherty") partially objects to Appellant The

Dugaboy Trust's ("Dugaboy") Motion to Consolidate Proceedings and Extended

Related Deadlines (the "Motion") and respectfully requests the Court to deny Dugaboy's Motion, in part, based on the following:

1. On June 30, 2025, the United States Bankruptcy Court of the Northern District of Texas (the "Bankruptcy Court") granted Highland's Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 with the HMIT Entities and Authorizing Actions Consistent Therewith (the "HMIT Settlement Order"). [Bankr. Proc. No. 19-34054, Doc. No. 4297].

2. On July 14, 2025, Daugherty appealed the HMIT Settlement Order [Bankr. Proc. No. 19-34054, Doc. No. 4310]. Dugaboy also appealed the HMIT Settlement Order the same day. [Bankr. Proc. No. 19-34054, Doc. No. 4311].

3. The Court ultimately consolidated those appeals in the instant case (the "Settlement Appeal"). Critically, however, Daugherty and Dugaboy argue different grounds in their respective appeals. *Accord* Motion at p.1, n.1.

4. Following entry of the HMIT Settlement Order, Dugaboy independently filed a motion to stay the order pending its appeal. The Bankruptcy Court denied Dugaboy's motion to stay, which is the basis of Dugaboy's appeal pending in Case No. 3:25-cv-02072 (the "Stay-Settlement Appeal"). Motion at p. 2.

5. In October, Dugaboy independently filed two additional appeals relating to (1) the Bankruptcy Court's order[1] denying Dugaboy's motion to recuse

---

[1][*See* Bankr. Proc. No. 19-34054, Doc. No. 4379].

the Bankruptcy Judge, dated September 2, 2025 (the "Recusal Appeal"), and (2) the Bankruptcy Court's order[2] granting Highland's motion to fix the allowed amount of Dugaboy's Class 11 interests, dated September 22, 2025 (the "Dugaboy Interests' Appeal"). Motion at p. 4-5.

6. Daugherty did not participate in any of the underlying proceedings for the Stay-Settlement Appeal, Recusal Appeal, or the Dugaboy Interests' Appeal. Indeed, the Recusal Appeal and the Dugaboy Interests' Appeal are not related to any interest of Daugherty's in the Settlement Appeal,[3] which is currently pending before this Court. As Dugaboy concedes, Daugherty already argues different and independent grounds for his appeal of the HMIT Settlement Order. Motion at p.1, n. 1. Daugherty's arguments against entry of the HMIT Settlement Order would be further diluted, and potentially confused, if the Court were to consolidate the Settlement Appeal with unrelated and irrelevant issues, arguments, and legal standards from Dugaboy's Recusal and Dugaboy Interests' Appeals. Daugherty therefore opposes the consolidation of those matters with the Settlement Appeal as they would prejudice his interests before this Court.

7. Dugaboy's Stay-Settlement Appeal, however, relates, at least tangentially, to the underlying HMIT Settlement Order that Daugherty has appealed to this Court. Accordingly, Daugherty is ambivalent regarding the consolidation of

---

[2] [*See* Bankr. Proc. No. 19-34054, Doc. No. 4401].
[3] To be abundantly clear, Daugherty has no interest, literal or figurative, in the Recusal Appeal or the Dugaboy Interests' Appeal.

3

the Stay-Settlement Appeal with the Settlement Appeal as it would be less likely to cause prejudice to Daugherty.

8. Based on the foregoing, Daugherty respectfully requests the Court deny Dugaboy's motion to consolidate the Recusal Appeal and Dugaboy Interests' Appeals with the Settlement Appeal, takes no position with respect to the consolidation of the Stay-Settlement Appeal and Settlement Appeal, and requests all further relief in law or equity to which the Court deems him so justly entitled.

Dated: October 30, 2025.　　　Respectfully submitted,

         **GRAY REED**

       BY: */s/ Andrew K. York*
          Jason S. Brookner
          Texas Bar No. 240033684
          Andrew K. York
          Texas Bar No. 24051554
          William N. Drabble
          Texas Bar No. 24074154
          Joshua D. Smeltzer
          Texas Bar No. 24113859
          Drake M. Rayshell
          Texas Bar No. 24118507
          1601 Elm Street, Suite 4600
          Dallas, Texas 75201
          Telephone: (214) 954-4135
          Facsimile:  (214) 953-1332
          Email:　　jbrookner@grayreed.com
              dyork@grayreed.com
              wdrabble@grayreed.com
              jsmeltzer@grayreed.com
              drayshell@grayreed.com

        **Counsel for Appellant Patrick Daugherty**

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on October 30, 2025, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.

                                              */s/ Andrew K. York*
                                              Andrew K. York