Geoffrey S. Harper
Texas Bar No. 00795408
gharper@winston.com
John Michael Gaddis
Texas Bar No. 24069747
mgaddis@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500
(214) 453-6400 (fax)

*Counsel for Appellant The Dugaboy Investment Trust*

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | |
|---|---|
| In re:<br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br>    Reorganized Debtor.<br><br>THE DUGABOY INVESTMENT TRUST,<br><br>    Appellant,<br>v.<br>HIGHLAND CAPITAL MANAGEMENT, L.P,<br>et al.,<br>    Appellees. | Chapter 11<br>Case No. 19-34054-sgj11<br><br><br><br><br><br><br>Case No. 3:25-cv-01876-K |

## APPELLANT THE DUGABOY INVESTMENT TRUST'S REPLY IN SUPPORT OF ITS MOTION TO CONSOLIDATE PROCEEDINGS AND EXTEND RELATED DEADLINES ON APPEAL

Appellant The Dugaboy Investment Trust ("Dugaboy") files this Reply in support of its Motion to Consolidate Proceedings and Extend Related Deadlines on Appeal (Dkt. 39) to address the Objection filed by Appellee Highland Capital Management, L.P. ("Highland") (Dkt. 43) and the Partial Objection filed by Appellant Patrick Daugherty ("Daugherty") (Dkt. 42).[1]

**Introduction**

This Motion is limited to the straightforward question of whether judicial economy is better served by consolidating Dugaboy's four appeals into a single proceeding before this Court, or splitting them piecemeal between four different judges. Highland's argument—that consolidation is inappropriate because the appeals involve different underlying motions, legal standards, and parties—ignores the routine nature of such issues faced by federal judges sitting in an appellate capacity. Federal judges hearing consolidated matters often resolve issues affecting multiple parties, legal standards, and factual disputes, and their ability to do so is better informed by the familiarity with the record that consolidation engenders. Contrary to Highland's accusation, Dugaboy does not seek consolidation for the purpose of "gamesmanship." Dkt. 43 at 17. While there are real differences in the legal issues and only partial overlap in the factual records underlying the four

---

[1] Daugherty objects to consolidating the 2579-B and 2724-L appeals with this proceeding, but takes no position on consolidating the 2072-S appeal. Dkt. 42 at 4. Highland opposes this Motion to Consolidate in all respects. Dkt. 43 at 18.

1

appeals, those differences are outweighed by the strong commonalities among the four appeals as explained below. Given those commonalities, there is no justification for requiring four different judges to resolve appeals involving closely related legal issues based on a substantially similar (though not identical) factual record.

### A. Minor Differences Between the Four Proceedings Do Not Negate the Efficiency Benefits of Consolidation.

Highland's argument exaggerates the significance of minor differences and ignores the strong commonalities shared among the four proceedings. Dugaboy has already discussed those commonalities in its opening Motion (Dkt. 39 at 6–9) and adds only a few points here.

First, Highland wrongly asserts that there is no connection between the Rule 9019 settlement order in the 1876-K case before this Court and the Class 11 motion in the 2724-L case because the evidence was "vastly different." Dkt. 43 at 15. This is simply wrong, given that (1) both orders involved the same issue of how to value the residual interests of equity holders, (2) Highland presented the same witness to testify on both occasions about his use of the same valuation method, and (3) the Bankruptcy Court adopted the same methodology in valuing HMIT's Class 10 interest at the June 25, 2025 hearing as it later did in valuing Dugaboy's Class 11 interest at the September 18, 2025 hearing. *See* Dkt. 39 at 8. Indeed, Chief Judge Jernigan ***expressly stated*** in the second proceeding that she was deciding the issue in large part based on the evidence and arguments that had been presented at the

prior hearing even though they involved different parties. *See id*. Ex. E (Sept. 18 hearing transcript at 18:12–13).

And that is far from the only instance in which Highland effectively asks the reviewing Court to bar itself from considering issues that Chief Judge Jernigan ***expressly acknowledged*** formed the basis for her decisions. For example, in her order denying Dugaboy's Motion to Recuse (Bankr. Dkt. 4372), Chief Judge Jernigan stated that her decision on that motion was based on the "res judicata" and preclusive effects of her decisions on previous recusal motions. *Id*. at 4 ("Two words: res judicata. The matter has been decided."). Dugaboy will not argue with the substance of Chief Judge Jernigan's rulings in this Motion, but merely points out that an appellate court cannot review Chief Judge Jernigan's reasoning on the "res judicata" issue without considering the record of the prior proceedings that she found to be preclusive or conclusive for the decisions currently on appeal. But it is precisely that record of the prior recusal motions that Highland seeks to strike because they were "never offered or admitted into evidence or considered by the Bankruptcy Court." *See* Dkt. 43 at 12.

Furthermore, Highland refuses even to acknowledge the most egregious thing that happened at the September 18, 2025 hearing—that Chief Judge Jernigan's bias against Dugaboy and Mr. Dondero led her to threaten Rule 11 sanctions against Dugaboy's counsel merely for seeking to preserve objections and arguments for

3

appeal. Dkt. 39 at 9; *see id.* Ex. E (Hrg. Trans. 21:23–22:02; 61:9–62:1; 76:4–77:3; 77:17–78:19). The purpose and effect of that threat was to deter Dugaboy's attorneys from zealously advocating their clients' position and interest not only at the Class 11 hearing but also for any future matters that may come before the Bankruptcy Court.

Finally, the recusal issue is inextricably linked to each of the other appealed issues because if a reviewing Court determines that Chief Judge Jernigan should have recused herself, it must next determine whether or to what extent each of the other challenged decisions at issue in the other appeals must be vacated or unwound. Dkt. 39 at 8. That decision is better made by a single judge in a single consolidated proceeding who can review the entire record and understand how the vacaturs would affect the case as a whole rather than four different judges considering each challenged order in isolation.

