IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| Highland Capital | § | Case No. 19-34054-sgj11 |
| Management, L.P., | § | |
| | § | |
|     Reorganized Debtor | § | |
| | § | |
| The Dugaboy Investment Trust | § | |
| and Patrick Daugherty, | § | |
| | § | |
|     Appellants, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-1876-K |
| | § | (Consolidated with Civil Action |
| Highland Capital | § | No. 25-CV-1901-K) |
| Management, L.P. et al., | § | |
| | § | |
|     Appellees. | § | |

## APPELLANT PATRICK DAUGHERTY'S REPLY BRIEF

Jason S. Brookner
State Bar No. 24033684
Andrew K. York
State Bar No. 24051554
William N. Drabble
State Bar No. 24074154
Joshua D. Smeltzer
State Bar No. 24113859
Drake M. Rayshell
State Bar No. 24118507

**Gray Reed & McGraw LLP**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile:  (214) 953-1332
Email: jbrookner@grayreed.com
Email: dyork@grayreed.com
Email: jsmeltzer@grayreed.com
Email: wdrabble@grayreed.com
Email: drayshell@grayreed.com

*Counsel for Appellant Patrick Daugherty*

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................ii

TABLE OF AUTHORITIES........................................................................... iii

SUMMARY OF THE ARGUMENT ..........................................................1

ARGUMENT ...................................................................................................2

    I.    The Absolute-Priority Rule Applies to the Settlement Agreement, and the Settlement Agreement Violates It. ............................................................3

    II.    The Settlement Agreement Impermissibly Alters Creditors' Rights Under the Plan and Claimant Trust Agreement. .................................................................8

CONCLUSION ..............................................................................................11

CERTIFICATE OF COMPLIANCE.......................................................12

CERTIFICATE OF SERVICE..................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re America West Airlines, Inc.*,
 214 B.R. 382 (Bankr. D. Ariz. 1997) ...................................................................... 6

*In re AWECO, Inc.*,
 725 F.2d 293 (5th Cir. 1984) ...................................................................... 4, 5, 6

*In re Cajun Electric Power Coop, Inc.*,
 119 F.3d 349 (5th Cir. 1997) ................................................................................ 6

*Czyzewski v. Jevic Holding Corp.*,
 580 U.S. 451 (2017) ............................................................................................ 4

*In re Highland Cap. Mgmt., L.P.*,
 No. 19-34054-SGJ-11, 2024 WL 2703149
 (Bankr. N.D. Tex. May 24, 2024) ...................................................................... 10

*In re Iridium Operating, LLC*,
 478 F.3d 452 (2nd Cir. 2007) .............................................................................. 4

*In re Key3Media Grp., Inc.*,
 336 B.R. 87 (Bankr. D. Del. 2005) ..................................................................... 6

*NexPoint Advisors, L.P. v. Highland Cap. Mgmt., L.P.*
 (*In re Highland Cap. Mgmt.*),
 48 F. 4th 419 (5th Cir. 2022), 2021 WL 4804474 ............................................... 9

*Protective Comm. for Indep. Stockholders of TMT Trailer*
 *Ferry, Inc. v. Anderson*,
 390 U.S. 414 (1968) ............................................................................................ 3

## SUMMARY OF THE ARGUMENT

Dedicating most of their brief to Dugaboy's[1] arguments, Highland and the Claimant Trust fail to defend the bankruptcy court's approval of their settlement with HMIT. They abandon their argument that Daugherty is estopped from challenging the Settlement Agreement. Instead, Highland and the Claimant Trust contend that the Settlement Agreement does not implicate the absolute-priority rule or modify the Plan.

Those arguments, however, are no stronger than the one that Highland and the Claimant Trust discarded. A bankruptcy court cannot approve a settlement agreement—either as part of a plan for reorganization or separate from it—unless the settlement is "fair and equitable." This requires the court to ensure the settlement complies with the Bankruptcy Code's priority scheme. Debtors cannot enter settlement agreements with their equity holders to circumvent the requirement that their creditors be paid first and in full. But, here, the bankruptcy court approved a settlement that makes distributions to an equity holder before resolving and paying Daugherty's senior claim.

