Case No. 3:25-cv-1876-K

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

In re: Highland Capital Management, L.P.,

    Reorganized Debtor.

The Dugaboy Investment Trust and Patrick Daugherty,

    Appellants,

v.

Highland Capital Management, L.P. and Highland Claimant Trust,

    Appellees.

Appeal from the United States Bankruptcy Court for the
Northern District of Texas, Dallas Division
Case No. 19-34054-sgj11
Hon. Stacey G. C. Jernigan

# MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Jordan A. Kroop (AZ Bar No. 018825)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910

HAYWARD PLLC
Melissa S. Hayward
(Texas Bar No. 24044908)
Zachery Z. Annable
(Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100

*Counsel for Highland Capital Management, L.P., and the Highland Claimant Trust*

4923-4246-9516.3 36027.003

Appellees Highland Capital Management, L.P. and the Highland Claimant Trust (together, "**Highland**") respectfully move the Court for leave to file a short sur-reply addressing two material misstatements contained in Appellant Daugherty's reply brief [Doc 55]. Highland, regrettably, must correct those misstatements so the Court is not misled. The proposed sur-reply (less than one page long) is the Exhibit to this motion.

A sur-reply is appropriate when it is used strictly to address misstatements made in an appellant's reply brief where the appellee would otherwise have no opportunity to respond to the misstatements.[1] Here, unless the Court permits it to file its short sur-reply, Highland will have no opportunity to address certain false statements Daugherty made in his reply brief. The sur-reply will ensure that the Court has an accurate view of the factual underpinnings of this appeal.

---

[1] *See, generally, Antioch Co. Litig. Tr. v. Hardman*, 438 B.R. 598 (S.D. Ohio 2010).

February 11, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Jordan A. Kroop (AZ Bar No. 018825)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:  jpomerantz@pszjlaw.com
            jmorris@pszjlaw.com
            gdemo@pszjlaw.com
            jkroop@pszjlaw.com

-and-

**HAYWARD PLLC**
*/s/ Zachery Z. Annable*
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:  MHayward@HaywardFirm.com
            ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*

## CERTIFICATE OF COMPLIANCE

1. This document complies with the word limit of Fed. R. Bankr. P. 8013(f)(3)(A) because, according to Microsoft Word, it contains 151 words, excluding the portions of the brief exempted by Fed. R. Bankr. P. 8015(g).

2. This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface (Century Schoolbook) in 14-point type (12-point for footnotes).

By: */s/ Zachery Z. Annable*
Zachery Z. Annable

## CERTIFICATE OF SERVICE

I certify that, on February 11, 2026, a copy of this document was served electronically via the Court's CM/ECF system on all parties registered to receive electronic notice in this case.

By: */s/ Zachery Z. Annable*
Zachery Z. Annable

# EXHIBIT

Case No. 3:25-cv-1876-K

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

In re: Highland Capital Management, L.P.,

        Reorganized Debtor.

The Dugaboy Investment Trust and Patrick Daugherty,

        Appellants,

v.

Highland Capital Management, L.P. and Highland Claimant Trust,

        Appellees.

Appeal from the United States Bankruptcy Court for the
Northern District of Texas, Dallas Division
Case No. 19-34054-sgj11
Hon. Stacey G. C. Jernigan

# [PROPOSED] APPELLEES' SUR-REPLY BRIEF

| | |
|---|---|
| PACHULSKI STANG ZIEHL & JONES LLP | HAYWARD PLLC |
| Jeffrey N. Pomerantz (CA Bar No. 143717) | Melissa S. Hayward |
| John A. Morris (NY Bar No. 2405397) | (Texas Bar No. 24044908) |
| Gregory V. Demo (NY Bar No. 5371992) | Zachery Z. Annable |
| Jordan A. Kroop (AZ Bar No. 018825) | (Texas Bar No. 24053075) |
| 10100 Santa Monica Blvd., 13th Floor | 10501 N. Central Expy, Ste. 106 |
| Los Angeles, CA 90067 | Dallas, Texas 75231 |
| Tel: (310) 277-6910 | Tel: (972) 755-7100 |

*Counsel for Highland Capital Management, L.P., and the Highland Claimant Trust*

# TABLE OF CONTENTS

                                                               **Page**

ARGUMENT ............................................................................................... 1

i

## ARGUMENT

In his reply brief, Daugherty makes at least two plainly false statements that Highland must correct so the Court is not misled.

First, Daugherty claims Highland "abandon[ed] their argument that Daugherty is estopped from challenging the Settlement Agreement" [Doc 55 at 1]. That is false. Footnote 82 of Highland's brief [Doc 54 at 37] reads:

> Daugherty willingly received $3,765,562.27 in distributions from the Highland Claimant Trust in respect of his Class 9 interest without objection, despite that his disputed Class 8 claim remained unresolved and the Class 9 interest was expressly subordinated to Class 8 under the Plan.

This is Highland's "estoppel" (read, waiver) argument, supported in Highland's brief with citations to the trial transcript in the appellate record.

Second, Daugherty states that the "bankruptcy court did not calculate whether sufficient funds would remain" [Doc 55 at 7]. That, too, is false. The Disputed Claim Reserve for Daugherty's Class 8 Claim contains **cash** in the amount of $2,650,353.00. Daugherty expressly agreed to that Disputed Claim Reserve amount, which equals the amount of his filed unsecured Class 8 Claim. There was nothing to "calculate."

1

| | |
|---|---|
| February ___, 2026 | **PACHULSKI STANG ZIEHL & JONES LLP**<br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>John A. Morris (NY Bar No. 2405397)<br>Gregory V. Demo (NY Bar No. 5371992)<br>Jordan A. Kroop (AZ Bar No. 018825)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email:  jpomerantz@pszjlaw.com<br>           jmorris@pszjlaw.com<br>           gdemo@pszjlaw.com<br>           jkroop@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br>*[PROPOSED]*<br>Melissa S. Hayward (Texas Bar No. 24044908)<br>Zachery Z. Annable (Texas Bar No. 24053075)<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Telephone: (972) 755-7100<br>Facsimile: (972) 755-7110<br>Email:  MHayward@HaywardFirm.com<br>           ZAnnable@HaywardFirm.com<br><br>*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust* |

2

## CERTIFICATE OF COMPLIANCE WITH RULE 8015

1. This document complies with the type-volume limit of Fed. R. Bankr. P. 8015(a)(7)(B)(i) because, according to Microsoft Word, it contains 181 words, excluding the portions of the brief exempted by Fed. R. Bankr. P. 8015(g).

2. This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface (Century Schoolbook) in 14-point type.

By: *[PROPOSED]*
Zachery Z. Annable

## CERTIFICATE OF SERVICE

I certify that, on February __, 2026, a copy of this document was served electronically via the Court's CM/ECF system on all parties registered to receive electronic notice in this case.

By: *[PROPOSED]*
Zachery Z. Annable

3