IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| Highland Capital | § | Case No. 19-34054-sgj11 |
| Management, L.P., | § | |
| | § | |
|     Reorganized Debtor | § | |
| | § | |
| The Dugaboy Investment Trust | § | |
| and Patrick Daugherty, | § | |
| | § | |
|     Appellants, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-1876-K |
| | § | (Consolidated with Civil Action |
| Highland Capital | § | No. 25-CV-1901-K) |
| Management, L.P. et al., | § | |
| | § | |
|     Appellees. | § | |

**APPELLANT PATRICK DAUGHERTY'S
RESPONSE TO APPELLEES' MOTION
FOR LEAVE TO FILE SUR-REPLY BRIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

In accordance with Federal Rule of Bankruptcy Procedure 8013(a)(3), Appellant Patrick Daugherty files this Response to Appellees Highland Capital Management, L.P. and Highland Claimant Trust's (collectively, Highland) Motion for Leave to File Sur-Reply Brief:

Nether the Federal Rules of Bankruptcy Procedure nor this Court's Local Rules authorizes the filing of sur-reply brief. Instead, they entitle

1

the appellant, as the party seeking relief, to open and close the briefing. *See* Fed. R. Bankr. P. 8014(a), (c); N.D. Tex. Civ. R. 7.1(d), (f). Surreplies upset that arrangement and, hence, are "heavily disfavored." *See Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F. 4th 770, 774 (5th Cir. 2024) (quoting *Butler v. S. Porter*, 999 F.3d 287, 297 (5th Cir. 2021)).

Nevertheless, Highland requests that this Court exercise its discretion to permit a sur-reply brief so that it "is not misled" by "two material misrepresentations contained in . . . Daugherty's reply brief . . . ." Appellees' Mot. for Leave to File Sur-Reply Br. at 1. That argument is unavailing for two reasons.

First, correcting misrepresentations in a reply brief is not a ground for filing a sur-reply. *WW, LLC v. Coffee Beanery, Ltd.*, Civil No. WMN-05-3360, 2011 WL 5110267, at *5 (D. Md. Oct. 26, 2011). "[T]his Court is more than capable of ascertaining the merits of the parties' respective positions on its own." *Crummey v. Social Sec. Admin.*, 794 F. Supp. 2d 46, 63 (D.D.C. 2011); *see also Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001) (denying leave to file a sur-reply because the "contention does not involve a new matter but rather an alleged

mischaracterization"). If the parties were allowed to respond to every perceived mischaracterization or unsupported argument, "briefing would become an endless pursuit." *See Crummey*, 794 F. Supp. 3d at 63.

Instead, sur-replies are only appropriate when "a party raises new arguments or evidence for the first time in a reply . . . ." *See Ga. Firefighters' Pension Fund*, 99 F. 4th at 774. And Highland does not contend that Daugherty's reply brief contains any new arguments or attached new evidence.

Second, Daugherty's reply brief does not contain any misrepresentations. It states that Highland "abandon[ed] [its] argument that Daugherty is estopped from challenging the Settlement Agreement." Appellant Daugherty' Reply Br. at 1. Highland claims that statement is "false," pointing to footnote 82 of its brief. Appellees' Proposed Sur-Reply Br. at 1. The Fifth Circuit, however, has repeatedly held that "[a]rguments subordinated in a footnote are insufficiently addressed in the body of the brief and thus are waived." *White Glove Staffing v. Methodist Hosps. of Dallas*, 947 F.3d 301, 308 (5th Cir. 2020) (quoting *Arbuckle Mountain Ranch of Tex., Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 339 n.4 (5th Cir. 2016)); *see also Sanare Energy Partners, L.L.C.*

3

*v. PetroQuest Energy, L.L.C.*, 54 F. 4th 299, 306 n.13 (5th Cir. 2022) (same). And, even if footnote 82 could preserve Highland's argument, it does not explain why Daugherty's acceptance of payment for his Class 9 claim is inconsistent with the absolute-priority rule or the plan of reorganization. *See* Appellant Daugherty's Br. at 34–36.

Daugherty's reply brief also states that "the bankruptcy court did not calculate whether sufficient funds would remain" to pay his Class 8 claim in full. Appellant Daugherty's Reply Br. at 7. Highland claims that statement is false. Appellees' Proposed Sur-Reply Br. at 1. But Highland's opening brief admitted that the bankruptcy court did not make that calculation:

> The Daugherty Brief also asserts . . . that the Bankruptcy Court could not have determined that sufficient funds remained to pay Daugherty's Class 8 claim in full because the Bankruptcy Court did not calculate either the "net value of property that the Claimant Trust will hold after the Settlement Agreement is fully performed" or "the amount of Daugherty's Class 8 claim." *Daugherty is certainly correct that the Bankruptcy Court did not make those calculations.*

*See* Appellee's Br. at 34–35 (emphasis added). Highland argues (incorrectly) that the bankruptcy court did not need to make that calculation because Daugherty's Class 8 claim is fully reserved. *See id.* at 35; Appellees' Proposed Sur-Reply Br. at 1. But that does not change the

undisputed fact that the bankruptcy court did not make the calculation.

Therefore, Daugherty's reply brief contains no misrepresentations.

## CONCLUSION

Wanting to have the last word in litigation is understandable, but the Rules of Bankruptcy Procedure give it to Daugherty. *See* Fed. R. Bankr. P. 8014(c). Consequently, this Court should deny Highland's Motion for Leave to File Sur-Reply Brief.

Respectfully submitted,

**Gray Reed & McGraw LLP**

By: */s/ William N. Drabble*

    Jason S. Brookner
    Texas Bar No. 24033684
    Andrew K. York
    Texas Bar No. 24051554
    William N. Drabble
    Texas Bar No. 24074154
    Joshua D. Smeltzer
    Texas Bar No. 24113859
    Drake M. Rayshell
    Texas Bar No. 24118507

1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile:  (214) 953-1332
Email:  jbrookner@grayreed.com
       dyork@grayreed.com
       wdrabble@grayreed.com
       jsmeltzer@grayreed.com
       drayshell@grayreed.com

*Attorneys for Appellant Patrick Daugherty*

## CERTIFICATE OF COMPLIANCE

In accordance with Federal Rule of Bankruptcy Procedure 8015(h), I certify that this reply brief complies with the type-volume limitation of Rule 8013(f)(3)(A), because it contains 756 words, excluding the parts of the brief exempted by Rule 8015(g). In determining the number of words, I have relied on the "word count" feature of Microsoft Office 365, which was used to prepare this brief.

*/s/ William N. Drabble*
William N. Drabble

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing response was duly served on all counsel of record in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and Federal Rule of Bankruptcy Procedure 8011(c)(2)(A) by filing it with this Court's CM/ECF Electronic Notification System on this eighteenth day of February, 2026.

*/s/ Andrew K. York*
Andrew K. York