# King & Spalding

King & Spalding LLP
2601 Olive Street
Suite 2300
Dallas, Texas 75201

Tel: +1 214 764 4600
Fax: +1 214 764 4601
kslaw.com

Geoffrey Harper
Counsel
Direct Dial: +1 214 764 4453
gharper@kslaw.com

February 20, 2026

Karen Mitchell
Clerk of the Court
United States District Court
1100 Commerce Street, Room 1452
Dallas, Texas 75242

**Re: Case No. 3:25-cv-01876-K; In Response to Supplemental authority submitted under Bankruptcy Rule 8014(f)**

To the Honorable Court,

Highland's cursory account of the Cayman court decision reveals almost nothing and ignores nearly all that court's key rulings. Most importantly, the action in the Caymans against Mark Patrick and other defendants is far from over and will proceed to trial. The court determined the case "**has a real, as opposed to a fanciful, prospect of success at trial**." Cayman Decision 255.

The court declined the Liquidators' request for an extraordinary and severe interim injunction that would have effectively "lock[ed] down" Charitable DAF's normal operations and barred it from making charitable donations, *id*. 108(6), concluding damages will be an adequate remedy if the JOLs prevail at trial. *Id*. 213.

The Cayman Decision in no way exonerates Patrick. To the contrary, the court was "persuaded that there is a serious issue to be tried" regarding Patrick and fellow director Paul Murphy breached their fiduciary duties in restructuring the charitable entities and concluded that Charitable DAF and the JOLs "have a case which [Patrick and Murphy] need to answer." *Id*. 253–54. The court found it particularly troubling that "these complex transactions were undertaken in secret without notifying the Original Participating Shareholders . . . and in effect presented them with a *fait accompli*." *Id.* ? 252. The court concluded that the JOLs' central allegation—that Patrick and Murphy "stripped the Company of its only asset so as to seize control and enrich themselves"— is "a serious one" warranting trial. *Id.* 246.

Furthermore, the lack of reference to HMIT in the Liquidators' pleadings is both unsurprising

and insignificant given Patrick's own testimony that he controlled both HMIT and Charitable DAF through a series of intermediate entities.  Dkt. 52 at 9 n.7; Dkt. 59 at 8.

In sum, the Cayman court made no merits determination and offers no support for Highland's position in this Appeal.  Nothing in its Decision contradicts or undermines the arguments in Dugaboy's briefing.

                          Sincerely,

                          /s/ Geoffrey Harper
                          Geoffrey Harper
                          Counsel