

HAYWARD
— PLLC —

10501 N. CENTRAL EXPRESSWAY
SUITE 106    DALLAS, TX 75231
972.755.7100 (MAIN/FAX)
WWW.HAYWARDFIRM.COM

ZACHERY Z. ANNABLE
972.755.7108 (DIRECT)
ZANNABLE@HAYWARDFIRM.COM

July 9, 2026

Karen Mitchell
Clerk of the Court
United States District Court
1100 Commerce Street, Room 1452
Dallas, Texas 75242

**Re: Case No. 3:25-cv-01876-K; Supplemental authority submitted under Bankruptcy Rule 8014(f)**

To the Honorable Court:

This is an appeal (the "<u>Appeal</u>") of a Bankruptcy Court order (the "<u>Order</u>") approving a settlement under Bankruptcy Code § 363 and Bankruptcy Rule 9019 over Appellants' objections. The Appeal is subject to Appellees' fully briefed and pending Motion to Dismiss on statutory mootness grounds (the "<u>Motion to Dismiss</u>"). *See* Doc 66.

Nearly eight months after the Order was entered, and while the Appeal and Motion to Dismiss remained pending before this Court, Appellant The Dugaboy Investment Trust ("<u>Dugaboy</u>") filed a motion in the Bankruptcy Court under Bankruptcy Rule 9024 (Fed. R. Civ. Pro. 60(b)) to vacate the Order (the "<u>Rule 60 Motion</u>"). On June 15, 2026, following discovery and a three-day evidentiary hearing during which five witnesses testified and the Bankruptcy Court admitted more than 100 documents into evidence, the Bankruptcy Court issued a Memorandum Opinion and Order denying the Rule 60 Motion (the "<u>Rule 60 Order</u>"), copies of which are attached.

Regrettably, Dugaboy has both appealed the Rule 60 Order and filed yet another motion in the Bankruptcy Court, this time to reconsider the Rule 60 Order denying Dugaboy's first motion for reconsideration—all for the transparent purpose of delaying the appellate process. There needs to be an end to this wasteful, frivolous, and destructive litigation—and note that Dugaboy's latest motion for reconsideration does not stay the determination of Highland's Motion to Dismiss. Thus, while Appellees intend to move to consolidate the Appeal with the appeal of the Rule 60 Order, Appellees respectfully request that the Court promptly grant the Motion to Dismiss or otherwise adjudicate the soon-to-be consolidated appeals.



HAYWARD
— P L L C —

Respectfully submitted,

Zachery Z. Annable

*Counsel for Highland Capital Management, L.P. and
the Highland Claimant Trust*

Attachments

cc:    Geoffrey S. Harper
       John Michael Gaddis
       Andrew K. York
       Drake M. Rayshell
       Jason S. Brookner
       Joshua David Smeltzer
       William Nelson Drabble



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 15, 2026**

_____
**United States Bankruptcy Judge**
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **HIGHLAND CAPITAL** | § | **Case No.  19-34054-sgj11** |
| **MANAGEMENT, L.P.,** | § | |
| | § | |
| | § | |
| **Debtor.** | § | |

## <u>MEMORANDUM OPINION</u>

Pending before the Court is a *Memorandum of Law in Support of the Dugaboy Investment Trust's Motion for Relief from Order and Motion to Vacate* (the "Rule 60 Motion"). Dkt. No. 4513.[1] The Rule 60 Motion received objections from Highland Capital Management, L.P. and the Highland Claimant Trust (collectively, "Highland Capital") [Dkt. Nos. 4535, 4536], which were joined by Hunter Mountain Investment Trust, Beacon Mountain LLC, Rand Advisors, LLC, Rand PE Fund I, LP, Rand PE Fund Management, LLC, Atlas IDF, LP, and Atlas IDF GP, LLC

---

[1] Unless otherwise stated, all "Dkt. No." references herein are to the above captioned case.

Supplemental exhibits to the Rule 60 Motion were filed at Dkt. No. 4521.

1

(collectively, the "HMIT Entities") [Dkt. No. 4537]. Over three days, the Court took evidence and heard arguments in support of each party's position. At the conclusion of trial, the Court took the Rule 60 Motion, and the admissibility of one exhibit, under advisement.

