King & Spalding LLP
2601 Olive Street
Suite 2300
Dallas, Texas 75201
T: +1 214 764 4600
F: +1 214 764 4601
www.kslaw.com

**John Michael Gaddis**
*Senior Attorney*
T: +1 214-764-4502
MGaddis@kslaw.com

September 24, 2026

**Via CM/ECF**

The Honorable Ed Kinkeade
United States District Judge
Northern District of Texas
Earle Cabell Federal Building and U.S. Courthouse
1100 Commerce Street, Room 1625
Dallas, Texas 75242

Re: ***The Dugaboy Investment Trust v. Highland Capital Management, L.P.*, No. 3:25-cv-01876-K (Response to supplemental authority submitted under Bankruptcy Rule 8014)**

Dear Judge Kinkeade:

Appellant The Dugaboy Investment Trust ("Dugaboy") respectfully responds to the Letter that Appellees Highland Capital Management, L.P. and Highland Claimant Trust ("Highland") filed on September 21, 2026.

The "concession" by Dugaboy that Highland purports to expose is illusory. Dugaboy stands by the substance of the extension request it filed with the Fifth Circuit in Case No. 26-10012.[1] Dugaboy also stands by the many words on consolidation issues it has already written in both this Court and Judge Starr's court (No. 3:26-cv-02315-X).

There is no question that the four appeals at issue in Highland's consolidation motion are "related" in the sense that they arise from the same bankruptcy and concern the topic of whether a settlement between the debtor and the Hunter Mountain Investment Trust should have been approved or remain approved. But, when speaking about all four appeals, that is where the relationship ends. Highland is attempting to consolidate two 2026 appeals, arising from a motion to vacate

[1] Ironically, Highland excluded from its consolidation motion the Fifth Circuit appeal on the recusal issue in which Dugaboy made this supposed admission because, Highland contends, it is "completely *unrelated*" to the appeals it now seeks to combine. Dkt. 80 at 3 (emphasis in original).

the settlement approval, into appeals initiated nearly a year earlier. Those 2026 appeals are based on an entirely separate evidentiary record, developed over the course of a separate discovery process and distinct evidentiary hearing. They are at different stages, with the core appeal from 2025 being fully briefed. It makes less sense today to consolidate the 2026 appeals into the 2025 appeals than when this Court (at Highland's urging) rejected consolidating the 2025 appeals. Dkts. 39, 48.

Dugaboy has already explained the multiple considerations that strongly militate against consolidation and need not repeat them here. *See* Dkt. 73. Controlling Fifth Circuit law has long recognized that distinct case-specific issues can dominate over common characteristics and preclude consolidation:

> [T]he record shows that the overall content of each suit, far from being capable of independent development, would likely overlap to a substantial degree. . . . [S]uch a likelihood does not necessarily compel the trial judge to order consolidation of the suits for trial, because the possibility would remain that the dominant issues might ultimately turn out to be distinct in each suit.
>
> *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971).

Throughout these proceedings Dugaboy has used words like "related" or "similar" or "overlap" in their commonsense plain-English meanings, and not—as Highland suggests—as magic words "conceding" a need for consolidation. In the extension request filed with the Fifth Circuit, for example, Dugaboy referred to "overlapping" issues to explain why its counsel needed more time due to conflicting deadlines and the need to coordinate efforts and positions across the several proceedings. That was not a call for consolidation.

Accordingly, Dugaboy respectfully requests the Court deny Highland's motion to consolidate for the reasons already set forth in its briefing.

Dated: September 24, 2026

Respectfully submitted,

**KING & SPALDING LLP**

By: /s/ John Michael Gaddis
John Michael Gaddis
Texas Bar No. 24069747
mgaddis@kslaw.com
Geoffrey S. Harper
Texas Bar No. 00795408
gharper@kslaw.com
2601 Olive Street, Suite 2300
Dallas, Texas 75201
(214) 764-4600

Michael J. Edney
D.C. Bar No. 492024
michael.edney@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
(202) 739-3000 (phone)
(202) 739-3001 (fax)

***Counsel for Appellant***
***The Dugaboy Investment Trust***

cc: All counsel of record via ECF