PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz
John A. Morris
Jordan A. Kroop
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expwy, Ste. 106
Dallas, TX 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

WILLKIE FARR & GALLAGHER LLP
Mark T. Stancil (admitted *pro hac vice*)
Joshua S. Levy (admitted *pro hac vice*)
1875 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mstancil@willkie.com
jlevy@willkie.com

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| THE DUGABOY INVESTMENT TRUST, *et al.*,<br>Appellants,<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P., *et al.*,<br>Appellees. | Case No. 3:25-cv-01876-K |
| THE DUGABOY INVESTMENT TRUST,<br>Appellant,<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P., *et al.*,<br>Appellees. | Case No. 3:26-cv-02315-X |

# HIGHLAND CAPITAL MANAGEMENT, L.P. AND THE HIGHLAND CLAIMANT TRUST'S OMNIBUS RESPONSE TO THE DUGABOY INVESTMENT TRUST'S (1) MOTION TO HOLD HIGHLAND'S CONSOLIDATION MOTION IN ABEYANCE, (2) MOTION TO HOLD DUGABOY'S CONSOLIDATION MOTION IN ABEYANCE, AND (3) NOTICE OF INTERVENING EVENT

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ....... 1

RELEVANT BACKGROUND ....... 4

A. Dugaboy Has No Interest In This Case. ....... 4

B. Relevant Procedural History ....... 6

C. Dugaboy's Schemes To Create The Appearance Of "Public Importance" In This Case. ....... 7

ARGUMENT ....... 10

I. DUGABOY'S ABEYANCE MOTIONS SHOULD BE DENIED. ....... 10

II. DUGABOY'S MOTION TO CERTIFY SHOULD BE DENIED. ....... 12

CONCLUSION ....... 13

# TABLE OF AUTHORITIES

**Cases** *Page(s)*

*Dugaboy Inv. Tr. v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*,
2026 WL 755100 (5th Cir. Mar. 17, 2026) ....................4

*NexPoint Advisors, L.P. v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*,
48 F.4th 419 (5th Cir. 2022) ....................5

**Statutes and Rules**

11 U.S.C. § 363 ....................2, 13

28 U.S.C. § 158(d)(2)(A) ....................4, 7, 12, 13

Fed. R. Bankr. P. 8013 ....................1

Fed. R. Bankr. P. 9019 ....................2

**Other Authority**

1 Richard Levin & Henry J. Sommer, Collier on Bankruptcy ¶ 5.06[4][b]
(16th ed. 2026) ....................13

Pursuant to Federal Rule of Bankruptcy Procedure 8013, appellees Highland Capital Management, L.P. ("HCMLP") and the Highland Claimant Trust (the "Claimant Trust"; together with HCMLP, "Highland"), by and through their undersigned counsel, respectfully submit this omnibus response (the "Response") to The Dugaboy Investment Trust's ("Dugaboy") (1) Motion To Hold Highland's Consolidation Motion In Abeyance ("Abeyance Motion I"; Rule 9019 Appeal, Dkt. No. 84); (2) Motion To Hold Dugaboy's Consolidation Motion In Abeyance ("Abeyance Motion II"; Rule 60(b) Appeal, Dkt. No. 40; together with Abeyance Motion I, the "Abeyance Motions"); and (3) Notice of Intervening Event ("Notice"; Rule 60(b) Appeal, Dkt. No. 41).[1]

## PRELIMINARY STATEMENT

1. Dugaboy's Abeyance Motions and Consolidation Motion should be summarily denied, and Highland's Consolidation Motion should be granted.

2. Dugaboy has virtually no interest in this case: pre-petition it held a 0.1866% subordinated equity interest in HCMLP; post-restructuring, it now holds an unvested, contingent, subordinated interest that is hopelessly out of the money; and it has no interest whatsoever in the purported donor-advised fund ("DAF")

[1] Unless otherwise indicated, Highland uses "Bankr. Dkt." to refer to docket entries in *In re Highland Capital Management, L.P.*, Case No. 19-34054-sgj11 (Bankr. N.D. Tex.), and the title of each appeal (defined below) to refer to docket entries in the District Court. Because Highland is filing an omnibus response to Dugaboy's Motions and Notice, Highland files this Response on both the Rule 9019 Appeal and Rule 60(b) Appeal dockets.

entities or Hunter Mountain Investment Trust ("HMIT"). Dugaboy has nonetheless spent the past year and a half burying the Bankruptcy Court and District Court in objections, motions, and appeals. Dugaboy's Abeyance Motions and Notice are its latest effort to throw sand into the gears of justice in a misguided attempt to delay the inevitable completion of Highland's bankruptcy case.