### B. Highland Cannot Show Any Prejudice From Consolidating Four Appeals into One.

Highland cannot show that consolidated review before a single judge will prejudice its position on any of its arguments and objections. Nor can it plausibly suggest that simultaneous proceedings in four separate courts would better serve efficiency and judicial economy than a consolidated proceeding before this Court. Highland's contentions that consolidation would "enable Dugaboy's mischief and severely prejudice [its] ability to oppose each Appeal" (Dkt. 43 at 5) are unsupported

by any specific examples of potential harm.  Highland's inability to identify any actual or potential prejudice weighs in favor of consolidation.  To the contrary, it is Highland's approach will impose needless duplication and delay.[2]

### C. This Court and Its Fellow District Judges Are Fully Capable of Handling Routine Complications.

Much of Highland's Objection focuses on the difficulty of tracking the different standards of review applicable to different issues and different parties. Dkt. 43 at 2–4, 19. But these are routine complications in multi-party and multi-issue appeals,[3] which federal judges sitting in an appellate capacity handle all the time. *See, e.g.*, *Nester v. Textron, Inc.*, 888 F.3d 151, 155 (5th Cir. 2018) ("Textron's four appellate issues are distinct, each subject to its own standard of review."); *U.S. v. Brown Okolo*, 82 Fed. Appx. 131, 134 (5th Cir. 2003) ("We apply different standards of review to the various issues raised by Okolo."). This is true even where, as here, the issues are intertwined. *See Louisiana AFL-CIO v. Lanier Bus. Prods., Inc.*, 797

---

[2] For example, Highland has filed multiple motions in the Bankruptcy Court to strike items it contends Dugaboy has "improperly" designated as part of the appellate record.  Dkt. 43 at 3 & n.3; *see* Fed. R. Bankr. Proc. 8009(e). Highland attaches three of those motions as exhibits to its Opposition to this Motion. Dkt. 43 Exs. A, B, C.  Dugaboy does not contest the authority of the Bankruptcy Court to hear such motions, and for purposes of this Motion will not argue with Highland about the propriety of particular designations.  If these appeals are not consolidated, the Bankruptcy Court will be forced to rule on **four** such separate motions, whereas in a consolidated appeal with a consolidated record it will only need to resolve one.

[3] The underlying bankruptcy case is admittedly complicated in light of its six-year procedural history and over 4,500 docket entries.  But the great majority of that history can be ignored for purposes of the current appeals, which concern just four orders issued by the Bankruptcy Court over a few months.  *See* Dkt. 39 at 3–5.  In that sense, the present appeals do not pose problems of unusual complexity.

F.2d 1364, 1369 (5th Cir. 1986) ("While the two subissues are intertwined, we review the issues separately and apply a slightly differing standard of review to each issue.").

Furthermore, another court in this District has squarely rejected the notion that consolidation will somehow result in judicial inefficiency. *See Wolcott v. Sec. of Health and Hum. Servs.*, Civ. No. 5:09-CV-076, 2009 WL 10705384, at *1 (N.D. Tex. Nov. 17, 2009) ("The cases here are at similar stages and consolidation will keep them that way, bringing uniformity to the deadlines both during and after the resolution of this proceeding.").[4]

### D. Daugherty's Partial Objection is Not Well Founded.

As for Appellant Patrick Daugherty, who objects to consolidating the 2579-B and 2724-L appeals but not the 2072-S appeal, his Partial Objection is not well-founded.  Mr. Daugherty, who is party only to the 1876-K appeal, fears that his arguments—which are distinct from Dugaboy's—will be "further diluted, and potentially confused" if the Court considers them alongside other arguments and legal standards applicable to the other appeals.  Dkt. 42 at 3.  But this fear is misplaced for the same reasons as discussed above (*see* Section C)—keeping track

---

[4] Nor will combining the records of the four proceedings into a single consolidated record result in an unmanageably large record.  Instead, consolidation will eliminate much redundancy since many of the same record designations are currently duplicated between the different appeals, as is expected when those appeals involve closely related issues across the same short time frame. Dkt. 39 at 5–6. *See Wolcott*, 2009 WL 10705384, at *1 ("The slight increase in the number of volumes in the administrative record is a small price to pay for the efficiency of having uniform deadlines.").

of a separate appellant's distinct issues in a multi-party proceeding will be neither unusual or difficult for this Court.

## **Conclusion**

The Court should grant Dugaboy's Motion and consolidate all four appeals into a single proceeding.

Dated: November 6, 2025

Respectfully submitted,

**WINSTON & STRAWN LLP**

By: */s/ Geoffrey S. Harper*

Geoffrey S. Harper
Texas Bar No. 00795408
gharper@winston.com
John Michael Gaddis
Texas Bar No. 24069747
mgaddis@winston.com
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500
(214) 453-6400 (fax)

***Counsel for Appellant***
***The Dugaboy Investment Trust***

## CERTIFICATE OF SERVICE

I certify that on November 6, 2025, a copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.

*/s/ Geoffrey S. Harper*
Geoffrey S. Harper

## CERTIFICATE OF COMPLIANCE

1. This document complies with the word limit of Fed. R. Bankr. P. 8013(f)(3)(A) because, excluding the portions excluded by Fed. R. Bankr. P. 8015(g), this document contains 1,656 words.

2. This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word, typeface Times New Roman, 14-point type (12-point type in footnotes).

*/s/ Geoffrey S. Harper*
Geoffrey S. Harper