---

[1] The defined terms in Daugherty's opening brief and this reply brief have the same meaning.

In addition, the Settlement Agreement directly conflicts with the Plan and Claimant Trust Agreement. Highland and the Claimant Trust do not dispute this fact. Instead, they simply argue the cash reserve "does not modify the Plan." There are two problems with that argument. First, Highland and the Claimant Trust do not dispute that the Settlement Agreement, on the one hand, and the Plan and Claimant Trust Agreement, on the other hand, contain incongruous terms. The cash reserve does not cure the conflict. Second, the bankruptcy court could not modify the Plan through the Settlement Agreement because the Plan and Claimant Trust Agreement had been substantially consummated. For all these reasons, as addressed in Daugherty's opening brief and in this reply, this Court should reverse.

## ARGUMENT

The bankruptcy court abused its discretion by approving the Settlement Agreement. It is not fair and equitable as a matter of law, because it violates the absolute-priority rule and conflicts with both the Plan and the Claimant Trust Agreement.

## I. The Absolute-Priority Rule Applies to the Settlement Agreement, and the Settlement Agreement Violates It.

Daugherty's opening brief painstakingly explained that a settlement agreement must be both "fair and equitable" in the "'informed, independent judgment' of the bankruptcy court." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). This requires the bankruptcy court to, among other things, evaluate whether the proposed settlement is fair to the debtor's other, non-settling creditors. *See id.* at 441. Bankruptcy courts do this by applying the absolute priority rule. *Id.*; *see also* Appellant's Br. at 22–23.[2]

Highland and the Claimant Trust bizarrely assert, "The absolute priority rule applies ***solely*** when a bankruptcy court is asked to confirm a chapter 11 plan of reorganization under circumstances where not every class of claims or interests has accepted the plan—frequently referred to as 'cramdown.'" Appellees' Br. at 31 (emphasis added). Daugherty agrees that section 1129(b)(2)(B)(ii) of Bankruptcy Code itself only addresses approval of a plan of reorganization. But that section was nothing more

---

[2] Citations to Appellant's Brief or Appellees' Brief are to the page number(s) in the footer.

3

than a codification of the common-law absolute-priority rule. *In re Iridium Operating, LLC*, 478 F.3d 452, 462–63 (2nd Cir. 2007).

That priority rule is so "fundamental to the Bankruptcy Code's operation" that courts "expect more than simple statutory silence if, and when, Congress were to intend a major departure." *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 465 (2017). "Put somewhat more directly, [courts] would expect to see some affirmative indication of intent if Congress actually meant to make [settlement agreements] a backdoor means to achieve the exact same kind of nonconsensual priority-violating final distributions that the Code prohibits in . . . Chapter 11 plans." *See id.* Because neither the Code nor Rule 9019 contains such an "affirmative indication," the Fifth Circuit and other courts have held that the absolute-priority rule applies to settlement agreements entered apart from a plan of reorganization as part of the "fair and equitable" analysis. *See* Appellant's Br. at 23 & n.4.

Highland and the Claimant Trust would have recognized their mistaken assertion if they read *In re AWECO, Inc.* closely. There, AWECO (the debtor) "filed a plan of reorganization . . . but, the plan was never presented to creditors for approval nor submitted to the court for

4

confirmation." 725 F.2d 293, 295 (5th Cir. 1984). With no approved plan, AWECO entered a settlement with United American Car Co., an unsecured creditor. *Id.* Several creditors objected, including the Internal Revenue Service, which held two priority claims. *Id.* The question before the Fifth Circuit was "must the bankruptcy court apply the fair and equitable standard in considering a priority creditor's objections to a [pre-plan] settlement?" *Id.* at 298. The court answered "yes" to that question:

> As soon as a debtor files a petition for relief, fair and equitable settlement of creditors' claims becomes a goal of the proceedings. The goal does not suddenly appear during the process of approving a plan of compromise. . . . Regardless of when the compromise is approved, looking only to the fairness of the settlement as between the debtor and the settling claimant contravenes a basic notion of fairness. . . .Our understanding of bankruptcy law's underlying policies leads us to make a limited extension of the fair and equitable standard: a bankruptcy court abuses its discretion in approving a settlement with a junior creditor unless the court concludes that priority of payment will be respected as to objecting senior creditors.