For the reasons stated herein, the Rule 60 Motion is denied. Additionally, the Court sustains Dugaboy Investment Trust's objection to the admission of Highland Capital's Exhibit 300.

## **Background**

1. The Court endeavors to give a short history of events that prompted the Rule 60 Motion. On October 16, 2019, Highland Capital Management, L.P. (the "Debtor") filed a voluntary chapter 11 petition, the venue for which was eventually transferred to this district. The Debtor confirmed a plan of reorganization on February 22, 2021, which, among other things, established the Highland Claimant Trust and a litigation sub-trust. Dkt. No. 1943. The Debtor's confirmed plan provided for the treatment of classes 10 and 11 that included Class B/C Limited Partnership Interest and Class A Limited Partnership Interest, respectively.[2]

2. Post-confirmation, on October 15, 2021, the litigation trustee of the Debtor's litigation sub-trust, Mark Kirschner, initiated an adversary proceeding against 20 defendants, including Nancy Dondero as trustee of the Dugaboy

---

[2] The plan defines the limited partnership interest as "the Class A Limited Partnership Interests as defined in the Limited Partnership Agreement held by The Dugaboy Investment Trust, Mark and Pamela Okada Family Trust – Exempt Trust 2, Mark and Pamela Okada – Exempt Descendants' Trust, and Mark Kiyoshi Okada, and the General Partner Interest[,]" "the Class B Limited Partnership Interests as defined in the Limited Partnership Agreement held by Hunter Mountain Investment Trust[,]" and "the Class C Limited Partnership Interests as defined in the Limited Partnership Agreement held by Hunter Mountain Investment Trust." Dkt No. 1808 at 6, ¶¶ 33–36.

Investment Trust ("Dugaboy") and Hunter Mountain Investment Trust ("HMIT"). Case No. 21-03076, Dkt. No. 1, and as amended at Dkt. No. 158. Seeking to resolve their many differences, including the claims asserted by Mr. Kirschner, the Debtor and the HMIT Entities reached a settlement for which they sought this Court's approval. Dkt. Nos. 4216, 4217. According to the *Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith* ("9019 Motion"), HMIT's Class B/C Limited Partnership Interest "represented 99.50% of the Debtor's prepetition total equity[,]" and the remaining 0.50% represented the Class A Limited Partnership Interest.[3] Dkt. No. 4216, ¶¶ 5–6. The settlement agreement, filed separately from the 9019 Motion, includes broadly defined mutual releases, dismissal of pending litigation, cash payments to HMIT, valuation of HMIT's class 10 interest in Debtor's plan, and a transfer of claims alleged by Mr. Kirschner in Case No. 21-03076 to HMIT. Dkt. No. 4217-1. Mark Patrick, the administrator of HMIT, signed the settlement agreement on behalf of the HMIT Entities.

3.      The 9019 Motion drew objections from several parties—Patrick Daugherty, Dugaboy, and Crown Global Life Insurance, Ltd. ("Crown Global") and The Dallas Foundation. Dkt Nos. 4229–31. Crown Global's and The Dallas Foundation's objection was the only objection that raised concerns about Mark Patrick's authority to sign the settlement agreement on behalf of the HMIT Entities. *See* Dkt. No. 4231. Prior to the 9019 Motion hearing, the HMIT Entities,

---

[3] *See supra* n.2.

Crown Global, The Dallas Foundation, Empower Dallas Foundation, the Okada Family Foundation, and the Debtor entered into a stipulation requiring inclusion of certain language in any order approving the 9019 Motion. Dkt. No. 4282. This stipulation was approved by the Court, Dkt. No. 4291, and resulted in Crown Global and The Dallas Foundation withdrawing their objection.

4. On June 25, 2025, the Court commenced a hearing on the 9019 Motion. At the hearing, Dugaboy raised for the first time the issue of Mr. Patrick's authority to execute the settlement agreement on behalf of the HMIT Entities. Despite Dugaboy's failure to raise this issue in its written objection, the Court received evidence of, both in favor and against, Mr. Patrick's authority to settle on behalf of the HMIT Entities. The 9019 Motion was approved the same day, and the Court entered an order to that effect on June 30, 2025 (the "9019 Order"). Dkt. No. 4297. On July 14, 2025, Dugaboy and Patrick Daugherty each appealed the 9019 Order to the District Court. *See* Dkt. Nos. 4310–11; Case No. 3:25-cv-01876-K, Dkt. No. 1 (N.D. Tex.).[4] This appeal is not resolved.[5]

---

[4] There were initially two district court appellate cases that were consolidated on August 8, 2025.