3. Dugaboy has filed four separate appeals in this Court challenging or arising out of the exact same Bankruptcy Court Order approving a settlement between Highland and HMIT pursuant to Federal Rule of Bankruptcy Procedure 9019 and 11 U.S.C. § 363 (the "Rule 9019 Order"; Bankr. Dkt. No. 4297): (1) a direct appeal of the Rule 9019 Order (the "Rule 9019 Appeal"), (2) an appeal of the denial of a stay of the Rule 9019 Order (the "Stay Appeal"), (3) an appeal of the denial of Dugaboy's motion to vacate or set aside the Rule 9019 Order pursuant to Rule 60(b) (the "Rule 60(b) Appeal"), and (4) an appeal of the denial of reconsideration of the Bankruptcy Court's Rule 60(b) decision pursuant to Rule 59(e) (the "Rule 59(e) Appeal"; collectively, the "Appeals"). Because these Appeals are necessarily related and raise overlapping factual and legal issues—as Dugaboy itself has admitted[2]—Highland has moved to consolidate the Appeals. Seeking to avoid the efficiency of one judge reviewing the merits of the Rule 9019

[2] Notwithstanding Dugaboy's repeated admissions of relatedness, Dugaboy nevertheless also opposed Highland's motion to designate the Rule 60(b) Appeal as related to the Rule 9019 Appeal. (Rule 60(b) Appeal, Dkt. Nos. 2–4.) That motion remains *sub judice*.

and Rule 60(b) Appeals, Dugaboy opposes Highland's Consolidation Motion and moves to consolidate only the Rule 60(b) and Rule 59(e) Appeals. Yet Dugaboy now seeks to hold both consolidation motions in abeyance until the Court rules on its motion to certify for direct appeal to the Fifth Circuit two questions from its Rule 60(b) Appeal (the "Certification Motion"; Rule 60(b) Appeal, Dkt. No. 14). Putting the Rule 60(b) Appeal cart before the Rule 9019 Appeal horse makes no sense.

4. The Court should rule on the Rule 9019 Appeal *before* any Court, whether the District Court or the Fifth Circuit, rules on the Rule 60(b) Appeal, which seeks to vacate the Rule 9019 Order at issue in the Rule 9019 Appeal. If the Court grants the Rule 9019 Appeal, that will moot the Rule 60(b) Appeal, which would defeat the purpose of certifying the Rule 60(b) Appeal for direct appeal to the Fifth Circuit. If the Court denies the Rule 9019 Appeal, the Rule 60(b) Appeal can be taken up in regular order, or together with the Rule 59(e) Appeal. As Highland explained previously, consolidating all of the Appeals will ensure that a single judge can rule *seriatim* on each Appeal. It will also promote efficiency by enabling a single judge to review the record of *both* the Rule 9019 Appeal and Rule 60(b) Appeal to evaluate whether the Bankruptcy Court abused its discretion in holding that none of Dugaboy's evidence in its Rule 60(b) motion was actually "new" or that any "new" evidence was insufficient to change the outcome of the Rule 9019 Order.

5. Dugaboy's attempt to bolster its Certification Motion also fails. Dugaboy claims that a handful of curiously timed letters and statements by a Member of Congress about this case, which were later cited by the U.S. Department of Justice in a separate court matter to which Highland is not a party, somehow makes the specific legal questions it seeks to certify for direct appeal "matter[s] of public importance" under 28 U.S.C. § 158(d)(2)(A)(i). Dugaboy conceals from the Court that it procured the very statements it now claims are an "intervening event," just as Dugaboy sought to conceal that it orchestrated a now-abandoned, separate letter-writing campaign by state Attorneys General that had no interest in Highland, HMIT, or the private dispute between James Dondero and Mark Patrick. In any event, the statements upon which Dugaboy relies do not constitute "matter[s] of public importance" as a matter of law.