*Id.*

Highland and the Claimant Trust next say, "There is no case . . . that applies the absolute priority rule to a settlement of post-confirmation litigation or a compromise of a disputed claim[.]" Appellees'

5

Br. at 31. This also is not true.³ In *In re America West Airlines, Inc.*, the bankruptcy court approved a post-confirmation settlement agreement between the debtor and a creditor, finding the settlement agreement "is both fair and equitable and also is in the best interests of the estate." 214 B.R. 382, 386 (Bankr. D. Ariz. 1997); *see also In re Key3Media Grp., Inc.*, 336 B.R. 87, 93 (Bankr. D. Del. 2005) (finding post-confirmation settlement between debtors, creditor representative and fraudulent transfer defendants was fair and equitable). Indeed, the bankruptcy court here noted that the fair-and-equitable standard applied, citing both *In re AWECO* and *In re Cajun Electric Power Coop, Inc.*, 119 F.3d 349 (5th Cir. 1997), during the hearing. ROA.5153–54.

Perhaps recognizing the weakness of their primary arguments, Highland and the Claimant Trust revert to arguing that the bankruptcy court did not abuse its discretion because it "did determine" that Highland maintained "a full-value cash reserve" to cover Daugherty's remaining Class 8 claim. Appellees' Br. at 32. But Highland and the

---

³ To the extent Highland was trying to further qualify this statement by adding "and where each creditor holding an allowed claim in the affected class consents to the settlement," the statement is also not true. Daugherty had an allowed Class 9 claim but was never given a chance to consent. Seery testified he did not seek Daugherty's consent "[b]ecause [he] didn't want to." ROA.5017.

Claimant Trust separately acknowledge the bankruptcy court did not calculate whether sufficient funds would remain. Appellees' Br. at 34–35. And they ignore the bankruptcy court's statement "We're doing a lot of crystal-balling . . . ." ROA.5157.

Instead, Highland and the Claimant Trust contend that, at the end of the day, the actual amount of Daugherty's Class 8 claim is "irrelevant" because Daugherty agreed to the amount of the reserve. Appellees' Br. at 35. The bankruptcy court could not rely on this bald-faced statement, or the underlying evidence. The Tolling Agreement that contained that stipulation made clear it was based on the estimated liability "as of October 23, 2020," which was approximately eighteen months before the bankruptcy court approved Daugherty's settlement with Highland ROA.1453. The Tolling Agreement, as well as its amendments, also never state that this amount *fully* reserves Daugherty's Class 8 claim. Nor could they have, because the eighteen-month-plus period could result in additional accrued interest that would increase Daugherty's liability and the amount of his Class 8 claim.

Because the bankruptcy court did not conclude that priority of payments will be respected as to Daugherty, it abused its discretion by

7

finding that the Settlement Agreement is fair and equitable and approving it.

## II. The Settlement Agreement Impermissibly Alters Creditors' Rights Under the Plan and Claimant Trust Agreement.

Highland and the Claimant Trust admit the carrying out of the Settlement Agreement conflicts with the express language of the Plan and the Claimant Trust Agreement. And they do not dispute that the Plan and Claimant Trust Agreement were substantially consummated years ago and, thus, cannot be modified now. Incredibly, Highland and the Claimant Trust argue that "nothing in the Plan or the Claimant Trust Agreement . . . precludes Highland from making a distribution to HMIT under a Bankruptcy Court-approved Settlement Agreement even if one disputed Class 8 claim has not yet been finally resolved." Appellees' Br. at 36.

But that is not what Highland said when it was defending the Confirmation Order in the Fifth Circuit. Then, its position was that, "[u]nder the Plan, Classes 10 (Class B/C Limited Partnership Interests) and 11 (Class A Limited Partnership Interests) receive Contingent Liquidating Trust Interests that vest *only* if *all* Class 8 (General Unsecured Claims) . . . creditors are *paid in full with interest.*" Appellee's

8

Br. at 48, *NexPoint Advisors, L.P. v. Highland Cap. Mgmt., L.P.* (*In re Highland Cap. Mgmt.*), 48 F. 4th 419 (5th Cir. 2022) (No. 21-10449), 2021 WL 4804474 (emphasis added).  The Fifth Circuit agreed with Highland.  It explained that, under the Plan, "no interest junior to class 8 will receive *any* property until class-8 claimants are *paid.*" *NexPoint Advisors, L.P. v. Highland Cap. Mgmt., L.P.* (*In re Highland Cap. Mgmt.*), 48 F. 4th 419, 433 (5th Cir. 2022) (emphasis added).