[5] Online the appeal appears closed, but the matter is stayed pending resolution of Appellee's Motion to Dismiss Appeal as Moot, and the District Court entered the following docket note:

> There appears to be no further reason at this time to maintain the file as open for statistical purposes. The Clerk is, therefore, instructed to submit a JS-6 form to the Administrative Office, thereby removing this case from the statistical records. Nothing in this Order shall be considered a dismissal or disposition of this case. Once the pending motion has been determined, the Court will lift the stay and reopen this matter. This case will proceed in the same manner as if this Order had not been entered.

Case No. 3:25-cv-01876-K, Dkt. No. 66 (N.D. Tex.) (emphasis in original).

## Dugaboy's Rule 60 Motion and Highland Capital's Objection

5.      About six months post-appeal, Dugaboy filed its Rule 60 Motion. Dkt. No. 4513. The Rule 60 Motion argues two reasons for vacating the 9019 Order: (1) newly discovered evidence demonstrates that the settlement was the product of fraud and misconduct; and (2) the presiding judge that entered the 9019 Order was without authority to do so because she was disqualified.[6] According to Dugaboy's Rule 60 Motion, Mark Patrick was without authority to settle on behalf of the HMIT Entities because he breached fiduciary duties owed to HMIT's charitable beneficiaries. Moreover, the scope and effect of Mr. Patrick's alleged misconduct could not have been discovered with due diligence prior to entry of the 9019 Order. Thus, under Rule 60(b)(2) and (3), the Court should vacate the 9019 Order.[7]

6.      As newly discovered evidence, the Rule 60 Motion points to proceedings involving a charitable donor advised fund in the Grand Cayman Islands, over which joint official liquidators ("JOLs") were appointed. According to the JOLs, Mr. Patrick "effectuated the DAF restructuring and thereby fraudulently absconded with $270 million in charitable assets belonging to the charitable owners." Dkt. No. 4513 at 28. The DAF restructuring, said most succinctly, refers to

---

[6] Judge Stacey G.C. Jernigan presided over the 9019 Motion and entered the 9019 Order. Judge Jernigan voluntarily recused herself from deciding the Rule 60 Motion, and the matter was assigned to above-signed judge. At trial on the Rule 60 Motion, Dugaboy minimally argued that Judge Jernigan was disqualified from entering the 9019 Order. Throughout the trial, Dugaboy did not introduce any evidence on this issue. The Court deems this argument abandoned. *See Kovac v. Wray*, 363 F. Supp. 3d 721, 748–49 (N.D. Tex. 2019) ("When a party fails to pursue a claim or defense beyond the party's initial complaint, the claim is deemed abandoned or waived.") (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006); *Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002)).

[7] Fed. R. Civ. P. 60 is made applicable in bankruptcy proceedings by Bankruptcy Rule 9024.

a series of transactions undertaken by Mr. Patrick to dissolve certain charitable beneficiaries' interests in HMIT's assets. To Dugaboy, such conduct amounted to a breach of fiduciary duties that divested Mr. Patrick of his authority over the HMIT Entities. And because these alleged breaches occurred before the settlement was reached, the 9019 Order should be vacated.

7.     Highland Capital's objection argues that none of Dugaboy's evidence of Mr. Patrick's alleged fraud or breaches of fiduciary duties is newly discovered. *See* Dkt. No. 4535. Dugaboy, Highland Capital contends, knew everything it needed to know about the relevant entity restructurings to challenge Mr. Patrick's authority to sign the settlement agreement on behalf of the HMIT Entities *before* June 25, 2025. And to the extent Dugaboy learned any additional information after this date, it could have timely moved for a new trial under Rule 59.[8] Dugaboy, thus, cannot meet the standard under Rule 60(b)(2).

8.     Highland Capital also argues that Dugaboy cannot meet its burden under Rule 60(b)(3) because it fails to allege that an opposing party committed any fraud, misrepresentation, or misconduct in seeking entry of the 9019 Order. Lastly, based on the pending appeal of the 9019 Order, Highland Capital urges the Court to deny the Rule 60 Motion for lack of jurisdiction.