## RELEVANT BACKGROUND

### A. Dugaboy Has No Interest In This Case.

6. James Dondero ("Dondero") is the co-founder and former CEO of HCMLP. Dugaboy is Dondero's family trust, Dondero is its lifetime beneficiary, and his sister, Nancy Dondero, is the titular trustee. (Bankr. Dkt. No. 3904.) Dondero controls Dugaboy. *See Dugaboy Inv. Tr. v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*, 2026 WL 755100, at *1 (5th Cir. Mar. 17, 2026) ("Dugaboy Investment Trust – controlled by HCM cofounder and former Chief

Executive Officer, James Dondero").[3] On October 16, 2019, HCMLP filed for Chapter 11 bankruptcy. On February 22, 2021, the Bankruptcy Court confirmed HCMLP's Fifth Amended Plan of Reorganization (the "Plan"; Bankr. Dkt. No. 1808) and the Fifth Circuit affirmed (with minor modifications not relevant here). *NexPoint Advisors, L.P. v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*, 48 F.4th 419 (5th Cir. 2022).

7. Dugaboy owned only a 0.1866% subordinated Class A limited partnership interest in HCMLP pre-petition. Under the Plan, Dugaboy received a Class 11 contingent, unvested, and subordinated interest, which could have received distributions if—and only if—all senior indemnification obligations were satisfied, all senior pre-petition creditors in Classes 1–9 received full payment with interest, and all senior Class 10 contingent interest holders received full payment with interest. (Plan Art. I.B ¶¶ 33–36; *id.* Art. III.B; *id.* Art. III.H ¶¶ 10–11.)[4] Highland and HMIT, the holder of a Class 10 contingent, unvested, and subordinated interest, agreed to fix the face amount of such interest and set the terms of any distributions (the "Rule 9019 Settlement"; Bankr. Dkt. No. 4216), and the Bankruptcy Court

[3] (*See also* Bankr. Dkt. No. 4615 (Dugaboy acknowledged that it "designated Mr. Dondero as agent on Dugaboy's behalf for all purposes" relating to litigation arising from the Rule 9019 Order and litigation challenging the restructurings undertaken by Mark Patrick).)

[4] Dugaboy never held an allowed claim against HCMLP and therefore was never a creditor. Rather, Dugaboy obtained its Class 11 interest solely because it held a pre-petition, fractional, subordinated equity interest in HCMLP.

approved the Rule 9019 Settlement in the Rule 9019 Order. The Claimant Trust and HCMLP have dissolved (Bankr. Dkt. Nos. 4709, 4710), and the Claimant Trust does not have any funds to pay the Class 10 interests, so Dugaboy's subordinated, contingent Class 11 interest is out of the money. Dugaboy thus has no cognizable economic interest in HCMLP. Dugaboy also has no interest in HMIT or any of the purported DAF entities it raises in its filings.

### B. Relevant Procedural History

8. In keeping with Dondero's longstanding and admitted efforts to "burn the place down,"[5] Dugaboy, which is controlled by Dondero and has no real, continuing interest in this case, has flooded the Bankruptcy Court and District Court with endless motions and appeals. Specifically, Dugaboy has filed four separate Appeals arising from the exact same Rule 9019 Order, which are pending before four different judges on this Court:

- The Rule 9019 Appeal: Dugaboy directly appealed the Rule 9019 Order (*The Dugaboy Investment Trust, et al. v. Highland Capital Management, L.P., et al.*, Case No. 3:25-cv-01876-K (N.D. Tex.) (Kinkeade, J.));
- The Stay Appeal: Dugaboy appealed the Bankruptcy Court's Order denying Dugaboy's motion to stay implementation of the Rule 9019 Order (*The Dugaboy Investment Trust v. Highland Capital Management, L.P., et al.*, Case No. 3:25-cv-02072-S (N.D. Tex.) (Scholer, J.));

[5] (Bankr. Dkt. No. 1943 at 53.)