Highland had it right the first time.  The Plan states that HMIT's Class 10 interest cannot vest "unless and until the Claimant Trustee Files a certification that all holders of Allowed General Unsecured Claims have been indefeasibly paid in full . . . and *all Disputed Claims in Class 8 and Class 9 have been resolved.*"  ROA.3685 (emphasis added).  The Claimant Trust Agreement contains a similar provision, as Daugherty showed in his opening brief.  ROA.3747; Appellant's Br. at 30–31.  In their brief, Highland and the Claimant Trust concede that "Daugherty is correct that, because [his] Tax-Refund Claim has not been resolved, Seery cannot certify under the Plan and Claimant Trust Agreement that all Disputed Claims in Class 8 have been resolved."  Appellees' Br. at 36.  By vesting HMIT's Class 10 interest before

9

Daugherty's disputed Class 8 claim is resolved and Serry files the requisite certification, the Settlement Agreement violates both the Plan and the Claimant Trust Agreement.

Instead of acknowledging this point, Highland and the Claimant Trust argue nothing in the Plan or Claimant Trust Agreement prohibits payment as long as Daugherty's claim is reserved. *See id.* at 36. But "resolved" and "reserved" have different meanings, as Daugherty has explained and Highland and the Claimant Trust do not dispute. *See* Appellant's Br. at 32–33. They simply ask the Court to ignore the express language in the Plan and Claimant Trust Agreement. Critically, Highland and the Claimant Trust—and the bankruptcy court—never attempted to explain how the bankruptcy court's approval of the Settlement Agreement and a prior opinion are not diametrically opposed. *In re Highland Cap. Mgmt., L.P.*, No. 19-34054-SGJ-11, 2024 WL 2703149, at *3 (Bankr. N.D. Tex. May 24, 2024) (emphasis altered and footnote removed). Deviating from the express, material terms of a substantially consummated plan is an abuse of discretion.

## CONCLUSION

For the foregoing reasons, this Court should reverse the bankruptcy court's order approving the Settlement Agreement.

> Respectfully submitted,
>
> **Gray Reed & McGraw LLP**
>
> By: /s/ *William N. Drabble*
>   Jason S. Brookner
>   Texas Bar No. 24033684
>   Andrew K. York
>   Texas Bar No. 24051554
>   William N. Drabble
>   Texas Bar No. 24074154
>   Joshua D. Smeltzer
>   Texas Bar No. 24113859
>   Drake M. Rayshell
>   Texas Bar No. 24118507
>
> 1601 Elm Street, Suite 4600
> Dallas, Texas 75201
> Telephone: (214) 954-4135
> Facsimile: (214) 953-1332
> Email: jbrookner@grayreed.com
>     dyork@grayreed.com
>     wdrabble@grayreed.com
>     jsmeltzer@grayreed.com
>     drayshell@grayreed.com
>
> *Attorneys for Appellant Patrick Daugherty*

## CERTIFICATE OF COMPLIANCE

In accordance with Federal Rule of Bankruptcy Procedure 8015(h), I certify that this reply brief complies with the type-volume limitation of Rule 8015(a)(7)(B)(ii), because it contains 1997 words, excluding the parts of the brief exempted by Rule 8015(g). In determining the number of words, I have relied on the "word count" feature of Microsoft Office 365, which was used to prepare this brief.

*/s/ William N. Drabble*
William N. Drabble

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing brief was duly served on all counsel of record in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and Federal Rule of Bankruptcy Procedure 8011(c)(2)(A) by filing it with this Court's CM/ECF Electronic Notification System on this twenty-ninth day of January, 2026.

*/s/ William N. Drabble*
William N. Drabble