9.     All parties were permitted limited discovery on these issues. At trial, the Court admitted hundreds of exhibits and heard testimony from five witnesses.

---

[8] Fed. R. Civ. P. 59 is made applicable in bankruptcy proceedings by Bankruptcy Rule 9023.

6

Before turning to the ultimate issue, the Court will first resolve admission of Highland Capital's Exhibit 300.

**Highland Capital's Exhibit 300**

10.    The Court reserved at trial admission of Highland Capital's Exhibit 300. The exhibit is one page and is best described as a screenshot of a PDF page with the "Highlights Properties" pop-up displayed. The page comes from Dugaboy's Exhibit I that was filed under seal [Dkt. No. 4525] and Highland Capital's Exhibit 70 that was not filed under seal [Dkt. No. 4608-82]. Both are the Third Affidavit of Margot MacInnis, and neither was admitted at trial.

11.    Highland Capital used its Exhibit 300 for impeachment purposes during its cross-examination of Margot MacInnis, who is one of the joint official liquidators in the proceeding pending in the Grand Cayman Islands. Primarily, the information contained in Highland Capital's Exhibit 300 is meant to demonstrate that counsel for James Dondero, the beneficiary of Dugaboy, was provided access to Ms. MacInnis's affidavit despite a Grand Cayman Islands court order that prohibited such access.

12.    The Court denies admission of Highland Capital's Exhibit 300. The evidence is not relevant. Without this evidence, it is not more or less probable that Mark Patrick had authority to settle on behalf of the HMIT Entities, nor is it of consequence to determine the Rule 60 Motion.

13.    Having resolved this issue, the Court now turns to the Rule 60 Motion.

7

## Jurisdiction to Decide the Rule 60 Motion

14.     Filing an appeal is an event of jurisdictional significance. It confers jurisdiction upon the court to which the appeal is taken and divests the lower court of jurisdiction over aspects of the case involved in the appeal. *See, e.g., Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also Tex. Comptroller of Pub. Accts. v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 578–79 (5th Cir. 2002) ("[The *Griggs*] rule applies with equal force to bankruptcy cases.").

15.     This Court is, therefore, without jurisdiction to reconsider and vacate the 9019 Order. That being said, Bankruptcy Rule 8008(a) states,

> If a party files a timely motion in the bankruptcy court for relief that the court lacks authority to grant because an appeal has been docketed and is pending, the bankruptcy court may: (1) defer considering the motion; (2) deny the motion; (3) state that it would grant the motion if the court where the appeal is pending remands for that purpose; or (4) state that the motion raises a substantial issue.

So, to the extent Bankruptcy Rule 8008(a) permits the Court to issue a ruling concerning a matter on appeal, the Court denies the Rule 60 Motion. *See In re Skyline Ridge, LLC*, No. 4:18-bk-01908-BMW, 2021 WL 1093928, at *9 (Bankr. D. Ariz. Mar. 15, 2021) (denying motion under Bankruptcy Rule 8008(a)(2)); *Geron v. Holding Cap. Grp., Inc. (In re PBS Foods, LLC)*, 549 B.R. 586, 597 (Bankr. S.D.N.Y. 2016) (same).

## Relief Under Rule 60(b)

16.     Beginning where we must, Rule 60(b) states, in relevant part,

8

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief.

The Fifth Circuit states that Rule 60(b) relief is "extraordinary" and compliance with the rule is strict. *Longden v. Sunderman*, 979 F.2d 1095, 1102 (5th Cir. 1992).

17. To prevail under Rule 60(b)(2), the movant must present evidence that (1) was in existence at the time of trial; (2) not discovered until after trial; (3) is not cumulative; and (4) is material, such that a new trial would probably produce a different result. *Id.* at 1102–03. Evidence that is merely cumulative or impeaching, and clearly would not have produced a different result if presented before the original judgment, is not sufficient to sustain vacatur under Rule 60(b)(2). *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005).