- The Rule 60(b) Appeal: Dugaboy appealed the Bankruptcy Court's Order denying Dugaboy's motion to vacate or set aside the Rule 9019 Order pursuant to Rule 60(b) (*The Dugaboy Investment Trust v. Highland Capital Management, L.P., et al.*, Case No. 3:26-cv-02315-X (N.D. Tex.) (Starr, J.)); and

- The Rule 59(e) Appeal: Dugaboy appealed the Bankruptcy Court's Order denying Dugaboy's motion to reconsider its Rule 60(b) ruling pursuant to Rule 59(e) (*The Dugaboy Investment Trust v. Highland Capital Management, L.P., et al.*, Case No. 3:26-cv-02496-D (N.D. Tex.) (Fitzwater, J.)).

9. Because the Appeals challenging or arising out of the same Rule 9019 Order necessarily raise related and overlapping factual and legal issues, Highland moved (1) to designate the Rule 60(b) Appeal as related to the Rule 9019 Appeal (Rule 60(b) Appeal, Dkt. No. 2), and (2) to consolidate all four Appeals ("Highland's Consolidation Motion"; Rule 9019 Appeal, Dkt. No. 72). Dugaboy opposed both motions (Rule 60(b) Appeal, Dkt. No. 3; Rule 9019 Appeal, Dkt. No. 74) but moved to consolidate its Rule 60(b) and Rule 59(e) Appeals ("Dugaboy's Consolidation Motion"; Rule 60(b) Appeal, Dkt. No. 33).

10. Separately, Dugaboy moved to certify its Rule 60(b) Appeal—but not any of its other Appeals—for direct appeal to the Fifth Circuit, which Highland opposed (the "Certification Opp."; Rule 60(b) Appeal, Dkt. No. 25).

**C. Dugaboy's Schemes To Create The Appearance Of "Public Importance" In This Case.**

11. To try to manufacture the appearance of "public importance" to justify certification for direct appeal under 28 U.S.C. § 158(d)(2)(A)(i), Dondero and

Dugaboy embarked on a lobbying campaign, which they concealed from the Court. Dondero and Dugaboy apparently hired a Washington, D.C. commercial organization called "Attorney General Strategies LLC" to lobby state Attorneys General with no connection to Highland, HMIT, the DAF, or Mark Patrick to send letters to the Court. (Rule 60(b) Appeal, Dkt. No. 36.) As a result of these efforts, the attorneys general of Oklahoma, Iowa, and Montana—none of which are in the Fifth Circuit or have any connection to the HCMLP bankruptcy—sent nearly identical letters to the Court in support of Dugaboy's Motion To Certify. (*Id.*) But on September 17, 2026, the Office of the Attorney General of South Dakota (which also is not in the Fifth Circuit) inadvertently copied Highland's counsel on an email revealing that Dondero and Dugaboy were driving this purported groundswell of interest by state Attorneys General. (*Id.* & Ex. C.) After Highland called Dugaboy out for concealing its role, Dugaboy simply abandoned this strategy without responding.

12. Instead, Dondero and Dugaboy pivoted to another tactic. Lance Gooden was elected to the House of Representatives from Texas' Fifth District in 2018, but has never previously taken any interest in Highland or this case. This is unsurprising because none of Highland, HMIT, the DAF, Mark Patrick, Dugaboy, or Dondero reside within Texas' Fifth District. Nevertheless, in November and December 2025, Representative Gooden sent letters to the Acting Director of the U.S. Trustee

Program, a Deputy Assistant Secretary of War, and the Director of the FBI about this case repeating Dugaboy's allegations.[6] (Notice App'x at 36–42.) Publicly available campaign finance filings show that, shortly thereafter, on December 31, 2025, Dondero donated $14,700 to Representative Gooden's reelection campaign and an affiliated political action committee ("PAC"),[7] and "Nancy Dugaboy" donated an additional $14,700.[8] On March 5, 2026, Representative Gooden gave a TV interview in which he discussed this case and repeated Dugaboy's allegations against Mark Patrick. (Notice App'x at 10–12.) Publicly available campaign finance filings show that, just weeks later, on April 13, 2026, "Nancy Dugaboy" donated another $30,000 to the "Gooden Victory Fund."[9] On June 26, 2026, shortly after the Bankruptcy Court denied Dugaboy's Rule 60(b) motion and three days before Dugaboy filed its Rule 60(b) Appeal, Representative Gooden sent a letter to the

---

[6] Tellingly, these letters are vague about the source of the allegations (*e.g.*, "it has been brought to my attention," "it has come to my knowledge," etc.). (Notice App'x at 36–42.)