18. "A Rule 60(b)(3) assertion must be proved by clear and convincing evidence, and the conduct complained of must be such as to prevent the losing party from fully and fairly presenting its case or defense." *Longden*, 979 F.2d at 1103. There is no requirement under Rule 60(b)(3) that the information withheld be such that it alters the outcome of the case. *See Hesling*, 396 F.3d at 641. "The rule is remedial and should be liberally construed" to vacate judgments that were unfairly obtained. *Id.*

19. Lastly, Rule 60(b)(6) is the "grand reservoir" for relief from judgments where "appropriate to accomplish justice." *Harrell v. DCS Equip. Leasing Corp.*, 951

9

F.2d 1453, 1458 (5th Cir. 1992). A Rule 60(b)(6) motion is granted only if extraordinary circumstances are present. *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). Vacatur under Rule 60(b)(6), though, is mutually exclusive of the relief available in the other subsections of Rule 60(b). *Hesling*, 396 F.3d at 643. "The reason for relief set forth under 60(b)(6) cannot be the reason for relief sought under another subsection of 60(b)." *Id.* Thus, where a party's Rule 60(b)(6) allegations are essentially identical to the Rule 60(b)(3) allegations of fraud or misconduct, relief under Rule 60(b)(6) is not appropriate. *See id.*

20.    With this framework in mind, the Court explains its reasons for denying the Rule 60 Motion.

### *The Alleged Evidence of Mark Patrick's Misconduct is not Newly Discovered.*

21.    The Court agrees with Highland Capital that Dugaboy had, or could have obtained via discovery before trial on the 9019 Motion, all the facts necessary to challenge Mr. Patrick's authority to settle on behalf of the HMIT Entities. Reviewing James Dondero's Affidavit ("Dondero Affidavit"), filed April 16, 2025, in the Grand Court of the Cayman Islands, lends support for this conclusion.[9]

22.    It is worth repeating that Mr. Dondero is a beneficiary of Dugaboy. And, on May 11, 2026, Highland Capital and Dugaboy filed a stipulation in which the parties agreed that "Dugaboy previously designated Mr. Dondero as agent on

---

[9] Admitted as Highland Capital Ex. 48. While not admitted into evidence, Dugaboy designated the Dondero Affidavit as Dugaboy Ex. 36.

Dugaboy's behalf for all purposes relating to the Relevant Litigation and Dugaboy's [Rule 60 Motion]." Dkt. No. 4615.

23.    The Dondero Affidavit summarizes Mr. Dondero's allegations against Mr. Patrick that, in his reading of the HMIT trust agreement, automatically removed Mr. Patrick as administrator of the trust.[10] While it may be true that Dugaboy, and others, later came to know the magnitude and effect of Mr. Patrick's actions as described in the Dondero Affidavit, this is not newly discovered evidence that necessitates vacatur of the 9019 Order.

24.    In ruling on a motion to stay the 9019 Order, Judge Jernigan characterized the challenges related to Mark Patrick's authority: "***Whatever the misdeeds may or may not be of Mark Patrick, they are not sufficiently intertwined with the Highland bankruptcy estate (or the Settlement Agreement) to justify a stay***. . . . Mark Patrick is merely a signatory for a counter-party to a settlement agreement with the bankruptcy estate (that counter-party being the former 99.5% equity owner of Highland, namely Hunter Mountain). Dkt. No. 4333 (emphasis in original).[11] This characterization is equally true here. Though allegations related to Mr. Patrick's "misdeeds" were distilled into a *Writ of Summons and Statement of Claim* filed in the Grand Cayman Islands court,[12] the information is not new.

---

[10] The HMIT Trust Agreement was admitted as Highland Capital's Ex. 1 and Dugaboy's Exs. 1, 20, and 219.

[11] Admitted as Highland Capital's Ex. 65.

[12] Admitted as Highland Capital's Ex. 63.

***Highland Capital Complied with Dugaboy's Discovery Requests Before Trial on the 9019 Motion.***

25.     On June 10, 2025, Dugaboy's counsel served Highland Capital with interrogatories and requests for production.[13] None of the interrogatories or requests for production appear to directly seek information or documents about Mr. Patrick's authority to negotiate and sign the settlement agreement on behalf of the HMIT Entities. Nevertheless, James Seery, as Highland Capital's CEO and trustee of the Highland Claimant Trust, provided responses to Dugaboy's discovery requests. Mr. Seery testified at trial that this production included over 4000 pages of documents, the contents of which included organization documents for the HMIT Entities. At no time prior to trial on the 9019 Motion did Dugaboy challenge Highland Capital's discovery responses as insufficient.