[7] The "Growing Our Own Dynamic Economy Now" PAC.

[8] Individual Contributions, FEC, https://www.fec.gov/data/receipts/individual-contributions/?contributor_name=dugaboy%2C+nancy&two_year_transaction_period=2026&min_date=01%2F01%2F2025&max_date=12%2F31%2F2026. "Nancy Dugaboy" is certainly "Nancy Dondero," who is the titular trustee of Dugaboy and Dondero's sister. The FEC Form 3X lists "Nancy Dugaboy's" employer as "Dugaboy Trust," and lists her mailing address as "300 Crescent Court, Suite 700," the address of NexPoint Advisors, L.P., an entity owned and controlled by Dondero. Notably, campaign finance records reveal that neither Dondero, nor Dugaboy, nor "Nancy Dugaboy" made any contributions to Congressman Gooden's campaigns before December 2025, notwithstanding that Congressman Gooden has held his post since 2018.

[9] *Id.*

Acting Attorney General repeating Dugaboy's arguments and allegations from its Rule 60(b) motion. (Notice App'x at 43–46.)

13. Dugaboy, having concealed its own role in obtaining letters from multiple state Attorneys General and a sitting Member of Congress, now seeks to use the events it manufactured to prevent consolidation of the Appeals and to obtain certification for direct appeal to the Fifth Circuit. This Court should reject Dugaboy's unscrupulous machinations out of hand.

## ARGUMENT

### I. DUGABOY'S ABEYANCE MOTIONS SHOULD BE DENIED.

14. No valid reason exists to hold Highland's Consolidation Motion in abeyance. Dugaboy has admitted that the Appeals satisfy every single factor courts in this District consider when deciding whether to consolidate actions: the Appeals are pending in the same Court, Dugaboy and Highland are parties to each of the Appeals, all of the Appeals challenge or arise from the exact same Rule 9019 Order, the "Court can consolidate the Rule 60(b) appeal with the Rule 9019 appeal," and "[t]he Rule 60(b) and Rule 59(e) appeals can and should be consolidated with each other." (Rule 9019 Appeal, Dkt. No. 74 at 1, 8, 11–16, 18; *id.*, Dkt. No. 80 at 1–2.)

15. Consolidation would also yield massive efficiencies. Since Dugaboy's Rule 60(b) motion was based on purportedly "newly discovered evidence," the District Court reviewing Dugaboy's Rule 60(b) and Rule 59(e) Appeals must review

the record from the Rule 9019 Appeal to determine whether the Bankruptcy Court abused its discretion in holding that none of Dugaboy's evidence was actually "new" or that any "new" evidence was insufficient to change the outcome of the Rule 9019 Order. Having the same judge review the Rule 9019 Appeal on its own record and then review the Rule 60(b) and Rule 59(e) Appeals on their records is the only way to avoid the judicial waste of having multiple judges re-review the same record from the Rule 9019 Appeal—and it eliminates the possibility of inconsistent rulings. The Appeals should therefore be consolidated without delay.

16. Dugaboy asserts, without any authority, that "the certification issue should be resolved before the consolidation motion," but it never explains why that is so. (Abeyance Motion I at 2–4 (capitalization omitted); *see also* Abeyance Motion II at 5–6 (seeking to hold Dugaboy's own consolidation motion in abeyance).) That is unsurprising, because if the District Court rules in Dugaboy's favor on the Rule 9019 Appeal, then that moots the Rule 60(b) Appeal seeking to vacate the Rule 9019 Order. If the Court denies the Rule 9019 Appeal, the Rule 60 appeal can be taken up in regular order with the benefit of the Court's knowledge of the underlying record supporting the Rule 9019 Order. It makes no sense to certify the Rule 60(b) Appeal for direct appeal to the Fifth Circuit before the District Court rules on the Rule 9019 Appeal.