26.     The charitable beneficiaries at the center of Dugaboy's complaint were also deposed prior to trial on the 9019 Motion. President and CEO of The Dallas Foundation, Julie Diaz, was deposed on June 22, 2025.[14] Counsel for Dugaboy was present as Ms. Diaz's deposition. The same is true for the deposition of Torrey Littleton, who is CFO of The Dallas Foundation.[15] It was The Dallas Foundation, with Crown Global, that filed an objection to the 9019 Motion based on questions

---

[13] Admitted as Highland Capital's Ex. 53.

[14] Ms. Diaz's deposition transcript was admitted as Highland Capital's Ex. 56-A. At trial, only specific parts of Ms. Diaz's deposition were admitted as Highland Capital's Ex. 56. Afterward, Highland Capital and Dugaboy stipulated that Highland Capital "may substitute the Deposition Designations for the full transcripts lodged on [Highland Capital's] W&E list." Dkt. No. 4673.

[15] Ms. Diaz's deposition transcript was admitted as Highland Capital's Ex. 57-A. *See supra* note 14 for additional explanation.

surrounding Mr. Patrick's authority, and both witnesses were questioned on this topic. After these depositions, that objection was withdrawn.

27.     Overall, there is no evidence, much less clear and convincing evidence, that Highland Capital withheld evidence from Dugaboy that prevented it from fully and fairly litigating its case prior to entry of the 9019 Order. Thus, Rule 60(b)(3) vacatur of the 9019 Order is not appropriate.

### *Vacating the 9019 Order Will not Restore the Original Charitable Structure.*

28.     The overwhelming majority of Dugaboy's arguments focused on Mr. Patrick's restructuring of entities related to HMIT's charitable beneficiaries (referred to during trial as the DAF restructuring). To be clear, this Court makes no findings about whether those restructurings were well-intended, appropriate, or otherwise. But in the context of the Rule 60 Motion, it is important to note that vacating the 9019 Order will not restore the prior HMIT structure or the charitable beneficiaries' structure. As much was admitted during multiple points at trial:

- On the Court's examination of Margot MacInnis, she testified that her analysis of the settlement is not complete, but any analysis of claims would inure to the benefit or detriment of HMIT or the DAF structure, not Highland Capital.[16]

- On cross/direct examination of Mark Patrick, he testified that he would still have full control over HMIT's assets even if the DAF restructuring were rescinded.[17]

---

[16] May 11, 2026, Trial Tr. 199:18–201:9.

[17] May 12, 2026, Trial Tr. 118:12–14.

13

- During closing argument, counsel for Dugaboy stated that vacating the 9019 Order would not impact the DAF restructuring in any way.[18]

With this in mind, there is no reason, as a Court of equity, to reassess whether the settlement was the product of arm's-length, good faith negotiations. Whatever Mr. Patrick did or did not do with his authority over HMIT assets and the charitable beneficiaries' structure, is not for this Court to decide.

29.    And Rule 60(b)(6) relief is likewise inappropriate, because Dugaboy failed to articulate a "mutually exclusive" reason for vacating the 9019 Order. Duagboy's request for equitable relief is identical to its requests for relief under Rule 60(b)(3). This is insufficient and, thus, the request is denied.

## Conclusion

The Court denies the Rule 60 Motion and does not admit Highland Capital's Exhibit 300. The Court will enter a separate order consistent with this memorandum opinion.

###End of Memorandum Opinion###

---

[18] May 21, 2026, Trial Tr. 208:13–17; 211:9–212:8.

14



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 15, 2026**

_____
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| HIGHLAND CAPITAL | § | Case No.  19-34054-sgj11 |
| MANAGEMENT, L.P., | § | |
| | § | |
| | § | |
| Debtor. | § | |

### ORDER

Consistent with the Memorandum Opinion issued on this date, it is hereby

ORDERED that the Motion for Relief from Order and Motion to Vacate[1] filed

by the Dugaboy Investment Trust ("Dugaboy") [Dkt. No. 4513] is denied; and it is

further

ORDERED that Dugaboy's objection to Exhibit 300, which was offered into

evidence by Highland Capital Management, L.P. and the Highland Claimant Trust,

is sustained.

### End of Order ###

_____

[1] The full title of the pleading filed is Memorandum of Law in Support of the Dugaboy Investment
Trust's Motion for Relief from Order and Motion to Vacate.

1