17. In any event, Dugaboy seeks to certify two specific "Questions Presented" for direct appeal to the Fifth Circuit regarding the standard of review for approval of a Rule 9019 Settlement. (Certification Motion at 2–3.) Dugaboy never explains why the District Court could not certify those questions *after* consolidation, which defeats the entire basis for its Abeyance Motions.

## II. DUGABOY'S MOTION TO CERTIFY SHOULD BE DENIED.

18. As Highland explained in its opposition to certification, Dugaboy's Certification Motion should be denied because the questions presented for certification were not preserved for appeal, the Rule 60(b) decision does not involve a "matter of public importance," and direct appeal will not "materially advance the progress of the case." (Certification Opp. at 3–4, 10–22 (quoting 28 U.S.C. § 158(d)(2)(A)).) Dugaboy's Notice says nothing about how the questions presented were preserved for appeal or how certification would materially advance the progress of this case, which are independent grounds to deny Dugaboy's Certification Motion.

19. Dugaboy's Notice argues only that its Certification Motion "presents 'a matter of public importance' warranting direct review," because (1) Representative Gooden wrote "four letters to federal agencies" and "made public statements" regarding "the Highland bankruptcy and related proceedings," and (2) the United States relied upon those letters and statements to seek to "substitute[] itself" as a

party in a separate defamation action against Representative Gooden to which Highland is not a party. (Notice at 1–3 (quoting 28 U.S.C. § 158(d)(2)(A)(i)).) As discussed above (*see supra* ¶¶ 11–13), Dondero and Dugaboy concealed their roles in creating these events, much like they tried to conceal their scheme to manufacture a letter-writing campaign by state Attorneys General. Dugaboy should not be able to obtain certification based upon events it ginned up. In any event, a handful of statements by a member of Congress does not come close to creating a "matter of public importance" under 28 U.S.C. § 158(d)(2)(A)(i), which requires "***a legal question*** the resolution of which will advance the cause of ***jurisprudence*** to a degree that is usually not the case." 1 Richard Levin & Henry J. Sommer, Collier on Bankruptcy ¶ 5.06[4][b] (16th ed. 2026) (emphasis added). Here, the only relevant questions are whether the Bankruptcy Court (1) erred in granting Highland's motion under Bankruptcy Rule 9019 and 11 U.S.C. § 363 to approve a settlement, and (2) abused its discretion in denying post-judgment motions to revisit the Rule 9019 Order—legal issues and standards addressed nearly every day in bankruptcy courts in this District and throughout the country.

**CONCLUSION**

20. For the foregoing reasons, the Court should deny Dugaboy's Abeyance Motions and Consolidation Motion in their entirety. Given the legal morass Dugaboy

has created across four Appeals and endless motion practice, Highland respectfully requests that the Court hold a status conference.

Dated: September 30, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz
John A. Morris
Jordan A. Kroop
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760
Email: jpomerantz@pszjlaw.com
jmorris@pszjlaw.com
jkroop@pszjlaw.com

**WILLKIE FARR & GALLAGHER LLP**

Mark T. Stancil
(admitted *pro hac vice*)
Joshua S. Levy
(admitted *pro hac vice*)
1875 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mstancil@willkie.com
jlevy@willkie.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expwy, Ste. 106
Dallas, TX 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*

## CERTIFICATE OF COMPLIANCE

1. This document complies with the word limit of Fed. R. Bankr. P. 8013(f)(3)(A) because, excluding the portions excluded by Fed. R. Bankr. P. 8015(g), this document contains 3,194 words.

2. This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word, typeface Times New Roman, 14-point type (12-point type for footnotes).

*/s/ Zachery Z. Annable*
Zachery Z. Annable

## CERTIFICATE OF SERVICE

I hereby certify that, on September 30, 2026, a true and correct copy of the foregoing Response was served electronically via the Court's CM/ECF system upon all parties receiving electronic notice in this case.

*/s/ Zachery Z. Annable*
Zachery Z. Annable